IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOSHUA SITZER AND AMY WINGER, SCOTT AND RHONDA BURNETT, and RYAN HENDRICKSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.<br><br>Defendants. | Case No. 4:19-cv-00332-SRB |

## ORDER

Before this Court is a Motion to Stay Proceedings and Suggestions in Support. (Doc. #231). This instant motion was filed by Defendant RMLLC, LLC on behalf of itself, Realogy Holdings Corp., Keller Williams Realty, Inc., and National Association of Realtors (collectively, "Defendants"). For the reasons discussed below, the motion is DENIED.

Defendants request the Court order a sixty-day stay of all proceedings in this case due to the ongoing coronavirus pandemic. Defendants argue a stay is warranted because the pandemic has caused a virtual "shutdown" of the real estate market and seriously jeopardized the business operations of their brokerages and franchisees. (Doc. #231, p. 3–4). Defendants argue they will suffer undue prejudice if forced to proceed with this case on a "business-as-usual basis," due in part to the widespread implementation of stay-at-home orders and the strained resources that arise from managing a newly-remote workforce. (Doc. #231, p. 5). Plaintiffs oppose a stay. In

their opposition, Plaintiffs note the parties are in the early discovery stages of the case and can largely carry out that work remotely and/or via telephone conference. Plaintiffs also argue a two-month stay would irreparably derail all the case deadlines currently in place.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also McKeage v. Bass Pro Outdoor World, L.L.C.*, No. 12-03157-CV-S-GAF, 2014 WL 12754994, at *4 (W.D. Mo. Apr. 10, 2014) (citation omitted) ("It is within a court's inherent power to manage its docket and discovery matters."). Accordingly, a court has "broad discretion to stay proceedings when appropriate to control [its] docket." *Gould v. Farmers Ins. Exch.*, 326 F.R.D. 530, 531 (E.D. Mo. 2018) (citing *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006)). In considering whether a stay is appropriate, district courts must weigh the competing interests of the parties, including the potential of prejudice or hardship to either party as well as concerns of judicial economy. *See Gould*, 326 F.R.D. at 531 (citation omitted). "The party requesting a stay bears the burden of establishing the need for a stay." *Tovar v. Essentia Health*, 342 F. Supp. 3d 947, 957 (D. Minn. 2018).

After considering the parties' arguments, the relevant factors, and the circumstances of this case, the Court declines to grant Defendants' requested stay. The Court recognizes these are extraordinary times and is fully aware that as the coronavirus pandemic continues to unfold, it will impact the parties in significant and unforeseen ways. While the Court acknowledges and appreciates the newfound challenges posed by the pandemic, all the parties to this suit have dealt with those challenges in a courteous, professional, and resilient manner. To date, the parties have

been able to resolve their discovery-related disputes electronically, either by email, telephonic meet-and-confers, or teleconference with this Court.  Additionally, the parties all participate in ongoing status conferences with the Court designed to address and resolve any issues or concerns that may arise over the course of discovery.  The Court is confident that these practices, as well as the continued professionalism of the parties, remain the most effective tools for managing the litigation-related challenges posed by the coronavirus.  The Court therefore declines to impose a stay and finds that doing so will not cause Defendants to suffer undue prejudice or hardship, nor will it hinder judicial economy or efficiency.

Accordingly, Defendants' Motion to Stay Proceedings (Doc. #231) is **DENIED.**

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
United States District Judge

Dated: April 7, 2020