**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| JOSHUA SITZER AND AMY WINGER, SCOTT AND RHONDA BURNETT, AND RYAN HENDRICKSON, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No: 19-cv-00332-SRB |
| v. | ) ) ) | **CLASS ACTION** |
| THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC. | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**STIPULATED ORDER GOVERNING
THE TAKING OF REMOTE DEPOSITIONS**

Before the Court is the parties' Joint Motion for Entry of Remote Deposition Protocol. (Doc. #435.) For good cause stated, the motion is GRANTED. The Court here by enters the following order governing the taking of remote depositions:

**I.     GENERAL GUIDELINES AND SCOPE**

1.     This Stipulated Order Governing the Taking of Remote Depositions (the "Remote Deposition Protocol") will govern, subject to Court approval, the taking of fact depositions in the above-captioned matter as a supplement to the Federal Rules of Civil Procedure and the United States District Court for the Western District of Missouri Local Rules.

1

2. This Remote Deposition Protocol does not modify the governing rules for the taking of depositions imposed by the Federal Rules of Civil Procedure or the Federal Rules of Evidence except to the extent those rules are specifically modified herein.

3. The Parties presume that this Remote Deposition Protocol will govern the taking of expert depositions in addition to fact depositions. However, the Parties agree that in-person expert deposition would be preferred if public health conditions improve sufficiently. Therefore, before the Parties begin noticing expert depositions, the Parties will meet and confer regarding the need for any additional agreement regarding expert depositions. Unless and until the Court enters a separate order governing expert depositions, the terms of this Remote Deposition Protocol also will apply to expert depositions.

**II.  DEFINITIONS**

4. "Attending Counsel" shall mean legal counsel for a Party or for the Witness who is not Deposing Counsel or Defending Counsel, but who is attending a Remote Deposition.

5. "Defending Counsel" shall mean the legal counsel of the Party, Parties, or Third Party defending a Remote Deposition in this litigation. In the event a Third-Party Witness does not have counsel, then "Defending Counsel" shall mean the Witness himself or herself.

6. "Deposing Counsel" shall mean the legal counsel of the Party or Parties noticing and taking a Remote Deposition in this litigation. For clarity, Deposing Counsel does not include any legal counsel who does not notice or cross-notice a Remote Deposition but is afforded reasonable time to ask follow-up questions of the deponent.

7. "Lead Counsel" shall mean a single designated Deposing Counsel, a single designated Defending Counsel for the Witness, and for all other Attending Counsel that are neither the Deposing Counsel nor Defending Counsel, one designated legal counsel for each

2

Party attending the Remote Deposition. For clarity, the attorney for each Party who will present the witness or question the witness shall be specifically designated as Lead Counsel.

8. "Noticing Party" means a Party that noticed a Remote Deposition of a Witness pursuant to Federal Rule of Civil Procedure 30 or Federal Rule of Civil Procedure 45.

9. "Platform" means any computer program, application, or other technology or combination of technologies that enables the Parties to conduct a Remote Deposition in accord with this Protocol.

10. "Remote Deposition" means any deposition by oral examination conducted using a Platform pursuant to Federal Rules of Civil Procedure 27, 30, or 45 where all of the participants—including Deposing Counsel, Defending Counsel, Attending Counsel, the Witness, court reporters, or videographers—are not physically present in the same location at the time the deposition is taken.

11. "Third Party" or "Third-Party Witness" shall mean all natural or legal persons that are not Parties, current or former employees of Parties who are represented by Parties' counsel, nor persons retained by any of the Parties or the Parties' counsel and from whom a Party is seeking testimony at a Remote Deposition in this litigation.

12. "Witness" means the person, including Third Parties, whose Remote Deposition has been noticed in this litigation or any person designated to appear to give testimony pursuant to Federal Rule of Civil Procedure 30(b)(6).

