IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SCOTT AND RHONDA BURNETT, RYAN HENDRICKSON, JEROD BREIT, SCOTT TRUPIANO, AND JEREMY KEEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | Case No. 19-CV-00332-SRB |

## FIFTH AMENDED SCHEDULING ORDER

Before the Court is the parties' Joint Motion to Modify the Fourth Amended Scheduling Order. (Doc. #805.) For good cause stated, the motion is GRANTED. Accordingly, the Court enters the following fifth amended scheduling order. All deadlines that have previously run or are not included in this amended scheduling order are not modified by its terms.

1. **MERITS EXPERT DEPOSITIONS**

   A. Defendants' merits expert with primary responsibility for responding to the Craig Schulman and Roger Alford reports will be disclosed on July 14, 2022, with back-up data to be provided within 5 days, and made available for deposition on July 28 or 29 in San Francisco;

   B. Defendants' expert responding primarily to Douglas Minor will be disclosed on July 1, 2022, with back-up data to be provided within 5 days, and be made available for deposition at a mutually agreeable date and location thereafter;

1

C. Defendants' expert responding primarily to Todd Reynolds will be disclosed on July 1, 2022 with back-up data to be provided within 5 days, and be made available for deposition at a mutually agreeable date and location thereafter;

D. Any separate expert(s) that Defendants engage to respond to Jeff Rothbart (if any) will be disclosed on July 1, 2022, with back-up data to be provided within 5 days, and will be made available for deposition at a mutually agreeable date and location thereafter;

E. Any other expert(s) that Defendants engage for the purposes of trial (if any) will be disclosed on July 1, 2022, with back-up data to be provided within 5 days, and will be made available for deposition at a mutually agreeable date and location thereafter; and

F. Plaintiffs will serve any and all rebuttal or supplemental reports from Plaintiffs' previously-designated experts on or before August 10, 2022, with back-up data to be provided within 5 days. If such rebuttal or supplemental reports warrant deposition proceedings, then Defendants may seek to depose such experts on or before August 17, 2022

2. **REMAINING FACT DISCOVERY.**

    A. HomeServices will seek to confirm Jo-Ann Sloan for a deposition prior to August 12; if HomeServices does not believe it can secure Ms. Sloan's deposition, HomeServices will inform Plaintiffs by June 30 so that Plaintiffs may subpoena Ms. Sloan;

    B. Plaintiffs will provide written discovery and documents from Named Plaintiffs Dreyer, Ellis, and Harvey prior to July 10, 2022. These Named Plaintiffs shall be made available for depositions prior to August 12, 2022.

2

Case 4:19-cv-00332-SRB   Document 811   Filed 06/21/22   Page 2 of 7

C. The Parties shall serve Requests for Admission, if any, by July 7, 2022, with answers due within 30 days thereafter;

D. The Corporate Defendants shall each perform one final transactional data refresh. The data shall run through June 1, 2022 (or a date as close to June 1, 2022 as reasonably possible); and Corporate Defendants shall produce the data by June 22, 2022. This data update shall also include the temporal update of the class member identification data. Along with this refresh, Defendants shall provide the names of all defense counsel who may be a class member so that Plaintiffs' expert can exclude those attorneys from the damages analysis.

E. The Parties will schedule the depositions of the following deponents prior to August 12, 2022:

   a. Linda O'Connor

   b. HSF/BHH 30(b)(6) Deposition

   c. Realogy/Anywhere 30(b)(6) Deposition

   d. NAR 30(b)(6) Deposition (On or before August 3)

   e. RE/MAX 30(b)(6) Deposition.

3. **DISPOSITIVE MOTION AND *DAUBERT* DEADLINES**

   A. All dispositive motions, except those under Rule 12(h)(2) or (3), shall be filed on or before August 29, 2022. All briefs in opposition shall be due on or before October 10, 2022. All reply briefs in support of the motions shall be due on or before November 7, 2022. Oral argument on the motions will be held on November 18, 2022, at 9:30 a.m. in Kansas City, Missouri. All motions for summary judgment shall comply with Local Rules 7.0 and 56.1.

   B. All motions to strike trial expert designations or preclude expert testimony

premised on *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), shall be filed on or before August 29, 2022. All briefs in opposition shall be due on or before October 10, 2022. All reply briefs in support of the motions shall be due on or before November 7, 2022. Oral argument on the motions will be held on November 18, 2022, at 9:30 a.m. in Kansas City, Missouri.

4. **TRIAL.** Trial shall begin on February 21, 2023, and be scheduled for two weeks. The pretrial conference shall be held on January 6, 2023, at 9:00 a.m.

The documents listed below shall be filed prior to the pretrial conference.

a. Motions in Limine. Motions in limine shall be filed at least ten (10) business days prior to the final pretrial conference. Responses to motions in limine shall be filed within the time limit allowed by Local Rule 7.0 or at least three (3) business days prior to the final pretrial conference whichever is earlier. In order to ensure efficient use of trial time, the parties are encouraged to file motions in limine relating to key evidentiary issues.

b. Stipulation of Uncontroverted Facts. At least three (3) business days prior to the final pretrial conference, the parties may file a stipulation of any uncontroverted facts.

c. Witness List. At least ten (10) business days prior to the final pretrial conference, each party shall file and serve a list of all witnesses who may be called to testify at trial. If a witness is not listed by a party, that witness will not be permitted to testify absent leave of Court and then only for the purpose of unanticipated rebuttal or impeachment.

