IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SCOTT AND RHONDA BURNETT, RYAN HENDRICKSON, JEROD BRIET, SCOTT TRUPIANO, JEREMY KEEL, HOLLEE ELLIS, and FRANCIS HARVEY, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs<br><br>    v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICAN, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>        Defendants. | Case No. 19-CV-00332-SRB |

**PLAINTIFFS' SUGGESTIONS IN OPPOSITION
TO HOMESERVICES' MOTION TO STAY**

| | | |
|---|---|---|
| Michael S. Ketchmark<br>Scott A. McCreight<br>KETCHMARK &<br>McCREIGHT, P.C.<br>11161 Overbrook Road,<br>Suite 210<br>Leawood, KS  66211 | Eric L. Dirks<br>Matthew L. Dameron<br>Courtney M. Stout<br>WILLIAMS DIRKS<br>DAMERON LLC<br>1100 Main Street, Suite 2600<br>Kansas City, MO 64105 | Brandon J.B. Boulware<br>Jeremy M. Suhr<br>Erin D. Lawrence<br>BOULWARE LAW LLC<br>1600 Genessee, Suite 416<br>Kansas City, MO 64102 |

*Attorneys for Plaintiffs and the Classes*

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

PROCEDURAL HISTORY ................................................................................................... 2

LAW AND ARGUMENT ...................................................................................................... 5

    I.   THE COURT SHOULD DENY HOMESERVICES' MOTION TO STAY BECAUSE HOMESERVICES FACES TRIAL AGAINST 377,000 CLASS MEMBERS REGARDLESS OF THE OUTCOME OF ITS APPEAL ................................................................................. 5

    II.  THE COURT SHOULD ALSO DENY HOMESERVICES' MOTION TO STAY BECAUSE ITS APPEAL IS FRIVOLOUS AND FORFEITED ............................................... 8

    III. IN THE ALTERNATIVE, THE COURT SHOULD GRANT A STAY ONLY AS TO CLASS MEMBERS WHO SIGNED AN ARBITRATION AGREEMENT WITH HOMESERVICES ................................................................................................................... 10

    IV. THE TRIAL DATE SHOULD REMAIN INTACT WHETHER A STAY IS GRANTED OR NOT ............................................................................................................................... 11

CONCLUSION ..................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249 (11th Cir. 2004) ...................................... 5, 6

*Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504 (7th Cir. 1997) ................................................................................................................................. 5, 6, 10

*Britton v. Co-op Banking Grp.*, 916 F.2d 1405 (9th Cir. 1990) .................................................. 5, 8

*Burnett v. Nat'l Ass'n of Realtors*, No. 4:19-cv-00332-SRB, 2022 WL 2820112 (W.D. Mo. July 19, 2022) ................................................................................................................................ passim

*Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207 (3d Cir. 2007) ............................................... 5, 8

*In re Checking Account Overdraft Litig.*, 780 F.3d 1031 (11th Cir. 2015) ..................................... 9

*In re Cox Enterprises, Inc. Set-top Cable Television Antitrust Litig.*, 790 F.3d 1112 (10th Cir. 2015) ............................................................................................................................................ 9

*In re TFT-LCD (Flat Panel) Antitrust Litig.*, 820 F. Supp. 2d 1055 (N.D. Cal. 2011) .................. 6

*Levin v. Alms & Assocs., Inc.*, 634 F.3d 260 (4th Cir. 2011) ....................................................... 5, 8

*McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158 (10th Cir. 2005) ................... 5, 8, 10

*Morgan v. Ferrellgas, Inc.*, No. 4:19-cv-910-SRB, 2020 WL 591510 (W.D. Mo. Feb. 6, 2020) . 5

*Motorola Credit Corp. v. Uzan*, 388 F.3d 39 (2d Cir. 2004) .......................................................... 5

*Sitzer v. Nat'l Ass'n of Realtors,* 12 F.4th 853, 854 (8th Cir. 2021) .................................... 2, 3, 4

*Sitzer v. Nat'l Ass'n of Realtors*, Case No. 4:19-cv-00332-SRB, 2020 WL 8224831 (W.D. Mo. May 8, 2020) ............................................................................................................................. 5, 11

*Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630 (1981) ......................................... 6

*Weingarten Realty Investors v. Miller*, 661 F.3d 904 (5th Cir. 2011) ............................................ 5

# INTRODUCTION

HomeServices asks the Court to issue "the same stay" as it did during the company's first arbitration appeal. But the case is now in a far different posture that requires a different result. The Court's earlier limited stay was entered long before trial and had no practical effect on the litigation. All parties fully continued both discovery and the class certification process while the Eighth Circuit heard HomeServices' first appeal. HomeServices' new stay request, by contrast, comes only six months before trial. If granted, it would almost certainly cause disruption and create wasteful and duplicative proceedings. And ultimately it would serve no purpose and provide no benefit even to HomeServices.

