IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SCOTT AND RHONDA BURNETT, RYAN HENDRICKSON, JEROD BREIT, SCOTT TRUPIANO, AND JEREMY KEEL, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>   Defendants. | Case No. 4:19-cv-00332-SRB |

## ORDER

Before the Court is Defendant HomeServices's[1] Motion to Stay Pending FAA Appeal. (Doc. #878.) For the reasons stated below, the motion is GRANTED IN PART.

On February 28, 2020, HomeServices filed a motion to compel arbitration of any claims against them raised by named Plaintiffs Scott and Rhonda Burnett and a subset of putative class members, who, when selling their home via a HomeServices subsidiary, executed a Listing Agreement containing a binding arbitration provision. (Doc. #217.) On April 10, 2020, the Court denied HomeServices's motion. (Doc. #239.) On April 14, 2020, HomeServices filed a notice of appeal (Doc. #241) and shortly thereafter filed a motion to stay (Doc. #244). On May 8, 2020, the Court granted in part the motion to stay, staying any "claims raised by Plaintiffs

---

[1] "HomeServices" collectively refers to HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC.

[Scott and Rhonda] Burnett, as well as claims of any other plaintiffs or putative class members who executed a Listing Agreement with a subsidiary of HomeServices" pending resolution of HomeServices's appeal." (Doc. #256, p. 7.)[2] The Eighth Circuit subsequently affirmed the Court's Order denying HomeServices's motion to compel arbitration.

On April 22, 2022, the Court granted Plaintiffs' Motion for Class Certification. (Doc. #741.) HomeServices then filed a second motion to compel arbitration, requesting the Court compel "all unnamed class members who executed a [Listing Agreement]" with a subsidiary of HomeServices to arbitrate their claims. (Doc. #758, p. 23.) The Court denied HomeServices's second motion to compel. (Doc. #843.) On August 8, 2022, HomeServices filed a notice of appeal (Doc. #880) and the instant motion to stay. In this motion to stay, HomeServices seeks to "stay the claims of any plaintiff or unnamed class member who executed a Listing Agreement with a subsidiary of HomeServices" pending resolution of HomeServices's appeal.[3] (Doc. #878, p. 3.) Plaintiffs oppose the motion.

In its May 8, 2020 Order granting in part HomeServices first motion to stay, the Court held that when considering entering a stay, the "proper inquiry . . . is whether the continuing litigation before it is a mirror image of the questions presented" by HomeServices's appeal. (Doc. #256, p. 5) (citations and quotations omitted). In its second motion to compel arbitration, HomeServices sought to compel unnamed class members who signed a Listing Agreement with a subsidiary of HomeServices to arbitrate their claims in this case. Whether those unnamed class members must arbitrate their claims is the issue on appeal. The Court thus finds it appropriate to stay those claims until resolution of the appeal. However, in addition to those unnamed class

---

[2] All page numbers refer to pagination automatically generated by CM/ECF.

[3] HomeServices excludes the claims of Scott and Rhonda Burnett from its stay request.

members, HomeServices appears to request the claims of "any plaintiff" who executed a Listing Agreement also be stayed. (Doc. #878, p. 3.) To the extent HomeServices requests the Court to stay claims beyond the unnamed class members whose claims are on appeal, that request is denied.

Accordingly, HomeServices's Motion to Stay Pending FAA Appeal (Doc. #878) is GRANTED IN PART. Any claims raised by unnamed class members who executed a Listing Agreement with a subsidiary of HomeServices are STAYED pending resolution of HomeServices's appeal. HomeServices is directed to file a status update regarding the appeal every thirty days from the issuance of this Order.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
United States District Judge

Dated: August 29, 2022