# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| SCOTT AND RHONDA BURNETT, RYAN HENDRICKSON, JEROD BREIT, SCOTT TRUPIANO, JEREMY KEEL, SHELLY DREYER, HOLLEE ELLIS, and FRANCES HARVEY, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No: 4:19-cv-00332-SRB |
| v. | ) ) | Judge Stephen R. Bough |
| THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX, LLC, and KELLER WILLIAMS REALTY, INC., | ) ) ) ) ) ) ) ) | **ORAL ARGUMENT SCHEDULED FOR NOVEMBER 18, 2022** |
| Defendants. | | |

## NATIONAL ASSOCIATION OF REALTORS®' <br> MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, and in accordance with the Fifth Amended Scheduling Order in this case (Dkt. 811), defendant National Association of REALTORS® ("NAR"), by its attorneys, moves for summary judgment with respect to all claims in Plaintiffs' Third Amended Complaint. There is no genuine dispute of any material fact as to any of Plaintiffs' claims, and therefore NAR is entitled to summary judgment as a matter of law.

In support of this motion, NAR relies on (a) the Suggestions that are being filed concurrently with this motion, and (b) the Declaration of Elizabeth M. Wright and accompanying exhibits that are being submitted with those Suggestions. NAR also relies on the pleadings and records on file with this Court and such argument as may be presented at any hearing on this motion.

In support of their Motion, NAR states as follows:

1. The NAR Rules are not an unreasonable restraint of trade.

   a. Neither NAR's Handbook on Multiple Listing Policy nor NAR's Code of Ethics require sellers to pay anyone. Rather, the listing broker who makes the offer of compensation is the one who ultimately pays the cooperating broker.

   b. The NAR Handbook on Multiple Listing Policy leaves the amount of commission offered within the discretion of the listing broker.

   c. The undisputed facts show that listing brokers split commissions with cooperating brokers with or without the NAR rules being in place.

   d. Sellers in Missouri are aware of and agree to the offers of compensation made by listing brokers to cooperating brokers. Indeed, the contracts between sellers and listing brokers specifically address the offer of compensation that the listing broker will make.

2. Because Plaintiffs do not purchase any services from NAR, they are indirect purchasers, and therefore have no standing to sue for damages under *Illinois Brick Co. v. Illinois,* 431 U.S. 720 (1977).

3. Plaintiffs' alleged injuries are not caused by NAR or the other defendants. Plaintiffs provide no evidence of a causal link between NAR's rules, or any activities of NAR, and any alleged harm suffered by the Plaintiffs.

4. Plaintiffs' damages are impermissibly speculative; they assert that their damages are the entire amount of the commission the listing brokers paid the cooperating brokers. This calculation of damages does not factor in the benefits that the Plaintiffs received from offers of compensation.

5. NAR did not conspire with any of the Defendants. Plaintiffs provide no evidence that Defendants agreed that listing brokers must make an offer of compensation to cooperating brokers or that they set a particular amount. Rather, the evidence reflects that commissions are negotiated on an individual basis.

For these reasons, and as more fully explained in the Suggestions in Support being filed concurrently with this motion, NAR is entitled to summary judgment on all of Plaintiffs' claims.

Dated: August 29, 2022

Respectfully submitted,

/s/ Ethan Glass
Ethan Glass (*pro hac vice*)
Deepti Bansal (*pro hac vice*)
Samantha Strauss (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC  20004-2400
Phone (202) 776-2244
Fax (202) 842-7899
eglass@cooley.com
dbansal@cooley.com
sastrauss@cooley.com

Beatriz Mejia (*pro hac vice*)
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone (415) 693-2000
Fax (415) 693-2222
mejiab@cooley.com

Anne Bigler (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Phone (212) 479-6000
Fax (212) 479-6275
abigler@cooley.com

Elizabeth Wright (*pro hac vice*)
Cooley LLP
500 Boylston Street
Boston, MA 02116
Phone (617) 937-2300
Fax (617) 937-2400
ewright@cooley.com

*/s/ Jack R. Bierig*
Jack R. Bierig (*pro hac vice*)
ArentFox Schiff LLP
233 S. Wacker Drive, Suite 7100
Chicago, IL 60606
Phone (312) 258-5500
Fax (312) 258-5600
jack.bierig@afslaw.com

Charles W. Hatfield (MO Bar # 40363)
Alexander C. Barrett (MO Bar # 68695)
Stinson LLP
230 W. McCarty Street
Jefferson City, MO 65101
Phone (573) 636-6263
Fax (573) 636-6231
chuck.hatfield@stinson.com
alexander.barrett@stinson.com

***Attorneys for Defendant NATIONAL
ASSOCIATION OF REALTORS®***

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on August 29, 2022, the foregoing Motion of the National Association of REALTORS® for Summary Judgment was filed with the Clerk of the Court by utilizing the CM/ECF System, which will provide electronic notification to all counsel of record:

/s/ Ethan Glass
Ethan Glass