IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SCOTT AND RHONDA BURNETT, RYAN HENDRICKSON, JEROD BREIT, SCOTT TRUPIANO, AND JEREMY KEEL, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>      Defendants. | Case No. 19-CV-00332-SRB |

## ORDER

Before the Court is Defendant HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, RE/MAX, LLC, Realogy Holdings Corp., Keller Williams Realty, Inc., and the National Association of Realtors® ("NAR") (collectively, "Defendants") Motion to Exclude Merits Opinion Testimony of Dr. Craig T. Schulman. (Doc. #921.) For the reasons stated below, the motion is DENIED.

### I. FACTUAL BACKGROUND

The facts of this case are discussed in prior Orders and in the parties' briefs, and will not be repeated herein. This Order assumes familiarity with the facts and law applicable to the claims and defenses asserted in this case. Only those facts and issues necessary to resolve the pending motion are discussed below, and they are simplified to the extent possible.

Plaintiffs have retained Dr. Craig T. Schulman ("Schulman") to provide expert testimony. In 1990, Schulman received a Ph.D. in Economics from Texas A&M University. Schulman is a Director of Berkeley Research Group, LLC ("BRG"). BRG provides various services, including expert testimony and litigation support. Schulman also teaches classes in economic data analytics at Texas A&M University. Schulman's fields of expertise include industrial organization, antitrust economics, international economics, and econometrics.

Schulman offers background information and opinions regarding the claims asserted in this case. Schulman explains the Multiple Listing Service ("MLS") system and the history of the United States real estate market. Among other things, Schulman opines that Defendants use MLSs to control local real estate markets and inflate real estate commission rates. Schulman opines that Defendants use their control to impose certain rules, including a commission rule which requires all home sellers to pay compensation to any cooperating broker that supplies a home buyer. According to Schulman, the buyer broker commissions rates are set at anticompetitive levels.

Schulman states his opinions are supported by a benchmark analysis that compares real estate brokerage practices in other countries, including Australia. Schulman states that Australia does not have the rules challenged in this case, and that sellers in Australia do not pay buyer broker commissions. Schulman concludes that "[a]bsent the [commission rule], I would have expected the U.S. residential real estate industry to have evolved to look comparable to Australia." (Doc. #922-2, p. 130.)[1]

Defendants now move to exclude Schulman from offering certain opinions at trial. Defendants argue the opinions offered by Schulman are inadmissible under Federal Rule of

---

[1] All page numbers refer to the pagination automatically generated by CM/ECF.

2

Case 4:19-cv-00332-SRB   Document 1017   Filed 12/16/22   Page 2 of 8

Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Plaintiffs oppose the motion, and the parties' arguments are addressed below.

## II. LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony. *See* Fed. R. Evid. 702; *Wagner v. Hesston Corp.*, 450 F.3d 756, 758 (8th Cir. 2006). Rule 702 provides that a witness who is qualified as an expert may offer testimony if:

> (a) the expert's . . . specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702(a)-(d). Federal Rule of Evidence 703 further provides in part that "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703.

To fulfill its "gatekeeping" role, a court faced with a proffer of expert testimony must determine at the outset whether the evidence "both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597. *Daubert* emphasized that the inquiry required by Rule 702 is intended to be flexible. *Id.* at 594. "The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence." *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

Due to the liberalization of expert testimony admission standards signaled by *Daubert* and its progeny, and the codification of this trend in Rule 702, the Eighth Circuit has held that expert testimony should be liberally admitted. *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 562 (8th Cir. 2014) ("*Daubert* and Rule 702 thus greatly liberalized what had been the strict . . . standards for admission of expert scientific testimony."); *Robinson v. GEICO Gen. Ins. Co.*,

3

447 F.3d 1096, 1100 (8th Cir. 2006) ("A review of the caselaw after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule.") (citations and quotations omitted). As long as the expert testimony "rests upon good grounds, based on what is known, it should be tested by the adversary process with competing expert testimony and cross-examination, rather than excluded by the court at the outset." *Johnson*, 754 F.3d at 562 (citations and quotations omitted). The exclusion of expert testimony is proper "only if it is so fundamentally unsupported that it can offer no assistance to the jury[.]" *Wood v. Minn. Mining & Mfg. Co.*, 112 F.3d 306, 309 (8th Cir. 1997) (citations and quotations omitted).

## III. DISCUSSION

As a preliminary matter, this is not the first time Defendants have moved to exclude Schulman's opinions. Prior to the class certification hearing, Defendants moved to exclude Schulman's class certification opinions. (Doc. #552.) Schulman testified at that hearing and offered many of the opinions challenged in the pending motion. At the conclusion of the class certification hearing, the Court stated that:

> [A]s to the motion to exclude Dr. Schulman, which is Document No. 552, under Federal Rule of Evidence 702 and *Daubert*, I'm not excluding it; that it's based upon specialized knowledge, sufficient facts and data, reliable principles and methods, and the expert has applied those principles and methods to the facts of this case. So I'm not excluding it under 702 or *Daubert*[.]

(Doc. #742, p. 103.)

