IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SCOTT AND RHONDA BURNETT, RYAN HENDRICKSON, JEROD BREIT, SCOTT TRUPIANO, AND JEREMY KEEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | Case No. 19-CV-00332-SRB |

## **ORDER**

Before the Court is Defendant National Association of Realtors ("NAR"), Realogy Holdings Corp., HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, RE/MAX LLC, and Keller Williams Realty, Inc.'s (collectively, "Defendants") Motion to Exclude Expert Testimony of Jeffrey Rothbart. (Doc. #923). For the reasons stated below, the motion is DENIED.

### I.  FACTUAL BACKGROUND

The facts of this case are discussed in prior Orders and in the parties' briefs, and will not be repeated herein. This Order assumes familiarity with the facts and law applicable to the claims and defenses asserted in this case. Only those facts and issues necessary to resolve the pending motion are discussed below.

Plaintiffs have retained Jeffrey Rothbart ("Rothbart") as an expert in this case. Rothbart is a licensed real estate broker with approximately 19 years of experience in commercial and residential real estate transactions. Rothbart has "participated in over $3 billion worth of real estate transactions, across property types, geography and risk profile." (Doc. #924-1, p. 2.)[1] According to Plaintiffs, Rothbart will "testify about how realtors function in residential real estate transactions, including about the relationships and compensation/retention arrangements between sellers and listing brokers and between buyers and buyer brokers, and about how certain rules in NAR's Code of Ethics and its MLS Handbook affect those relationships and real estate transactions." (Doc. #969, p. 6.)

Defendants now move to strike Rothbart's expert report and to exclude him from testifying at trial. Defendants argue that Rothbart's opinions are inadmissible under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Plaintiffs oppose the motion, and the parties' arguments are addressed below.

**II. LEGAL STANDARD**

Federal Rule of Evidence 702 governs the admissibility of expert testimony. *See* Fed. R. Evid. 702; *Wagner v. Hesston Corp.*, 450 F.3d 756, 758 (8th Cir. 2006). Rule 702 provides that a witness who is qualified as an expert may offer testimony if:

> (a) the expert's . . . specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

---

[1] All page numbers refer to the pagination automatically generated by CM/ECF.

Fed. R. Evid. 702(a)-(d).  Federal Rule of Evidence 703 further provides in part that "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed."  Fed. R. Evid. 703.

To fulfill its "gatekeeping" role, a court faced with a proffer of expert testimony must determine at the outset whether the evidence "both rests on a reliable foundation and is relevant to the task at hand."  *Daubert*, 509 U.S. at 597.  *Daubert* emphasized that the inquiry required by Rule 702 is intended to be flexible.  *Id.* at 594.  "The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence."  *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

Due to the liberalization of expert testimony admission standards signaled by *Daubert* and its progeny, and the codification of this trend in Rule 702, the Eighth Circuit has held that expert testimony should be liberally admitted.  *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 562 (8th Cir. 2014) ("*Daubert* and Rule 702 thus greatly liberalized what had been the strict . . . standards for admission of expert scientific testimony."); *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006) ("A review of the caselaw after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule.") (citations and quotations omitted).  As long as the expert testimony "rests upon good grounds, based on what is known, it should be tested by the adversary process with competing expert testimony and cross-examination, rather than excluded by the court at the outset."  *Johnson*, 754 F.3d at 562 (citations and quotations omitted).  The exclusion of expert testimony is proper "only if it is so fundamentally unsupported that it can offer no assistance to the jury[.]"  *Wood v. Minn. Mining & Mfg. Co.*, 112 F.3d 306, 309 (8th Cir. 1997) (citations and quotations omitted).

3

## III. DISCUSSION

Defendants argue that Rothbart's opinions should be excluded for five primary reasons. Each argument is addressed below.

### 1. Methodology and Reliability

Defendants argue that "Rothbart's opinions are inadmissible as expert testimony because they are not arrived at through a scientific inquiry or expert analysis and thus are not grounded in sound methodology."  (Doc. #924, p. 9.)  Specifically, Defendants contend that Rothbart's expert report lacks "any discussion of the principles and methodology on which [he] relied to reach any of his opinions."  (Doc. #924, p. 6.)  Defendants further contend that Rothbart offers opinions about "residential real estate practices in Missouri" which "are disconnected from his experience" in "commercial real estate, real estate investment, and real estate development."  (Doc. #988, p. 2.)  As explained below, the Court rejects these arguments.

A district court may admit expert testimony if it "is satisfied with the expert's knowledge, skill, experience, training, or education, and the expert's testimony is reasonably based on that expertise[.]"  *Weitz Co. v. MH Washington*, 631 F.3d 510, 527 (8th Cir. 2011).  Here, Rothbart's expert report states that he is a licensed real estate broker, has experience in residential real estate, and has "review[ed] and negotiat[ed] . . . real estate brokerage agreements."  (Doc. #924-1, p. 2.)  Rothbart has consulted property owners, tenants, and individual homeowners.  Rothbart has also served as a broker in residential real estate transactions.  Rothbart's opinions are based upon his review of written materials, and on his "background, knowledge, and experience of the real estate industry."  (Doc. #924-1, p. 3.)

