IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SCOTT AND RHONDA BURNETT, RYAN HENDRICKSON, JEROD BREIT, SCOTT TRUPIANO, AND JEREMY KEEL, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC., <br><br> Defendants. | Case No. 19-CV-00332-SRB |

## **ORDER**

Before the Court is Defendant National Association of Realtors ("NAR"), Realogy Holdings Corp., HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, RE/MAX LLC, and Keller Williams Realty, Inc.'s (collectively, "Defendants") Motion to Exclude Expert Testimony of Roger Alford. (Doc. #919.) For the reasons stated below, the motion is DENIED.

### I. FACTUAL BACKGROUND

The facts of this case are discussed in prior Orders and in the parties' briefs, and will not be repeated herein. This Order assumes familiarity with the facts and law applicable to the claims and defenses asserted in this case. Only those facts and issues necessary to resolve the pending motion are discussed below.

Plaintiffs have retained Roger Alford ("Alford") as an expert in this case. Alford is a Professor of Law and a Concurrent Professor at the Keough School of Global Affairs at the

University of Notre Dame, a Faculty Fellow at the Kellogg Institute for International Studies, and a Faculty Fellow at the Nanovic Institute for European Studies. His teaching and research focus on international economic law, arbitration, trade, comparative law, and competition and antitrust law. Alford has been retained by the Plaintiffs to "assist the trier of fact in understanding complicated concepts and principles." (Doc. #968, p. 5.)[1]

Defendants now move to strike Alford's expert report and to exclude him from testifying at trial. Defendants argue that Alford's opinions are inadmissible under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Plaintiffs oppose the motion, and the parties' arguments are addressed below.

## II. LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony. *See* Fed. R. Evid. 702; *Wagner v. Hesston Corp.*, 450 F.3d 756, 758 (8th Cir. 2006). Rule 702 provides that a witness who is qualified as an expert may offer testimony if:

> (a) the expert's . . . specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702(a)-(d). Federal Rule of Evidence 703 further provides in part that "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703.

To fulfill its "gatekeeping" role, a court faced with a proffer of expert testimony must determine at the outset whether the evidence "both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597. *Daubert* emphasized that the inquiry required by

---

[1] All page numbers refer to the pagination automatically generated by CM/ECF.

Rule 702 is intended to be flexible. *Id.* at 594. "The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence." *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

Due to the liberalization of expert testimony admission standards signaled by *Daubert* and its progeny, and the codification of this trend in Rule 702, the Eighth Circuit has held that expert testimony should be liberally admitted. *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 562 (8th Cir. 2014) ("*Daubert* and Rule 702 thus greatly liberalized what had been the strict . . . standards for admission of expert scientific testimony."); *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006) ("A review of the caselaw after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule.") (citations and quotations omitted). As long as the expert testimony "rests upon good grounds, based on what is known, it should be tested by the adversary process with competing expert testimony and cross-examination, rather than excluded by the court at the outset." *Johnson*, 754 F.3d at 562 (citations and quotations omitted). The exclusion of expert testimony is proper "only if it is so fundamentally unsupported that it can offer no assistance to the jury[.]" *Wood v. Minn. Mining & Mfg. Co.*, 112 F.3d 306, 309 (8th Cir. 1997) (citations and quotations omitted).

### III. DISCUSSION

Defendants argue that Alford's opinions should be excluded for three primary reasons. Each argument is addressed below.

#### 1. Methodology and Reliability

Defendants argue that Alford was "unable to point to any methodology, source, expert, or market analysis used to come to his conclusions." (Doc. #920, p. 11.) Specifically, Defendants contend that Alford could not "point to any independent validation of his methods." (Doc. #920, p. 11.) Defendants further contend that for Alford, " it is impossible to assess or challenge

3

Alford's methodology on a substantive basis because he simply does not have one." (Doc. #920, p. 11.) As explained below, the Court rejects these arguments.

A district court may admit expert testimony if it "is satisfied with the expert's knowledge, skill, experience, training, or education, and the expert's testimony is reasonably based on that expertise[.]" *Weitz Co. v. MH Washington*, 631 F.3d 510, 527 (8th Cir. 2011).

Alford has followed a "standard antitrust analysis of horizontal conduct as set forth in *Antitrust Guidelines for Collaborations Among Competitors* issued by the FTC and DOJ and cited several times in his Report." (Doc. #968, p. 14.) Alford's report applied a "widely accepted analytical framework jointly issued by the FTC and DOJ to evaluate the Challenged Restraints." (Doc. #968, p. 15.)

Under these circumstances, the Court finds that Alford's opinions are reliable and based on an adequate methodology. In particular, Alford presented a 37-page report, which demonstrates his analysis of historical and public information about the real estate industry, along with academic and government reports. Alford has sufficient knowledge, experience, and training in residential real estate transactions, and his opinions are "reasonably based on that expertise." *Weitz Co.*, 631 F.3d at 527. Defendants' arguments are more suited for cross-examination, not exclusion.

### 2. Knowledge and Experience

Defendants argue that Alford lacks the knowledge and experience needed to offer expert opinions about residential real estate matters. This argument is rejected for many of the same reasons discussed above.

"Gaps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility." *American Auto. Ins. Co. v. Omega Flex, Inc.*, 783 F.3d 720, 726 (8th Cir. 2015).

4

As explained by Plaintiffs, Alford is sufficiently knowledgeable and qualified based on his significant consulting work for a major residential real estate company, REX, and his twenty-plus years of teaching antitrust law. Also, he has served as a Deputy Assistant Attorney General with the Antitrust Division of the U.S. Department of Justice ("DOJ"), where he was part of the senior leadership team and worked on matters involving the real estate industry. Subsequently, Alford worked with private companies to further study the real estate market and produced an article addressing the topic. Under these circumstances, the Court rejects Defendants' arguments regarding Alford's knowledge and experience. Defendants' arguments are more suited for cross-examination, not exclusion.

### 3. Factual Support

Defendants argue that Alford's opinions should be excluded because they are not supported by sufficient facts. According to Defendants, "Alford's Report is replete with sweeping assertions that highly disputed material facts actually occurred." (Doc. #920, p. 13.) Defendants' further assert that Alford "presented disputed material facts as undisputed despite having no support whatsoever for his positions." (Doc. #920, p. 14.)

"As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Bonner v. ISP Tech., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001) (citations and quotation marks omitted).

Upon review, the Court rejects Defendants' argument. The Court finds that Alford's opinion is sufficiently supported by the record. In advancing his opinions, Alford relies on documents created by the Defendants. For instance, Alford refers to how his analysis incorporates NAR's "Guiding Documents, including the Code of Ethics and Handbook on Multiple Listing Policy." (Doc. #920-1, p. 38.) Alford opines that the "training materials and

5

policies followed by brokerage firms support sellers' testimony that commission rates are presented by agents as standard and that negotiation by sellers on agent compensation levels is discouraged." (Doc. #920-1, p. 23.) Alford also identifies a voluminous set of materials that he relied upon, as well as his own knowledge and experience.

For the reasons discussed above, Alford's opinions are based on sufficient facts and data. Defendants' arguments are more suited for cross-examination, not exclusion. *See id.*

## IV. CONCLUSION

For the foregoing reasons, and for the additional reasons stated by Plaintiffs, it is hereby ORDERED that Defendants' Motion to Exclude Expert Testimony of Roger Alford (Doc. #919) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: December 20, 2022