UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

SCOTT and RHONDA BURNETT, )
RYAN HENDRICKSON, )
JEROD BREIT, SCOTT TRUPIANO, and )
JEREMY KEEL, on behalf of themselves and )
all others similarly situated, )
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　)
v. ) Case No. 19-CV-332-SRB
　　　　　　　　　　　　　　　　　　　)
NATIONAL ASSOCIATION OF )
REALTORS, REALOGY HOLDINGS )
CORP., HOMESERVICES OF AMERICA, )
INC., BHH AFFILIATES, LLC, HSF )
AFFILIATES, LLC, RE/MAX LLC, and )
KELLER WILLIAMS REALTY, INC., )
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants. )

## MOTION BY KELLER WILLIAMS REALTY, INC. TO RECONSIDER BACKUP TRIAL DATE

Keller Williams Realty, Inc. ("Keller Williams") respectfully moves this Court to re-set by only two weeks the "backup trial date" of February 26, 2024, that the Court established at the June 15, 2023 hearing (Dkt. 1038). Under the Court's backup schedule, trial would commence the same week as Keller Williams' premier company event, a week-long annual business convention that demands the attention and involvement of Keller Williams' senior executives who will be witnesses at trial. If the trial were to proceed on February 26, 2024, it would materially impair Keller Williams' ability to prepare its witnesses to testify at trial and to present its defense.

### ARGUMENT

Keller Williams appreciates the Court's desire not to unduly delay the trial and is not seeking to avoid having this case heard by the jury. It shares the Court's concern, which is why

Keller Williams advocated for maintaining the February 2023 trial date notwithstanding the Court's stay of claims of home sellers who entered into listing agreements containing arbitration provisions with a HomeServices brokerage (*see* Dkt. 1011). And it is why Keller Williams has supported proceeding to trial in October even if the Eighth Circuit has not ruled on HomeServices' appeal of the Court's denial of its motion to compel enforcement of those arbitration provisions or if the parties to that appeal have not exhausted their appellate rights.

But if the case cannot be tried in October, Keller Williams' concern, and the basis of this motion, is that the trial would begin the same week as the most important annual event that the company hosts, a convention the company calls its "Family Reunion." The annual week-long Family Reunion attracts thousands of Keller Williams agents from around the country and world who gather to network and to hear from and interact with key Keller Williams executives, including Keller Williams' founder and Chairman, Gary Keller, who will be a witness during the upcoming trial. Family Reunion is not an event the company hands off to an event planner and then stands out of the way. It is an all-hands-on-deck event that requires extensive preparation in the weeks leading up to the event and is all-consuming for Keller Williams employees and for Mr. Keller and other key company executives, who make on-stage appearances, engage with agents and franchise leaders, attend breakout sessions, and conduct business meetings with franchise representatives throughout the event.

Keller Williams has throughout these proceedings respected the Court's deadlines and worked constructively with the Court, Plaintiffs, and other Defendants. At no time has Keller Williams sought an accommodation that conflicts with the Court's objective of bringing this case to trial. Indeed, Keller Williams was prepared to proceed to trial in February 2023 before the Court continued that trial date and, should the Court confirm the October 16, 2023 trial date, Keller

2

Case 4:19-cv-00332-SRB   Document 1042   Filed 06/27/23   Page 2 of 6

Williams will be ready to try the case at that time. Keller Williams' concern is only with the conflict between the backup date and the company's premier annual event and the prejudice Keller Williams will suffer as a result of that conflict.

Keller Williams is the only Defendant harmed by the backup trial date. It would be impossible for Keller Williams' executives to prepare for this important trial and simultaneously prepare for and participate in its most important company event. Even if witness testimony could be sequenced so that Keller Williams' executives who will likely testify at trial can be in Las Vegas for their Family Reunion roles and in Kansas City for trial, preparation for each requires the undivided attention and focus of those executives. Asking Keller Williams or its executives to compromise on either would be unfair and place Keller Williams at a disadvantage in trial preparation.

Although the Court declined at the June 15 hearing to continue the October 16, 2023 trial date, reserving decision until the September 8, 2023 Final Pre-Trial Conference, the Court by establishing a backup date recognized that another continuance might be required unless one of the parties to the appeal abandons its appellate rights. Indeed, the Supreme Court last week confirmed the correctness of this Court's stay of the claims of absent class members that HomeServices asserts are subject to arbitration agreements, pending resolution of HomeServices' appeal of this Court's denial of its motion to compel arbitration of those claims. *Coinbase, Inc. v. Bielski*, No. 22-105, slip op. at 1 (June 23, 2023) (holding that "[t]he district court must stay" proceedings while an interlocutory appeal on arbitrability "is ongoing"). Even if the Eighth Circuit were to rule today on HomeServices' appeal, no party's appellate rights will be exhausted until

after October 16, 2023.[1]  The prospect that the backup trial date becomes the actual trial date is real, raising the potential scheduling conflict and severe challenges it would create for the trial preparations of Keller Williams alone.  Re-setting the backup trial date by just two weeks would alleviate these challenges and not prejudice any other parties.

Keller Williams is mindful of the challenge of finding three weeks on the Court's schedule to try this case, but hopes that the Court can find a backup trial date as soon as possible on or after March 11, 2024 that works equally well for all the parties in this case.

## CONCLUSION

A February 26, 2024 trial would conflict with Keller Williams' biggest company event and prejudice Keller Williams' ability to prepare adequately for trial.  Keller Williams looks forward to its day in Court, but respectfully requests that the Court re-set the backup trial date until March 11, 2024, or later if the October 16, 2023 trial must be continued.

Dated:  June 26, 2023                                              Respectfully submitted:

*Counsel for KWRI Realty, Inc.*

/s/ *David R.  Buchanan*
David R.  Buchanan
dbuchanan@bjpc.com
BROWN & JAMES, PC-KCMO
2345 Grand Boulevard
Suite 2100
Kansas City, MO 64108
(816) 472-0800

---

[1] If the Eighth Circuit were to rule against HomeServices, for example, HomeServices would have 14 days to petition for rehearing en banc, Fed. R. App. P. 40(a)(1), 90 days after denial of a petition for rehearing to seek certiorari, U.S. Sup. Ct. R. 13.1, 13.3, and Plaintiffs would have 30 days to file a brief opposing HomeServices' petition for certiorari, U.S. Sup. Ct. R. 15.3.  Even ignoring any time for the Eighth Circuit to consider a petition for rehearing en banc and for the Supreme Court to consider a certiorari petition, just the 134 days allotted to the parties for their petitions and responses would mean the appellate process would not be completed until well after the October 16, 2023 trial date.

Timothy Ray, *pro hac vice*
timothy.ray@hklaw.com
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600

David C. Kully, *pro hac vice*
david.kully@hklaw.com
Anna P. Hayes, *pro hac vice*
anna.hayes@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20530
(202) 469-5415

Jennifer Lada, *pro hac vice*
jennifer.lada@hklaw.com
HOLLAND & KNIGHT LLP
31 West 52nd Street, 12th Floor
New York, NY 10019
(212) 513-3513

Dina W. McKenney, *pro hac vice*
dina.mckenney@hklaw.com
HOLLAND & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 969-1757

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2023, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

/s/*David R. Buchanan*