# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| SCOTT AND RHONDA BURNETT, RYAN HENDRICKSON, JEROD BRIET, SCOTT TRUPIANO, JEREMY KEEL, HOLLEE ELLIS, and FRANCIS HARVEY, on behalf of themselves and all others similarly situated, )<br><br>Plaintiffs )<br><br>v. )<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICAN, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC., )<br><br>Defendants. ) | Case No. 19-CV-00332-SRB |

## PLAINTIFFS' RESPONSE TO KELLER WILLIAMS' MOTION TO RECONSIDER (DOC. 1042)

This matter was thoroughly addressed during the June 15 call. Plaintiffs' sole comment on Keller Williams' motion is to correct the company's mistaken assertion that the case will not return by October 16 "[e]ven if the Eighth Circuit were to rule today on HomeServices' appeal . . . ." (Doc. 1042 at 3).

The Court will regain complete jurisdiction over all facets of this case once the Eighth Circuit issues its mandate. *Carlson v. Hyundai Motor Co.*, 222 F.3d 1044, 1045 (8th Cir. 2000) ("Issuance of the mandate formally marks the end of appellate jurisdiction. Jurisdiction returns to the tribunal to which the mandate is directed, for such proceedings as may be appropriate") (internal quotation omitted). Under Fed. R. App. P. 41(b), the mandate issues within 7 days after

any motion for rehearing is denied. And that time is not automatically extended just because the losing party petitions for a writ of certiorari. Rather, a petitioning party must move to stay issuance of the mandate, and the Eighth Circuit will grant such a stay only upon a showing that the petition presents a "substantial question." Fed. R. Civ. P. 41(d)(1).

In evaluating whether to stay issuance of the mandate, the Eighth Circuit considers "whether there is a reasonable probability that the Supreme Court will grant certiorari, whether there is a fair prospect that the movants will prevail on the merits, whether the movants are likely to suffer irreparable harm in the absence of a stay, and the balance of the equities, including the public interest." *John Doe I v. Miller*, 418 F.3d 950, 951 (8th Cir. 2005). The Supreme Court grants review in very few cases, making this standard exceedingly hard to meet. Thus, HomeServices would be unlikely to obtain a stay, even if it sought one. The most probable outcome is that the Eighth Circuit will issue its mandate – and thus return full jurisdiction to this Court – well before the scheduled October 16 trial date.

Respectfully submitted,

**KETCHMARK & McCREIGHT, P.C.**

*/s/ Scott A. McCreight*
Michael S. Ketchmark #41018
Scott A. McCreight #44002
11161 Overbrook Road, Suite 210
Leawood, KS 66211
(913) 266-4500
mike@ketchmclaw.com
smccreight@ketchmclaw.com

Eric L. Dirks #54921
Matthew L. Dameron #52093
**WILLIAMS DIRKS DAMERON LLC**
1100 Main Street, Suite 2600
Kansas City, MO 64105
(816) 945-7110
dirks@williamsdirks.com
matt@williamsdirks.com

2

Brandon J.B. Boulware #54150  
Jeremy M. Suhr #60075  
Erin D. Lawrence #63021  
**BOULWARE LAW LLC**  
1600 Genessee, Suite 416  
Kansas City, MO 64102  
(816) 492-2826  
brandon@boulware-law.com  
jeremy@boulware-law.com  
erin@boulware-law.com  

Counsel for Plaintiffs and the Classes

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June, 2023, the foregoing was filed via the Court's electronic filing system, which will send notice to all counsel of record.

*/s/ Scott A. McCreight*  
Attorney for Plaintiffs and the Classes