| | |
|---|---|
| SCOTT AND RHONDA BURNETT, RYAN HENDRICKSON, JEROD BREIT, SCOTT TRUPIANO, JEREMY KEEL, HOLLEE ELLIS, and FRANCES HARVEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | Case No. 4:19-cv-00332-SRB<br><br>**CLASS ACTION** |

**DEFENDANTS' MOTION *IN LIMINE* NO. 5
TO EXCLUDE HEARSAY STATEMENTS IN GOVERNMENT REPORTS**

Pursuant to Federal Rules of Evidence 403, 703, 802, and 803, the undersigned Defendants move to bar Plaintiffs from eliciting testimony concerning certain government reports that are based on hearsay, rather than any independent investigation.

**ARGUMENT**

Plaintiffs' expert, Craig T. Schulman, claims that government reports substantiate Plaintiffs' claims that buyer brokers "steer" clients to listings that offer higher commissions. That is not true. The statements Schulman cites represent the views of ***third parties***, which the government ***declined*** to adopt or endorse.

Schulman relies on passages from two government reports, the Federal Trade Commission and U.S. Department of Justice's *Competition in the Real Estate Brokerage Industry* (2007)

("FTC-DOJ Rep't"), and the Government Accountability Office's *Real Estate Brokerage: Factors That May Affect Price Competition* (2005) ("GAO Rep't"). But what Schulman passes off as government findings are nothing more than the unverified claims of third parties.

| Plaintiffs' Characterization | What the Government Actually Said |
|---|---|
| "The U.S. Department of Justice ('DOJ') and Federal Trade Commission ('FTC') **stated in their joint report** . . . that this level of cooperation 'clearly provides incentives . . . .'"<br>Schulman ¶52 & nn.100-101 (emphasis added);[1] Pltfs' Stmt. of Material Facts ¶86. | "As ***one author has explained***: 'The cooperation between brokers characterizing many real estate transactions clearly provides incentives . . .'."<br>FTC-DOJ Rep't 67 & n.325 (emphasis added). |
| "The DOJ and FTC ***further stated***: 'The MLS is therefore a mixed blessing . . . .'"<br>Schulman ¶52 (emphasis added); Pltfs' Stmt. Of Material Facts ¶88. | [In a footnote] "*See, e.g.*, Thomas J. Miceli, *The Multiple Listing Service, Commission Splits, and Broker Effort*, . . . ('The MLS is therefore a mixed blessing . . . .')."<br>FTC-DOJ Rep't 67 n.35. |
| "The U.S. General Accountability Office, in a 2005 study, similarly ***concluded*** the following . . . ."<br>Schulman ¶53 (emphasis added); Pltfs' Stmt. of Material Facts ¶89. | "[S]everal industry analysts and participants [GAO] spoke with" and "[s]ome discount full-service and discount limited-service brokerage firms we interviewed said . . . ."<br>GAO Rep't 13. |

The reports make crystal clear that they do ***not*** adopt the quoted statements. The FTC-DOJ Report warns that the agencies did not independently investigate and "***do not*** necessarily endorse, support, verify, or agree with the comments, opinions or statements of" the individuals whose comments they reprinted. FTC-DOJ Rep't 2 n.8 (emphasis added). The GAO Report likewise

---

[1] May 6, 2022 Merits Stage Expert Report of Craig T. Schulman.

stresses that the GAO "*did not investigate*" the allegations Plaintiffs cite. GAO Rep't 13-14 nn.26-27 (emphasis added). That makes the statements inadmissible for three reasons.

*First*, the reports are hearsay. Although government reports may qualify for a hearsay exception under Rule 803(8), the Eighth Circuit has held that this exception does *not* apply to a report that "explicitly qualifie[s]" its conclusions. *See Junk v. Terminix Int'l Co.*, 628 F.3d 439, 449-50 (8th Cir. 2010) (citing *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1206-07 (8th Cir. 1990)). Thus, in *Junk*, the court of appeals upheld the exclusion of an EPA report that—like the FTC-DOJ Report—warned that the "'information provided does not necessarily reflect the views of the [government], and no official endorsement should be inferred.'" *Id.* at 449. And in *O'Dell*, the court upheld the exclusion of a report that—like the GAO Report—stated that the government could not verify the data it related. 904 F.2d at 1206.

