UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SCOTT AND RHONDA BURNETT, RYAN HENDRICKSON, JEROD BREIT, SCOTT TRUPIANO, JEREMY KEEL, HOLLEE ELLIS, and FRANCES HARVEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | Case No. 4:19-cv-00332-SRB<br><br>**CLASS ACTION** |

**DEFENDANTS' MOTION *IN LIMINE* NO. 7
TO EXCLUDE CERTAIN RECORDED STATEMENTS**

Plaintiffs' exhibit list refers to hundreds of audio recordings, some of which purport to reflect non-Missouri real estate agents threatening to steer buyers from listings that offer less in commissions than they were "expecting." William Fried Dep. 18:1-14.[1] The statements on the recordings are irrelevant, hearsay, and unauthenticated. Introducing them will waste the Court's and the parties' time and confuse the jury. The undersigned Defendants ask that Plaintiffs be barred from playing the recordings or referring to them at trial.

---

[1] *See, e.g.*, PX 383 ("Compilation of steering calls"); PX 1451 ("Audio file: Keller Williams realtor call to REX"); PX 1454 ("Audio file: Berkshire Hathaway realtor call to REX"); PX 1455 ("Audio file: thumbdrive of all REX calls"). "PX" numbers are from the proposed exhibit list served by Plaintiffs on August 18, 2023.

## ARGUMENT

### A. Statements of *Non*-Missouri Agents Are Irrelevant to This Case

The recordings in question were made by a discount brokerage called REX, from calls to its customer service line. A former summer intern for REX testified at his deposition that REX compiled these recordings for its own "litigation" purposes. Fried Dep. 8:14-17, 69:4-22.

***REX has no Missouri operations***. The callers heard on the recordings identify themselves as independent contractor agents of ***non***-Missouri franchisees of certain Defendants. But this is a case about ***Missouri***. The statements are irrelevant to the issues in this case.

Plaintiffs allege a conspiracy to fix buyer broker commissions ***in Missouri***, which they claim Defendants enforce by "steering" ***in Missouri***. What individual independent contractor agents ***outside*** Missouri said about their own actions ***outside*** Missouri cannot help the jury decide whether that is true. The recordings are inadmissible for that reason alone. Fed. R. Evid. 401, 402; *cf. Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1214 (11th Cir. 2002) (evidence of market share in a different market irrelevant without evidence linking the markets); *Int'l Equip. Trading, Ltd. v. Illumina, Inc.*, 312 F. Supp. 3d 725, 731 (N.D. Ill. 2018) (similar).[2]

### B. The Statements Are Inadmissible Hearsay

Moreover, the only reason to introduce the recordings would be to support Plaintiffs' claim that steering happens—that is, for the truth of the matter asserted. That would be hearsay, not covered by any exception. Fed. R. Evid. 801(c).

Even if Plaintiffs could show that some callers were independent contractor agents of some Defendant's franchisees, there is no factual basis to impute what they said to any Defendant. The

---

[2] The callers purport to be from Houston, Boston, Chicago, Denver, Jacksonville, Los Angeles, Las Vegas, Miami, New York, Orlando, Philadelphia, Phoenix, and Tampa, among other locations.

callers could not be Defendants' co-conspirators because Plaintiffs do not allege a conspiracy beyond Missouri. And Plaintiffs have no basis to argue the callers were Defendants' agents because there is no evidence about the franchisees they supposedly work with, or those franchisees' relationships to any Defendant. That is another, independently sufficient reason to preclude Plaintiffs from introducing or eliciting evidence about the recordings. Fed. R. Evid. 802.

### C. Plaintiffs Cannot Authenticate the Recordings

Plaintiffs also cannot prove that the speakers heard on the recordings are, in fact, real estate agents—let alone ones affiliated with any Defendant's franchisees. The proponent of an audio recording must show that the recording is "reliable." *United States v. Kimble*, 54 F.4th 538, 547 (8th Cir. 2022). That depends on the "totality of the circumstances," including whether the proponent has established the speakers' identities. *Id.* (citing *United States v. McMillan*, 508 F.2d 101, 104 (8th Cir. 1974)); *see* Fed. R. Evid. 901(a) (proponent must "produce evidence sufficient to support a finding that the item is what the proponent claims it is"). Plaintiffs can't do that.

Plaintiffs have none of the evidence typically required to authenticate recorded evidence. They have no evidence that the calls came from phone numbers connected with any franchisee; they have no witness who could identify the voices heard; and they can point to nothing in the statements themselves that could identify the speaker, for example by revealing information only the speaker could know. *Cf. United States v. Taylor*, 813 F.3d 1139, 1149 (8th Cir. 2016) (describing methods of authenticating recorded calls); Fed. R. Evid. 901(b)(4), (5), (6) (same).

