**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

SCOTT and RHONDA BURNETT, RYAN HENDRICKSON, JEROD BREIT, SCOTT TRUPIANO, JEREMY KEEL, SHELLY DREYER, HOLLEE ELLIS, and FRANCES HARVEY on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.

Defendants.

Case No. 4:19-cv-00332-SRB

**DEFENDANTS' MOTION *IN LIMINE* NO. 13 SEEKING TO PRECLUDE PLAINTIFFS FROM INTRODUCING DEPOSITION TESTIMONY FOR WITNESSES APPEARING LIVE AT TRIAL**

## INTRODUCTION

The undersigned Defendants submit this motion *in limine* seeking to preclude Plaintiffs from introducing videotaped, deposition testimony for Defendants' witnesses who will be appearing live at trial, except for purposes of impeachment. Plaintiffs' attempt to play video clips in lieu of live, trial testimony is contrary to the Eighth Circuit's strong preference for live witness testimony, will confuse the jury, will needlessly waste precious trial time and will unfairly prejudice Defendants, which is why these kinds of attempts are routinely not permitted by courts around the country under Federal Rules of Evidence 403 and 611(a).

Defendants request that the Court employ a standard "one up, one down" approach, whereby Plaintiffs may call as adverse witnesses in their case individuals under Defendants' control who appear on Defendants' witness list. Defendants may then fully examine those witnesses on topics beyond the scope of the adverse examination. Defendants would be precluded from re-calling these witnesses in their case, except to rebut a specific point not addressed in their previous testimony. And the time Defendants spend on their examination that exceeds the scope of Plaintiffs' adverse examination would be counted against Defendants' allotted time, not Plaintiffs'. This approach is fair for all parties, saves time, streamlines evidence for the jury, lessens burdens on witnesses and makes the playing of deposition excerpts, except for the purposes of impeachment, unnecessary.

## FACTUAL BACKGROUND

On August 8, 2023, Plaintiffs designated deposition testimony for several of Defendants' witnesses who are scheduled to appear live at trial, including (1) Nick Bailey, (2) David Liniger, (3) Rodney Gansho; (4) Bob Goldberg; (5) Dana Strandmo; (6) Rosalie Warner; and (7) Gino Blefari. In response, Defendants offered to allow Plaintiffs to call these witnesses in Plaintiffs' case-in-chief, provided that Defendants are given the opportunity to immediately conduct a direct examination of these witnesses beyond the scope of Plaintiffs' adverse examination. Defendants requested that Plaintiffs agree to provide Defendants with at least five business days' notice of when Plaintiffs wish to call any defense witness, some of whom are very senior executives. And Defendants confirmed that any direct testimony elicited by Defendants that goes beyond the scope of cross will count against Defendants' allotted time, not Plaintiffs'. Plaintiffs responded to this offer by stating: "We cannot agree." (Ex. A.)

## ARGUMENT

The Eighth Circuit recognizes that "live witness testimony is axiomatically preferred to depositions[.]" *McDowell v. Blankenship*, 759 F.3d 847, 852 (8th Cir. 2014). "Many trial judges require that a deposed witness testify live, if available. The reason for the practice is clear[.]" *Dhyne v. Meiners Thriftway, Inc.*, 184 F.3d 983, 989 (8th Cir. 1999). Additionally, courts recognize a trial judge's power to exclude deposition designations under Federal Rule of Evidence 403 and 611(a) for reasons of undue delay, waste of time, presentation of cumulative evidence, and possible jury confusion. *See, e.g. Feinwachs v. Minn. Hosp. Ass'n*, No. 11-cv-0008, 2019 WL 4298085, at *11 (D. Minn. Sept. 11, 2019) ("[T]he presentation of Massa's testimony via videotape deposition very likely would be disjointed and confusing for a jury, particularly when contrasted with his presentation of live testimony that is expected to be provided later in the trial. Presenting Massa's testimony in the manner Feinwachs seeks also increases the risk of undue delay, wasted time, and cumulative evidence."); *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 773 (10th Cir. 1999) (finding that the "admission of deposition testimony still remains subject to the sound discretion of the trial court, and [the court] has a perfect right to limit the use of the material if [the deposition] is repetitious or immaterial") (internal quotation marks and citations omitted); *Short v. Marvin Keller Trucking, Inc.*, No. 5:19-CV-471-MAS, 2021 WL 5410888, at *1 (W.D. Ky. Nov. 18, 2021) (precluding Plaintiffs from introducing deposition testimony for witnesses appearing live because it "may be confusing for the jury[,]" insofar as the jury may "speculate as to why witnesses who are sitting in the courtroom are not testifying or wonder if they should give some special emphasis to the recorded testimony as opposed to the later, live testimony"); *see also id*. ("Confusion, prejudice, and

inefficiencies would abound. Although Rule 32 would permit Plaintiffs' request, the Court is not required to honor that request.").

Here, allowing Plaintiffs to present deposition testimony for defense witnesses appearing live at trial is likely to result in cumulative evidence and an undue waste of time in an already busy trial schedule with nine named Plaintiffs and five Defendants, each of which has multiple witnesses. Further, seeing a videotaped deposition and then hearing a witness live, a week or two later, is likely to confuse the jury as to why a witness is appearing via video, in Plaintiffs' case, and then live, in Defendants' case. And given the extensive number of parties and likely witnesses in this trial, it is quite likely that the jury will have difficulty remembering which live witnesses previously testified via deposition, further prejudicing Defendants and confusing the jury.

