IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT and RHONDA BURNETT, RYAN HENDRICKSON, JEROD BREIT, SCOTT TRUPIANO, JEREMY KEEL, SHELLY DREYER, HOLLEE ELLIS, and FRANCES HARVEY on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:19-cv-00332-SRB |
| v. | ) | |
| NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC. | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 15 TO PRECLUDE EVIDENCE RELATING TO RE/MAX, LLC'S EDUCATIONAL MATERIALS THAT WERE NOT MADE AVAILABLE TO BROKERS OR AGENTS IN THE UNITED STATES**

**INTRODUCTION**

The undersigned Defendants anticipate that Plaintiffs will attempt to introduce evidence, testimony, or arguments regarding RE/MAX, LLC ("RMLLC") educational materials that should not be admitted into evidence, either because:

1. The educational materials comprise drafts that were not distributed to brokers or agents;[1] or

2. The educational materials were made available only to brokers and agents outside of the United States.[2]

---

[1] *See, e.g.*, Ex. A (Somerville Dep.) at 85:7-10, 88:6–10; Ex. B (Dep. Ex. 947); Ex. C (Dep Ex. 954).

[2] *See, e.g.*, Ex. A at 101:9–14; Ex. D (Dep Ex. 939).

1

Because such materials were never presented to any RE/MAX-affiliated brokers or agents operating within the United States, these materials are irrelevant to the issues before the jury, and any probative value relating to these materials (of which there is none) is substantially outweighed by the risk of confusing the issues and misleading the jury.

**ARGUMENT**

**I.     EDUCATIONAL MATERIALS THAT WERE NOT MADE AVAILABLE TO BROKERS OR AGENTS IN THE UNITED STATES ARE NOT RELEVANT AND SHOULD BE EXCLUDED UNDER FEDERAL RULES OF EVIDENCE 401 AND 402.**

During the depositions of RMLLC's deponents, Plaintiffs introduced several exhibits that comprise draft educational materials that were never provided to any real estate agents or brokers, and educational materials that were only made available to agents or brokers outside of the United States. (*See, e.g.*, Ex. A at 16:1-8, 84:8-16, 86:20-24, 22:14-19; *see also* Exs. B–D.) For example, as to deposition exhibit 947, Ms. Somerville, the former Senior Vice President of Professional Development and Engagement at RMLLC, testified that these educational materials were drafts that were "never" distributed to any agent or broker. (Ex. A at 85:7-10, 88:6-10.) As to deposition exhibit 954, the cover email clearly labels the document as a draft and establishes that it is not a final version. (Ex. C.) ("At the end is information on Contracts etc. that is just pasted in and not formatted and re-written. . . . I know we will add and subtract but since I am not in tomorrow and Friday [I] wanted you to have this version."). As to deposition exhibit 939, Ms. Somerville testified that she was unaware of the educational material ever being made available to any RE/MAX-affiliated real estate brokers or agents operating within the United States. (*See* Ex. A at 101:9-14.)

Draft educational materials are entirely irrelevant to Plaintiffs' claims regarding the training of RE/MAX-affiliated agents because those materials were not made available to a

2

Case 4:19-cv-00332-SRB    Document 1076    Filed 08/24/23    Page 2 of 8

Because such materials were never presented to any RE/MAX-affiliated brokers or agents operating within the United States, these materials are irrelevant to the issues before the jury, and any probative value relating to these materials (of which there is none) is substantially outweighed by the risk of confusing the issues and misleading the jury.

**ARGUMENT**

**I.     EDUCATIONAL MATERIALS THAT WERE NOT MADE AVAILABLE TO BROKERS OR AGENTS IN THE UNITED STATES ARE NOT RELEVANT AND SHOULD BE EXCLUDED UNDER FEDERAL RULES OF EVIDENCE 401 AND 402.**

During the depositions of RMLLC's deponents, Plaintiffs introduced several exhibits that comprise draft educational materials that were never provided to any real estate agents or brokers, and educational materials that were only made available to agents or brokers outside of the United States. (*See, e.g.*, Ex. A at 16:1-8, 84:8-16, 86:20-24, 22:14-19; *see also* Exs. B–D.) For example, as to deposition exhibit 947, Ms. Somerville, the former Senior Vice President of Professional Development and Engagement at RMLLC, testified that these educational materials were drafts that were "never" distributed to any agent or broker. (Ex. A at 85:7-10, 88:6-10.) As to deposition exhibit 954, the cover email clearly labels the document as a draft and establishes that it is not a final version. (Ex. C.) ("At the end is information on Contracts etc. that is just pasted in and not formatted and re-written. . . . I know we will add and subtract but since I am not in tomorrow and Friday [I] wanted you to have this version."). As to deposition exhibit 939, Ms. Somerville testified that she was unaware of the educational material ever being made available to any RE/MAX-affiliated real estate brokers or agents operating within the United States. (*See* Ex. A at 101:9-14.)

