| | |
|---|---|
| SCOTT and RHONDA BURNETT, RYAN HENDRICKSON, JEROD BREIT, SCOTT TRUPIANO, JEREMY KEEL, SHELLY DREYER, HOLLEE ELLIS, and FRANCES HARVEY on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.<br><br>    Defendants. | Case No. 4:19-cv-00332-SRB |

**DEFENDANTS' MOTION *IN LIMINE* NO. 17 TO EXCLUDE EVIDENCE AND TESTIMONY REGARDING STATEMENTS MADE BY NON-PARTY LINDA O'CONNOR CONCERNING THE UNITED STATES ANTITRUST LAWS**

**INTRODUCTION**

The undersigned Defendants anticipate that Plaintiffs will try to introduce evidence and testimony regarding statements made by a non-party, Linda O'Connor, opining that the Cooperative Compensation Rule purportedly violates the United States antitrust laws. *(See, e.g.*, Ex. A (Dep. Ex. 601); Ex. B (Niersbach Dep.) at 27:4–28:7, 29:22–33:7, 34:25–35:16, 39:22–40:6, 45:15-21; Ex. C (O'Connor Dep.) at 29:16–30:9, 39:21–42:1.) Specifically, Plaintiffs questioned Ms. O'Connor—a non-lawyer and lay witness—during her deposition regarding an email and proposal she sent to a NAR committee member, in which she opined that the Cooperative Compensation Rule violated the Sherman Antitrust laws. (Ex. A; Ex. C at 29:16–

1

30:9, 39:21–42:1.) She sent the proposal on her own behalf with the approval of a single association of REALTORS® located in Massachusetts. (Ex. C at 22:22–23:17.) Plaintiffs also elicited testimony from Cliff Niersbach of NAR regarding Ms. O'Connor's lay opinion and attempted to designate that deposition testimony in this case. (*See, e.g.*, Ex. B. at 27:4–28:7, 29:22–33:7, 34:25–35:16, 39:22–40:6, 45:15-21, 45:24-46:3.)

This evidence, however, comprises an inadmissible legal conclusion by a lay witness as well as inadmissible hearsay for which no exception applies. Moreover, this evidence is irrelevant to the issues before the jury, and any probative value relating thereto (of which there is none) is substantially outweighed by the risk of undue prejudice, confusing the issues, and misleading the jury.

## ARGUMENT

### I. MS. O'CONNOR'S OPINIONS SHOULD BE EXCLUDED AS INADMISSIBLE LEGAL CONCLUSIONS UNDER FEDERAL RULE OF EVIDENCE 701.

Evidence of Ms. O'Connor's opinions regarding alleged violations of the United States antitrust laws are inadmissible legal conclusions by a lay witness. According to courts in the Eighth Circuit, lay opinion presented as conclusions of law that merely tell the jury what result they should reach should be excluded from trial. Fed. R. Evid. 701; *Pina v. Am. Shaman Franchise, LLC*, No. 21-00772-CV-W-WBG, 2023 WL 2335670, at *3 (W.D. Mo. Mar. 2, 2023) ("[N]o lay witness will be permitted to provide legal opinions or legal conclusions at trial."); *Rey v. Gen. Motors LLC*, No. 4:19-CV-00714-DGK, 2022 WL 763817, at *6 (W.D. Mo. Mar. 11, 2022) (granting motion *in limine* to "exclude any legal conclusion or legal opinions by any witness not qualified as a legal expert"); *see also United States v. North*, No. 06-CR-323(CFD), 2007 WL 1630366, at *1 (D. Conn. June 5, 2007) (granting motion *in limine* because the

2

evidence "present[s] legal conclusions as to the scope and meaning of the Sherman Act that would undermine the Court's role as the jury's sole source of law applicable in this case").

Here, Ms. O'Connor opines in a proposal sent to a NAR committee member that the "traditional method of compensation of the seller and broker setting compensation to be paid to a cooperating agent's company or firm is the ultimate form of restraint of trade and indeed represents price fixing in a free market." (Ex. A at 2.) This opinion constitutes a legal conclusion that Ms. O'Connor is not qualified to make. Indeed, Ms. O'Connor testified during her deposition that she is not an attorney and does not have the education or expertise necessary to make legal assertions regarding the United States antitrust laws. (Ex. C at 29:16–30:9, 39:21–42:1.) She also testified that she is not an expert on the United States antitrust laws and is not familiar with the elements of the Sherman Antitrust Act. (*Id*.) Therefore, any evidence and testimony regarding statements by Ms. O'Connor that the Cooperative Compensation Rule allegedly violates the law should be excluded.

