UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SCOTT AND RHONDA BURNETT, RYAN HENDRICKSON, JEROD BREIT, SCOTT TRUPIANO, JEREMY KEEL, HOLLEE ELLIS, and FRANCES HARVEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | Case No. 4:19-cv-00332-SRB<br><br>**CLASS ACTION** |

**DEFENDANTS' MOTION *IN LIMINE* NO. 18
TO EXCLUDE EVIDENCE RELATING TO NAR'S CLEAR COOPERATION POLICY**

The undersigned Defendants expect that Plaintiffs will attempt to confuse witnesses and the jury by referring to a policy known as the Clear Cooperation Policy that is not at issue in this case. This separate policy was not adopted by NAR until 2019, and it did not go into effect until May 2020 – both well after the alleged conspiracy in this case. This separate Clear Cooperation Policy was not referenced in Plaintiffs' Complaint; it is not relevant; it would serve only to confuse the jury; it is the subject of a (now closed) DOJ investigation and separate antitrust lawsuits elsewhere; and it should not be the subject of evidence or argument to the jury. Defendants accordingly move to exclude evidence and argument relating to the Clear Cooperation Policy under Fed. R. Evid. 401 and 403.

## I. The Clear Cooperation Policy is not at issue in this case.

As the Court is well aware, this case references a rule contained in NAR's Handbook on Multiple Listing Policy that Plaintiffs call the "Adversary Commission Rule."[1] This rule provides "[i]n filing property with the multiple listing service, participants make blanket unilateral offers of compensation to the other MLS participants and shall therefore specify on each listing filed with the service the compensation being offered by the listing broker to the other MLS participants. This is necessary because cooperating participants have the right to know what their compensation will be prior to commencing their efforts to sell."[2]

While some version of this rule has existed since 1972, NAR enacted the current version of the Adversary Commission Rule in 1996.[3] Plaintiffs have been unable to connect any Corporate Defendant to the enactment of the Adversary Commission Rule.[4] Indeed, several of the Corporate Defendants did not even exist in 1996, and thus could not have been involved.[5]

Plaintiffs have sought at deposition to develop evidence relating to the enactment of a separate NAR policy called the Clear Cooperation Policy. This distinct policy was enacted in 2019, and it became effective in May 2020 – after the alleged conspiracy.[6] Under the Clear Cooperation Policy, "[w]ithin one (1) business day of marketing a property to the public, the listing broker must submit the listing to the MLS for cooperation with other MLS participants. Public marketing includes, but is not limited to, flyers displayed in windows, yard signs, digital marketing on public facing websites, brokerage website displays (including IDX and VOW),

---

[1] Doc. 759 ¶ 3.
[2] Doc. 932-3 at ECF p. 6.
[3] Doc. 759 ¶ 50.
[4] Doc. 931 (HSD MSJ) at ECF p. 9; Doc. 918 (KW MSJ) at ECF p. 7; Doc. 929 (Realogy MSJ) at ECF p. 10; Doc. 926 (REMAX MSJ) at ECF p. 10.
[5] Doc. 931 (HSD MSJ) ¶ 9. Doc. 929 (Realogy MSJ) ¶ 1.
[6] *Handbook on Multiple Listing Policy*, NATIONAL ASSOCIATION OF REALTORS, 33 (2021), https://cdn.nar.realtor/sites/default/files/documents/2021_NAR_HMLP_210112.pdf. ("Adopted 11/19"); Doc. 759 ¶ 118.

2

Case 4:19-cv-00332-SRB   Document 1080   Filed 08/24/23   Page 2 of 8

digital communications marketing (email blasts), multi-brokerage listing sharing networks, and applications available to the general public."[7] This policy does not mention, reference, or implicate the so-called Adversary Commission Rule.

Plaintiffs do not mention the Clear Cooperation Policy in the Third Amended Complaint.[8] Moreover, Plaintiffs' economic expert—Dr. Schulman—does not mention the Clear Cooperation Policy in any of his multiple reports. Thus, Plaintiffs have no evidence or expert testimony showing that the Clear Cooperation Policy relates to this case, that it restrains trade, that it is unreasonable, that it caused any impact on the class, or that it caused any damages. To the contrary, Dr. Schulman testified that the separate "Adverse Commission Rule" is the "trunk of the tree" in this case and that all of the class's alleged damages flow from it.[9]

Given the absence of any connection between the Clear Cooperation Policy and Plaintiffs' claims in this case, Plaintiffs should be precluded from offering any evidence or argument relating to the Clear Cooperation Policy. Such evidence is irrelevant, and any evidence relating to the policy would only serve to confuse the jury.

