# Ex. A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

SCOTT and RHONDA BURNETT,　　)
RYAN HENDRICKSON, JEROD　　　)
BREIT, SCOTT TRUPIANO, and　)
JEREMY KEEL, on behalf of　　)
themselves and all others　　)
similarly situated,　　　　　)
　　　　　　　　　　　　　　　　)
　　Plaintiffs,　　　　　　　　)
　　　　　　　　　　　　　　　　) NO.: 4:19-cv-00332-SRB
VS.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
THE NATIONAL ASSOCIATION　　 )
OF REALTORS, REALOGY　　　　　)
HOLDINGS CORP.,　　　　　　　　)
HOMESERVICES OF AMERICA,　　 )
INC., BHH AFFILIATES, LLC,　)
HSF AFFILIATES, LLC,　　　　　)
RE/MAX, LLC, and KELLER　　　 )
WILLIAMS REALTY, INC.　　　　 )
　　　　　　　　　　　　　　　　)
　　Defendants.　　　　　　　　)

-------------------------------------
HIGHLY CONFIDENTIAL
ORAL AND VIDEOTAPED DEPOSITION OF
CRAIG T. SCHULMAN, Ph.D.
JULY 22, 2021
-------------------------------------

MAGNA
LEGAL SERVICES

1   morning of various NAR rules; and you have used in

2   your report the concept of the -- what you've referred

3   to as challenged restraints?

4        A.  Yes, sir.

5        Q.  Have you attempted to look at whether any one

6   of the challenged restraints, standing alone, has had

7   a particular effect on market behavior?

8        A.  Well, I would describe them in this way, that

9   the -- the adversary commission rule is kind of like

10  the trunk of the tree of these average commission

11  rates, and the -- the other challenged restraints that

12  we -- we speak of are outgrowth, in some sense or

13  in -- in another sense, supportive of the ultimate

14  approach to -- to maintain cooperative commission

15  paying to buyers' agents.

16            But specifically to your question of trade

17  (phonetics), disaggregate the impact of those

18  individually, no, I have not.

19       Q.  Okay.  And so --

20            THE VIDEOGRAPHER:  I don't have any

21  notification that no one can hear next door.

22            MR. RAY:  I'm getting -- I got a text

23  message saying that they're having a little trouble

24  hearing.  Jeff, I don't know if you've mic'd up, Jeff,

25  or if -- if -- if Dr. Schulman is mic'd up, as well.

MAGNA
LEGAL SERVICES

1    cooperative compensation rule?

2       A.  I did not attempt to disaggregate and assign

3    separate elements of damage to the different subsets

4    of the challenged restraints.  I was taking those as a

5    whole.

6       Q.  Okay.  I'm going to need to go through each one

7    with you and just make sure we understand each other

8    perfectly on this topic, sir.

9            So what damages, if any, can you attribute

10   to the cooperative compensation rule in your damages

11   model?

12      A.  The -- as one of the -- as I testified to this

13   morning, the adversary commission rule is kind of

14   the -- the trunk of the tree.

15      Q.  Yes, sir.

16      A.  And that if that goes away, most of these other

17   rules really have no purpose and cease to exist; and

18   so, you know, I'd say that's kind of the core.

19            And so let's say all of the damages kind of

20   flow in under the adversary commission rule; but,

21   again, I did not try to disaggregate, so I'm not --

22   I'm not sure I can answer your question.

23      Q.  So just what -- tell us specifically, what

24   portion of the class damages are attributable to the

25   cooperative compensation rule?

MAGNA

LEGAL SERVICES