UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

SCOTT AND RHONDA BURNETT, RYAN )
HENDRICKSON, JEROD BREIT, SCOTT )
TRUPIANO, AND JEREMY KEEL, on behalf )
of themselves and all others similarly situated, )
)
      Plaintiffs, )
) No: 4:19-cv-00332-SRB
v. )
) Judge Stephen R. Bough
THE NATIONAL ASSOCIATION OF )
REALTORS, REALOGY HOLDINGS CORP., )
HOMESERVICES OF AMERICA, INC., BHH )
AFFILIATES, LLC, HSF AFFILIATES, LLC, )
RE/MAX, LLC, and KELLER WILLIAMS )
REALTY, INC., )
)
      Defendants. )

## THE HOMESERVICES DEFENDANTS' FIRST SUPPLEMENTAL INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants HomeServices of America, Inc. ("HomeServices"), HSF Affiliates, LLC ("HSF"), and BHH Affiliates, LLC ("BHH") (together, the "HomeServices Defendants"), by counsel, make the following first supplemental initial disclosures.

These disclosures are based only on information currently available to the HomeServices Defendants. The HomeServices Defendants reserve the right to further supplement and correct these disclosures in accordance with Federal Rule of Civil Procedure 26(e) or any other rule, and/or in discovery responses, depositions, Court filings, and/or expert reports.

These initial disclosures are based upon information presently available to the HomeServices Defendants and their attorneys and specifically known to the individuals who are preparing these disclosures. Further refinement or explanation by Plaintiffs of their claims, future

discovery or independent investigation may supply additional information or facts, add meaning to known facts or establish new factual conclusions and contentions, all of which may lead to additions to, changes in and variations from the disclosures set forth herein. The HomeServices Defendants make these first supplemental initial disclosures subject to and without waiving their right to assert any and all objections to relevancy, materiality, privilege, protections, work-product, use, or admissibility as evidence. The HomeServices Defendants reserve the right to modify, amend, correct or supplement these first supplemental initial disclosures as additional information becomes known through further investigation and discovery. These disclosures are also made without prejudice to the right of the HomeServices Defendants to provide additional evidence at the time of trial.

By making these disclosures, the HomeServices Defendants do not represent that every individual or entity identified herein necessarily possesses information that the HomeServices Defendants will use to support their claims, or that the individual or entity possesses relevant information. Nor do the HomeServices Defendants represent that they are identifying every document, tangible thing, or witness that it may use to support their claims.

The HomeServices Defendants do not, by submitting these first supplemental initial disclosures and identifying documents or individuals below, waive the right to object to the production or use or admissibility of documents, or the testimony of witnesses, on any ground, including, without limitation, (1) on the basis of the attorney-client privilege or work product protection or any other privilege or exemption; (2) on the ground that the documents are not relevant to the claims and defenses in this case; (3) on the ground that the documents are not sufficiently relevant to justify production; or (4) that the documents are not proportional to the needs of the case.

A. The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to supports its claims or defense, unless the use would be solely for impeachment.

- *Dana Strandmo*, c/o undersigned, Senior Vice President and Chief Administrative Officer, HomeServices
    o The business of HomeServices
    o HomeServices' corporate origins
    o HomeServices' relationship with HSF and BHH
    o HomeServices' relationship with real estate brokerage subsidiaries that have operations in the geographic area of one or more of the Subject MLSs identified in Plaintiffs' Amended Complaint
    o The general operational independence of HomeServices subsidiary brokerages, including that commission and cooperative compensation are matters that such subsidiaries handle independently and in various ways in the course of their respective operations
    o The fact that HomeServices does not as a matter of course create sales professional training content for the independent contractor sales agents that are engaged by its real estate subsidiaries, or conduct such trainings
    o The fact that HomeServices itself is not a franchisor; HomeServices' relationship to real estate brokerages franchised by HomeServices' affiliates that have operations in the geographic area of one or more of the Subject MLSs identified in Plaintiffs' Amended Complaint
    o Participation/lack of participation in NAR relevant to allegations in Plaintiffs' Amended Complaint
    o HomeServices' policies, if any, relevant to Plaintiffs' Amended Complaint
    o HomeServices' interaction, if any, with Local Realtor® associations in Missouri and the Subject MLSs
    o The absence of any anticompetitive agreement among Defendants or others as alleged in Plaintiffs' Amended Complaint
    o Pro-competitive justifications for HomeServices' business decisions relevant to Plaintiffs' Amended Complaint
    o Licensed residential real estate brokerage services offered by independent contractor real estate agents generally
    o The historical and current operation and practices of residential real estate markets generally
    o The process by which listing and buyer broker residential real estate commissions are established generally
    o The forms and nature of competition in residential real estate generally

