# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOSHUA SITZER AND AMY WINGER, SCOTT AND RHONDA BURNETT, AND RYAN HEDRICKSON, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATIES, LLC, HSF AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX, LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>　　　　Defendants. | No: 4:19-cv-00332-SRB<br><br>Judge Stephen R. Bough |

## DEFENDANT RE/MAX, LLC'S RULE 26(A)(1) DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a)(1), Defendant RE/MAX, LLC ("RMLLC") makes the following disclosures to all parties. RMLLC provides these disclosures subject to and without waiving any applicable privilege, doctrine, or right, including the attorney-client privilege, the work product doctrine, and all other rights and privileges recognized under the laws of the United States, the State of Missouri, and all relevant jurisdictions. By making these disclosures, RMLLC does not concede the relevance or admissibility of any particular information, nor does it waive any objection to any discovery request that any party may serve in the course of this litigation. RMLLC makes these disclosures based on information currently and reasonably available to it. RMLLC reserves the right to supplement, amend, or correct this information in accordance with

Fed. R. Civ. P. 26(e) and to present additional evidence to support its claims and defenses with any filing or during any proceeding in this action, including trial.

### A. Individuals Likely to Have Discoverable Information

RMLLC discloses the following individuals that are likely to have discoverable information that RMLLC may use to support its claims and defenses in this case. Employees of RMLLC and RE/MAX Holdings, Inc. may be contacted through RMLLC's counsel, Jones Day, 77 West Wacker Drive, Chicago, Illinois, 60601, 312-782-3939. By identifying these individuals, RMLLC does not consent to or authorize any communications by Plaintiffs' counsel with any employee of RMLLC or any other individual or entity represented by counsel for RMLLC, and does not consent to or authorize any communications otherwise prohibited by all applicable rules of professional conduct.

1. **Joshua Sitzer**, *Plaintiff*
   Mr. Sitzer has knowledge of the allegations and claimed damages set forth in the First Amended Class Action Complaint (the "Complaint"). Mr. Sitzer may be contacted through Plaintiffs' counsel.

2. **Amy Winger**, *Plaintiff*
   Ms. Winger has knowledge of the allegations and claimed damages set forth in the Complaint. Ms. Winger may be contacted through Plaintiffs' counsel.

3. **Scott Burnett**, *Plaintiff*
   Mr. Burnett has knowledge of the allegations and claimed damages set forth in the Complaint. Mr. Burnett may be contacted through Plaintiffs' counsel.

4. **Rhonda Burnett**, *Plaintiff*
   Ms. Burnett has knowledge of the allegations and claimed damages set forth in the Complaint. Ms. Burnett may be contacted through Plaintiff's counsel.

5. **Ryan Hedrickson**, *Plaintiff*
   Mr. Hedrickson has knowledge of the allegations and claimed damages set forth in the Complaint. Mr. Hedrickson may be contacted through Plaintiffs' counsel.

6. **All professionals, including real estate professionals, attorneys, and all others, who assisted any Plaintiff with any real estate transaction**
These individuals may have knowledge about each Plaintiff's real estate transactions and any negotiations with the Plaintiff and/or with the buyer of Plaintiff's real estate. Contact information for such individuals is unknown at this time.

7. **Representatives of the Heartland MLS**
These individuals may have knowledge of the Heartland MLS's adoption and implementation, if any, of the rules in NAR's Handbook on Multiple Listing Policy ("Handbook"), NAR's Code of Ethics, and NAR's Standards of Practice, and the use of its MLS for disclosure of commissions. Contact information for such individuals is unknown at this time.

8. **Representatives of the Mid America Regional Information System ("MARIS") MLS**
These individuals may have knowledge of the MARIS MLS's adoption and implementation, if any, of the rules in NAR's Handbook, NAR's Code of Ethics, and NAR's Standards of Practice, and the use of its MLS for disclosure of commissions. Contact information for such individuals is unknown at this time.

9. **Representatives of the Southern Missouri Regional MLS**
These individuals may have knowledge of the Southern Missouri Regional MLS's adoption and implementation, if any, of the rules in NAR's Handbook, NAR's Code of Ethics, and NAR's Standards of Practice, and the use of its MLS for disclosure of commissions. Contact information for such individuals is unknown at this time.

10. **Representatives of the Columbia Board of Realtors MLS**
These individuals may have knowledge of the Columbia Board of Realtors MLS's adoption and implementation, if any, of the rules in NAR's Handbook, NAR's Code of Ethics, and NAR's Standards of Practice, and the use of its MLS for disclosure of commissions. Contact information for such individuals is unknown at this time.

11. **Representatives of real estate associations operating in the Subject MLSs**
These individuals may have knowledge regarding the adoption, implementation, and enforcement, if any, of the rule Plaintiffs refer to as the "Adversary Commission Rule," and operation of the local MLS. Contact information for such individuals is unknown at this time.

