# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SCOTT AND RHONDA BURNETT, RYAN HENDRICKSON, JAROD BREIT, SCOTT TRUPIANO, JEREMY KEEL, FRANCES HARVEY, and HOLLEE ELLIS, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.<br><br>    Defendants. | Case No.: 4:19-cv-00332-SRB<br><br>CLASS ACTION |

## DEFENDANT KELLER WILLIAMS REALTY, INC.'S SUPPLEMENTAL INITIAL DISCLOSURES

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendant Keller Williams Realty, Inc. ("Keller Williams"), by undersigned counsel, hereby submits its supplemental initial disclosures. In accordance with Rule 26(a)(1), Keller Williams makes these disclosures based upon information currently and reasonably available to it. Nothing in these disclosures is intended to be an admission of fact, an affirmation of the existence or admissibility of any document or information, or agreement with or acceptance of any of Plaintiffs' legal theories or allegations. The information set forth below is provided subject to and without waiving the following: (1) the right to object to the use of such information for any purpose, in this or any other action, on grounds of privilege, relevance, materiality, or any other appropriate grounds; (2) the right to object to any request involving or relating to the subject matter of information contained in these disclosures;

or (3) the right to further revise, correct, supplement, or clarify any of the information provided below, at any time in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**I.     Rule 26(a)(1)(A)(i): Individuals Likely to Have Discoverable Information that Keller Williams May Use to Support its Defenses**

Based on information currently and reasonably available, Keller Williams identifies the following individuals likely to have discoverable information – along with the subjects of that information – that Keller Williams may use to support its defenses, other than solely for impeachment.

1. **Joshua Sitzer**, *former Plaintiff*

    Mr. Sitzer has knowledge of the allegations set forth in the First Amended Class Action Complaint. Mr. Sitzer may be contacted through Plaintiffs' counsel.

2. **Amy Winger**, *former Plaintiff*

    Ms. Winger has knowledge of the allegations set forth in the First Amended Class Action Complaint. Ms. Winger may be contacted through Plaintiffs' counsel.

3. **Scott Burnett**, *Plaintiff*

    Mr. Burnett has knowledge of the allegations and claimed damages set forth in the Third Amended Class Action Complaint (the "Complaint"). Mr. Burnett may be contacted through Plaintiffs' counsel.

4. **Rhonda Burnett**, *Plaintiff*

    Ms. Burnett has knowledge of the allegations and claimed damages set forth in the Complaint. Ms. Burnett may be contacted through Plaintiff's counsel.

5. **Ryan Hendrickson**, *Plaintiff*

    Mr. Hendrickson has knowledge of the allegations and claimed damages set forth in the Complaint. Mr. Hendrickson may be contacted through Plaintiffs' counsel.

6. **Jarod Breit**, *Plaintiff*

    Mr. Breit has knowledge of the allegations and claimed damages set forth in the Complaint. Mr. Briet may be contacted through Plaintiffs' counsel.

7.  **Scott Trupiano**, *Plaintiff*

    Mr. Trupiano has knowledge of the allegations and claimed damages set forth in the Complaint. Mr. Trupiano may be contacted through Plaintiffs' counsel.

8.  **Hollee Ellis**, *Plaintiff*

    Ms. Ellis has knowledge of the allegations and claimed damages set forth in the Complaint. Ms. Ellis may be contacted through Plaintiffs' counsel.

9.  **Frances Harvey**, *Plaintiff*

    Ms. Harvey has knowledge of the allegations and claimed damages set forth in the Complaint. Ms. Harvey may be contacted through Plaintiffs' counsel.

10. **All professionals, including real estate professionals, attorneys, and all others, who assisted any Plaintiff with any real estate transaction**

    These individuals may have knowledge about each Plaintiff's real estate transaction, including any discussions or negotiations between each Plaintiff and his or her agent concerning the terms of the representation or any discussions or negotiations with the agent for each buyer. Contact information for such individuals is unknown at this time.

11. **Representatives of the Heartland MLS**

    These individuals may have knowledge of data maintained by Heartland MLS or the MLS' adoption and implementation, if any, of the rules in NAR's Handbook on Multiple Listing Policy ("Handbook"), NAR's Code of Ethics, and NAR's Standards of Practice, and the use of its MLS for disclosure of commissions. Contact information for such individuals is unknown at this time.

12. **Representatives of the Mid America Regional Information System ("MARIS") MLS**

    These individuals may have knowledge of data maintained by MARIS MLS or the MLS's adoption and implementation, if any, of the rules in NAR's Handbook, NAR's Code of Ethics, and NAR's Standards of Practice, and the use of its MLS for disclosure of commissions. Contact information for such individuals is unknown at this time.

13. **Representatives of the Southern Missouri Regional MLS**

   These individuals may have knowledge of data maintained by Southern Missouri Regional MLS or the MLS's adoption and implementation, if any, of the rules in NAR's Handbook, NAR's Code of Ethics, and NAR's Standards of Practice, and the use of its MLS for disclosure of commissions. Contact information for such individuals is unknown at this time.

