IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOSHUA SITZER AND AMY WINGER, SCOTT AND RHONDA BURNETT, AND RYAN HENDRICKSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.<br><br>Defendants. | Case No.: 4:19-cv-00332-SRB<br><br>**CLASS ACTION** |

## HOMESERVICES OF AMERICA, INC.'S INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant HomeServices of America, Inc. ("HomeServices"), by counsel, makes the following initial disclosures.

These initial disclosures are based upon information presently available to HomeServices and its attorneys and specifically known to the individuals who are preparing these disclosures. Further refinement or explanation by Plaintiffs of their claims, future discovery or independent investigation may supply additional information or facts, add meaning to known facts or establish new factual conclusions and contentions, all of which may lead to additions to, changes in and variations from the disclosures set forth herein. HomeServices makes these initial disclosures

subject to and without waiving their right to assert any and all objections to relevancy, materiality, privilege, protections, work-product, use, or admissibility as evidence. HomeServices reserves the right to modify, amend, correct or supplement these initial disclosures as additional information becomes known through further investigation and discovery. These disclosures are also made without prejudice to the right of HomeServices to provide additional evidence at the time of trial.

A. The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to supports its claims or defense, unless the use would be solely for impeachment.

**RESPONSE**: Because the purported class has not been defined or certified and because HomeServices' investigation in this case is ongoing, it is not reasonably possible at this time for HomeServices to identify every individual likely to have discoverable information which HomeServices may use to support its claims or defenses. As the case is in its preliminary stages and discovery and investigation are ongoing, HomeServices reserves the right to modify, amend, or supplement this list as additional information becomes known.

Subject to the foregoing, HomeServices makes the following disclosures based upon the information presently available to it and subject to appropriate discovery parameters to be established (including but not limited to appropriate time period and geographic scope):

| Name and Title | Address (if known) | Subjects of information |
|---|---|---|
| Dana Strandmo Senior Vice President and Chief Administrative Officer, HomeServices | This witness may be contacted through counsel for HomeServices | • The business of HomeServices<br>• HomeServices' relationship with HSF Affiliates, LLC, BHH Affiliates, LLC and Long & Foster Companies, Inc.<br>• HomeServices' relationship with real estate brokerage subsidiaries that have operations in the geographic area of one or more of |

2

| Name and Title | Address (if known) | Subjects of information |
|---|---|---|
| | | the Subject MLSs identified in Plaintiffs' Amended Complaint |
| | | • The fact that HomeServices itself is not a franchisor; HomeServices' relationship to real estate brokerages franchised by HomeServices' affiliates that have operations in the geographic area of one or more of the Subject MLSs identified in Plaintiffs' Amended Complaint |
| | | • Participation in NAR relevant to allegations in Plaintiffs' Amended Complaint |
| | | • HomeServices' policies, if any, relevant to Plaintiffs' Amended Complaint |
| | | • HomeServices' interaction with Local Realtor® associations in Missouri and the Subject MLSs |
| | | • The absence of any anticompetitive agreement among Defendants or others as alleged in Plaintiffs' Amended Complaint |
| | | • Pro-competitive justifications for HomeServices' business decisions relevant to Plaintiffs' Amended Complaint |
| | | • Licensed residential real estate brokerage services offered by independent contractor real estate agents generally |
| | | • The historical and current operation and practices of residential real estate markets generally |
| | | • The process by which listing and buyer broker residential real estate commissions are established generally |

