UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOSHUA SITZER AND AMY WINGER, SCOTT AND RHONDA BURNETT, AND RYAN HENDRICKSON, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATIES, LLC, HSF AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC., RE/MAX, LLC, and KELLER WILLIAMS REALTY, INC., <br><br> Defendants. | No: 4:19-cv-00332-SRB <br><br> Judge Stephen R. Bough |

## DEFENDANT KELLER WILLIAMS REALTY, INC.'S INITIAL DISCLOSURES PURSUANT TO RULE 26(A)(1)

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendant Keller Williams Realty, Inc. ("Keller Williams"), by undersigned counsel, hereby submits its initial disclosures. In accordance with Rule 26(a)(1), Keller Williams makes these disclosures based upon information currently and reasonably available to it. Nothing in these disclosures is intended to be an admission of fact, an affirmation of the existence or admissibility of any document or information, or agreement with or acceptance of any of Plaintiffs' legal theories or allegations. The information set forth below is provided subject to and without waiving the following: (1) the right to object to the use of such information for any purpose, in this or any other action, on grounds of privilege, relevance, materiality, or any other appropriate grounds; (2) the right to object to any request

1

involving or relating to the subject matter of information contained in these disclosures; or (3) the right to revise, correct, supplement, or clarify any of the information provided below, at any time in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

I.  **Rule 26(a)(1)(A)(i): Individuals Likely to Have Discoverable Information that Keller Williams May Use to Support its Defenses**

Based on information currently and reasonably available, Keller Williams identifies the following individuals likely to have discoverable information – along with the subjects of that information – that Keller Williams may use to support its defenses, other than solely for impeachment.

1. **Joshua Sitzer**, *Plaintiff*

    Mr. Sitzer has knowledge of the allegations and claimed damages set forth in the First Amended Class Action Complaint (the "Complaint"). Mr. Sitzer may be contacted through Plaintiffs' counsel.

2. **Amy Winger**, *Plaintiff*

    Ms. Winger has knowledge of the allegations and claimed damages set forth in the Complaint. Ms. Winger may be contacted through Plaintiffs' counsel.

3. **Scott Burnett**, *Plaintiff*

    Mr. Burnett has knowledge of the allegations and claimed damages set forth in the Complaint. Mr. Burnett may be contacted through Plaintiffs' counsel.

4. **Rhonda Burnett**, *Plaintiff*

    Ms. Burnett has knowledge of the allegations and claimed damages set forth in the Complaint. Ms. Burnett may be contacted through Plaintiff's counsel.

5. **Ryan Hendrickson**, *Plaintiff*

    Mr. Hendrickson has knowledge of the allegations and claimed damages set forth in the Complaint. Mr. Hendrickson may be contacted through Plaintiffs' counsel.

2

Case 4:19-cv-00332-SRB   Document 1128-17   Filed 09/07/23   Page 2 of 8

6.  **All professionals, including real estate professionals, attorneys, and all others, who assisted any Plaintiff with any real estate transaction**

    These individuals may have knowledge about each Plaintiff's real estate transaction, including any discussions or negotiations between each Plaintiff and his or her agent concerning the terms of the representation or any discussions or negotiations with the agent for each buyer. Contact information for such individuals is unknown at this time.

7.  **Representatives of the Heartland MLS**

    These individuals may have knowledge of data maintained by Heartland MLS or the MLS' adoption and implementation, if any, of the rules in NAR's Handbook on Multiple Listing Policy ("Handbook"), NAR's Code of Ethics, and NAR's Standards of Practice, and the use of its MLS for disclosure of commissions. Contact information for such individuals is unknown at this time.

8.  **Representatives of the Mid America Regional Information System ("MARIS") MLS**

    These individuals may have knowledge of data maintained by MARIS MLS or the MLS's adoption and implementation, if any, of the rules in NAR's Handbook, NAR's Code of Ethics, and NAR's Standards of Practice, and the use of its MLS for disclosure of commissions. Contact information for such individuals is unknown at this time.

9.  **Representatives of the Southern Missouri Regional MLS**

    These individuals may have knowledge of data maintained by Southern Missouri Regional MLS or the MLS's adoption and implementation, if any, of the rules in NAR's Handbook, NAR's Code of Ethics, and NAR's Standards of Practice, and the use of its MLS for disclosure of commissions. Contact information for such individuals is unknown at this time.

