IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SCOTT AND RHONDA BURNETT, RYAN HENDRICKSON, JEROD BREIT, SCOTT TRUPIANO, and JEREMY KEEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.<br><br>Defendants. | Case No.: 4:19-cv-00332-SRB |

## NOTICE OF INTENT TO ISSUE SUBPOENA TO TESTIFY AT A DEPOSITION TO HEARTLAND MULTIPLE LISTING SERVICE, INC.

TO: ALL COUNSEL OF RECORD

Please take notice that, pursuant to Federal Rule of Civil Procedure 45, counsel for Defendant National Association of REALTORS® will take the deposition upon oral examination of the designated representative(s) of Heartland Multiple Listing Service, Inc. ("Heartland MLS") on **August 24, 2022, beginning at 1:00 p.m. Central** and will continue from day to day until completed. The deposition will take place at the offices of **Polsinelli PC 900 W. 48th Place, Suite 900, Kansas City, MO 64112**. Heartland MLS has a duty to designate a representative with sufficient knowledge to testify fully regarding the topics listed in Exhibit A to this Subpoena. The subpoena is attached hereto and incorporated herein as Exhibit 1. The deposition will be by oral examination before a notary public or other officer authorized by law to administer oaths and will be recorded using video and stenographic means.

1

Dated: August 19, 2022          Respectfully submitted,

/s/ Ethan Glass
Ethan Glass (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC  20004-2400
Phone (202) 776-2244
Fax (202) 842-7899
eglass@cooley.com

/s/ Suzanne L. Wahl
Suzanne L. Wahl (*pro hac vice*)
ARENTFOX SCHIFF LLP
350 S. Main St., Suite 210
Ann Arbor, MI 48104
734-222-1500 (Phone)
734-222-1501 (Fax)
Suzanne.Wahl@afslaw.com

***Attorneys for Defendant NATIONAL ASSOCIATION OF REALTORS®***

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 19th day of August 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record for this case.

                      _/s/ Ethan Glass_
                       *Attorney for Defendant NATIONAL ASSOCIATION OF REALTORS®*

# Exhibit 1
# Subpoena

# UNITED STATES DISTRICT COURT
for the

Western District of Missouri

| | |
|---|---|
| Scott and Rhonda Burnett, et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 19-cv-00332-SRB |
| The National Association of Realtors, et al. ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Heartland Multiple Listing Service, Inc.
11150 Overbrook Road, Ste 100 Leawood, KS 66211

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Exhibit A

| Place: 900 W. 48th Place, Suite 900 Kansas City, MO 64112 | Date and Time: 08/24/2022 1:00 pm Central |
|---|---|

The deposition will be recorded by this method: Certified court reporter and video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/19/2022

| *CLERK OF COURT* | OR | /s/ Ethan Glass |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant National Association of Realtors , who issues or requests this subpoena, are:
Ethan Glass, Cooley LLP, 1299 Pennsylvania Avenue NW, Suite 700, Washington, DC 20004-2400
Phone: 202-776-2244; Email: eglass@cooley.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 19-cv-00332-SRB

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

  ❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

  ❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

                 _____
                      *Server's signature*

                 _____
                      *Printed name and title*

                 _____
                      *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SCOTT AND RHONDA BURNETT, RYAN HENDRICKSON, JEROD BREIT, SCOTT TRUPIANO, and JEREMY KEEL, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.<br><br>    Defendants. | Case No.: 4:19-cv-00332-SRB |

## NOTICE TO TAKE VIDEOTAPED DEPOSITION OF HEARTLAND MULTIPLE LISTING SERVICE, INC.

TO: ALL COUNSEL OF RECORD

Please take notice that, pursuant to Federal Rule of Civil Procedure 45, counsel for Defendant National Association of REALTORS® will take the deposition upon oral examination of the designated representative(s) of Heartland Multiple Listing Service, Inc. ("Heartland MLS") on **August 24, 2022, beginning at 1:00 p.m. Central** and will continue from day to day until completed. The deposition will take place at the offices of **Polsinelli PC, 900 W. 48th Place, Suite 900, Kansas City, MO 64112**. Heartland MLS has a duty to designate a representative with sufficient knowledge to testify fully regarding the topics set forth in this Notice as "Designated Matters" provided in Exhibit A. The deposition will be by oral examination before a notary public or other officer authorized by law to administer oaths and will be recorded using video and stenographic means.

Dated: August 19, 2022                          Respectfully submitted,

                                                */s/ Ethan Glass*
                                                Ethan Glass (*pro hac vice*)
                                                COOLEY LLP
                                                1299 Pennsylvania Avenue, NW
                                                Suite 700
                                                Washington, DC  20004-2400
                                                Phone (202) 776-2244
                                                Fax (202) 842-7899
                                                eglass@cooley.com

                                                */s/ Suzanne L. Wahl*
                                                Suzanne L. Wahl (*pro hac vice*)
                                                ARENTFOX SCHIFF LLP
                                                350 S. Main St., Suite 210
                                                Ann Arbor, MI 48104
                                                734-222-1500 (Phone)
                                                734-222-1501 (Fax)
                                                Suzanne.Wahl@afslaw.com


                                                ***Attorneys for Defendant NATIONAL***
                                                ***ASSOCIATION OF REALTORS*®**

# EXHIBIT A

# DEFINITIONS

The following definitions shall apply to this Subpoena:

1. "And" and "or" are to be read interchangeably so as to give the broadest possible meaning to a particular request in which either or both is used.

2. "Broker" is defined as any company, organization, entity or person who represents buyers or sellers of residential real estate, including its present and former directors, officers, employees, agents, attorneys, representatives, independent contractors, or any persons acting or purporting to act on its behalf.

3. "Corporate Defendants" means the following Defendants identified in the Complaint: HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, RE/MAX LLC, Realogy Holdings Corp., Keller Williams Realty, Inc.

4. "MLS" is defined according to Section 1 of the National Association of Realtors' Handbook on Multiple Listing Policy (2021).

5. "NAR" means National Association of Realtors.

6. "Policy" or "Procedure" means any rule, practice or course of conduct, guidelines or business methods or traditions whether formal or informal, written or unwritten, recorded or unrecorded, which was recognized or followed, explicitly or implicitly, by You.

7. "Real Estate Services" means the bundle of services provided to homebuyers and sellers by residential real estate Brokers or Realtors with MLS access.

## DESIGNATED MATTERS

.

1. The benefits offered to brokers, agents, home buyers, home sellers, or the residential real estate marketplace by Heartland Multiple Listing Service, Inc. or by multiple listing services generally.

2. The process and considerations for adopting policies, rules, and guidelines that govern the operation and use of Heartland Multiple Listing Service, Inc.