**III. AGREEMENT TO CONDUCT REMOTE DEPOSITIONS**

13. Pursuant to Fed. R. Civ. P. 29(a) and Fed. R. Civ. P. 30(b)(4), Remote Depositions in this case shall be taken so that such depositions comply with the applicable local,

3

state, and federal regulations and orders in the location of the Witness, including any regulations and orders concerning social distancing and public health.

14. It shall be presumed until April 30, 2021 that all depositions in this case shall be Remote Depositions, unless notice is otherwise provided pursuant to Paragraph 15 below. On or before April 30, 2021, the parties shall meet and confer to discuss whether the presumption should be extended for the ensuing three months. The parties shall again confer at or before the expiration of that period, if applicable, to discuss whether a further extension is appropriate (or whether any modifications of the protocol are warranted).

15. Any Party may notice a Remote Deposition by stating its intention to take a deposition by remote means in its original or amended notice or subpoena of a person, Party, or Third Party for deposition by oral examination pursuant to Federal Rules of Civil Procedure 30 or 45. If any Party or Third-Party Witness objects to the taking of the deposition by remote means, it must notify the Noticing Party, in writing, of the objection within five (5) days of receiving the Noticing Party's notice of its intention to take a Remote Deposition. Any such objection must clearly state that an in-person deposition can take place (and that all participants may legally travel to and participate in the deposition) consistent with any local or state orders concerning social distancing and public health that are applicable in the jurisdiction where the Witness resides and/or will sit for the deposition at the time of the notice and at the time of the deposition itself. If any such objection cannot be resolved by the Parties and/or Third Party(ies), the Noticing Party shall raise the dispute to the Court for resolution in compliance with Local Rule 37.1. The parties agree that the Party objecting to the taking of a Remote Deposition shall bear the burden of demonstrating specific good cause why the deposition in question should not proceed remotely, and why a Remote Deposition would unduly prejudice

4

the objecting Party.  The deposition may not take place by any means other than by Remote Deposition until the Court resolves the dispute.

16. If any Noticing Party intends to take a deposition in person, that Party must provide 14 days' notice of its intent to take the deposition in person.  Such notice can only be issued and such deposition can only take place if consistent with any local or state orders concerning social distancing and public health that are applicable in the jurisdiction where the Witness resides and/or will sit for the deposition at the time of the notice and at the time of the deposition itself.  If any Party or Third-Party Witness objects to the taking of the deposition in person, it must notify the Noticing Party, in writing, of the objection within three (3) days of receiving the Noticing Party's notice of its intention to take an in-person Deposition. The Noticing Party seeking to take the deposition in person, the Witness, Defending Counsel, any other Noticing Party, and any Attending Counsel shall promptly confer in good faith with each other to attempt to resolve any objection to taking the deposition in person.  If any such objection cannot be resolved, the Noticing Party shall raise the dispute to the Court for resolution in compliance with Local Rule 37.1.  The parties agree that the Party proposing to take a deposition in person over the objection of the Witness, Defending Counsel, any other Noticing party or any Attending Counsel shall bear the burden of demonstrating specific good cause why the deposition in question should proceed in person, and why a Remote Deposition would unduly prejudice the Noticing Party.  The deposition may not take place by any means other than Remote Deposition until the Court resolves the dispute.

17. Deposing Counsel, Defending Counsel, and all Attending Counsel shall provide their respective email addresses and all email addresses of attendees from their Party, including the email address of the Witness or the Witness's Counsel, and all other persons intending to

5

attend the deposition no later than two days before the deposition. In lieu of providing the Witness's email address, Defending Counsel may elect, upon notice to the Noticing Party, to forward the email invitation and other relevant information to the Witness directly. If a Party or Third Party has more than one attorney attending the deposition, the Party and/or Third Party shall specifically identify who will be its Lead Counsel.

18. The Parties agree that video recordings and/or transcripts of Remote Depositions may be used and relied upon to the same extent that a video recording and/or transcript of an in-person deposition may be used or relied upon, and hereby expressly waive their right to object to any Remote Deposition based on the fact that the deposition was taken using remote means. The Parties reserve all other objections to the use of any Remote Deposition testimony.