d. Exhibit Index. At least five (5) business days prior to the final pretrial conference, each party shall file and serve an exhibit index of all exhibits that may be offered at trial. If an exhibit is not listed by a party, that exhibit will not be admitted absent leave of Court. The exhibit index should be prepared on a form provided by the Clerk's office that can be found at http://www.mow.uscourts.gov/forms.html#district. Each exhibit will be designated as either "Plaintiff's" or "Defendant's," numbered with an Arabic numeral, and described following the enumeration. If an exhibit consists of more than one (1) page or part, the number of pages or parts shall be included in the description. The exhibit number must be marked on each exhibit at the time of listing. It is not necessary to include exhibits to be used only for impeachment or rebuttal purposes. After the time for filing the exhibit index has expired, no supplemental or amended

index will be filed without leave of Court for good cause shown.

e. Stipulation as to the Admissibility of Evidence. At least three (3) business days prior to the final pretrial conference, the parties shall file a stipulation as to the admissibility of evidence, listing the exhibits for which authenticity and foundation are not contested.

f. Designation of Deposition Testimony. Fifteen (15) business days prior to the final pretrial conference, each party shall file and serve a designation, by page and line number, of any deposition testimony to be offered in evidence by that party.

g. Objections to Designated Deposition Testimony and Counter Designation. At least ten (10) business days prior to the final pretrial conference, each party shall file and serve:

   i. Any objections to proposed deposition testimony designated by any other party; and

   ii. A designation, by page and line number, of any deposition testimony to be offered as counter-designation to deposition testimony designated by other parties.

h. Objections to Counter Designations. At least seven (7) business days prior to the final pretrial conference, each party shall file and serve any objections to proposed deposition testimony offered as a counter-designation by other parties.

i. Submission of Deposition Designations. At least seven (7) business days prior to the final pretrial conference, the Court should receive deposition designations in the following manner:

   i. The parties are to jointly submit one mini-script copy of each designated deposition.

   ii. Each party is to highlight the portion of the deposition they want to designate, including counter-designations.

   iii. Each party should use a different highlight color to indicate their designations (for example, plaintiff uses yellow; defendant uses blue).

   iv. Each party should also indicate their objections on the actual deposition by bracketing those portions in the margin of the deposition, again using a different color to indicate the portion to which each party objects.

   v. Each party should submit to the Court a Word version document of the Objections to Deposition Designations that the party filed in

CM/ECF. Send that via email to the Courtroom Deputy at tracey_richard@mow.uscourts.gov.

j. Jury Instructions.

   i. At least ten (10) business days prior to the final pretrial conference, the parties shall jointly file an original (without sources) set and an annotated (with sources) set of proposed jury instructions. Proposed instructions shall reflect the authorities upon which the instruction is based and should be taken from or drawn in the manner of Model Civil Jury Instructions for the District of Courts of the Eighth Circuit and/or Missouri Approved Instructions (MAI) where available and appropriate. All instructions shall be designated as Instruction No. ___.

   ii. The Court prefers to receive joint instructions from the parties. Separate instructions are appropriate only when the parties cannot agree upon a specific instruction. In that instance, the parties shall jointly submit the instructions upon which they agree. Each party shall submit its proposed version of the instructions upon which the parties do not agree, along with a written objection to the other party's version.

   iii. The instructions should also be submitted to the Court electronically, in Word format. Instructions should be sent via email to the Courtroom Deputy at tracey_richard@mow.uscourts.gov.

The Trial Procedures listed below shall be followed.

a. Trial Brief. At least five (5) business days prior to trial, counsel for each party may file a trial brief stating the party's factual and legal contentions in the case. The trial brief should address any important evidentiary issues.

b. Jury Statement. At least five (5) business days prior to trial, counsel for each party shall agree upon a statement to be read to the jury setting forth the background of the case and the claims to be asserted. This statement will be read to the jury panel prior to voir dire. The jury statement shall be emailed in Word format to the Courtroom Deputy at tracey_richard@mow.uscourts.gov.

c. The Court may place time limits on opening statements, and direct and cross-examination of all witnesses. Counsel should be prepared to support their representations as to the length of trial.

5. **MISCELLANEOUS.**

a. All motions for extension of time pursuant to Fed. R. Civ. P. 6(b), 31, 33, 34, or 36 should be filed at least seven (7) days before the date of the original deadline and must state:

i. The date when the pleading, response, or other action is/was first due;

   ii. The number of previous extensions and the date the last extension expires;

   iii. The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

   iv. Whether the requested extension is approved or opposed by opposing counsel (agreement by counsel of a requested extension is not binding on the Court).

b. All motions requesting leave to depart from Local Rule 7.0(f) page limitation must state:

   i. The number of previous requests for leave;

   ii. The particular reason for the request for leave, including a specific statement as to why the action due cannot be completed within the allotted page limit; and

   iii. Whether the request for leave is approved or opposed by opposing counsel (agreement by counsel of a request for leave is not binding on the Court).

c. The parties should not submit proposed orders in conjunction with routine motions, e.g. motions for extension of time and motions to modify the scheduling order. The parties shall submit proposed orders in conjunction with all motions, other than dispositive motions, in which a specific, substantive ruling is sought by the Court, e.g. motions for entry of consent judgment, motions for temporary restraining order, motions for entry of a preliminary injunction, and motions for entry of a protective order. Such proposed orders shall be emailed in Word format to the Courtroom Deputy at tracey_richard@mow.uscourts.gov.

d. The dispositive motion date, final pretrial conference date, and trial date shall be changed only by leave of Court.

e. Any questions about this scheduling order or the procedures to be followed when practicing in this division should be directed to the Courtroom Deputy, Tracy Richard, at tracey_richard@mow.uscourts.gov.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: June 21, 2022