The certified classes contain more than 494,000 members. Of these, at least 377,000 never signed any agreement with any affiliate of HomeServices – they are not part of HomeServices' appeal. HomeServices does not ask for a stay as to these 377,000 class members, nor could it given that it has no possible right to arbitrate against them. Thus, the claims of these 377,000 class members will be tried in this Court regardless of the outcome of HomeServices' appeal. That trial is set to begin on February 21, and less than three weeks ago HomeServices and the other Defendants disclaimed any intent to seek a continuance. Tr. of 8/3/22 Hearing at 7:16 ("We're not asking to continue the trial date"). All the issues and evidence at the February 21 trial – including the existence of the conspiracy, HomeServices' participation in the conspiracy, and the mechanisms of injury and damages – will be exactly the same no matter how many class members participate.

Given the inevitability of trial, HomeServices' requested stay would create the very type of duplicative proceedings that stays pending appeal are designed to avoid. Even if the Court grants HomeServices' motion, trial will still proceed as scheduled on February 21 on the claims

1

of the 377,000 unaffected class members. The claims of the remaining 117,000 class members will then have to be resolved in later proceedings, whether in this Court or in separate arbitrations. And because trial is unavoidable for HomeServices, a stay would provide it no benefit. Both judicial economy and fairness therefore favor denying HomeServices' motion.

The Court should also deny HomeServices' motion because its appeal is frivolous and forfeited. "The Eighth Circuit has already determined that HomeServices waived any purported arbitration rights." *Burnett v. Nat'l Ass'n of Realtors*, No. 4:19-cv-00332-SRB, 2022 WL 2820112, at *4 (W.D. Mo. July 19, 2022). That finding is even stronger now. The Eighth Circuit told HomeServices it couldn't actively litigate in court, wait to see the outcome, and then assert a supposed right to arbitrate as a "do-over" after it lost. But that's exactly what HomeServices did *again* following remand. After the Eighth Circuit's opinion, the company litigated another 237 days, participated in extensive fact and expert discovery, and fully litigated the class certification issue. Only after HomeServices lost and the Court granted certification did the company file its renewed motion to arbitrate. That's exactly the same "do-over" approach that the Eighth Circuit held constituted a waiver of any arbitration rights during HomeServices' first appeal. The bar for declaring an appeal frivolous and forfeited may be high, but having a party ignore an earlier appellate decision on the very same issue must qualify.

## PROCEDURAL HISTORY

Plaintiffs filed suit in 2019. HomeServices then "fully participated in the case" for almost a year without acting to assert any purported arbitration rights. *Sitzer v. Nat'l Ass'n of Realtors*, 12 F.4th 853, 854 (8th Cir. 2021). Among other things, HomeServices "joined motions to dismiss and to transfer the case to another judicial district." *Id*. HomeServices also "negotiated a proposed scheduling order, answered the complaint, and replied to written discovery." *Id*. It was only 305

2

days later, after the Court denied HomeServices' motions to dismiss and for transfer, that the company suddenly reversed course and asked for arbitration. *Id*. The Eighth Circuit condemned this approach and held that HomeServices had waived any arbitration right it might have had:

> We have little doubt about what HomeServices was trying to do. If there was a possibility that the case would end in federal court, it was uninterested in switching to arbitration. Indeed, it has never seriously disputed that it knew about the arbitration clause long before it moved to compel arbitration. Yet it decided to pursue the case in federal court anyway.
>
> * * *
>
> A party cannot keep a contractual right to arbitration in its back pocket and pull it out only when it is ready for a "do over."

*Id*. at 856-57 (internal citation omitted). The Eighth Circuit also cautioned HomeServices that "[h]aving followed this course, it must now live with the consequences." *Id*. at 857.