Upon review of the pending motion, the Court agrees with Plaintiffs that "Defendants . . . repeat nearly verbatim many of the same grounds they raised to exclude Dr. Schulman's testimony at the class certification stage." (Doc. #967, p. 7.) Because many of Defendants' arguments (or similar arguments) have been previously considered and rejected, this Order will

4

not engage in a lengthy discussion of the parties' arguments. The following briefly addresses the four main arguments raised by Defendants.

### 1. Whether Schulman's Opinions "Fit" the Facts of this Case

Defendants state that "Plaintiffs—all of whom are home sellers—must prove that, in a but-for world without the Challenged Restraints, their brokers would have behaved differently and that these brokers would have passed on any savings to the Plaintiffs." (Doc. #987, p. 5.) According to Defendants, Schulman's opinions "do not 'fit' the facts of the case because he failed to analyze listing broker incentives." (Doc. #922, p. 11.) Defendants contend that Schulman "focused exclusively on the economic incentives of home sellers when considering whether to offer cooperative compensation" but should have analyzed "the economic incentives motiving listing brokers." (Doc. #922, p. 11.)

Upon review, the Court rejects these arguments. As explained by Plaintiffs, "the buyer's broker is paid directly from the seller's proceeds . . . [and] [t]he sellers in the Plaintiff Class are the direct purchasers, not their listing brokers." (Doc. #967, p. 16.) In addition, Schulman expressly opines that "in a world where the Challenged Restraints never existed and real estate brokerage services operated in a competitive market, neither home sellers or listing brokers would have an independent economic incentive to make unilateral offers of compensation to buy-side brokers/agents." (Doc. #922-3, p. 15.)

Defendants argue that this opinion is a "naked statement[]," and lacks support. (Doc. #987, p. 6.) However, the Court finds that Schulman's opinions are reliable and adequately supported by the record. Defendants' arguments are more suited for cross-examination, not exclusion. For these reasons, and the additional reasons stated by Plaintiffs, the Court rejects Defendants' argument that Schulman's opinions do not fit the facts of this case.

5

## 2. Whether Schulman's Causation and Damages Opinions are Reliable

Defendants argue that Schulman's causation and damages opinions are unreliable and not supported by a reliable methodology. In particular, Defendants contend that "Schulman's selection of Australia and his other Foreign Benchmarks was not the product of a reliable methodology, making his causation and damages opinions inadmissible." (Doc. #922, p. 14.) Defendants also argue that Schulman failed to account for differences between the United States and the Foreign Benchmarks, misunderstood and ignored key facts, and offers unsupported conclusions.

Upon review, the Court rejects these arguments. Defendants' arguments generally go to the weight, not the admissibility, of Schulman's opinions. The Court agrees with Plaintiffs that Schulman adequately explains "his methodology and reasoning in selecting Australia as the appropriate benchmark," adequately explains why he looked outside the United States for a Foreign benchmark, adequately accounted for similarities and differences among the Foreign Benchmarks, and that his opinions are adequately supported by the record. (Doc. #967, pp. 11-24.) For these reasons, and the additional reasons stated by Plaintiffs, the Court rejects Defendants' arguments that Schulman's causation and damages opinions are unreliable.

## 3. Whether Schulman's Causation and Damages Opinions are Relevant

Defendants state that "any damages calculation must account for any benefits Plaintiffs derived from the allegedly unlawful conduct as well as their alleged damages," but that Schulman "failed to account for benefits realized by Plaintiffs." (Doc. #922, p. 21.) For example, Defendants contend the commission rules benefitted "many purported class members who sold homes during the class period [and] also purchased homes[.]" (Doc. #922, p. 22.)

6

Upon review, the Court finds that Schulman's causation and damages opinions are relevant. Plaintiffs argue in part that the class members "received no 'benefit' or 'windfall' because most homebuyers would not have used buyer broker services absent Defendants' anti-competitive conduct." (Doc. #967, p. 25.) This argument has support in the record. Schulman explains that "buyer's agents are used in few as 1% to 5% of real estate sales in Australia." (Doc. #922-2, p. 129.) Defendants may challenge Schulman's causation and damages opinions on cross-examination, but their arguments for exclusion are rejected. For these reasons, and for the additional reasons stated by Plaintiffs, the Court finds that Schulman's causation and damages opinions are relevant.

### 4. Whether Schulman Offers Impermissible Legal Interpretations

Defendants argue that "Schulman provides his legal interpretation of the Rules at Issue. Such testimony invades the role of the Court and jury and should be excluded." (Doc. #922, p. 24.) Under Federal Rule of Evidence 704(a), "an opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a) However, an expert cannot offer legal conclusions. *See Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995).

On the current record, the Court finds that Schulman is not impermissibly offering any legal conclusions. However, Defendants may renew their objections depending upon the evidence and testimony adduced at trial. Defendants' reply brief further argues that Schulman "mischaracterizes NAR rules." (Doc. #987, p. 13.) Defendants may object at trial, and/or cross-examine Schulman if they believe his testimony mischaracterizes or misinterprets any rule.

### IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendants' Motion to Exclude Merits Opinion Testimony of Dr. Craig T. Schulman (Doc. #921) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: December 16, 2022