Under these circumstances, the Court finds that Rothbart's opinions are reliable and based on an adequate methodology.  In particular, Rothbart has sufficient knowledge,

4

experience, and training in residential real estate transactions, and his opinions are "reasonably based on that expertise." *Weitz Co.*, 631 F.3d at 527. Defendants' arguments are more suited for cross-examination, not exclusion.

### 2. Knowledge and Experience

Defendants argue that Rothbart lacks the knowledge and experience needed to offer expert opinions about residential real estate matters in Missouri or elsewhere. This argument is rejected for many of the same reasons discussed above. As explained by Plaintiffs, Rothbart is sufficiently knowledgeable and qualified based on his status as:

> a licensed real estate broker, [his] 19 years of experience in every aspect of real estate acquisition and development, his 15 years of teaching a law school course relating to residential real estate, his personal experience selling residential real estate on an MLS, and his significant work as an expert witness or consultant in numerous matters that involve residential real estate properties.

(Doc. #969, p. 12.)

Under these circumstances, the Court rejects Defendants' arguments regarding Rothbart's knowledge and experience. Defendants' arguments are more suited for cross-examination, not exclusion. *American Auto. Ins. Co. v. Omega Flex, Inc.*, 783 F.3d 720, 726 (8th Cir. 2015) ("Gaps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility.")

### 3. Factual Support

Defendants argue that Rothbart's opinions should be excluded because they are not supported by sufficient facts. According to Defendants, "Rothbart's opinions are not the result of facts or data; indeed, Rothbart fails to point to or cite any facts in the record, any sources, or any data to support his conclusions." (Doc. #924, p. 12.) Upon review, the Court rejects this argument.

5

In his report, Rothbart points to several facts and sources in the record in support of his opinions. Rothbart states that he has reviewed "defendants' training materials." (Doc. #924-1, p. 6.) Rothbart opines that these materials "teach agents how to discourage customers from negotiating commission rates by raising the threat of steering. Agents and brokers in the real world use exactly these types of tactics to prevent sellers from attempting to negotiate commission rates." (Doc. #924-1, p. 6.) Rothbart also states his opinions are based in part on Craig Schulman's expert report. Rothbart believes Mr. Schulman's report helps explain "the relative uniformity" of commissions that are "caused by the structural impediments to negotiating commission rates." (Doc. #924-1, p. 7.) Rothbart also identifies other materials that he relied upon, as well as his own knowledge and experience.

"As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Bonner v. ISP Tech., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001) (citations and quotation marks omitted). For the reasons discussed above, Rothbart's opinions are based on sufficient facts and data. Defendants' arguments are more suited for cross-examination, not exclusion. *See id.*

### 4. Assist the Jury

Defendants argue that "many of Rothbart's opinions are improper because they do not assist the trier of fact." (Doc. #924, p. 14.) For example, Defendants contend that Rothbart's opinions on the "roles, duties, and relationships of buyers and sellers in residential real estate transactions" are "not beyond the ken of ordinary jurors." (Doc. #924, p. 10.) Defendants also repeat their prior argument that Rothbart's opinions are not supported by an adequate factual basis.

Upon review, the Court finds Rothbart has "specialized knowledge" that "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). In particular, the Court agrees with Plaintiffs that:

> Even if the jurors in this case might have some familiarity with home sales and/or the roles of or duties owed by real estate agents, Rothbart [has] knowledge and experience . . . that will assist the trier of fact in understanding the residential real estate industry and the incentives and effects upon participants in it due to Defendants' Challenged Restraints.

(Doc. #969, pp. 14-15.) Therefore, Defendants' argument that Rothman's opinions will not assist the jury is rejected.

### 5. Legal Conclusions

Defendants argue that "Rothbart's opinions interpreting NAR's rules are improper legal conclusions and should be excluded." (Doc. #924, p. 15.) Defendants argue that Rothbart offers several legal conclusions, including that the challenged rules "act to sharply limit the ability of brokers and agents to negotiate the amount of compensation offered and discourage sales of property without listing on an MLS." (Doc. #924, p. 15.) Upon review, the Court rejects this argument.

Under Federal Rule of Evidence 704(a), "an opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a) However, an expert cannot offer legal conclusions. *See Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995). On the current record, the Court finds that Rothbart is not impermissibly offering any legal conclusion. For example, Rothbart does not expressly opine that Defendants' conduct was illegal, or that Defendants' conduct violated a statute. However, Defendants may renew their objections depending upon the evidence and testimony adduced at trial.

## IV. CONCLUSION

For the foregoing reasons, and for the additional reasons stated by Plaintiffs, it is hereby ORDERED that Defendants' Motion to Exclude Expert Testimony of Jeffrey Rothbart (Doc. #923) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: December 16, 2022