*Second*, the third-party statements *in* the reports are hearsay-within-hearsay. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1278 (11th Cir. 2009) ("[P]lacing otherwise inadmissible hearsay statements by third-parties into a government report does not make the statements admissible."); *Miller v. Field*, 35 F.3d 1088, 1092 (6th Cir. 1994) (similar). Hearsay-within-hearsay is inadmissible unless "*all*" levels of hearsay are covered by an exception. *United States v. Santisteban*, 501 F.3d 873, 879 (8th Cir. 2007) (emphasis added); *Fed. Deposit Ins. Corp. v. Mmahat*, 907 F.2d 546, 551 & n.6 (5th Cir. 1990) (similar). The statements here are not.

*Third*, admitting the statements is likely to mislead the jury and irreparably prejudice Defendants. *See Johnson v. Yellow Freight Sys., Inc.*, 734 F.2d 1304, 1309-10 (8th Cir. 1984) (report inadmissible under Rule 403 where it would "amount to admitting the opinion of an expert witness as to what conclusions the jury should draw"); *see Scarlett v. Sch. of the Ozarks*, *Inc.*, No. 09-3324-cv-S-DGK, 2011 WL 529797, at *4 (W.D. Mo. Feb. 7, 2011) (same). If Plaintiffs were

allowed to introduce the unverified statements in these reports as part of their examinations of Defendants' witnesses, the jury might be misled into thinking that the government had sided with Plaintiffs. That would unjustifiably skew the trial in Plaintiffs' favor.

For the same reason, Plaintiffs cannot backdoor the statements through Schulman. Experts may not use the excuse of testifying about their sources to present out-of-court statements as evidence of the truth of the matter asserted. *Pelster v. Ray*, 987 F.2d 514, 526 (8th Cir. 1993) (calling this "an especially dangerous use of expert testimony" and vacating a jury verdict for this reason). Rather, an expert may testify about inadmissible materials "***only*** if their probative value in helping the jury evaluate ***the opinion*** substantially outweighs their prejudicial effect." Fed. R. Evid. 703 (emphases added); *see Junk*, 628 F.3d at 450 (affirming exclusion of evidence for this reason). Unverified comments about the industry generally can't help the jury understand how Schulman formed opinions about ***Missouri's*** real estate market. *See, e.g.*, *Am. Bearing Co. v. Litton Indus., Inc.*, 540 F. Supp. 1163, 1172 (E.D. Pa. 1982) (expert's use of data from outside defined market rendered his opinion "misleading" and inadmissible), *aff'd*, 729 F.2d 943 (3d Cir. 1984). That leaves only an unacceptable risk of prejudice.

## CONCLUSION

The Court should bar Plaintiffs from introducing or eliciting testimony about the government reports or the third-party statements they repeat.

4

Case 4:19-cv-00332-SRB   Document 1065   Filed 08/24/23   Page 4 of 8

Dated: August 24, 2023

| | |
|---|---|
| /s/ *Robert D. MacGill* | /s/ *David R. Buchanan* |
| Robert D. MacGill, *pro hac vice* | David R. Buchanan |
| Scott E. Murray, *pro hac vice* | dbuchanan@bjpc.com |
| Matthew T. Ciulla, *pro hac vice* | BROWN & JAMES, PC-KCMO |
| Patrick J. Sanders, *pro hac vice* | 2345 Grand Boulevard |
| MACGILL PC | Suite 2100 |
| 156 E. Market St. | Kansas City, MO 64108 |
| Suite 1200 | (816) 472-0800 |
| Indianapolis, IN 46204 | |
| (317) 721-1253 | Timothy Ray, *pro hac vice* |
| robert.macgill@macgilllaw.com | timothy.ray@hklaw.com |
| matthew.ciulla@macgilllaw.com | HOLLAND & KNIGHT LLP |
| scott.murray@macgilllaw.com | 150 North Riverside Plaza, Suite 2700 |
| patrick.sanders@macgilllaw.com | Chicago, IL 60606 |
| | (312) 263-3600 |
| Jay N. Varon, *pro hac vice* | |
| Jennifer M. Keas, *pro hac vice* | David C. Kully, *pro hac vice* |
| jvaron@foley.com | david.kully@hklaw.com |
| jkeas@foley.com | Anna P. Hayes, *pro hac vice* |
| FOLEY & LARDNER LLP | anna.hayes@hklaw.com |
| 3000 K Street NW, Suite 600 | HOLLAND & KNIGHT LLP |
| Washington, DC 20007 | 800 17th Street NW, Suite 1100 |
| (202) 672-5300 | Washington, DC 20530 |
| | (202) 469-5415 |
| Brian C. Fries | |
| bfries@lathropgage.com | Jennifer Lada, *pro hac vice* |
| LATHROP GAGE LLP - KCMO | jennifer.lada@hklaw.com |
| 2345 Grand Avenue, Suite 2200 | HOLLAND & KNIGHT LLP |
| Kansas City, MO 64108-2618 | 31 West 52nd Street, 12th Floor |
| (816) 292-2000 | New York, NY 10019 |
| | (212) 513-3513 |
| *Attorneys for HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC* | Dina W. McKenney, *pro hac vice* |
| | dina.mckenney@hklaw.com |
| | HOLLAND & KNIGHT LLP |
| | 1722 Routh Street, Suite 1500 |
| | Dallas, Texas 75201 |
| | (214) 969-1757 |
| | |
| | *Counsel for Keller Williams Realty, Inc.* |