With no way to identify the callers, there is no way to tell whether they have any connection to any Defendant's brands or even whether they are actual real estate agents. That is yet another reason to keep the recordings out.

### D. Plaintiffs Cannot Backdoor the Recordings Through Their Expert

That Plaintiffs' expert Craig T. Schulman cited the recordings in his report does not mean the jury gets to hear them. May 6, 2022 Schulman Rept. ¶ 92 & n.158. An expert may be able to refer to hearsay in describing the factual basis of an opinion. *See* Fed. R. Evid. 703. But an expert cannot present hearsay statements to the jury "in the guise of expert testimony" as evidence for the truth of the matter asserted. *Pelster v. Ray*, 987 F.2d 514, 526-27 (8th Cir. 1993) (calling this "an especially dangerous use of expert testimony" and vacating a jury verdict for this reason).

Nor may an expert use hearsay to draw conclusions the jury can draw for itself. *See Pelster*, 987 F.2d at 527 (expert may not use hearsay to opine on things "the jury is entitled to decide for itself" based on admissible evidence); *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 883-84 (8th Cir. 1998) ("plain error" to admit expert testimony that addresses matters, such as credibility, "at the heart of the jury's task"); *Sims v. State Farm Mut. Auto. Ins. Co.*, No. 13-cv-00371-JLH, 2016 WL 3511712, at *1 (E.D. Ark. Jan. 13, 2016) (similar). There is nothing about the statements here that requires expert analysis. *See In re Polyurethane Foam Antitrust Litig.*, No. 10-md-2196, 2015 WL 12748012, at *2 (N.D. Ohio July 16, 2015) (excluding expert's assessment of record evidence the jury could assess itself). The jury is fully capable of deciding whether Plaintiffs have proven that steering occurs in Missouri based on ***admissible*** evidence.

Moreover, an expert may disclose inadmissible materials "to the jury ***only if*** their probative value in helping the jury evaluate the [expert's] opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703 (emphasis added); *see Junk v. Terminix Int'l Co.*, 628 F.3d 439, 450 (8th Cir. 2010) (affirming exclusion of evidence for this reason). Statements by individuals ***outside*** Missouri about things they did ***outside*** Missouri cannot help the jury understand how Schulman formed his opinions about ***Missouri's*** real estate market. *See, e.g.*, *Am. Bearing Co. v. Litton Indus., Inc.*, 540 F. Supp. 1163, 1172 (E.D. Pa. 1982) (expert's use of data from outside

4

defined market rendered his opinion "misleading" and inadmissible), *aff'd*, 729 F.2d 943 (3d Cir. 1984). Allowing Schulman to discuss them will only lead jurors to confuse what they hear about the recordings with what they must decide in this case.

### E. The Risk of Prejudice Vastly Outweighs the Recordings' Probative Value

For the same reason, the recordings independently fail Rule 403's balancing test. Playing, quoting, or eliciting testimony about the existence of recordings of people who claim to work under brands associated with Defendants talking about steering is virtually certain to mislead the jury into thinking Plaintiffs have proof relevant to *this* case—which they do not.

Worse, the large volume of recordings—which number in the hundreds—will require the parties and the Court to spend hours litigating a sideshow that has nothing to do with this case.[3] Rule 403 exists to prevent exactly that result. *See Letterman v. Does*, 859 F.3d 1120, 1127 (8th Cir. 2017) (evidence that "has the potential to mislead the jury" properly excluded even if relevant); *Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp., Inc.*, No. 11-cv-268-JD, 2016 WL 10706086, at *1 (N.D. Ind. Oct. 28, 2016) (excluding evidence not tied to the relevant market for this reason).

### CONCLUSION

Plaintiffs should be precluded from introducing or eliciting testimony about the recordings at trial.

---

[3] Plaintiffs have not clearly identified the number of recordings at issue. But they have shared electronic file folders containing over 700 recordings supposedly related to "steering."