Moreover, allowing Plaintiffs to proceed in this fashion unfairly prejudices Defendants because, for these witnesses, Plaintiffs will have essentially two cross examinations, the first in the depositions Plaintiffs took and presented to the jury and the second in the live, trial testimony. It is simply unfair to allow Plaintiffs to proceed in this fashion.

Defendants offered to Plaintiffs a pragmatic "one up, one down" approach that is fair for all parties, saves time, streamlines evidence for the jury, and lessens burdens on witnesses, most of whom will be traveling to Kansas City to testify. Moreover, Defendants' proposed approach is consistent with the Eighth Circuit's axiomatic preference for live witness testimony.

## CONCLUSION

For the foregoing reasons, the undersigned Defendants request that the Court grant this motion and (i) preclude Plaintiffs from introducing deposition testimony from Defendants' witnesses who will be appearing live at trial, including (1) Nick Bailey, (2) David Liniger,

(3) Rodney Gansho; (4) Bob Goldberg; (5) Dana Strandmo; (6) Rosalie Warner; and (7) Gino Blefari; (ii) permit Defendants to examine fully any of these witnesses Plaintiffs call in their case; and (iii) order Plaintiffs to provide Defendants with at least five business days' notice of when Plaintiffs wish to call any of these defense witnesses.

Dated: August 24, 2023

*/s/ Jeffrey A. LeVee*
Jeffrey A. Levee (*Pro Hac Vice*)
jlevee@jonesday.com
Eric P. Enson (*Pro Hac Vice*)
epenson@jonesday.com
Kelly M. Watne (*Pro Hac Vice*)
kwatne@jonesday.com
JONES DAY
555 Flower St
Los Angeles, California 90071
Tel: (213) 489-3939
Fax: (213) 243-2539

Eddie Hasdoo (*Pro Hac Vice*)
ehasdoo@jonesday.com
JONES DAY
110 N Wacker Drive, Suite 4800
Chicago, Illinois 60606
Tel: (312) 782-3939
Fax: (312) 782-8585

Danne W. Webb (MO #39384)
Andrea S. McMurtry (MO#62495)
HORN AYLWARD & BANDY, LLC
2600 Grand Blvd., Suite 1100
Kansas City, MO 64108
Telephone: (816) 421-0700
Facsimile: (816) 421-0899
Email: dwebb@hab-law.com
Email: amcmurtry@hab-law.com

*Counsel for Defendant RE/MAX, LLC*

/s/ *Robert D. MacGill*
Robert D. MacGill, *pro hac vice*
Scott E. Murray, *pro hac vice*

*/s/ Steven F. Molo*

Karrie Clinkinbeard
ARMSTRONG TEASDALE LLP-KCMO
2345 Grand Boulevard, Suite 1500
Kansas City, MO 64108
Telephone: (816) 221-3240
kclinkinbeard@atllp.com

Steven F. Molo, *pro hac vice*
Eugene A. Sokoloff, *pro hac vice*
Pamela I. Yaacoub, *pro hac vice*
Matthew J. Fisher, *pro hac vice*
MOLOLAMKEN LLP
300 N. LaSalle St., Suite 5350
Chicago, IL 60654
Telephone: (312) 450-6700
smolo@mololamken.com
esokoloff@mololamken.com
pyaacoub@mololamken.com
mfisher@mololamken.com

Lauren M. Weinstein, *pro hac vice*
Robert Y. Chen, *pro hac vice*
MOLOLAMKEN LLP
600 New Hampshire Ave., N.W., Suite 500
Washington, D.C. 20037
Telephone: (202) 556-2000
lweinstein@mololamken.com
rchen@mololamken.com

Justin M. Ellis, *pro hac vice*
MOLOLAMKEN LLP
430 Park Avenue, Floor 6
New York, NY 10022
Telephone: (212) 607-8160

Matthew T. Ciulla, *pro hac vice*
Patrick J. Sanders, *pro hac vice*
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
(317) 721-1253
robert.macgill@macgilllaw.com
matthew.ciulla@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

Jay N. Varon, *pro hac vice*
Jennifer M. Keas, *pro hac vice*
jvaron@foley.com
jkeas@foley.com
FOLEY & LARDNER LLP
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 672-5300

Brian C. Fries
bfries@lathropgage.com
LATHROP GAGE LLP - KCMO
2345 Grand Avenue, Suite 2200
Kansas City, MO 64108-2618
(816) 292-2000

*Attorneys for HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC*

jellis@mololamken.com

Stacey Anne Mahoney, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
stacey.mahoney@morganlewis.com

Kenneth Michael Kliebard, *pro hac vice*
MORGAN LEWIS & BOCKIUS LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Telephone: (312) 324-1000
kenneth.kliebard@morganlewis.com

William T. McEnroe, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5000
william.mcenroe@morganlewis.com

*Counsel for Realogy Holdings Corp. (n/k/a Anywhere Real Estate, Inc.)*

*<u>/s/ Ethan Glass</u>*

Ethan Glass (*pro hac vice*)
Samantha Strauss (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
(202) 776-2244
eglass@cooley.com
sastrauss@cooley.com

Beatriz Mejia (*pro hac vice*)
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
(415) 693-2000
mejiab@cooley.com

Charles W. Hatfield (MO Bar # 40363)

Alexander C. Barrett (MO Bar # 68695)
STINSON LLP
230 W. McCarty Street
Jefferson City, MO 65101
(573) 636-6263
chuck.hatfield@stinson.com
alexander.barrett@stinson.com

*Attorneys for Defendant NATIONAL ASSOCIATION OF REALTORS®*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2023, the foregoing was filed via the Court's electronic filing system, which sent notice to all counsel of record.

                                        */s/ Danne Webb*
                                        Attorney for RE/MAX, LLC