Draft educational materials are entirely irrelevant to Plaintiffs' claims regarding the training of RE/MAX-affiliated agents because those materials were not made available to a

single broker or real estate agent. *See* Fed. R. Evid. 401. Indeed, District Courts in this Circuit have excluded as irrelevant draft materials that were not made available to relevant parties. *Skibniewski v. Am. Home Prods. Corp.*, No. 99-0842-CV WFJG, 2004 WL 5628157, at *10 (N.D. Mo. Apr. 1, 2004) (granting motion *in limine* to exclude evidence of "draft promotional materials that were never distributed outside the company" and "third party marketing proposals that were never implemented").

International educational materials are also irrelevant. The conspiracy Plaintiffs allege in their Complaint relates only to the United States, not to foreign nations. (*See* Dkt. No. 759 ¶ 38 (alleging that Defendants inflated commissions "nationwide" by conspiring "across several states" and in the state of "Missouri and the Subject MLSs").) Thus, educational materials that were made available only outside of the United States cannot be relevant to whether RMLLC entered into an alleged conspiracy in the United States, and the materials are irrelevant under Federal Rules of Evidence 401 and 402. *Unigestion Holding, S.A. v. UPM Tech., Inc.*, No. 3:15-CV-185-SI, 2022 WL 15792838, at *11 (D. Or. Oct. 28, 2022) (finding that, in a suit related to international calls between the United States and Haiti, practices, policies, and conduct in jurisdictions other than Haiti and the United States were irrelevant).

II. **EDUCATIONAL MATERIALS THAT WERE NOT MADE AVAILABLE TO BROKERS OR AGENTS IN THE UNITED STATES LIKEWISE SHOULD BE EXCLUDED UNDER FEDERAL RULE OF EVIDENCE 403.**

Under Federal Rule of Evidence 403 ("Rule 403"), this Court has the power to exclude evidence if its probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403; *Firemen's Fund Ins. Co. v. Thien*, 63 F.3d 754, 759 (8th Cir. 1995). Even if the educational materials were relevant (which they are not), any marginal relevance is significantly outweighed by the risks of confusing the issues and misleading the jury.

3

Case 4:19-cv-00332-SRB   Document 1076   Filed 08/24/23   Page 3 of 8

Courts have held that the introduction of non-final drafts poses a particularly high risk of confusing the issues and misleading the jury. *See, e.g.*, *United States v. Cody*, 114 F.3d 772, 777–78 (8th Cir. 1997) (upholding district court's exclusion of an unofficial transcript on the grounds that it could have contained "inaccurate or incomplete information" and could have "misle[d] the jury"); *Schoolman v. UARCO, Inc.*, No. 94 C 5598, 1999 WL 47120, at *1 (N.D. Ill. Jan. 20, 1999) (granting motion *in limine* to preclude admission of draft letters due to "undisputed testimony . . . that the[ ] letters were never sent"). Similarly, courts have found that exhibits and testimony relating to conduct outside of the United States poses the risk of misleading the jury. *See, e.g.*, *Unigestion Holding, S.A.*, 2022 WL 15792838, at *11.

In this case, there is a substantial risk of confusing the issues and misleading the jury if the draft educational materials, and the educational materials that were made available only outside the United States, are presented to the jury. For instance, the jury might erroneously believe that such educational materials are final versions that were made available to agents and brokers operating in the United States. Additionally, the jury may erroneously consider that evidence when determining whether RMLLC participated in the conspiracy Plaintiffs allege in the United States. This is a complex antitrust case with a number of different parties, such that there is no need to present the jury with evidence that was never distributed to any broker or agent in the United States. Accordingly, because the referenced educational materials do not provide any probative value and pose a substantial risk of confusing the issues and misleading the jury, they should be excluded under Federal Rule of Evidence 403.

**CONCLUSION**

For the foregoing reasons, the undersigned Defendants request that the Court grant this motion and exclude evidence or testimony concerning (1) drafts of RMLLC's educational materials that were never made available to brokers or agents, and (2) educational materials that were only made available to brokers and agents operating outside of the United States.