## II. STATEMENTS MADE BY MS. O'CONNOR COMPRISE HEARSAY FOR WHICH NO EXCEPTION APPLIES.

Ms. O'Connor's out-of-court statements could only be offered by Plaintiffs for the truth of the matter asserted and therefore comprise hearsay. And no hearsay exception applies. For instance, Ms. O'Connor is a non-party such that her opinions cannot qualify as statements made by an opposing party. *See* Fed. R. Evid. 801(d)(2). Additionally, the letter she wrote to NAR cannot qualify as a business record, as there is no evidence in the record that drafting the letter was a regular practice of Ms. O'Connor's business as a real estate agent. Therefore, the email and proposal by Ms. O'Connor sent to a NAR committee member should be excluded as inadmissible hearsay. For the same reason, any testimony by Mr. Niersbach of NAR regarding Ms. O'Connor's hearsay opinions should also be excluded.

### III. MS. O'CONNOR'S LEGAL CONCLUSIONS SHOULD BE EXCLUDED UNDER FEDERAL RULES OF EVIDENCE 401 AND 403.

Ms. O'Connor's opinions should also be excluded as irrelevant and unfairly prejudicial under Federal Rules of Evidence 401 and 403. The lay opinions of a real estate agent on behalf of a single association of REALTORS® from Massachusetts does not establish by any probability that Defendants engaged in the conspiracy Plaintiffs allege. *See* Fed. R. Evid. 401. Nor does Ms. O'Connor's involvement with NAR render her testimony relevant. Indeed, at the time she sent the proposal, Ms. O'Connor was one of over 100 members of the NAR committee on which she served, and did not maintain any sort of leadership role on that committee. (Ex. C at 8:25–9:5; Ex. B. at 34:3–12.)

Ms. O'Connor's opinions also should be excluded under Rule 403, under which this Court has the power to exclude evidence if its probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403; *Firemen's Fund Ins. Co. v. Thien*, 63 F.3d 754, 759 (8th Cir. 1995). Ms. O'Connor's lay opinion on the ultimate issue in this case has zero probative value. But even if there were probative value to a single real estate agent's unsubstantiated opinions on the ultimate legal issues in this case, that value is substantially outweighed by the risk of unfairly prejudicing Defendants and misleading the jury. Upon hearing Ms. O'Connor's testimony on the ultimate issue in this case, either through Mr. Neirsbach's deposition designations or otherwise, the jury is likely to be misled into believing that Ms. O'Connor has the legal education and expertise necessary to draw these legal conclusions. This inevitably would lead to an irrelevant side show whereby Defendants will need to explain who Ms. O'Connor is and her lack of legal training.

# CONCLUSION

For the foregoing reasons, the undersigned Defendants request that the Court exclude testimony and evidence regarding Ms. O'Connor's statements that the Cooperative Compensation Rule violates the United States antitrust laws.

Dated: August 24, 2023

/s/ Jeffrey A. LeVee
Jeffrey A. Levee (*Pro Hac Vice*)
jlevee@jonesday.com
Eric P. Enson (*Pro Hac Vice*)
epenson@jonesday.com
Kelly M. Watne (*Pro Hac Vice*)
kwatne@jonesday.com
JONES DAY
555 Flower St
Los Angeles, California 90071
Tel: (213) 489-3939
Fax: (213) 243-2539

Eddie Hasdoo (*Pro Hac Vice*)
ehasdoo@jonesday.com
JONES DAY
110 N Wacker Drive, Suite 4800
Chicago, Illinois 60606
Tel: (312) 782-3939
Fax: (312) 782-8585

Danne W. Webb (MO #39384)
Andrea S. McMurtry (MO#62495)
HORN AYLWARD & BANDY, LLC
2600 Grand Blvd., Suite 1100
Kansas City, MO 64108
Telephone: (816) 421-0700
Facsimile: (816) 421-0899
Email: dwebb@hab-law.com
Email: amcmurtry@hab-law.com

*Counsel for Defendant RE/MAX, LLC*

/s/ Robert D. MacGill
Robert D. MacGill, *pro hac vice*
Scott E. Murray, *pro hac vice*