**II.     Plaintiffs' anticipated rationales for offering evidence regarding the Clear Cooperation Policy do not make the evidence relevant.**

Defendants anticipate Plaintiffs will offer two rationales for presenting testimony regarding the Clear Cooperation Policy. First, Plaintiffs have suggested that the policy was part of the alleged conspiracy to force all home sellers who hire brokers to offer cooperative compensation because the policy forces brokers to put practically all of their listings into the MLS. But even if that were true, the policy was not enacted until 2019, and it did not take effect

---

[7] *Handbook on Multiple Listing Policy*, NATIONAL ASSOCIATION OF REALTORS, 33 (2021), https://cdn.nar.realtor/sites/default/files/documents/2021_NAR_HMLP_210112.pdf.
[8] Doc. 759.
[9] Ex. A, excerpts from the deposition of Craig Schulman, dated July 22, 2021, at 109:8-18, 184:12-14.

until May 2020. Thus, the Clear Cooperation Policy could not have had any impact on many of the class members' transactions, which predate this policy. Moreover, as stated above, Plaintiffs have not offered any evidence or expert analysis showing this separate policy had any adverse impact on consumers.

Defendants also expect Plaintiffs to argue that certain evidence showing Defendant HomeServices of America's support for the Clear Cooperation Policy shows its general involvement with NAR rule-making, from which the jury could infer that it could have influenced the enactment or enforcement of the Adversary Commission Rule. But as stated above, neither Home Services of America or the other HomeServices-related Defendants even existed in 1996 when the Adversary Commission Rule was enacted and there is no evidence that any HomeServices Defendant played any role in implementing or enforcing the Adversary Commission Rule. That HomeServices of America later made a unilateral decision to support a different NAR rule cannot change these immutable facts.

The Clear Cooperation Policy is irrelevant to the claims asserted in this lawsuit, and all evidence regarding it should be excluded.

### III. Even if the Clear Cooperation Policy were relevant, the Court should exclude derivative evidence regarding the separate DOJ investigations, separate lawsuits, and broker comments regarding its potential impact.

Defendants suspect that Plaintiffs may also seek to offer certain evidence relating to the Clear Cooperation Policy, including the fact that the policy was investigated by the DOJ (which closed that investigation without changes to the policy) or is the subject of other lawsuits.[10] Any references to such litigation would be irrelevant and unfairly prejudicial and should be excluded under Fed. R. Evid. 403. Indeed, were Plaintiffs permitted to argue that HomeServices' support

---

[10] *See generally PLS.COM, LLC v. Nat'l Ass'n of Realtors*, 32 F.4th 824 (9th Cir. 2022).

of the Clear Cooperation Policy was anticompetitive, it would require a complete antitrust analysis which no party has undertaken and is the subject of two completely different cases.

Similarly, Plaintiffs are attempting to offer evidence of certain agent comments submitted to NAR as part of the consideration and enactment of the Clear Cooperation Policy. Some agents that opposed the policy (a few dozen of the hundreds who voted in favor of the policy) submitted comments attempting to provide legal opinion about the policy, such as:

- "Sounds like this will only strengthen the case of the lawsuit filed against all the associations and multiple listing services and big brokers."[11]
- "[S]eems that this violates the Sherman Antitrust Act, we have a duty to the seller, not to the MLS."[12]
- "While I agree with this in theory, doesn't such a theory constitute a monopoly?"[13]

These comments amount to improper opinion testimony under Fed. R. Evid. 701 regarding the potential legal impact of the Clear Cooperation Policy. Such unsworn comments made outside of this Court are also hearsay under Fed. R. Evid. 801 and unfairly prejudicial under Fed. R. Evid. 403. For all of these reasons, evidence regarding the separate antitrust challenge to the Clear Cooperation Policy and agent comments regarding the potential legal implications of the policy should be excluded.

## IV. Conclusion

For the reasons stated above, the Court should exclude all references to the Clear Cooperation Policy, any efforts to enact the policy, and any agent reactions to the policy under Federal Rules of Evidence 401, 403, and 801.