- *Rosalie Warner*, c/o undersigned, Senior VP of Network Services at HSF Affiliates
    o The business of BHH and HSF
    o Basic facts about the corporate origins of HSF and BHH
    o Lack of participation in NAR by BHH and HSF

- o BHH's relationship to any real estate brokerage franchisee that has operations in the geographic area of one or more of the Subject MLSs identified in Plaintiffs' Amended Complaint
- o BHH's policies, if any, relevant to Plaintiffs' Amended Complaint
- o The absence of any anticompetitive agreement among Defendants or others as alleged in Plaintiffs' Amended Complaint
- **Brian Peterson**, c/o undersigned, former CFO of HSF
    - o The business of HSF during his tenure with the company
    - o HSF's lack of participation in NAR
    - o Lack of an anticompetitive agreement between Defendants and anyone else as alleged in Plaintiffs' Amended Complaint
- **Jon Coile**, c/o undersigned, VP of MLS and Industry Relations for HomeServices
    - o The business of HomeServices and certain of its real estate brokerage subsidiaries
    - o The general operational independence of HomeServices subsidiary brokerages
    - o The fact that HomeServices does not as a matter of course create sales professional training content for the independent contractor sales agents that are engaged by its real estate subsidiaries, or conduct such trainings
    - o Participation/lack of participation in NAR relevant to allegations in Plaintiffs' Amended Complaint
    - o NAR rulemaking process
    - o NAR structure
    - o HomeServices' policies, if any, relevant to Plaintiffs' Amended Complaint
    - o The absence of any anticompetitive agreement among Defendants or others as alleged in Plaintiffs' Amended Complaint
    - o Pro-competitive justifications for HomeServices' business decisions relevant to Plaintiffs' Amended Complaint
    - o Licensed residential real estate brokerage services offered by independent contractor real estate agents generally
    - o The historical and current operation and practices of residential real estate markets generally
    - o The process by which listing and buyer broker residential real estate commissions are established generally
    - o The forms and nature of competition in residential real estate generally
- **Bob Moline**, c/o undersigned, former President of HomeServices
    - o The business of HomeServices
    - o HomeServices' corporate origins
    - o HomeServices' relationship with HSF and BHH
    - o HomeServices' relationship with real estate brokerage subsidiaries that have operations in the geographic area of one or more of the Subject MLSs identified in Plaintiffs' Amended Complaint
    - o The general operational independence of HomeServices subsidiary brokerages, including that commission and cooperative compensation are matters that such subsidiaries handle independently and in various ways in the course of their respective operations