12. **Representatives of the National Association of REALTORS® (NAR)**
These individuals may have knowledge of NAR's Handbook, NAR's Code of Ethics, and NAR's Standards of Practice; the adoption and history of the rule referred to by Plaintiffs as the "Adversary Commission Rule"; the 2015 report referenced in ¶ 14 of the Complaint; availability of MLS data to third-party websites and consumers, as referred to in ¶ 103 of the Complaint; and the extent

- 3 -
Case 4:19-cv-00332-SRB   Document 1128-6   Filed 09/07/23   Page 3 of 9

of RMLLC's involvement with NAR. Such representatives may be contacted through NAR's counsel.

13. **Representatives of all Defendants**
    These individuals may have knowledge of the absence of any agreement among Defendants regarding the rule Plaintiffs refer to as the "Adversary Commission Rule." Such representatives may be contacted through each Defendant's respective counsel.

14. **Dave Liniger**, *Chairman of the Board & Co-Founder, RE/MAX Holdings, Inc.*
    Mr. Liniger may have knowledge of the extent of RMLLC's involvement with NAR; the absence of any agreement among Defendants, alleged co-conspirators, or anyone else regarding the rule Plaintiffs refer to as the "Adversary Commission Rule"; RMLLC's corporate structure; and RMLLC's business.

15. **Adam Contos**, *Chief Executive Officer, RE/MAX Holdings, Inc.*
    Mr. Contos may have knowledge of the extent of RMLLC's involvement with NAR; the absence of any agreement among Defendants, alleged co-conspirators, or anyone else regarding the rule Plaintiffs refer to as the "Adversary Commission Rule"; RMLLC's corporate structure; RMLLC's business; and RMLLC's relationship with franchisees.

16. **Serene Smith**, *Chief Operating Officer, RE/MAX Holdings, Inc.*
    Ms. Smith may have knowledge of the extent of RE/MAX's involvement with NAR; the absence of any agreement among Defendants, alleged co-conspirators, or anyone else regarding the rule Plaintiffs refer to as the "Adversary Commission Rule"; RMLLC's corporate structure; RMLLC's business; and RMLLC's relationship with franchisees.

17. **Nick Bailey**, *Chief Customer Officer, RE/MAX Holdings, Inc.*
    Mr. Bailey may have knowledge of RMLLC's relationship with franchisees; the extent of RMLLC's involvement with NAR; the absence of any agreement among Defendants, alleged co-conspirators, or anyone else regarding the rule Plaintiffs refer to as the "Adversary Commission Rule"; RMLLC's corporate structure; and RMLLC's business.

18. **Amy Somerville**, *Senior Vice President, Professional Development & Engagement, RMLLC*
    Ms. Somerville may have knowledge of RMLLC's relationship with franchisees; the extent of RE/MAX's involvement with NAR; the absence of any agreement among Defendants, alleged co-conspirators, or anyone else regarding the rule Plaintiffs refer to as the "Adversary Commission Rule"; RMLLC's corporate structure; and RMLLC's business.

19. **Genevieve Lawrence**, *Director, Business Data Analytics, RMLLC*
    Ms. Lawrence has knowledge of RMLLC's information systems and available data.

20. **Any witness identified by any other party**
    These individuals may have knowledge of the allegations and claimed damages set forth in the Complaint; the lack of any agreement among Defendants regarding the rule Plaintiffs refer to as the "Adversary Commission Rule"; and defenses to the Complaint.

In addition to the individuals listed above, RMLLC may rely upon one or more additional individuals that are identified by the parties during the course of discovery, as well as expert witnesses to be identified in accordance with any scheduling orders, to support RMLLC's claims and defenses. RMLLC will also rely on any additional witnesses necessary for impeachment or rebuttal.

### B. Documents, Electronically Stored Information, and Tangible Things RMLLC May Use to Support Its Claims and Defenses

Based on information currently and reasonably available, RMLLC identifies the following categories of non-privileged documents, electronically stored information, and tangible things within RMLLC's possession, custody, or control that it may use to support its claims and defenses, other than solely for impeachment.

1. Agreements between RMLLC and its franchisees or sub-franchisors, and agreements between RMLLC's sub-franchisors and their franchisees, believed to be operating within the Subject MLSs.

2. Franchise Disclosure Documents for the geographic areas believed to be covered by the Subject MLSs.

3. Manuals, policies, and guidelines that RMLLC franchisees believed to be operating in the Subject MLSs are required to follow.

4. Mandatory training materials provided by RMLLC to its franchisees believed to be operating within the Subject MLSs.

5. Communications regarding RMLLC's relationship with those franchisees or sub-franchisors that are related to the claims or defenses in the litigation.

6. Communications among RMLLC employees, if any, relevant to the claims and defenses in the litigation regarding NAR, NAR rules, RMLLC's lack of control over franchisees and sub-franchisors, and other allegations of the Complaint.

7. Internal reports and assessments regarding the real estate industry, including methods for selling homes, the home sale and purchase process, and compensation for real estate services.

8. Third party reports and assessments regarding the real estate industry, including methods for selling homes, the home sale and purchase process, and compensation for real estate services.