14. **Representatives of the Columbia Board of Realtors MLS**

   These individuals may have knowledge of data maintained by Columbia Board of Realtors MLS or the MLS's adoption and implementation, if any, of the rules in NAR's Handbook, NAR's Code of Ethics, and NAR's Standards of Practice, and the use of its MLS for disclosure of commissions. Contact information for such individuals is unknown at this time.

15. **Representatives of the National Association of REALTORS® (NAR)**

   These individuals may have knowledge of NAR's Handbook, NAR's Code of Ethics, and NAR's Standards of Practice; the adoption and history of the rule referred to by Plaintiffs as the "Adversary Commission Rule"; the 2015 report referenced in ¶ 14 of the Complaint; and Keller Williams' lack of involvement in NAR. Such representatives may be contacted through NAR's counsel.

16. **Representatives of all Defendants**

   These individuals may have knowledge of the absence of any agreement among Defendants regarding the rule Plaintiffs refer to as the "Adversary Commission Rule." Such representatives may be contacted through each Defendant's respective counsel.

17. **Jen Davis**, *CEO, Verus Network*

   Ms. Davis may have knowledge of the topics previously disclosed in her declaration submitted in support of Defendants' Suggestions in Opposition to Plaintiffs' Motion for Class Certification; Keller Williams' lack of involvement in NAR or other industry bodies or activities; the absence of any agreement with other Defendants or anyone else regarding the rule Plaintiffs refer to as the "Adversary Commission Rule"; the training Keller Williams offers to brokers and agents; Keller Williams' relationship with independently owned and operated franchisees and/or independent contractor real estate brokers and agents; services that real estate agents provide to buyers and sellers; and the nature of competition in the real estate industry. Ms. Davis may be contacted through Keller Williams' counsel.

18. **Any person disclosed in Keller Williams' Responses to Interrogatories (other than persons referred to in the parties' June 14, 2022 Stipulation Regarding Keller Williams Trial Witnesses (Dkt. 801))**

    These individuals may have knowledge of the allegations and claimed damages set forth in the Complaint; Keller Williams' lack of involvement in NAR or other industry bodies or activities; the absence of any agreement with other Defendants or anyone else regarding the rule Plaintiffs refer to as the "Adversary Commission Rule"; the training Keller Williams offers to brokers and agents; Keller Williams' relationship with independently owned and operated franchisees and/or independent contractor real estate brokers and agents; services that real estate agents provide to buyers and sellers; the nature of competition in the real estate industry; and defenses to the Complaint. These individuals may be contacted through Keller Williams' counsel.

19. **Any person deposed by any party**

    These persons may have knowledge of the allegations and claimed damages set forth in the Complaint; Keller Williams' lack of involvement in NAR or other industry bodies or activities; the absence of any agreement with other Defendants or anyone else regarding the rule Plaintiffs refer to as the "Adversary Commission Rule"; the training Keller Williams offers to brokers and agents; Keller Williams' relationship with independently owned and operated franchisees and/or independent contractor real estate brokers and agents; services that real estate agents provide to buyers and sellers; the nature of competition in the real estate industry; and defenses to the Complaint. Such persons may be contacted through counsel for the sponsoring party or through the counsel appearing on behalf of the deposed witness.

20. **Any witness identified by any other party**

    These individuals may have knowledge of the allegations and claimed damages set forth in the Complaint; the lack of any agreement among Defendants regarding the rule Plaintiffs refer to as the "Adversary Commission Rule"; and defenses to the Complaint.

## II. Rule 26(a)(1)(A)(ii): Documents in Keller Williams' Custody or Control

Based on information currently and reasonably available, Keller Williams states that it may use documents produced by any party or nonparty in discovery to support its defenses, other than solely for impeachment.

### III. Rule 26(a)(1)(A)(iii): Computation of Damages

Keller Williams does not allege any damages at this time but reserves the right to do so, as well as seek the right to any costs or attorneys' fees incurred in connection with its defense of this action. Further, Keller Williams denies liability to Plaintiffs for any damages.

### IV. Rule 26(a)(1)(A)(iv): Insurance Agreements

Keller Williams has not at this time identified any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made by Keller Williams to satisfy a possible judgment.

In accordance with Rule 26(e), Keller Williams reserves the right to supplement or amend any of the foregoing disclosures at a future date after further investigation and discovery.

Dated: September 12, 2022

*Counsel for Keller Williams Realty, Inc.*

s/ David C. Kully
David R. Buchanan
dbuchanan@bjpc.com
BROWN & JAMES, PC-KCMO
2345 Grand Boulevard
Suite 2100
Kansas City, MO 64108
(816) 472-0800

Timothy Ray, *pro hac vice*
timothy.ray@hklaw.com
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600

David C. Kully, *pro hac vice*
david.kully@hklaw.com
Anna P. Hayes, *pro hac vice*
anna.hayes@hklaw.com

HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20530
(202) 469-5415

Jennifer Lada, *pro hac vice*
jennifer.lada@hklaw.com
HOLLAND & KNIGHT LLP
31 West 52nd Street, 12th Floor
New York, NY 10019
(212) 513-3513