| Name and Title | Address (if known) | Subjects of information |
|---|---|---|
| | | • The forms and nature of competition in residential real estate generally |
| All witnesses identified by Plaintiffs in their initial disclosures | Unknown | • Allegations in Plaintiffs' Amended Complaint, alleged damages and lack of an anticompetitive agreement between Defendants and anyone else as alleged in Plaintiffs' Amended Complaint |
| All witnesses identified by other Defendants in their initial disclosures | Co-Defendants' respective counsel | • Lack of an anticompetitive agreement between Defendants and anyone else as alleged in Plaintiffs' Amended Complaint |
| Nonparty brokers and agents engaged in the residential real estate business in Missouri | Unknown | • Information on the Missouri real estate market<br>• Access to the Subject MLSs<br>• Competition in the Missouri residential real estate market<br>• Commissions and offers of compensation in parts of Missouri |
| Representatives from MLSs in Missouri, including the Heartland MLS, the MARIS MLS, Southern Missouri Regional MLS and the CBOR MLS | Unknown | • Information on the Missouri residential real estate market<br>• NAR rules<br>• Access to and operation of the MLS<br>• Offers of compensation to buyer brokers and commissions in parts of Missouri<br>• Lack of an anticompetitive agreement between Defendants and anyone else as alleged in Plaintiffs' Amended Complaint |
| Representatives from Realtor® associations operating in Missouri | Unknown | • Information on the Missouri residential real estate market<br>• NAR rules<br>• Access to and operation of the MLS |

| Name and Title | Address (if known) | Subjects of information |
|---|---|---|
| | | - Offers of compensation to buyer brokers and commissions in parts of Missouri<br>- Lack of an anticompetitive agreement between Defendants and anyone else as alleged in Plaintiffs' Amended Complaint |
| Representatives from NAR | NAR's counsel | - Lack of an anticompetitive agreement between Defendants and anyone else as alleged in Plaintiffs' Amended Complaint<br>- NAR rules relevant to Plaintiffs' allegations in the Amended Complaint |
| Representatives from Co-Defendants | Co-Defendants' respective counsel | - Lack of an anticompetitive agreement between Defendants and anyone else as alleged in Plaintiffs' Amended Complaint |

HomeServices may also rely upon other witnesses identified during discovery and disclosed expert witnesses to support its claims and defenses.

B. A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

**RESPONSE**: As the case is in its preliminary stages, the purported class has not been defined or certified, and discovery and investigation are ongoing, HomeServices is not aware of all of the documents, electronically stored information or tangible things it has in its possession, custody or control that it may use to support its claims or defenses. As the case is in its preliminary stages and discovery and investigation are ongoing, HomeServices reserves the right to modify, amend, or supplement this list as additional information becomes known.

5

Notwithstanding the foregoing, HomeServices makes the following disclosures based upon the information presently available to it and subject to appropriate discovery parameters to be established (including but not limited to appropriate time period and geographic scope):

1. HomeServices' relevant organizational charts.

2. Communications, if any, between HomeServices and its subsidiary real estate brokerages and subsidiary franchisors that operate in the relevant geographical area of the Subject MLSs, regarding NAR rules that are the subject of Plaintiffs' Amended Complaint and interaction with local Missouri Realtor® associations or the Subject MLSs.

3. Documents showing the relationships and interaction, if any, between and among HomeServices, its subsidiary brokers and franchisors and/or independent residential real estate agents, that operate in the relevant geographical area of the Subject MLSs with respect to residential real estate transactions.

4. Documents sufficient to show any arbitration or other alternative dispute resolution provisions applicable to members of the putative class.

5. Documents, if any, reflecting communications between HomeServices and any person alleged in Plaintiffs' Amended Complaint to have been acting for or at the direction of HomeServices with respect to the claimed Challenged Restraints, NAR activities, or MLS activities.

C. A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

**RESPONSE**: Not applicable at this time. However, HomeServices reserves its right to seek costs or attorneys' fees incurred in connection with its defense of this action.

D.	For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE**: HomeServices will make available for inspection and copying any insurance agreements with its insurance carriers, if any, that may provide coverage, but it presently has not identified any such agreements.