10. **Representatives of the Columbia Board of Realtors MLS**

    These individuals may have knowledge of data maintained by Columbia Board of Realtors MLS or the MLS's adoption and implementation, if any, of the rules in NAR's Handbook, NAR's Code of Ethics, and NAR's Standards of Practice, and the use of its MLS for disclosure of commissions. Contact information for such individuals is unknown at this time.

11. **Representatives of real estate associations operating in the Subject MLSs**

    These individuals may have knowledge regarding the adoption, implementation, and/or enforcement, if any, of the rule Plaintiffs refer to as the "Adversary Commission Rule," and governance and operation of the

local MLS. Contact information for such individuals is unknown at this time.

12. **Representatives of the National Association of REALTORS® (NAR)**

    These individuals may have knowledge of NAR's Handbook, NAR's Code of Ethics, and NAR's Standards of Practice; the adoption and history of the rule referred to by Plaintiffs as the "Adversary Commission Rule"; the 2015 report referenced in ¶ 14 of the Complaint; availability of MLS data to third-party websites and consumers, as referred to in ¶ 103 of the Complaint; and Keller Williams' lack of involvement in NAR. Such representatives may be contacted through NAR's counsel.

13. **Representatives of all Defendants**

    These individuals may have knowledge of the absence of any agreement among Defendants regarding the rule Plaintiffs refer to as the "Adversary Commission Rule." Such representatives may be contacted through each Defendant's respective counsel.

14. **Darrell King**, *Chief Compliance Officer, Keller Williams*

    Mr. King may have knowledge of Keller Williams' relationship with franchisees and/or independent contractor real estate agents; the absence of any agreement with other Defendants or anyone else regarding the rule Plaintiffs refer to as the Adversary Commission Rule; and Keller Williams' lack of involvement in NAR or other industry bodies or activities. Mr. King may be contacted through Keller Williams' counsel.

15. **Jay Papasan**, *Vice President of Learning, Keller Williams*

    Mr. Papasan may have knowledge of the training Keller Williams provides to brokers and agents. Mr. Papasan may be contacted through Keller Williams' counsel.

16. **Jim Talbot**, *Director of Research, Keller Williams*

    Mr. Talbot may have knowledge of information about the real estate industry maintained by Keller Williams and what that information says about the nature of competition in the real estate industry. Mr. Talbot may be contacted through Keller Williams' counsel.

17. **James Elsea**, *Senior Business Intelligence Developer/Analyst, Keller Williams*

    Mr. Elsea may have knowledge of real estate-related data maintained by Keller Williams and used in its business. Mr. Elsea may be contacted through Keller Williams' counsel.

4

18. **Any witness identified by any other party**

> These individuals may have knowledge of the allegations and claimed damages set forth in the Complaint; the lack of any agreement among Defendants regarding the rule Plaintiffs refer to as the "Adversary Commission Rule"; and defenses to the Complaint.

## II. Rule 26(a)(1)(A)(ii): Documents in Keller Williams' Custody or Control

Based on information currently and reasonably available, Keller Williams identifies the following categories of non-privileged documents, electronically stored information, and tangible things within Keller Williams' possession, custody, or control that it may use to support its defenses, other than solely for impeachment:

1. Agreements between Keller Williams and its franchisees operating within the Subject MLSs.

2. Franchise Disclosure Documents for the geographic area covered by the Subject MLSs.

3. Training materials, manuals, policies, and guidelines provided by Keller Williams to its franchisees operating within the Subject MLSs.

4. The data Keller Williams receives from franchisees related to real estate transactions within the geographic area covered by the Subject MLSs.

## III. Rule 26(a)(1)(A)(iii): Computation of Damages

Keller Williams does not allege any damages at this time but reserves the right to do so, as well as seek the right to any costs or attorneys' fees incurred in connection with its defense of this action. Further, Keller Williams denies liability to Plaintiffs for any damages.

## IV. Rule 26(a)(1)(A)(iv): Insurance Agreements

Keller Williams has not at this time identified any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made by Keller Williams to satisfy a possible judgment.