### IV. INTERPRETERS

19. Counsel for any Witness shall give prompt notice to the Noticing Party if an interpreter will be required, and such prompt notice shall be given within fourteen (14) days of receipt of the deposition notice or subpoena. In the event that an interpreter is required, the Noticing Party shall arrange for the participation of an official "lead" interpreter.

20. In the event that a "check interpreter" attends the Remote Deposition, such interpreter shall refrain from any interaction with the lead interpreter, except where a proposed correction to the accuracy of a translation is necessary. In that event, the colloquy between the check interpreter and lead interpreter shall be translated into English and confined to the extent necessary to address the concern of the check interpreter. The lead interpreter shall have discretion to decide whether to correct any translation, subject to objection by any Lead Counsel. Absent agreement by the Parties, the lead interpreter shall not participate in the preparation of any Witness for that Witness's deposition or for the preparation of Defending

Counsel or Deposing Counsel for that Witness's deposition, except that Deposing Counsel may provide the lead interpreter with a list of specialized terms and/or abbreviations that may appear repeatedly during the deposition. The check interpreter shall be permitted to provide interpretation services for counsel during confidential communications with the Witness.

21. An objection to the interpretation of any question or answer must be stated briefly and recorded on the record. All objections (not only to the interpretation of any question or answer) and colloquy between counsel should be interpreted for non-English speaking deponents so those witnesses have the opportunity to understand what is happening.

**V. DURATION OF REMOTE DEPOSITIONS**

22. The Remote Deposition shall not commence until all Lead Counsel have been joined to the electronic "room" in which the deposition will take place.

23. Any time spent, whether on or off the record, dealing with technical issues or other issues unique to the taking of the Remote Deposition shall not count against the seven hours allowed for a deposition under the Federal Rules of Civil Procedure.

24. Each Lead Counsel has the right to be present on video and to have clear audio. Once the deposition begins, if a Lead Counsel becomes disconnected from the deposition, either audio, video, or both, that fact shall be noted on the record as soon as the parties become aware and the deposition must immediately be suspended until that attorney has re-joined and has full access to both audio and video. The suspended time will not count against the seven (7) hour time limitation in Rule 30(d)(1). For clarity, the suspension of time will not apply to any Attending Counsel or other participant that is disconnected and is not designated as Lead Counsel for the Remote Deposition.

25. The court reporter will provide a telephone number for use by the participating attorneys to inform the court reporter if a Lead Counsel becomes disconnected or is otherwise experiencing technical difficulties.

26. Any portion of the deposition that has been transcribed while a Lead Counsel is absent or experiencing technical difficulties must be read again into the record upon the resolution of the technical difficulty and the Lead Counsel must be given an opportunity to object to any questions or answers that occurred in his or her absence.

## VI. THE TECHNOLOGY TO BE USED FOR REMOTE DEPOSITIONS

27. Any Platform must allow for the court reporter to accurately record, and for all participating attorneys and the court reporter to hear and see, the Witness, Deposing Counsel, Defending Counsel, and Lead Counsel, and any exhibits that are introduced on the Platform during the Remote Deposition.

28. Any selected Platform must (a) have a web based option and not require the installation of any applications for use and (b) limit access to the Platform only to those participants agreed upon by the Parties.

29. The Parties anticipate agreeing to use the same vendor(s) for Remote Depositions, which shall be referred to herein as the "Vendor." Each Vendor must use the same Platform for all Remote Depositions. Any Party may, with reasonable notice to all other Parties, add a new Vendor to the list of Vendors included in this Paragraph.

30. Unless otherwise agreed, the Platform of the Noticing Party who first noticed the deposition shall be used for that Remote Deposition, and that original Noticing Party shall be responsible for paying for the use of that Platform for that Remote Deposition. The Noticing Party shall be responsible for providing a copy of this Remote Deposition Protocol to the

8

Case 4:19-cv-00332-SRB   Document 436   Filed 02/11/21   Page 8 of 19

Vendor at least three business days in advance of the first Remote Deposition for which that Vendor is engaged.