Despite the Eighth Circuit's warning, HomeServices turned around and did the same thing again after remand. HomeServices "participated in the negotiation of two additional amended scheduling orders." *Burnett v. Nat'l Ass'n of Realtors*, No. 4:19-cv-00332-SRB, 2022 WL 2820112, at *4 (W.D. Mo. July 19, 2022). It "participated in 50 depositions of party and nonparty witnesses." *Id*. at *5. HomeServices took part in several telephone conferences with the Court. It also filed extensive "briefing on Plaintiffs' motion for class certification and briefing on class *Daubert* issues," and "appeared at oral argument on these issues." *Id.* at *4. After the Court granted certification, HomeServices filed an unsuccessful petition to appeal the certification order under Fed. R. Civ. P. 23(f). And throughout all these actions, the company never *once* made even "a passing reference" to any supposed arbitration right against unnamed class members.[1] *Id*.

---

[1] In the related *Moehrl* case pending in the Northern District of Illinois, by contrast, HomeServices specifically raised the arbitration issue at the class certification stage. *Burnett*, 2022 WL 2820112, at *4 n.6.

3

In total, HomeServices waited through 237 days of additional litigation after the Eighth Circuit's opinion before it filed its renewed motion to compel arbitration. And, just as before, the company chose to first see how a key issue played out in this Court, asking for arbitration only after it lost:

> the Court agrees with Plaintiffs that "HomeServices chose to attempt to defeat class certification in federal court (and thereby effectively end any litigation against it) without ever mentioning arbitration. Only after those efforts failed did HomeServices resort to its arbitration 'do over' card that it had kept hiding 'in its back pocket' throughout months and years of hard-fought litigation." (Doc. # 806, p. 35) (quoting *Sitzer*, 12 F.4th at 857). Even if the Eighth Circuit's prior decision is not dispositive of this issue, HomeServices had ample opportunity to raise its intention of asserting its arbitration rights against unnamed class members prior to the Court's class certification order.

*Id*. at *5. The Court therefore denied HomeServices' renewed motion.

For weeks following that denial, HomeServices continued to engage in fact and expert discovery without mentioning any appeal or motion for stay. During a recent telephone conference with the Court on August 3, the parties discussed the upcoming trial and how long trial would take. HomeServices joined in this discussion and, along with the other Defendants, told the Court it would not seek any continuance. Tr. of 8/3/22 Hearing at 7:16 ("We're not asking to continue the trial date"). Five days later, HomeServices filed its Notice of Appeal and the present motion to stay.

The stay requested by HomeServices is limited. HomeServices asks only for a stay of "the claims of any plaintiffs or unnamed class members who executed a Listing Agreement with a subsidiary of the HomeServices Defendants . . . ." (Doc. #878 at 1).[2] This represents just a fraction

---

[2] HomeServices excludes class representatives Scott and Rhonda Burnett from this request because the Eighth Circuit explicitly held that HomeServices waived any right to arbitrate their claims.

of the total class members. The current certified class includes 494,700 members.³ Of these, at most 117,300 signed an agreement of any kind with any affiliate of HomeServices. HomeServices is not asking for any stay as to the remaining 377,400 class members. Thus, even if HomeServices were to win its appeal, it would still have to face trial against these 377,400 class members. That trial begins on February 21.

## LAW AND ARGUMENT

### I. THE COURT SHOULD DENY HOMESERVICES' MOTION TO STAY BECAUSE HOMESERVICES FACES TRIAL AGAINST 377,000 CLASS MEMBERS REGARDLESS OF THE OUTCOME OF ITS APPEAL

The circuit courts are split 5-3 as to whether a stay should be granted automatically while a party appeals from the denial of a motion to compel arbitration.⁴ The Eighth Circuit has taken no position on the issue. *Sitzer v. Nat'l Ass'n of Realtors*, Case No. 4:19-cv-00332-SRB, 2020 WL 8224831, at *1 (W.D. Mo. May 8, 2020). True, this Court has granted at least partial stays pending appeal, both in this and another case. *See id.; Morgan v. Ferrellgas, Inc.*, No. 4:19-cv-910-SRB, 2020 WL 591510, at *2 (W.D. Mo. Feb. 6, 2020). But the facts presented now compel a different result.

---

³ These numbers are obtained by taking the number of home sale transactions from Defendants' most recently produced data, then adjusting to account for the fact that approximately 70% of such transactions involve couples (and therefore produce two class members each). New transactions continue to occur, and the numbers at trial therefore will be larger.