/s/ Ethan Glass
Ethan Glass (*pro hac vice*)
Samantha Strauss (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
(202) 776-2244
eglass@cooley.com
sastrauss@cooley.com

Beatriz Mejia (*pro hac vice*)
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
(415) 693-2000
mejiab@cooley.com

Charles W. Hatfield (MO Bar # 40363)
Alexander C. Barrett (MO Bar # 68695)
STINSON LLP
230 W. McCarty Street
Jefferson City, MO 65101
(573) 636-6263
chuck.hatfield@stinson.com
alexander.barrett@stinson.com

*Attorneys for Defendant NATIONAL ASSOCIATION OF REALTORS®*

/s/ Jeffrey A. LeVee
Jeffrey A. LeVee (*Pro Hac Vice*)
jlevee@jonesday.com
Eric P. Enson (*Pro Hac Vice*)
epenson@jonesday.com
Kelly M. Watne (*Pro Hac Vice*)
kwatne@jonesday.com
JONES DAY
555 Flower St
Los Angeles, California 90071
Tel: (213) 489-3939
Fax: (213) 243-2539

Eddie Hasdoo (*Pro Hac Vice*)
ehasdoo@jonesday.com
JONES DAY
110 N Wacker Drive, Suite 4800
Chicago, Illinois 60606
Tel: (312) 782-3939
Fax: (312) 782-8585

Danne W. Webb (MO #39384)
Andrea S. McMurtry (MO#62495)
HORN AYLWARD & BANDY, LLC
2600 Grand Blvd., Suite 1100
Kansas City, MO 64108
Telephone: (816) 421-0700
Facsimile: (816) 421-0899
Email: dwebb@hab-law.com
Email: amcmurtry@hab-law.com

*Counsel for Defendant RE/MAX, LLC*

/s/ *Steven F. Molo*

Karrie Clinkinbeard
ARMSTRONG TEASDALE LLP-KCMO
2345 Grand Boulevard, Suite 1500
Kansas City, MO 64108
Telephone: (816) 221-3240
kclinkinbeard@atllp.com

Steven F. Molo, *pro hac vice*
Eugene A. Sokoloff, *pro hac vice*
Pamela I. Yaacoub, *pro hac vice*
Matthew J. Fisher, *pro hac vice*
MOLOLAMKEN LLP
300 N. LaSalle St., Suite 5350
Chicago, IL 60654
Telephone: (312) 450-6700
smolo@mololamken.com
esokoloff@mololamken.com
pyaacoub@mololamken.com
mfisher@mololamken.com

Lauren M. Weinstein, *pro hac vice*
Robert Y. Chen, *pro hac vice*
MOLOLAMKEN LLP
600 New Hampshire Ave., N.W., Suite 500
Washington, D.C. 20037
Telephone: (202) 556-2000
lweinstein@mololamken.com
rchen@mololamken.com

Justin M. Ellis, *pro hac vice*
MOLOLAMKEN LLP
430 Park Avenue, Floor 6
New York, NY 10022
Telephone: (212) 607-8160
jellis@mololamken.com

Stacey Anne Mahoney, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
stacey.mahoney@morganlewis.com

Kenneth Michael Kliebard, *pro hac vice*
MORGAN LEWIS & BOCKIUS LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Telephone: (312) 324-1000
kenneth.kliebard@morganlewis.com

William T. McEnroe, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5000
william.mcenroe@morganlewis.com

*Counsel for Realogy Holdings Corp. (n/k/a Anywhere Real Estate, Inc.)*