5
Case 4:19-cv-00332-SRB   Document 1067   Filed 08/24/23   Page 5 of 9

Dated: August 24, 2023

| | |
|---|---|
| /s/ *Robert D. MacGill* | /s/ *David R. Buchanan* |

Robert D. MacGill, *pro hac vice*
Scott E. Murray, *pro hac vice*
Matthew T. Ciulla, *pro hac vice*
Patrick J. Sanders, *pro hac vice*
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
(317) 721-1253
robert.macgill@macgilllaw.com
matthew.ciulla@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

Jay N. Varon, *pro hac vice*
Jennifer M. Keas, *pro hac vice*
jvaron@foley.com
jkeas@foley.com
FOLEY & LARDNER LLP
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 672-5300

Brian C. Fries
bfries@lathropgage.com
LATHROP GAGE LLP - KCMO
2345 Grand Avenue, Suite 2200
Kansas City, MO 64108-2618
(816) 292-2000

*Attorneys for HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC*

David R. Buchanan
dbuchanan@bjpc.com
BROWN & JAMES, PC-KCMO
2345 Grand Boulevard
Suite 2100
Kansas City, MO 64108
(816) 472-0800

Timothy Ray, *pro hac vice*
timothy.ray@hklaw.com
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600

David C. Kully, *pro hac vice*
david.kully@hklaw.com
Anna P. Hayes, *pro hac vice*
anna.hayes@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20530
(202) 469-5415

Jennifer Lada, *pro hac vice*
jennifer.lada@hklaw.com
HOLLAND & KNIGHT LLP
31 West 52nd Street, 12th Floor
New York, NY 10019
(212) 513-3513

Dina W. McKenney, *pro hac vice*
dina.mckenney@hklaw.com
HOLLAND & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 969-1757

*Counsel for Keller Williams Realty, Inc.*

/s/ Ethan Glass
Ethan Glass (*pro hac vice*)
Samantha Strauss (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
(202) 776-2244
eglass@cooley.com
sastrauss@cooley.com

Beatriz Mejia (*pro hac vice*)
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
(415) 693-2000
mejiab@cooley.com

Charles W. Hatfield (MO Bar # 40363)
Alexander C. Barrett (MO Bar # 68695)
STINSON LLP
230 W. McCarty Street
Jefferson City, MO 65101
(573) 636-6263
chuck.hatfield@stinson.com
alexander.barrett@stinson.com

*Attorneys for Defendant NATIONAL ASSOCIATION OF REALTORS®*

/s/ Jeffrey A. LeVee
Jeffrey A. LeVee (*Pro Hac Vice*)
jlevee@jonesday.com
Eric P. Enson (*Pro Hac Vice*)
epenson@jonesday.com
Kelly M. Watne (*Pro Hac Vice*)
kwatne@jonesday.com
JONES DAY
555 Flower St
Los Angeles, California 90071
Tel: (213) 489-3939
Fax: (213) 243-2539

Eddie Hasdoo (*Pro Hac Vice*)
ehasdoo@jonesday.com
JONES DAY
110 N Wacker Drive, Suite 4800
Chicago, Illinois 60606
Tel: (312) 782-3939
Fax: (312) 782-8585

Danne W. Webb (MO #39384)
Andrea S. McMurtry (MO#62495)
HORN AYLWARD & BANDY, LLC
2600 Grand Blvd., Suite 1100
Kansas City, MO 64108
Telephone: (816) 421-0700
Facsimile: (816) 421-0899
Email: dwebb@hab-law.com
Email: amcmurtry@hab-law.com

*Counsel for Defendant RE/MAX, LLC*

/s/ Steven F. Molo

Karrie Clinkinbeard
ARMSTRONG TEASDALE LLP-KCMO
2345 Grand Boulevard, Suite 1500
Kansas City, MO 64108
Telephone: (816) 221-3240
kclinkinbeard@atllp.com

Steven F. Molo, *pro hac vice*
Eugene A. Sokoloff, *pro hac vice*
Pamela I. Yaacoub, *pro hac vice*
Matthew J. Fisher, *pro hac vice*
MOLOLAMKEN LLP
300 N. LaSalle St., Suite 5350
Chicago, IL 60654
Telephone: (312) 450-6700
smolo@mololamken.com
esokoloff@mololamken.com
pyaacoub@mololamken.com
mfisher@mololamken.com

Lauren M. Weinstein, *pro hac vice*
Robert Y. Chen, *pro hac vice*
MOLOLAMKEN LLP
600 New Hampshire Ave., N.W., Suite 500
Washington, D.C. 20037
Telephone: (202) 556-2000
lweinstein@mololamken.com
rchen@mololamken.com

Justin M. Ellis, *pro hac vice*
MOLOLAMKEN LLP
430 Park Avenue, Floor 6
New York, NY 10022
Telephone: (212) 607-8160
jellis@mololamken.com

Stacey Anne Mahoney, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
stacey.mahoney@morganlewis.com

Kenneth Michael Kliebard, *pro hac vice*
MORGAN LEWIS & BOCKIUS LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Telephone:     (312) 324-1000
kenneth.kliebard@morganlewis.com

William T. McEnroe, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone:     (215) 963-5000
william.mcenroe@morganlewis.com

*Counsel for Realogy Holdings Corp. (n/k/a Anywhere Real Estate, Inc.)*