Dated: August 24, 2023

/s/ *Jeffrey A. LeVee*
Jeffrey A. Levee (*Pro Hac Vice*)
jlevee@jonesday.com
Eric P. Enson (*Pro Hac Vice*)
epenson@jonesday.com
Kelly M. Watne (*Pro Hac Vice*)
kwatne@jonesday.com
JONES DAY
555 Flower St
Los Angeles, California 90071
Tel: (213) 489-3939
Fax: (213) 243-2539

Eddie Hasdoo (*Pro Hac Vice*)
ehasdoo@jonesday.com
JONES DAY
110 N Wacker Drive, Suite 4800
Chicago, Illinois 60606
Tel: (312) 782-3939
Fax: (312) 782-8585

Danne W. Webb (MO #39384)
Andrea S. McMurtry (MO#62495)
HORN AYLWARD & BANDY, LLC
2600 Grand Blvd., Suite 1100
Kansas City, MO 64108
Telephone: (816) 421-0700
Facsimile: (816) 421-0899
Email: dwebb@hab-law.com
Email: amcmurtry@hab-law.com

*Counsel for Defendant RE/MAX, LLC*

/s/ *David R. Buchanan*
David R. Buchanan
dbuchanan@bjpc.com
BROWN & JAMES, PC-KCMO
2345 Grand Boulevard
Suite 2100
Kansas City, MO 64108
(816) 472-0800

Timothy Ray, *pro hac vice*
timothy.ray@hklaw.com
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600

David C. Kully, *pro hac vice*
david.kully@hklaw.com
Anna P. Hayes, *pro hac vice*
anna.hayes@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20530
(202) 469-5415

Jennifer Lada, *pro hac vice*
jennifer.lada@hklaw.com
HOLLAND & KNIGHT LLP
31 West 52nd Street, 12th Floor
New York, NY 10019
(212) 513-3513

Dina W. McKenney, *pro hac vice*

/s/ *Robert D. MacGill*
Robert D. MacGill, *pro hac vice*
Scott E. Murray, *pro hac vice*
Matthew T. Ciulla, *pro hac vice*
Patrick J. Sanders, *pro hac vice*
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
(317) 721-1253
robert.macgill@macgilllaw.com
matthew.ciulla@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

Jay N. Varon, *pro hac vice*
Jennifer M. Keas, *pro hac vice*
jvaron@foley.com
jkeas@foley.com
FOLEY & LARDNER LLP
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 672-5300

Brian C. Fries
bfries@lathropgage.com
LATHROP GAGE LLP - KCMO
2345 Grand Avenue, Suite 2200
Kansas City, MO 64108-2618
(816) 292-2000

*Attorneys for HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC*

/s/ *Ethan Glass*
Ethan Glass (*pro hac vice*)
Samantha Strauss (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
(202) 776-2244
eglass@cooley.com
sastrauss@cooley.com

Beatriz Mejia (*pro hac vice*)

dina.mckenney@hklaw.com
HOLLAND & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 969-1757

*Counsel for Keller Williams Realty, Inc.*

/s/ *Steven F. Molo*

Karrie Clinkinbeard
ARMSTRONG TEASDALE LLP-KCMO
2345 Grand Boulevard, Suite 1500
Kansas City, MO 64108
Telephone:	(816) 221-3240
kclinkinbeard@atllp.com

Steven F. Molo, *pro hac vice*
Eugene A. Sokoloff, *pro hac vice*
Pamela I. Yaacoub, *pro hac vice*
Matthew J. Fisher, *pro hac vice*
MOLOLAMKEN LLP
300 N. LaSalle St., Suite 5350
Chicago, IL 60654
Telephone:	(312) 450-6700
smolo@mololamken.com
esokoloff@mololamken.com
pyaacoub@mololamken.com
mfisher@mololamken.com

Lauren M. Weinstein, *pro hac vice*
Robert Y. Chen, *pro hac vice*
MOLOLAMKEN LLP
600 New Hampshire Ave., N.W., Suite 500
Washington, D.C. 20037
Telephone:	(202) 556-2000
lweinstein@mololamken.com
rchen@mololamken.com

Justin M. Ellis, *pro hac vice*
MOLOLAMKEN LLP
430 Park Avenue, Floor 6
New York, NY 10022
Telephone:	(212) 607-8160
jellis@mololamken.com

Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
(415) 693-2000
mejiab@cooley.com

Charles W. Hatfield (MO Bar # 40363)
Alexander C. Barrett (MO Bar # 68695)
Stinson LLP
230 W. McCarty Street
Jefferson City, MO 65101
(573) 636-6263
chuck.hatfield@stinson.com
alexander.barrett@stinson.com

*Attorneys for Defendant NATIONAL ASSOCIATION OF REALTORS®*

Stacey Anne Mahoney, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone:   (212) 309-6000
stacey.mahoney@morganlewis.com

Kenneth Michael Kliebard, *pro hac vice*
MORGAN LEWIS & BOCKIUS LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Telephone:   (312) 324-1000
kenneth.kliebard@morganlewis.com

William T. McEnroe, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone:   (215) 963-5000
william.mcenroe@morganlewis.com

*Counsel for Realogy Holdings Corp. (n/k/a Anywhere Real Estate, Inc.)*

7

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2023, the foregoing was filed via the Court's electronic filing system, which sent notice to all counsel of record.

*/s/ Danne Webb*
Attorney for RE/MAX, LLC

8

Case 4:19-cv-00332-SRB   Document 1076   Filed 08/24/23   Page 8 of 8