/s/ David R. Buchanan
David R. Buchanan
dbuchanan@bjpc.com
BROWN & JAMES, PC-KCMO
2345 Grand Boulevard
Suite 2100
Kansas City, MO 64108
(816) 472-0800

Timothy Ray, *pro hac vice*
timothy.ray@hklaw.com
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600

David C. Kully, *pro hac vice*
david.kully@hklaw.com
Anna P. Hayes, *pro hac vice*
anna.hayes@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20530
(202) 469-5415

Jennifer Lada, *pro hac vice*
jennifer.lada@hklaw.com
HOLLAND & KNIGHT LLP
31 West 52nd Street, 12th Floor
New York, NY 10019
(212) 513-3513

Dina W. McKenney, *pro hac vice*
dina.mckenney@hklaw.com
HOLLAND & KNIGHT LLP
1722 Routh Street, Suite 1500

Matthew T. Ciulla, *pro hac vice*
Patrick J. Sanders, *pro hac vice*
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
(317) 721-1253
robert.macgill@macgilllaw.com
matthew.ciulla@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

Jay N. Varon, *pro hac vice*
Jennifer M. Keas, *pro hac vice*
jvaron@foley.com
jkeas@foley.com
FOLEY & LARDNER LLP
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 672-5300

Brian C. Fries
bfries@lathropgage.com
LATHROP GAGE LLP - KCMO
2345 Grand Avenue, Suite 2200
Kansas City, MO 64108-2618
(816) 292-2000

*Attorneys for HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC*

/s/ *Ethan Glass*
Ethan Glass (*pro hac vice*)
Samantha Strauss (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
(202) 776-2244
eglass@cooley.com
sastrauss@cooley.com

Beatriz Mejia (*pro hac vice*)
COOLEY LLP
3 Embarcadero Center, 20th Floor

Dallas, Texas 75201
(214) 969-1757

*Counsel for Keller Williams Realty, Inc.*

/s/ *Steven F. Molo*

Karrie Clinkinbeard
ARMSTRONG TEASDALE LLP-KCMO
2345 Grand Boulevard, Suite 1500
Kansas City, MO 64108
Telephone:   (816) 221-3240
kclinkinbeard@atllp.com

Steven F. Molo, *pro hac vice*
Eugene A. Sokoloff, *pro hac vice*
Pamela I. Yaacoub, *pro hac vice*
Matthew J. Fisher, *pro hac vice*
MOLOLAMKEN LLP
300 N. LaSalle St., Suite 5350
Chicago, IL 60654
Telephone:   (312) 450-6700
smolo@mololamken.com
esokoloff@mololamken.com
pyaacoub@mololamken.com
mfisher@mololamken.com

Lauren M. Weinstein, *pro hac vice*
Robert Y. Chen, *pro hac vice*
MOLOLAMKEN LLP
600 New Hampshire Ave., N.W., Suite 500
Washington, D.C. 20037
Telephone:   (202) 556-2000
lweinstein@mololamken.com
rchen@mololamken.com

Justin M. Ellis, *pro hac vice*
MOLOLAMKEN LLP
430 Park Avenue, Floor 6
New York, NY 10022
Telephone:   (212) 607-8160
jellis@mololamken.com

Stacey Anne Mahoney, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue

6

San Francisco, CA 94111
(415) 693-2000
mejiab@cooley.com

Charles W. Hatfield (MO Bar # 40363)
Alexander C. Barrett (MO Bar # 68695)
STINSON LLP
230 W. McCarty Street
Jefferson City, MO 65101
(573) 636-6263
chuck.hatfield@stinson.com
alexander.barrett@stinson.com

*Attorneys for Defendant NATIONAL ASSOCIATION OF REALTORS®*

New York, NY 10178
Telephone: (212) 309-6000
stacey.mahoney@morganlewis.com

Kenneth Michael Kliebard, *pro hac vice*
MORGAN LEWIS & BOCKIUS LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Telephone: (312) 324-1000
kenneth.kliebard@morganlewis.com

William T. McEnroe, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5000
william.mcenroe@morganlewis.com

*Counsel for Realogy Holdings Corp. (n/k/a Anywhere Real Estate, Inc.)*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2023, the foregoing was filed via the Court's electronic filing system, which sent notice to all counsel of record.

> */s/ Danne Webb*
> Attorney for RE/MAX, LLC