---

[11] Ex. B, excerpts from the deposition of Rodney Gansho, dated August 3, 2022, at 134:16-19. Plaintiffs designated this testimony to play at trial. *See* Doc. 1054 at ECF 4-6.
[12] Ex. B at 138:25-139:2.
[13] *Id.* at 146:9-10.

Dated:  August 24, 2023

Respectfully submitted,

***Counsel for HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC***

*/s/ Robert D. MacGill*
Robert D. MacGill, *pro hac vice*
Scott E. Murray, *pro hac vice*
Matthew T. Ciulla, *pro hac vice*
Patrick J. Sanders, *pro hac vice*
MacGill PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
(317) 721-1253
robert.macgill@macgilllaw.com
matthew.ciulla@macgilllaw.com
scott.murray@macgilllaw.com
patrick.sanders@macgilllaw.com

Jay N. Varon, *pro hac vice*
Jennifer M. Keas, *pro hac vice*
jvaron@foley.com
jkeas@foley.com
FOLEY & LARDNER LLP
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 672-5300

Brian C. Fries
bfries@lathropgage.com
LATHROP GAGE LLP - KCMO
2345 Grand Avenue, Suite 2200
Kansas City, MO 64108-2618
(816) 292-2000

***Counsel for Defendant NATIONAL ASSOCIATION OF REALTORS®***

/s/ Ethan Glass
Ethan Glass (*pro hac vice*)
Samantha Strauss (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC  20004-2400
(202) 776-2244
eglass@cooley.com

**Counsel for Keller Williams Realty, Inc.**

/s/ David R.  Buchanan
David R.  Buchanan
dbuchanan@bjpc.com
BROWN & JAMES, PC-KCMO
2345 Grand Boulevard
Suite 2100
Kansas City, MO 64108
(816) 472-0800

Timothy Ray, *pro hac vice*
timothy.ray@hklaw.com
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600

David C.  Kully, *pro hac vice*
david.kully@hklaw.com
Anna P.  Hayes, *pro hac vice*
anna.hayes@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20530
(202) 469-5415

Jennifer Lada, *pro hac vice*
jennifer.lada@hklaw.com
HOLLAND & KNIGHT LLP
31 West 52nd Street, 12th Floor
New York, NY 10019
(212) 513-3513

Dina W. McKenney, *pro hac vice*
dina.mckenney@hklaw.com
HOLLAND & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 969-1757

***Counsel for Defendant RE/MAX, LLC***

/s/ Jeffrey A. LeVee
Jeffrey A. LeVee (*Pro Hac Vice*)
jlevee@jonesday.com

sastrauss@cooley.com

Beatriz Mejia (*pro hac vice*)
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
(415) 693-2000
mejiab@cooley.com

Charles W. Hatfield (MO Bar # 40363)
Alexander C. Barrett (MO Bar # 68695)
STINSON LLP
230 W. McCarty Street
Jefferson City, MO 65101
(573) 636-6263
chuck.hatfield@stinson.com
alexander.barrett@stinson.com

Eric P. Enson (*Pro Hac Vice*)
epenson@jonesday.com
Kelly M. Watne (*Pro Hac Vice*)
kwatne@jonesday.com
JONES DAY
555 Flower St
Los Angeles, California 90071
Tel: (213) 489-3939
Fax: (213) 243-2539

Eddie Hasdoo (*Pro Hac Vice*)
ehasdoo@jonesday.com
JONES DAY
110 N Wacker Drive, Suite 4800
Chicago, Illinois 60606
Tel: (312) 782-3939
Fax: (312) 782-8585

Danne W. Webb (MO #39384)
Andrea S. McMurtry (MO#62495)
HORN AYLWARD & BANDY, LLC
2600 Grand Blvd., Suite 1100
Kansas City, MO 64108
Telephone: (816) 421-0700
Facsimile: (816) 421-0899
Email: dwebb@hab-law.com
Email: amcmurtry@hab-law.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 24, 2023, an electronic copy of the foregoing was filed with the Clerk of the Court by using the CM/ECF system, and service upon all counsel of record will be accomplished by the CM/ECF system.

                                                 */s/Robert D. MacGill*
                                                 Robert D. MacGill

8
Case 4:19-cv-00332-SRB   Document 1080   Filed 08/24/23   Page 8 of 8