- The fact that HomeServices does not as a matter of course create sales professional training content for the independent contractor sales agents that are engaged by its real estate subsidiaries, or conduct such trainings
- The fact that HomeServices itself is not a franchisor; HomeServices' relationship to real estate brokerages franchised by HomeServices' affiliates that have operations in the geographic area of one or more of the Subject MLSs identified in Plaintiffs' Amended Complaint
- Participation/lack of participation in NAR relevant to allegations in Plaintiffs' Amended Complaint
- HomeServices' policies, if any, relevant to Plaintiffs' Amended Complaint
- HomeServices' interaction, if any, with Local Realtor® associations in Missouri and the Subject MLSs
- The absence of any anticompetitive agreement among Defendants or others as alleged in Plaintiffs' Amended Complaint
- Pro-competitive justifications for HomeServices' business decisions relevant to Plaintiffs' Amended Complaint
- Licensed residential real estate brokerage services offered by independent contractor real estate agents generally
- The historical and current operation and practices of residential real estate markets generally
- The process by which listing and buyer broker residential real estate commissions are established generally
- The forms and nature of competition in residential real estate generally

- **Ron Peltier**, c/o undersigned, Chairman of HomeServices
  - The business of HomeServices
  - HomeServices' corporate origins
  - HomeServices' relationship with HSF and BHH
  - HomeServices' relationship with real estate brokerage subsidiaries that have operations in the geographic area of one or more of the Subject MLSs identified in Plaintiffs' Amended Complaint
  - The general operational independence of HomeServices subsidiary brokerages, including that commission and cooperative compensation are matters that such subsidiaries handle independently and in various ways in the course of their respective operations
  - The fact that HomeServices does not as a matter of course create sales professional training content for the independent contractor sales agents that are engaged by its real estate subsidiaries, or conduct such trainings
  - The fact that HomeServices itself is not a franchisor; HomeServices' relationship to real estate brokerages franchised by HomeServices' affiliates that have operations in the geographic area of one or more of the Subject MLSs identified in Plaintiffs' Amended Complaint
  - Participation/lack of participation in NAR relevant to allegations in Plaintiffs' Amended Complaint
  - HomeServices' policies, if any, relevant to Plaintiffs' Amended Complaint
  - The absence of any anticompetitive agreement among Defendants or others as alleged in Plaintiffs' Amended Complaint

- o Pro-competitive justifications for HomeServices' business decisions relevant to Plaintiffs' Amended Complaint
  - o Licensed residential real estate brokerage services offered by independent contractor real estate agents generally
  - o The historical and current operation and practices of residential real estate markets generally
  - o The process by which listing and buyer broker residential real estate commissions are established generally
  - o The forms and nature of competition in residential real estate generally
- **_Gino Blefari_**, c/o undersigned, CEO of HomeServices and former executive with HSF and BHH
  - o The business of HomeServices
  - o HomeServices' relationship with HSF and BHH
  - o HomeServices' relationship with real estate brokerage subsidiaries that have operations in the geographic area of one or more of the Subject MLSs identified in Plaintiffs' Amended Complaint
  - o The general operational independence of HomeServices subsidiary brokerages, including that commission and cooperative compensation are matters that such subsidiaries handle independently and in various ways in the course of their respective operations
  - o The fact that HomeServices itself is not a franchisor; HomeServices' relationship to real estate brokerages franchised by BHH that have operations in the geographic area of one or more of the Subject MLSs identified in Plaintiffs' Amended Complaint
  - o The business of BHH
  - o Participation/lack of participation in NAR relevant to allegations in Plaintiffs' Amended Complaint
  - o HomeServices Defendants' policies, if any, relevant to Plaintiffs' Amended Complaint
  - o The purpose, content, and nature of training provided to BHH franchisees and the lack of training provided by HSoA to its real estate brokerage subsidiariesThe absence of any anticompetitive agreement among Defendants or others as alleged in Plaintiffs' Amended Complaint
  - o Pro-competitive justifications for HomeServices' business decisions relevant to Plaintiffs' Amended Complaint
  - o Licensed residential real estate brokerage services offered by independent contractor real estate agents generally
  - o The historical and current operation and practices of residential real estate markets generally
  - o The process by which listing and buyer broker residential real estate commissions are established generally
  - o The forms and nature of competition in residential real estate generally
- **_Alex Seavall_**, c/o undersigned, CFO of HomeServices
  - o Financial and transactional data relating to HomeServices
  - o HomeServices' lack of participation in NAR
  - o Lack of an anticompetitive agreement between Defendants and anyone else as alleged in Plaintiffs' Amended Complaint