9. The data RMLLC receives from franchisees relevant to the allegations of the Complaint.

**C.      Computation of Damages**

RMLLC does not allege any damages at this time but reserves the right to do so, as well as seek the right to seek any costs or attorneys' fees incurred in connection with its defense of this action.  Further, RMLLC denies liability to Plaintiffs for any damages.

**D.      Applicable Insurance Agreements**

Based on RMLLC's present insurance and applicable deductibles, no insurance carrier would be liable to satisfy part or all of any likely judgment that may be entered in this action, or to indemnify or reimburse for payments made to satisfy any likely judgment.

Dated: September 20, 2019	Respectfully submitted,

*/s/ Paula W. Render*
Paula W. Render (*Pro Hac Vice*)
 prender@jonesday.com
Erin L. Shencopp (*Pro Hac Vice*)
 eshencopp@jonesday.com
Odeshoo Hasdoo (*Pro Hac Vice*)
 ehasdoo@jonesday.com
JONES DAY
77 W Wacker, Suite 3500
Chicago, Illinois 60601
Tel: (312) 782-3939
Fax: (312) 782-8585

and

 */s/ Danne W. Webb*
 Danne W. Webb (MO #39384)
 Andrea S. McMurtry (MO#62495)
 HORN AYLWARD & BANDY, LLC
 2600 Grand Blvd., Suite 1100
 Kansas City, MO  64108
 Telephone: (816) 421-0700
 Facsimile: (816) 421-0899
 Email:  dwebb@hab-law.com
 Email:  amcmurtry@hab-law.com

*Attorneys for Defendant RE/MAX, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2019, I served Defendant RE/MAX, LLC's Rule 26(a)(1) Disclosures on the following counsel of record via U.S. Mail, postage prepaid and email:

**PLAINTIFFS**
Amy R. Jackson
 amy@williamsdirks.com
Courtney Marie Stout
 cstout@williamsdirks.com
Eric L. Dirks
 dirks@williamsdirks.com
Matthew Lee Dameron
 matt@williamsdirks.com
WILLIAMS DIRKS DAMERON LLC
1100 Main St, Suite 2600
Kansas City, MO 64105
(816) 945-7118

Erin D. Lawrence
 erin@boulware-law.com
Jeremy M. Suhr
 jeremy@boulware-law.com
Brandon J.B. Boulware
 brandon@boulware-law.com
BOULWARE LAW LLC
1600 Genessee, Suite 416
Kansas City, MO 64102
(816) 492-2826


**NATIONAL ASSOCIATION OF REALTORS**
Charles W. Hatfield
 chuck.hatfield@stinsonleonard.com
Alex Barrett
 alexander.barrett@stinson.com
STINSON LLP – JC
230 W McCarty St
Jefferson City, MO 65101
(573) 636-6263

**HOMESERVICES OF AMERICA, INC.**
Brian C. Fries
 bfries@lathropgage.com
LATHROP GAGE LLP
2345 Grand Ave, Suite 2200
Kansas City, MO 64108
(816) 292-2000

Matthew B. Barr
 matthew.barr@btlaw.com
Matthew T. Ciulla
 matthew.ciulla@btlaw.com
Karoline E. Jackson
 kjackson@btlaw.com
Robert D. MacGill
 robert.macgill@btlaw.com
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
(317) 231-6498

Jay N. Varon
 jvaron@foley.com
Jennifer M. Keas
 jkeas@foley.com
FOLEY AND LARDNER LLP
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 672-5436


**KELLER WILLIAMS REALTY, INC.**
David R. Buchanan
 dbuchanan@bjpc.com
BROWN & JAMES, PC
2345 Grand Blvd, Suite 2100
Kansas City, MO 64108
(816) 472-0800

Gregory Dickinson
 gdickinson@schiffhardin.com
Jack R. Bierig
 jbierig@schiffhardin.com
SCHIFF HARDIN LLP
233 S Wacker, Suite 6600
Chicago, IL 60606
(312) 258-5641


**REALOGY HOLDINGS CORP.**
Kenneth M. Kliebard
 Kenneth.kliebard@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
77 W Wacker Dr
Chicago, IL 60601
(312) 324-1774

Stacey A. Mahoney
 Stacey.mahoney@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
101 Park Ave
New York, NY 10178
(212) 209-6000

Megan J. Ochs
 mochs@armstrongteasdale.com
Karrie J. Clinkinbeard
 kclinkinbeard@armstrongteasdale.com
ARMSTRONG TEASDALE LLP
2345 Grand Blvd, Suite 1500
Kansas City, MO 64108
(816) 221-3420

Anna P. Hayes
 anna.hayes@hklaw.com
David C. Kully
 david.kully@hklaw.com
HOLLAND & KNIGHT LLP
800 17th St NW, Suite 1100
Washington, DC 20006
(202) 469-5441

Martin G. Durkin, Jr.
 martin.durkin@hklaw.com
Timothy Ray
 timothy.ray@hklaw.com
William F. Farley
 william.farley@hklaw.com
HOLLAND & KNIGHT LLP
150 N Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600

*/s/ Eddie Hasdoo*
Eddie Hasdoo (IL #6317518)

*An Attorney for Defendant RE/MAX, LLC*