Dated: September 20, 2019

**HOMESERVICES OF AMERICA, INC.**
**BHH AFFILIATES, LLC,**
**HSF AFFILIATES, LLC and THE LONG**
**& FOSTER COMPANIES, INC.**

 */s/ Karoline E. Jackson*
Karoline E. Jackson
 kjackson@btlaw.com
Robert D. MacGill
 robert.macgill@btlaw.com
Matthew B. Barr
 matthew.barr@btlaw.com
Matthew T. Ciulla
 matthew.ciulla@btlaw.com
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
(317) 231-6498

Jay N. Varon
 jvaron@foley.com
Jennifer M. Keas
 jkeas@foley.com
FOLEY AND LARDNER LLP
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 672-5436

Brian C. Fries
bfries@lathropgage.com
LATHROP GAGE LLP
2345 Grand Ave, Suite 2200
Kansas City, MO 64108
(816) 292-2000

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2019, I served the foregoing Rule 26(a)(1) disclosures on the following counsel of record via email:

**PLAINTIFFS**
Amy R. Jackson
amy@williamsdirks.com
Courtney Marie Stout
cstout@williamsdirks.com
Eric L. Dirks
dirks@williamsdirks.com
Matthew Lee Dameron
matt@williamsdirks.com
WILLIAMS DIRKS DAMERON LLC
1100 Main St, Suite 2600
Kansas City, MO 64105
(816) 945-7118

Erin D. Lawrence
erin@boulware-law.com
Jeremy M. Suhr
jeremy@boulware-law.com
Brandon J.B. Boulware
brandon@boulware-law.com
BOULWARE LAW LLC
1600 Genessee, Suite 416
Kansas City, MO 64102
(816) 492-2826

**NATIONAL ASSOCIATION OF REALTORS**
Charles W. Hatfield
chuck.hatfield@stinsonleonard.com
Alex Barrett
alexander.barrett@stinson.com
STINSON LLP – JC
230 W McCarty St
Jefferson City, MO 65101
(573) 636-6263

**RE/MAX, LLC**
Paula W. Render
prender@jonesday.com
Erin L. Shencopp
eshencopp@jonesday.com
Odeshoo Hasdoo
ehasdoo@jonesday.com
JONES DAY
77 W Wacker, Suite 3500
Chicago, IL 60601
Tel: (312) 782-3939
Fax: (312) 782-8585

Danne W. Webb
dwebb@hab-law.com
HORN, AYLWARD & BANDY, LLC
2600 Grand Blvd, Suite 1100
Kansas City, MO 64108
Tel: (816) 421-0700
Fax: (816) 421-0899

**KELLER WILLIAMS REALTY, INC.**
David R. Buchanan
dbuchanan@bjpc.com
BROWN & JAMES, PC-KCMO
2345 Grand Boulevard
Suite 2100
Kansas City, MO 64108
(816) 472-0800

8

**NATIONAL ASSOCIATION OF REALTORS**
Gregory Dickinson
 gdickinson@schiffhardin.com
Jack R. Bierig
 jbierig@schiffhardin.com
SCHIFF HARDIN LLP
233 S Wacker, Suite 6600
Chicago, IL 60606
(312) 258-5641

**REALOGY HOLDINGS CORP.**
Kenneth M. Kliebard
 Kenneth.kliebard@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
77 W Wacker Dr
Chicago, IL 60601
(312) 324-1774

Stacey A. Mahoney
 Stacey.mahoney@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
101 Park Ave
New York, NY 10178
(212) 209-6000

Megan J. Ochs
 mochs@armstrongteasdale.com
Karrie J. Clinkinbeard
 kclinkinbeard@armstrongteasdale.com
ARMSTRONG TEASDALE LLP
2345 Grand Blvd, Suite 1500
Kansas City, MO 64108
(816) 221-3420

**KELLER WILLIAMS REALTY, INC.**
Timothy Ray
 timothy.ray@hklaw.com
Martin G. Durkin
 martin.durkin@hklaw.com
William F. Farley
 william.farley@hklaw.com
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600

David C. Kully, *pro hac vice*
 david.kully@hklaw.com
Anna P. Hayes, *pro hac vice*
 anna.hayes@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20530
(202) 469-5415

 */s/ Karoline E. Jackson*