In accordance with Rule 26(e), Keller Williams reserves the right to supplement or amend any of the foregoing disclosures at a future date after further investigation and discovery.

Dated: September 20, 2019

*Counsel for Keller Williams Realty, Inc.*

/s/ David R. Buchanan
David R. Buchanan
 dbuchanan@bjpc.com
BROWN & JAMES, PC-KCMO
2345 Grand Boulevard
Suite 2100
Kansas City, MO 64108
(816) 472-0800

Timothy Ray, *pro hac vice*
 timothy.ray@hklaw.com
Martin G. Durkin, *pro hac vice*
 martin.durkin@hklaw.com
William F. Farley, *pro hac vice*
 william.farley@hklaw.com
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600

David C. Kully, *pro hac vice*
 david.kully@hklaw.com
Anna P. Hayes, *pro hac vice*
 anna.hayes@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20530
(202) 469-5415

6

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2019, I served Defendant Keller Williams' Rule 26(a)(1) disclosures on the following counsel of record via email:

**PLAINTIFFS**
Amy R. Jackson
amy@williamsdirks.com
Courtney Marie Stout
cstout@williamsdirks.com
Eric L. Dirks
dirks@williamsdirks.com
Matthew Lee Dameron
matt@williamsdirks.com
WILLIAMS DIRKS DAMERON LLC
1100 Main St, Suite 2600
Kansas City, MO 64105
(816) 945-7118

Erin D. Lawrence
erin@boulware-law.com
Jeremy M. Suhr
jeremy@boulware-law.com
Brandon J.B. Boulware
brandon@boulware-law.com
BOULWARE LAW LLC
1600 Genessee, Suite 416
Kansas City, MO 64102
(816) 492-2826

**NATIONAL ASSOCIATION OF REALTORS**
Charles W. Hatfield
chuck.hatfield@stinsonleonard.com
Alex Barrett
alexander.barrett@stinson.com
STINSON LLP – JC
230 W McCarty St
Jefferson City, MO 65101
(573) 636-6263

Gregory Dickinson
gdickinson@schiffhardin.com

**HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, THE LONG & FOSTER COMPANIES, INC.**
Brian C. Fries
bfries@lathropgage.com
LATHROP GAGE LLP
2345 Grand Ave, Suite 2200
Kansas City, MO 64108
(816) 292-2000

Matthew B. Barr
matthew.barr@btlaw.com
Matthew T. Ciulla
matthew.ciulla@btlaw.com
Karoline E. Jackson
kjackson@btlaw.com
Robert D. MacGill
robert.macgill@btlaw.com
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
(317) 231-6498

Jay N. Varon
jvaron@foley.com
Jennifer M. Keas
jkeas@foley.com
FOLEY AND LARDNER LLP
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 672-5436

**RE/MAX, LLC**
Paula W. Render
prender@jonesday.com
Erin L. Shencopp
eshencopp@jonesday.com

Jack R. Bierig
jbierig@schiffhardin.com
SCHIFF HARDIN LLP
233 S Wacker, Suite 6600
Chicago, IL 60606
(312) 258-5641

**REALOGY HOLDINGS CORP.**
Kenneth M. Kliebard
Kenneth.kliebard@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
77 W Wacker Dr
Chicago, IL 60601
(312) 324-1774

Stacey A. Mahoney
Stacey.mahoney@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
101 Park Ave
New York, NY 10178
(212) 209-6000

Megan J. Ochs
mochs@armstrongteasdale.com
Karrie J. Clinkinbeard
kclinkinbeard@armstrongteasdale.com
ARMSTRONG TEASDALE LLP
2345 Grand Blvd, Suite 1500
Kansas City, MO 64108
(816) 221-3420

Odeshoo Hasdoo
ehasdoo@jonesday.com
JONES DAY
77 W Wacker, Suite 3500
Chicago, IL 60601
Tel: (312) 782-3939
Fax: (312) 782-8585

Danne W. Webb
dwebb@hab-law.com
HORN, AYLWARD & BANDY, LLC
2600 Grand Blvd, Suite 1100
Kansas City, MO 64108
Tel: (816) 421-0700
Fax: (816) 421-0899

/s/ David R. Buchanan

*Counsel for Defendant Keller Williams Realty, Inc.*