31. The Platform for a Remote Deposition will be configured such that any private chat feature is disabled. Breakout room features may be enabled only for breaks and recesses off the record or for participation of counsel without the Witness. Conversations in the breakout rooms shall not be recorded.

32. The Noticing Party shall be responsible for arranging the taking of a Remote Deposition with the Vendor and ensuring that email invitations to attend the deposition remotely are sent to the Witness and participating attorneys.

33. Upon the request by any Party, the Witness, or Defending Counsel, which request shall occur no less than 24 hours before the deposition is set to begin, a Noticing Party whose Platform is to be used to conduct the Remote Deposition shall arrange for the Witness and all participating attorneys to have the ability to participate in a test run of the Platform. The Defending Counsel shall ensure that the Witness has access to technology that meets the minimum standards required by the Platform, including but not limited to a computer with an internet speed of at least 1.5 Megabits per second; a webcam; and a phone, USB microphone, headphones with a microphone, or other technology sufficient to ensure the transmission of high-quality audio (and video, if applicable) via the Platform. The Parties may, by agreement, modify any of the requirements in this Paragraph.

34. Remote Depositions subject to this Protocol shall be recorded by stenographic means at the expense of the Noticing Party. The deposition may also be recorded by audiovisual means at the election of either side, at the electing side's expense. To ensure admissibility, the Party electing to record the deposition by audiovisual means shall retain a

videographer or audio recorder and not rely on the Platform to record either audio or video of the Remote Deposition.  No Party or person other than the court reporter, videographer, and/or audio recorder shall record any portion of the Remote Deposition.  This prohibition extends to capturing images, audio, or footage by any means, including but not limited to taking screenshots, audio recordings, videos, or pictures of the proceedings.

35. While Deposing Counsel, the Witness, Lead Counsel, and Defending Counsel all must be visible via video on the Platform while the Remote Deposition is being conducted, any video recording shall be conducted with the camera focused on the Witness, not Deposing Counsel, Lead Counsel, or Defending Counsel or any of the other attendees.

36. Any costs associated with providing the Platform for the taking of a Remote Deposition shall be the responsibility of the Noticing Party whose Platform is being used for the Remote Deposition.  Other Parties will still bear their own costs for copies of transcripts and copies of video recordings (if applicable) from any deposition.

37. Any Party may elect to have a technical specialist attend a Remote Deposition to ensure that technical issues are resolved in a timely manner.  The technical specialist shall only be in the deposition room as needed to address a technical issue that arises and shall wear a mask and shall maintain appropriate social distancing while they are in the deposition room.  The Party electing to have a technical specialist attend shall be responsible for any expense associated with the technical specialist.

38. Due to known iPad-related technical issues, the Parties agree that no Witness, Deposing Counsel, Defending Counsel, or Attending Counsel will rely solely on an iPad to participate in a Remote Deposition.  To be clear, any Witness, Deposing Counsel, Defending

Counsel, or Attending Counsel must have a laptop computer or other device available for use during the Remote Deposition in the event that the iPad presents any technical issues.

## VII. EXHIBITS

39. Pursuant to Fed. R. Civ. P. 30(f)(2), Deposing Counsel and Lead Counsel, shall be responsible for ensuring that any exhibits that counsel wishes to mark and use at a Remote Deposition can be shown to the Witness in a manner that enables the Witness, the court reporter, and counsel for all Parties to review the exhibits in their entirety during the course of the deposition.

40. The preferred method of marking and using exhibits for a Remote Deposition is through the Remote Deposition Platform, which shall enable Deposing Counsel and Lead Counsel to share exhibits in their entirety with the Witness, court reporter, Defending Counsel, and Attending Counsel.