⁴ *Compare Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 264-65 (4th Cir. 2011) (granting stay); *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007) (same); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1162-63 (10th Cir. 2005) (same); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) (same); *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505-06 (7th Cir. 1997) (same), *with Weingarten Realty Investors v. Miller*, 661 F.3d 904, 907-09 (5th Cir. 2011) (denying stay); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 54 (2d Cir. 2004) (same); *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990) (same).

5

Courts that grant stays are concerned with avoiding wasteful or duplicative proceedings if the appeal succeeds and arbitration is ordered.[5] That concern does not exist here. The Court has now certified three classes against HomeServices that include more than 494,000 class members. Of these, only 117,000 members signed an agreement of any kind with any affiliate of HomeServices. HomeServices has not asked for any stay as to the remaining 377,000 class members, nor could it. Thus, regardless of the outcome of its appeal, HomeServices must face trial against at least 377,000 class members, and it is jointly and severally liable with the other Defendants for all damages suffered by those class members.[6]

Unlike in the cases granting a stay, trial here is both imminent and certain to occur. Discovery is nearly complete, dispositive motions will be filed by the end of the month, and trial is scheduled to begin on February 21. All Defendants – including HomeServices – just told the Court that they won't seek any continuance. Tr. of 8/3/22 Hearing at 7:16 ("We're not asking to continue the trial date"). So HomeServices will have to prepare for and fully litigate the February trial whether it wins its appeal or not. All the issues and evidence at that trial – including the existence of the conspiracy, HomeServices' participation in the conspiracy, and the mechanisms of injury and damages – will be exactly the same no matter how many class members participate.

---

[5] *See, e.g., Blinco*, 366 F.3d at 1251 ("If the court of appeals reverses and orders the dispute arbitrated, then the costs of the litigation in the district court incurred during appellate review have been wasted and the parties must begin again in arbitration"); *Bradford-Scott Data Corp.*, 128 F.3d at 506 ("Immediate appeal under § 16(a) helps to cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending"). This is particularly true because most stay cases involve a single plaintiff and single defendant, rather than (as here) additional parties who never signed any arbitration agreement.

[6] "It is well-established that once a defendant joins a conspiracy it is jointly and severally liable for any actions taken in furtherance of the conspiracy." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 820 F. Supp. 2d 1055, 1059 (N.D. Cal. 2011); *accord Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 646 (1981).

The only change if the class members who signed arbitration agreements are removed would be a few numbers in Plaintiffs' damages calculations. Thus, as a practical matter, the sole issue presented by HomeServices' motion is whether the company will: (a) face 494,000 class members all at once in February (stay is denied), or (b) face 377,000 class members in February, and the remaining 117,000 in later proceedings (stay is granted). Choosing option (b) and granting the stay would *create* additional proceedings, not eliminate them. Both fairness and judicial economy therefore favor denying HomeServices' requested stay.

The bottom line is this. Despite its appeal, HomeServices has no interest in conducting thousands of arbitrations. The company likely hopes that if arbitration is ordered, the class members who signed arbitration agreements will just go away. But that's not going to happen. The February trial will resolve almost all key factual issues and, if Plaintiffs prevail, they will then seek to apply the jury's findings to the remaining class members, such as through collateral estoppel. HomeServices will not get to relitigate these issues, whether in front of this Court or in individual arbitrations. Rather, the trier of fact will just apply the jury's findings and calculate damages in a mechanical fashion. In other words, even if arbitration is ordered, there likely will be little to nothing left to arbitrate.[7] The requested stay therefore would provide HomeServices with no benefits; it would just multiply the proceedings for no reason. Whatever its merits in general, the majority view makes no sense when applied to the unique facts here.

---

[7] HomeServices is unlikely to pursue arbitration even if it were ordered. To arbitrate, HomeServices first would have to pay filing fees and costs associated with the thousands of arbitrations. Then, if Plaintiffs prevail at the February trial, each arbitrator would apply collateral estoppel from that trial, find liability, and assess damages. And then HomeServices would have to pay each arbitrating class member's attorneys' fees and expenses. No rational company would follow that course.