- ***Steven Ladd***, c/o undersigned, Senior VP and Chief Financial Officer at HSF
  - The business of HSF and BHH and its financial performance
  - HSF's and BHH's lack of participation in NAR
  - Lack of an anticompetitive agreement between Defendants and anyone else as alleged in Plaintiffs Amended Complaint
- ***Bob Watson***, c/o undersigned, VP of Global Network Service at HSF
  - BHH's training and resources content for franchisees
- ***Mike Frazier***, c/o undersigned, President and CEO of ReeceNichols
  - The business of ReeceNichols
  - Basic facts relating to ReeceNichols' corporate origins
  - The fact that ReeceNichols is jointly operated with BHH KC Real Estate, LLC d/b/a Berkshire Hathaway HomeServices Kansas City Realty ("BHHS KC")
  - ReeceNichols' relationships with HomeServices and BHH
  - ReeceNichols' independence in terms of its own day-to-day brokerage operations,
  - The fact that ReeceNichols' sales agents are independent contractors
  - General facts regarding the forms and nature of competition in ReeceNichols' markets
  - Lack of direction from the HomeServices Defendants on relevant topics (including whether to join any of the Subject MLSs, regarding cooperative offers of compensation, what commission policy to establish, whether to comply with the NAR Handbook on Multiple Listing Policy)
  - The fact that HomeServices does not as a matter of course create sales professional training content for the independent contractor sales agents that are engaged by its real estate subsidiaries, or conduct such trainings
- ***Krista Wilson***, c/o undersigned, Senior VP at ReeceNichols
  - The day-to-day business of ReeceNichols
  - ReeceNichols' independence in terms of its own day-to-day brokerage operations
  - Facts regarding ReeceNichols' managers and sales agents (such as agents' independent contractor status, professional training, ways in which they compete for business and work with clients, client-service approach, varied service offerings, compensation, agent-brokerage splits, agent recruiting and retention issues and the ways in which managers may interact with such matters)
  - ReeceNichols brokerage forms and policies
  - Facts regarding buyers and sellers in ReeceNichols' market (e.g., that many buyers have limitations on the amount of cash they have to work with)
  - Lack of direction from HomeServices on relevant topics (including whether to join any of the Subject MLSs or to follow NAR rules)
- ***Don Burns***, c/o undersigned, Senior VP at ReeceNichols
  - The day-to-day business of ReeceNichols
  - ReeceNichols' independence in terms of its own day-to-day brokerage operations
  - Facts regarding ReeceNichols' managers and sales agents (such as agents' independent contractor status, professional training, ways in which they compete for business and work with clients, client-service approach, varied service offerings, compensation, agent-brokerage splits, agent recruiting and retention issues and the ways in which managers may interact with such matters)
  - ReeceNichols brokerage forms and policies