41. Any counsel that intends to introduce exhibits during a deposition shall provide in advance to the Witness or a person or counsel designated to receive such documents on behalf of the Witness any exhibits that may be used in a deposition based on his or her best good-faith belief. Nonetheless, absent bad faith, counsel will not be precluded from introducing additional exhibits electronically through the Remote Deposition Platform that were not provided in advance of the Remote Deposition.

42. If a Party sends any hard copy exhibits via commercial carrier, that Party must send copies of those exhibits in their entirety such that they arrive no later than 6:00 pm the business day prior to the start of the Remote Deposition. Defendants shall be responsible for the costs incurred by Plaintiffs to copy and ship hard copy exhibits to be used for the depositions of Defendants' Witnesses. The Parties shall split among themselves the costs of copying and shipping hard copy

11

exhibits to be used for depositions of Third-Party Witnesses so that each Party pays one-sixth of the overall cost. If Plaintiffs request hard copy exhibits for the depositions of Plaintiffs' Witnesses, Plaintiffs shall be responsible for costs incurred by Defendants to copy and ship hard copy exhibits to be used for the depositions of Plaintiffs' Witnesses. Such hard copy exhibits shall remain sealed in their original packaging until the deposition begins. Any seal or seals on an exhibit or group of exhibits shall be broken for the first time on the record and on video at the time instructed by the Deposing Counsel or Lead Counsel and not any earlier. All hard copy exhibits must remain in view of the camera during any break, and the Witness, Deposing Counsel, Attending Counsel, or any other person attending the deposition is not permitted to open, review, or otherwise access any exhibit during the Remote Deposition unless and until it is entered as an exhibit on the record at the instruction of Deposing Counsel or Lead Counsel.

43. Although hard copy exhibits will be available, depositions shall presumptively proceed with electronic presentation of exhibits. Hard copy exhibits shall be used only upon request by the Witness, either before the commencement of the deposition, or if the request pertains to specific exhibit(s), on the record at any point during the questioning pertaining to that particular exhibit(s).

44. Regardless of the method of delivery, Deposing Counsel, Attending Counsel, and any other Counsel examining the Witness, respectively, shall each be responsible for ensuring that all received exhibits or unused documents are deleted, destroyed, or returned at the conclusion of the Remote Deposition.

45. The Witness, Defending Counsel, Attending Counsel, and any persons not affiliated with the Deposing Counsel other than the Vendor shall not review any exhibit until it is introduced as an exhibit by the Deposing Party at the Remote Deposition. No Witness,

Defending Counsel, or Attending Counsel shall retain any copies of documents sent in advance of but not used during the deposition. If exhibits are provided to the Third-Party Witness either by hard copy or by electronic means other than through the Platform, the Deposing Counsel or Lead Counsel sending those exhibits shall provide a copy of the Stipulated Protective Order (ECF 92) and Exhibit A of the Stipulated Protective Order to be signed and returned by the Third-Party Witness or Defending Counsel.

46. If the Platform for a Remote Deposition does not permit the court reporter to mark exhibits remotely, Deposing Counsel or Lead Counsel shall be responsible for marking exhibits and ensuring that such marks are communicated to the court reporter and all participating attorneys on the record during the Remote Deposition.

47. When exhibits are presented electronically, the following procedure applies: If, during the course of the questioning, a Witness wishes to review other portions of a document that is being displayed, the Deposing Counsel (or Attending Counsel that is asking questions, where applicable) shall make accessible all further portions of the document requested by the Witness before requiring an answer to the question. This rule applies to the questioning counsel's use of transcripts of prior testimony, as well.

48. When exhibits are presented electronically, the following procedure applies: If, during the course of questioning, a Witness wishes to review a document that is not being displayed or referenced on the record, the Witness must first state his or her intent to do so, and fully identify the document that witness wishes to review, prior to beginning that review. The document shall then be uploaded and available to all Lead Counsel.