## II. THE COURT SHOULD ALSO DENY HOMESERVICES' MOTION TO STAY BECAUSE ITS APPEAL IS FRIVOLOUS AND FORFEITED

The Court should also deny HomeServices' motion because its appeal is frivolous and forfeited. Any rule allowing a stay pending appeal raises the danger of a litigant attempting "'to stall a trial simply by bringing a frivolous motion to compel arbitration.'" *Levin v. Alms & Associates, Inc.*, 634 F.3d 260, 265 (4th Cir. 2011) (quoting *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990)). For this reason, "[e]ach of the circuits adopting the majority view has created a frivolousness exception to the divestiture of jurisdiction." *Id*. This exception applies whenever the appeal is either "frivolous or forfeited." *Id.; Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007); *McCauley v. Halliburton Energy Services, Inc.*, 413 F.3d 1158, 1162 (10th Cir. 2005). HomeServices' appeal is both.[8]

As this Court stated in its order denying arbitration, "[t]he Eighth Circuit has already determined that HomeServices waived any purported arbitration rights." *Burnett v. Nat'l Ass'n of Realtors*, No. 4:19-cv-00332-SRB, 2022 WL 2820112, at *4 (W.D. Mo. July 19, 2022). That finding is even stronger now given HomeServices' actions after remand. After the Eighth Circuit rejected its first appeal, HomeServices engaged in the very same conduct that the Eighth Circuit had just condemned. For another 237 days the company "continued to aggressively litigate this case." *Id*. This included participating in over 50 depositions, negotiating two additional scheduling orders, filing *Daubert* motions, submitting extensive class certification briefing, and participating in the class certification hearing. And throughout these events, HomeServices never raised any supposed right to arbitrate against unnamed class members. It was only after it lost and

---

[8] The remaining Defendants also moved to compel arbitration, and the Court denied their motion as well in its July 19 Order. Unlike HomeServices, these Defendants chose not to file any appeal.

8

the Court granted class certification that the company first raised the issue. That's exactly the same "do-over" approach that the Eighth Circuit held constituted a waiver of any arbitration rights during HomeServices' first appeal. HomeServices' arbitration motion therefore is both frivolous and forfeited, and its latest appeal provides no basis for a stay.[9]

HomeServices tries to excuse its delay by claiming it could not have moved to compel arbitration against absent class members before certification. That argument ignores the fact that, at the very latest, HomeServices should have raised the issue *during* the class certification process.[10] In fact, the court in the related *Moehrl* case, pending in the Northern District of Illinois, specifically told HomeServices in July 2021 that it should raise any arbitration issues involving absent class members during the class certification briefing and argument. "And HomeServices did just that [in the *Moehrl* case], arguing that the arbitration agreements defeat typicality under Rule 23 and that certain class members who have arbitration agreements should be excluded from the class." *Burnett*, 2022 WL 2820112, at *4 n.6. Here, by contrast, HomeServices sat on its rights, ignored the arbitration issue, and waited to see how the Court ruled on certification. That conduct falls head-on within the Eighth Circuit's earlier decision holding that HomeServices

---

[9] The problems with HomeServices' motion to compel arbitration go far beyond waiver – the motion is just as deficient on the merits. Along with finding waiver, this Court also denied HomeServices' motion on a number of alternative substantive grounds. In particular, the Court noted that HomeServices completely failed to respond to Plaintiffs' key argument "that the language of the Arbitration Agreements expressly limit[s] their application to the parties to those agreements and prohibit[s] both class members and [ReeceNichols and BHHKC] from including claims against others in arbitration." *Burnett*, 2022 WL 2820112, at *7 (internal quotation omitted).

[10] *See, e.g.*, *In re Cox Enterprises, Inc. Set-top Cable Television Antitrust Litig.*, 790 F.3d 1112, 1120 n.2 (10th Cir. 2015) ("Cox's contention that it could not compel arbitration before certification also does not excuse its failure to raise or mention the arbitration clauses during the court's Rule 23 analysis"); *In re Checking Account Overdraft Litig.*, 780 F.3d 1031, 1039 (11th Cir. 2015) (class member arbitration issue "is properly litigated via a motion to certify a class").

waived any arbitration rights. The bar for declaring an appeal frivolous and forfeited may be high, but ignoring an earlier appellate decision on the very same issue must qualify.