- o Facts regarding buyers and sellers in ReeceNichols' market (e.g., that many buyers have limitations on the amount of cash they have to work with)
  - o Lack of direction from HomeServices on relevant topics (including whether to join any of the Subject MLSs or to follow NAR rules)
- **Kevin Goffstein**, c/o undersigned, President of Greater Metro, LLC dba Berkshire Hathaway HomeServices Alliance Real Estate ("BHHS Alliance")
  - o The business of BHHS Alliance
  - o Basic facts relating to BHHS Alliance's corporate origins
  - o BHHS Alliance's relationships with HomeServices and BHH
  - o BHHS Alliance's independence in terms of its own day-to-day brokerage operations
  - o The fact that BHHS Alliance's sales agents are independent contractors
  - o General facts regarding the forms and nature of competition in BHHS Alliance's markets
  - o Lack of direction from the HomeServices Defendants on relevant topics (including whether to join any of the Subject MLSs, regarding cooperative offers of compensation, what commission policy to establish, whether to comply with the NAR Handbook on Multiple Listing Policy)
  - o Facts regarding former BHHS Alliance employee Bruce Aydt
- **Bob Bax,** c/o undersigned, General Manager of BHHS Alliance
  - o The day-to-day business of BHHS Alliance
  - o BHHS Alliance's independence in terms of its own day-to-day brokerage operations
  - o Facts regarding BHHS Alliance managers and sales agents
  - o BHHS Alliance brokerage forms and policies
  - o Facts regarding buyers and sellers in BHHS Alliance market
  - o Lack of direction from HomeServices Defendants on relevant topics (including whether to join any of the Subject MLSs or to follow NAR rules)
- **Sharon Millett**, c/o NAR Counsel, Former NAR Executive
  - o History of Cooperative Compensation Rule and predecessor practices
  - o Reason and benefits for changes in Cooperative Compensation Rule
  - o Procedure for changes in Cooperative Compensation Rule
  - o NAR historical structure, policies, and rules
  - o Benefits of buyer brokers
- **Andrew Bash**, 816.868.5888, Real Estate Professional
  - o Negotiability of commission rates
  - o Benefits of buyer brokers
  - o Named Plaintiffs' transactions and experiences
  - o Typical duties and roles of brokers
  - o Typical structure of real estate transaction
  - o Implementation of NAR rules
- **Michael Zouglas**, c/o MEADOR LAW FIRM, 1420 Strassner Drive, St. Louis, MO 63144, Real Estate Professional
  - o Negotiability of commission rates
  - o Benefits of buyer brokers
  - o Named Plaintiffs' transactions and experiences

- o Typical duties and roles of brokers
- o Typical structure of real estate transaction
- o Implementation of NAR rules
- ***William Fried***, 140 Walnut Street, Englewood, New Jersey 07631, Consultant for REX
    - o Lack of qualifications of William Fried
    - o Lack of methodology for selection of REX Real Estate phone calls
    - o Lack of statistical representativeness for selection of REX Real Estate phone calls
    - o Lack of permissible conclusion to be drawn from REX Real Estate phone calls
    - o Biased selection protocol for "sample" of REX Real Estate phone calls
    - o Content of missing REX Real Estate phone calls
- ***Linda O'Connor***
    - o Lack of qualifications to issue opinions regarding antitrust matters
    - o Lack of consideration of all relevant factors before issuing purported antitrust opinions
    - o Lack of basis for and reliability of purported antitrust opinion
    - o Personal background
- ***Travis Robertson/The Don't Settle Group***, 114 W Denbas Street, Saint Martinville, LA 70582 or 2901 Stirling Road, #307, Ft. Lauderdale, FL 33312
    - o Benefits of buyer broker commission offer
    - o Value of real estate agent services
    - o Real estate agent referral and marketing practices
    - o Real estate practices
    - o Real estate training
    - o Real estate commissions and offers
    - o Negotiations of real estate commissions
- ***Parikshat Chawla***, Director of Leading Real Estate Companies of the World (potentially via declaration)
    - o Real estate practices in Singapore
- ***Scott Burnett***, c/o Plaintiffs' Counsel, Named Plaintiff
    - o Claimed damages, lack of damage, and net benefit
    - o Allegations in the Third Amended Complaint
    - o Home sale transactions
    - o Home purchase transactions
    - o Benefits of buyer brokers
- ***Rhonda Burnett***, c/o Plaintiffs' Counsel, Named Plaintiff
    - o Claimed damages, lack of damage, and net benefit
    - o Allegations in the Third Amended Complaint
    - o Home sale transactions
    - o Home purchase transactions
    - o Benefits of buyer brokers
- ***Amy Winger***, c/o Plaintiffs' Counsel, Named Plaintiff
    - o Claimed damages, lack of damage, and net benefit
    - o Allegations in the Third Amended Complaint
    - o Home sale transactions
    - o Home purchase transactions