49. If, during the course of questioning, a Witness annotates or otherwise modifies an exhibit at the request of counsel, the modified exhibit shall be marked as a new exhibit with a distinct exhibit number.

50. The Court will impose appropriate sanctions against counsel who fail to act in good faith in compliance with the protocol.

### VIII. COMPLIANCE WITH THE FEDERAL RULES

51. As used in Fed. R. Civ. P. 28(a)(1)(A), the "place of examination" is the location of the Witness.

52. A Remote Deposition will be deemed to have been conducted "before an officer" as required by Federal Rule of Civil Procedure 30(b)(5)(A) so long as that officer attends the deposition via the same Platform used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

53. Notwithstanding any other rule to the contrary, the Parties agree that a court reporter may administer the oath to a deponent remotely, even if the court reporter is not in the physical presence of the witness or located in the same state. Further, if a court reporter is not authorized to take oaths in the place of examination pursuant to Federal Rule of Civil Procedure 28, the parties agree that the extenuating circumstances of the COVID-19 pandemic warrant proceeding remotely and that the transcripts may be used by or against all parties in this litigation to the same extent as if taken in person and with an authorized court reporter.

54. Notwithstanding any other rule to the contrary, the Parties stipulate that no Witness shall be required to have their signing of the errata sheet notarized to be deemed effective.

55. Deposing Counsel, Attending Counsel, and Defending Counsel respectively shall be responsible for ensuring that they have a means of communicating with co-counsel or the Witness, as appropriate, during breaks in the deposition. The Parties agree not to oppose reasonable accommodations to allow such conferences during breaks, as well as communications among co-counsel during the Remote Deposition.

### IX. IN-PERSON DEPOSITION PROTOCOL

56. If the Witness so requests, Defending Counsel may appear in person at the deposition, whether in-person or remote. If the Witness elects to have Defending Counsel present in the deposition room, the Party taking the deposition shall have the option to have Deposing Counsel present in person as well. Such appearances will be subject to the "in-person" protocols below. Unless otherwise agreed, the videographer and court reporter shall attend the deposition remotely, and any attendees other than the Witness, Deposing Counsel, and Defending Counsel will attend the deposition remotely.

57. Any in-person deposition must be conducted in conformity with any applicable health regulations and social distancing requirements, including applicable federal, state, and local orders.

58. No person may attend a deposition in person who (a) is experiencing cough, shortness of breath or difficulty breathing, fatigue, muscle or body aches, headache, chills, new loss of taste or smell, sore throat, congestion or runny nose, diarrhea, nausea, vomiting, or fever or (b) has tested positive for COVID-19 in the prior 14 days.

59. No person may attend the deposition in person who, to their knowledge, has had close contact (within 6 feet for more than 15 minutes) within the past 14 days with anyone who has tested positive for or is otherwise confirmed of having COVID-19.

60. The room for the deposition must be large enough to accommodate suitable social distancing, including that all persons must sit at least six feet apart.

61. The Parties may determine their own protocols to govern use of breakout rooms and provisions of food and beverages during the deposition. The party arranging the space for the deposition shall ensure that each side has a breakout room available that accommodates suitable social distancing.

62. Unless otherwise agreed, masks must be worn by all attendees at all times during the deposition, including during breaks, except that when a witness is testifying, that witness will not wear a mask. If the witness is not comfortable being in an in-person deposition without a mask, the deposition will take place remotely. Counsel for the witness is responsible for confirming this with the witness at least 5 days in advance of the deposition.

63. Each person attending the deposition in person will be responsible for bringing his or her own personal protective equipment and hand sanitizer during the deposition.

64. Social distancing must be observed at all times, including during breaks in the deposition.

## X. MISCELLANEOUS PROVISIONS

65. The Parties shall conduct a joint test of the Platform prior to the taking of the first Remote Deposition using that Platform. A Party that fails to participate in such a test waives any objections to the use of the Platform.