The procedure for evaluating whether to declare an appeal frivolous and forfeited is straightforward:

> upon the filing of a motion to stay litigation pending an appeal from the denial of a motion to compel arbitration, the district court may frustrate any litigant's attempt to exploit the categorical divestiture rule by taking the affirmative step, after a hearing, of certifying the § 16(a) appeal as frivolous or forfeited. That certification will prevent the divestiture of district court jurisdiction. Appellant may then move [the appellate] court for a stay pending appeal, asserting that the district court's finding of frivolousness is not supported by the record. If [the appellate] court determines that the appeal is not frivolous, [it] will stay the litigation in the district court pending the appeal of the denial of the motion to compel arbitration

*McCauley*, 413 F.3d at 1162 (internal citations omitted); *accord Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997) ("[e]ither the court of appeals or the district court may declare that the appeal is frivolous, and if it is the district court may carry on with the case"). Following this procedure, Plaintiffs request that the Court conduct a hearing to determine whether HomeServices' appeal is frivolous or forfeited. If the answer is "yes" – and it should be – then Plaintiffs ask the Court to so certify and to deny HomeServices' motion on that ground as well.

### III. IN THE ALTERNATIVE, THE COURT SHOULD GRANT A STAY ONLY AS TO CLASS MEMBERS WHO SIGNED AN ARBITRATION AGREEMENT WITH HOMESERVICES

Even if the Court elects to grant HomeServices' request for a stay, the scope of that stay should be sharply limited. HomeServices asks for a stay only of "the claims of any plaintiffs or unnamed class members who executed a Listing Agreement with a subsidiary of the HomeServices Defendants . . . ." (Doc. #878 at 1). That limitation is necessary because, as the Court ruled earlier, "an appeal does not divest a district court of all jurisdiction, but rather only of jurisdiction over the

10

matters appealed." *Sitzer*, 2020 WL 8224831, at *3 (internal quotation omitted). The certified classes contain more than 494,000 members, and only 117,000 signed an agreement of any kind with any affiliate of HomeServices. That leaves 377,000 class members who have nothing to do with HomeServices' appeal, and at a minimum no stay should be issued for their claims.

## IV. THE TRIAL DATE SHOULD REMAIN INTACT WHETHER A STAY IS GRANTED OR NOT

Trial is scheduled to begin on February 21. That date was adopted with the consent of HomeServices, and HomeServices never mentioned arbitration when the parties agreed to it. During the most recent August 3 teleconference with the Court, in which the parties discussed how trial will proceed, HomeServices and the other Defendants expressly disclaimed any intention to seek a continuance. Plaintiffs respect Defendants' word and trust they will not ask for a continuance, whether based on HomeServices' appeal or any other issue. Should any Defendant change its mind, however, Plaintiffs will vigorously oppose any request for a continuance. No matter what happens on appeal, the claims of at least 377,000 class members have to be tried. All parties agreed to the February 21 date for that trial, and all have relied on it. Whatever the merits of HomeServices' appeal – and Plaintiffs believe the answer is "none" – no Defendant should be allowed to use that appeal as an excuse to escape the trial date that all agreed to.

## CONCLUSION

The purpose of a stay pending appeal is to avoid duplicative and wasteful proceedings. But HomeServices' requested stay would *create* such duplication and waste. There's no way around the fact that 377,000 class members have no agreement with HomeServices. Their claims have to be tried in this Court even if HomeServices somehow wins its appeal. HomeServices can't avoid this trial – its requested stay would just create additional proceedings on behalf of 117,000 class

members *on top of* this trial. That makes no sense for anyone. HomeServices would receive no benefit from its requested stay, and the Court therefore should deny the company's motion.

Respectfully submitted,

**KETCHMARK & McCREIGHT, P.C.**

*/s/ Scott A. McCreight*
Michael S. Ketchmark #41018
Scott A. McCreight #44002
11161 Overbrook Road, Suite 210
Leawood, KS 66211
(913) 266-4500
mike@ketchmclaw.com
smccreight@ketchmclaw.com

Eric L. Dirks #54921
Matthew L. Dameron #52093
Courtney M. Stout #70375
**WILLIAMS DIRKS DAMERON LLC**
1100 Main Street, Suite 2600
Kansas City, MO 64105
(816) 945-7110
dirks@williamsdirks.com
matt@williamsdirks.com
cstout@williamsdirks.com

Brandon J.B. Boulware #54150
Jeremy M. Suhr #60075
Erin D. Lawrence #63021
**BOULWARE LAW LLC**
1600 Genessee, Suite 416
Kansas City, MO 64102
(816) 492-2826
brandon@boulware-law.com
jeremy@boulware-law.com
erin@boulware-law.com

Counsel for Plaintiffs and the Classes

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of August, 2022, the foregoing was filed via the Court's electronic filing system which will send notice to all counsel of record.

> */s/ Scott A. McCreight*
> Attorney for Plaintiffs and the Classes