- o Benefits of buyer brokers
- *Joshua Sitzer*, c/o Plaintiffs' Counsel, Named Plaintiff
  - o Claimed damages, lack of damage, and net benefit
  - o Allegations in the Third Amended Complaint
  - o Home sale transactions
  - o Home purchase transactions
  - o Benefits of buyer brokers
- *Ryan Hendrickson*, c/o Plaintiffs' Counsel, Named Plaintiff
  - o Claimed damages, lack of damage, and net benefit
  - o Allegations in the Third Amended Complaint
  - o Home sale transactions
  - o Home purchase transactions
  - o Benefits of buyer brokers
- *Jeremy Keel*, c/o Plaintiffs' Counsel, Named Plaintiff
  - o Claimed damages, lack of damage, and net benefit
  - o Allegations in the Third Amended Complaint
  - o Home sale transactions
  - o Home purchase transactions
  - o Benefits of buyer brokers
- *Jerod Breit*, c/o Plaintiffs' Counsel, Named Plaintiff
  - o Claimed damages, lack of damage, and net benefit
  - o Allegations in the Third Amended Complaint
  - o Home sale transactions
  - o Home purchase transactions
  - o Benefits of buyer brokers
- *Scott Trupiano*, c/o Plaintiffs' Counsel, Named Plaintiff
  - o Claimed damages, lack of damage, and net benefit
  - o Allegations in the Third Amended Complaint
  - o Home sale transactions
  - o Home purchase transactions
  - o Benefits of buyer brokers
- *Shelly Dreyer*, c/o Plaintiffs' Counsel, Named Plaintiff
  - o Claimed damages, lack of damage, and net benefit
  - o Allegations in the Third Amended Complaint
  - o Home sale transactions
  - o Home purchase transactions
  - o Benefits of buyer brokers
- *Hollee Ellis*, c/o Plaintiffs' Counsel, Named Plaintiff
  - o Claimed damages, lack of damage, and net benefit
  - o Allegations in the Third Amended Complaint
  - o Home sale transactions
  - o Home purchase transactions
  - o Benefits of buyer brokers
- *Frances Harvey*, c/o Plaintiffs' Counsel, Named Plaintiff
  - o Claimed damages, lack of damage, and net benefit
  - o Allegations in the Third Amended Complaint

- o Home sale transactions
- o Home purchase transactions
- o Benefits of buyer brokers
- *All witnesses identified by Plaintiffs in their initial disclosures*
  - o Allegations in Plaintiffs' Amended Complaint, alleged damages and lack of an anticompetitive agreement between Defendants and anyone else as alleged in Plaintiffs' Amended Complaint
  - o Topics listed by Plaintiffs
- *All witnesses identified by other Defendants in their initial disclosures*
  - o Lack of an anticompetitive agreement between Defendants and anyone else as alleged in Plaintiffs' Amended Complaint
  - o Topics listed by other Defendants
- *Nonparty brokers and agents engaged in the residential real estate business in Missouri*
  - o Information on the Missouri real estate market
  - o Access to the Subject MLSs
  - o Competition in the Missouri residential real estate market
  - o Commissions and offers of compensation in parts of Missouri
- *Representatives from MLSs in Missouri, including the Heartland MLS, the MARIS MLS, Southern Missouri Regional MLS and the CBOR MLS*
  - o Information on the Missouri residential real estate market
  - o NAR rules
  - o Access to and operation of the MLS
  - o Offers of compensation to buyer brokers and commissions in parts of Missouri
  - o Lack of an anticompetitive agreement between Defendants and anyone else as alleged in Plaintiffs' Amended Complaint
  - o Reasons and benefits of NAR and MLS Rules
- *Representatives from Realtor associations operating in Missouri*
  - o Information on the Missouri residential real estate market
  - o NAR rules
  - o Access to and operation of the MLS Offers of compensation to buyer brokers and commissions in parts of Missouri
  - o Lack of an anticompetitive agreement between Defendants and anyone else as alleged in Plaintiffs' Amended Complaint
- *Representatives from NW MLS and West Penn MLS and REBNY*
  - o Brokerage practices in these MLSs
  - o Rules in these MLSs
  - o History of these MLSs
  - o Cooperative compensation in these MLSs
  - o Commission rates in these MLSs
- *Representatives from NAR*
  - o Lack of an anticompetitive agreement between Defendants (or any particular defendant) and anyone else as alleged in Plaintiffs' Amended Complaint
  - o NAR rules relevant to Plaintiffs' allegations in the Amended Complaint, including historical versions and rulemaking procedures
  - o Structure and operations of NAR