66. The Witness, Deposing Counsel, Defending Counsel, and Lead Counsel will enable both an audio and video connection at all times during a Remote Deposition. The audio connection shall be muted when appropriate, but the video connection shall remain active, with

the camera turned on, at all times during a Remote Deposition, except during breaks so long as the Platform connection is maintained.

67. If privileged information is disclosed during a Remote Deposition inadvertently as a result of a technical disruption or other technical issue, such disclosure shall not be deemed a waiver of privilege.

68. No person may be physically located in the same room as the Witness during the taking of a Remote Deposition except for a non-attorney who is present solely for the purpose of providing technical assistance to the Witness in using the Platform. At the beginning of the Remote Deposition, every person logged onto the Platform or otherwise viewing or listening to the Deposition must be identified for the record. Any person joining or leaving the Deposition after its beginning must be identified at the time of his or her arrival or departure.

69. During a Remote Deposition, the Witness may not communicate with any person, except through the Platform, by any means, including through gestures, handwritten communications, email, chat, instant messaging, or text messaging. As referenced in Paragraph 30, all private chat features provided in a Platform must be disabled. This restriction does not apply to conversations between the Witness and Defending Counsel during breaks or other recesses not on the record; such conversations can occur in breakout rooms provided by the Platform or other means, to the extent such breaks or recesses and any such conversations taking place during them occur in the manner permitted under applicable federal and local rules and procedures. Notwithstanding the requirements of this Paragraph 66, a Witness may consult privately with Defending Counsel for the purpose of determining whether a privilege should be asserted so long as the Witness or Defending Counsel states on the record that such consultation is occurring. For the avoidance of any doubt, and in keeping with normal deposition practice,

Deposing Counsel, Defending Counsel, Attending Counsel, and Third Party Counsel may engage in private communications or discussion amongst themselves during a Remote Deposition, using any appropriate means (such as email, texting, etc.).

70. The Witness may not review, read, have before them, or otherwise access any document, including email, text, web pages, social media, video, audio, or any other material, except documents presented to the Witness as exhibits during the Remote Deposition, without the express consent of counsel for all Parties. During the deposition, the Witness shall not consult any outside sources of information, including but not limited to, cell phones, smart phones, computers, the Internet, text or instant messaging services, emails, chats, blogs, or websites such as Twitter, Facebook, or LinkedIn, to obtain information in connection with his or her testimony, unless requested by Deposing Counsel.

71. If technical difficulties arise during the taking of a Remote Deposition, counsel for the Parties must meet and confer immediately, by telephone or other means, to determine whether the Remote Deposition can proceed or should be continued to a future date. If technical difficulties make the completion of a Remote Deposition impracticable, the counsel for the Parties and the Witness shall resume the Remote Deposition within three (3) business days unless agreed otherwise.

72. Based on their experience under this Remote Deposition Protocol and the needs of individual witnesses, (a) the Parties, or the Parties and any Third-Party Witness, may stipulate to modifications of this Protocol applicable to an individual Remote Deposition; or (b) the Parties may stipulate and submit to the Court for its approval modifications to this Protocol applicable to all depositions.

73.     The Noticing Party shall serve a copy of this Remote Deposition Protocol with any subpoena for a Remote Deposition.  The Parties shall use their best efforts to obtain the consent of a Third-Party Witness to this Protocol after service of the Subpoena.  If a Party cannot obtain a Third-Party Witness's consent to this Protocol, it shall inform the other Parties.  Any Party may, and, with notice to all Parties and the Third-Party Witness, submit a letter motion to the Court to resolve the dispute.

74.     All persons attending Remote Depositions are reminded that the typical rules of professionalism and etiquette during depositions still apply.  All persons attending depositions taken pursuant to this Remote Deposition Protocol who do not have an immediate need to speak shall ensure that their telephone or video conference lines are muted.  In addition, all persons attending depositions taken pursuant to this Remote Deposition Protocol shall undertake best efforts to ensure that they can do so in a space that is relatively free from distractions that would interfere with the deposition.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: February 11, 2021