- *Representatives from Co-Defendants*
  - Lack of an anticompetitive agreement between Defendants and anyone else as alleged in Plaintiffs' Amended Complaint
- *Individuals with current or former affiliation with a HomeServices Defendant who participated in NAR or local realtor association governance*
  - Participation/lack of participation in NAR relevant to allegations in Plaintiffs' Amended Complaint
  - NAR rulemaking process
  - Personal motivation for such participation
- *Members of leadership and/or management from HomeServices non-Missouri brokerage subsidiaries*
  - Independence and variation in terms of their own day-to-day brokerage operations
  - Lack of direction from HomeServices Defendants on relevant topics (including whether to join any of the Subject MLSs or to follow NAR rules)
- *All professionals, including real estate professionals, brokers, agents, attorneys, and all others, who assisted any Plaintiff with any real estate transaction.*
  - These individuals may have knowledge about each Plaintiff's real estate transaction and any negotiations with the Plaintiff, and his or her broker or agent, and/or with the buyer of Plaintiff's real estate, and the buyer's broker or agent, and any communications and negotiations among all or some subset of those persons.
- *All professionals, including real estate professionals, brokers, agents, attorneys, and all others, who assisted the actual or prospective buyers of any Plaintiff's real estate transactions.*
  - These individuals may have knowledge about each buyer's real estate transaction with Plaintiff and any negotiations with the Plaintiff, and his or her broker or agent, and/or with the buyer's broker or agent, and any communications and negotiations among all or some subset of those persons.
- *Expert witnesses*, c/o their respective parties, topics covered in their expert reports and depositions
  - **Lauren Stiroh**
  - **Lawrence Wu**
  - **Brian Cannan**
  - **Brian Montgomery**
  - **David Stevens**
  - **Dan Sight**
  - **Stephen McWilliam**
  - **Walter Clements**
  - **Sarah Butler**
  - **Craig Schulman**
  - **Doug Minor**
  - **Jeff Rothbart**
  - **Roger Alford**
  - **Todd Reynolds**
  - **Any other expert who submits a report or disclosure in this case**

- *Any person who has been deposed in this case.*
- *Any person who submitted a declaration in this case.*
- *Individuals listed on any other party's initial disclosures, or any party's witness list, or identified in any document filed with the Court in this case.*
- *Records custodians.*
- *Any other individuals identified during the course of discovery.*

The HomeServices Defendants may also rely upon other witnesses identified during discovery and disclosed expert witnesses to support its claims and defenses.

B. A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

**RESPONSE**: The HomeServices Defendants may use any of the following documents to support their defenses.

- The HomeServices Defendants' relevant organizational charts.

- Communications, if any, between any HomeServices Defendant and its subsidiary real estate brokerages and subsidiary franchisors that operate in the relevant geographical area of the Subject MLSs, regarding NAR rules that are the subject of Plaintiffs' Amended Complaint and interaction with local Missouri Realtor associations or the Subject MLSs.

- Documents showing the relationships and interaction, if any, between and among any HomeServices Defendant, its subsidiary brokers and franchisors and/or independent residential real estate agents, that operate in the relevant geographical area of the Subject MLSs with respect to residential real estate transactions.

- Documents sufficient to show any arbitration or other alternative dispute resolution provisions applicable to members of the class.

- Documents, if any, reflecting communications between any HomeServices Defendant and any person alleged in Plaintiffs' Amended Complaint to have been acting for or at the direction of HomeServices with respect to the claimed Challenged Restraints, NAR activities, or MLS activities.

- NAR Handbook on Multiple Listing Policy, including all historical versions.

- NAR Code of Ethics and Standards of Practice, including all historical versions.
- NAR Case Interpretations of the Code of Ethics and related documents reflecting NAR's interpretations of the rule at issue, including all historical versions.
- NAR Answer Book, including all historical versions.
- NAR surveys.
- NAR Presidential Advisory Group Reports and related documents.
- Industry literature.
- Newspaper articles, including archived versions.
- News accounts, journal articles, books, and court documents regarding broker practices throughout the twenty-first, twentieth, and nineteenth centuries, including archived versions.
- The 1983 FTC Report (NARSITZER0000165422), and the paper cited in footnote 500, B. Brown and E. Green, *The Role of the Broker in Residential Real Estate Transactions* (1979)[1]
- Internet websites, including archived versions.
- Documents relating to real estate practices in any foreign purported "benchmark" country identified by Plaintiffs.
- Transaction data of any defendant.
- Any transaction data produced by any MLS in this case or by any other third party in this case.
- Financial records of any defendant.
- The missing REX phone calls.
- Documents relating to Plaintiffs' home sale or home purchase transactions.
- Documents produced by defendants in this litigation
- Documents produced by plaintiffs in this litigation
- Documents produced by third parties in response to subpoenas served in this litigation
- Documents considered or relied upon by any expert witness in this litigation.
- Documents used as deposition exhibits in this litigation or filed in conjunction with any briefing in this litigation.

---

[1] *Available at* https://www.google.com/books/edition/California_Court_of_Appeal_4th_Appellate/JHggPLC2jaAC?hl=en&gbpv=1&pg=PA23&printsec=frontcover.

- Documents cited in any written discovery requests or responses in this litigation.
- Any document relating to the Complaint or the allegations therein.
- Any document filed with the Court in this case.
- Any document produced during discovery in this case, documents listed in Defendants' or Plaintiffs' initial disclosures, discovery responses, and deposition transcripts from this case.
- Any document on any party's exhibit list.
- Expert reports, including any materials cited in expert reports and any "turned over" data or documents.
- Deposition transcripts.
- Records custodian declarations.
- Business records authenticated by a declarant.
- Rule 1006 summaries.
- The HomeServices Defendants reserve the right to use, and therefore incorporates herein by reference, any of the documents produced or identified by any party in their initial disclosures, written discovery, document productions, or deposition testimony.

C. A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

**RESPONSE**: No supplement at this time.

D. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE**: No supplement at this time.

\* \* \*

Dated: September 21, 2022

*Counsel for Defendants Homeservices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC*

By: /s/ Robert D. MacGill
Brian C. Fries
bfries@lathropgage.com
LATHROP GAGE LLP - KCMO
2345 Grand Avenue, Suite 2200
Kansas City, MO 64108-2618
(816) 292-2000

Robert D. MacGill, *pro hac vice*
Matthew T. Ciulla, *pro hac vice*
Scott E. Murray, *pro hac vice*
Robert.MacGill@MacGillLaw.com
Matthew.Ciulla@MacGillLaw.com
MacGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
(317) 721-1253

Jay N. Varon, *pro hac vice*
Jennifer M. Keas, *pro hac vice*
jvaron@foley.com
jkeas@foley.com
FOLEY & LARDNER LLP
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 672-5300

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served upon all counsel of record via email on September 21, 2022.

/s/Robert D. MacGill

One of HomeServices of America, Inc.'s Attorneys