IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SCOTT AND RHONDA BURNETT, RYAN HENDRICKSON, JEROD BREIT, SCOTT TRUPIANO, JEREMY KEEL, HOLLEE ELLIS, FRANCES HARVEY, AND SHELLY DREYER, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>    Defendants. | Case No. 4:19-CV-00332-SRB |

**ORDER**

On September 8, 2023, the Court presided over a pretrial conference with the parties. For the reasons stated on the record, and upon review of the parties' briefs, it is hereby ORDERED that the Plaintiffs' Omnibus Motions in Limine (Doc. #1081) are GRANTED IN PART and DENIED IN PART. Further, the Motions in Limine of Defendants (Doc. #1061; Doc. #1062; Doc. #1063; Doc. #1064; Doc. #1065; Doc. #1066; Doc. #1067; Doc. #1068; Doc. #1069; Doc. #1070; Doc. #1071; Doc. #1072; Doc. #1073; Doc. #1075; Doc. #1076; Doc. #1078; Doc. #1080) are GRANTED IN PART and DENIED IN PART. Plaintiffs' Motion to Strike Defendants' Undisclosed Witnesses (Doc. #1105) is GRANTED IN PART AND DENIED IN PART.

Plaintiffs' Motion in Limine No. 1, excluding references to the circumstances in which class representatives decided to engage counsel to represent them or to "lawyer-driven" litigation, is

1

GRANTED.

Plaintiffs' Motion in Limine No. 2, excluding reference to Plaintiffs' attorneys' fees, is GRANTED based upon the agreement of the parties.

Plaintiffs' Motion in Limine No. 3, excluding reference to Plaintiffs' litigation history, is GRANTED.

Plaintiffs' Motion in Limine No. 4, excluding reference to Named Plaintiffs' attendance or nonattendance at trial, is GRANTED based upon the agreement of the parties.

Plaintiffs' Motion in Limine No. 5, excluding reference to alleged procompetitive benefits of the Challenged Restraints, is DENIED.

Plaintiffs' Motion in Limine No. 6, excluding reference to amounts retained by Defendants compared to other co-conspirators, is DENIED.

Plaintiffs' Motion in Limine No. 7, excluding evidence, inference, or argument regarding "offsets," such as buyer-broker services provided to Plaintiffs and Class Members, or regarding Plaintiffs' sales profits or proceeds, is GRANTED.

Plaintiffs' Motion in Limine No. 8, excluding reference to Plaintiffs' satisfaction with their agent service or that they agreed to the commission rate, is DENIED.

Plaintiffs' Motion in Limine No. 9, excluding testimony from named Plaintiffs regarding the law, the pleadings, and legal conclusions, is GRANTED based upon the agreement of the parties.

Plaintiffs' Motion in Limine No. 10, excluding evidence or argument that a Defendant was not involved with the initial decision to adopt the Challenged Restraints, is DENIED.

Plaintiffs' Motion in Limine No. 11, barring Defendants from relying on witnesses and documents that were not disclosed until after the close of discovery, if ever, is GRANTED IN PART AND DENIED IN PART, subject to the Court's ruling on Plaintiffs' Motion to Strike Defendants' Undisclosed Witnesses (Doc. #1105).

Plaintiffs' Motion in Limine No. 12, excluding reference to prior class representatives or to class representatives in other cases or their alleged damages, is GRANTED.

Plaintiffs' Motion in Limine No. 13, barring the use of depositions taken in the *Moehrl* litigation, is DENIED.

Plaintiffs' Motion in Limine No. 14, excluding reference to the opinions or conclusions about this case from "experts" who were not disclosed in this litigation, is GRANTED.

Plaintiffs' Motion in Limine No. 15, excluding reference to expert compensation, is GRANTED based upon the agreement of the parties.

Plaintiffs' Motion in Limine No. 16, excluding reference to the number of documents produced or the expense of defending this case, is GRANTED.

Plaintiffs' Motion in Limine No. 17, excluding argument or reference to the impact of a verdict on Defendants or their customers or that a verdict may be trebled, is GRANTED.

Plaintiffs' Motion in Limine No. 18, excluding reference to the wealth, income, success, travel, or politics of Plaintiffs' Counsel, is GRANTED based upon the agreement of the parties.

Plaintiffs' Motion in Limine No. 19, excluding reference to previously designated Plaintiffs' expert Doug Minor, is GRANTED.

Plaintiffs' Motion in Limine No. 20, excluding reference or argument that Plaintiffs have the sole burden of proof, is DENIED.

Plaintiffs' Motion in Limine No. 21, excluding reference to the case as frivolous or the supposed ease of filing lawsuits, is GRANTED.

Plaintiffs' Motion in Limine No. 22, excluding reference to "innocent until proven guilty" or similar sentiment, is GRANTED based upon the agreement of the parties.

Plaintiffs' Motion in Limine No. 23, excluding references to pleadings or motions in limine, is GRANTED.

Plaintiffs' Motion in Limine No. 24, excluding reference to any absence of the DOJ "decision" not to prosecute Defendants or to "bless" or "approve" any NAR or MLS rules, is GRANTED.

Defendants' Motion in Limine No. 1 (Doc. #1061), excluding evidence of changes to rules of the National Association of Realtors ("NAR") that occurred after Plaintiffs filed their complaint in the instant action, is DENIED.

Defendants' Motion in Limine No. 2 (Doc. #1062), excluding evidence related to discrimination in the real estate industry, is GRANTED.

Defendants' Motion in Limine No. 3 (Doc. #1063), excluding references to government investigations of NAR, is GRANTED.

Defendants' Motion in Limine No. 4 (Doc. #1064), excluding irrelevant judicial decisions, is GRANTED.

Defendants' Motion in Limine No. 5 (Doc. #1065), excluding hearsay statements in government reports, is DENIED.

Defendants' Motion in Limine No. 6 (Doc. #1066), excluding evidence of unrelated litigation, is GRANTED.

Defendants' Motion in Limine No. 7 (Doc. #1067), excluding certain recorded statements, is GRANTED.

Defendants' Motion in Limine No. 8 (Doc. #1068), excluding references to Anywhere's subsequent remedial measures, is GRANTED.

Defendants' Motion in Limine No. 9 (Doc. #1069), excluding references to the notes of Michelle Figgs, is DENIED.

Defendants' Motion in Limine No. 10 (Doc. #1070), excluding references to certain discussions of commission rates, is DENIED.

Defendants' Motion in Limine No. 11 (Doc. #1071), excluding references to settlement in *Nosalek v. MLS Property Information Network, Inc.*, is GRANTED based upon the agreement of the parties.

Defendants' Motion in Limine No. 12 (Doc. #1072), excluding designation of baseless deposition question about prior illegal conduct and no substantive response, is GRANTED based upon the agreement of the parties.

Defendants' Motion in Limine No. 13 (Doc. #1073), seeking to preclude Plaintiffs from introducing deposition testimony for witnesses appearing live at trial, is DENIED.

Defendants' Motion in Limine No. 14 (Doc. #1075), excluding evidence of unrelated alleged prior conduct by Re/Max, LLC's executives, is GRANTED based upon the agreement of the parties.

Defendants' Motion in Limine No. 15 (Doc. #1076), precluding evidence relating to Re/Max, LLC's educational materials that were not made available to brokers or agents in the United States, is DENIED.

Defendants' Motion in Limine No. 17 (Doc. #1078), excluding evidence and testimony regarding statements made by non-party Linda O'Connor concerning the United States Antitrust Laws, is DENIED.

Defendants' Motion in Limine No. 18 (Doc. #1080), excluding evidence relating to NAR's Clear Cooperation Policy, is DENIED.

The Court makes the following rulings on Plaintiffs' Motion to Strike Defendants' Undisclosed Witnesses (Doc. #1105):

1. Jen Davis – DENIED;
2. Mike Frazier – DENIED;
3. Kevin Goffstein – DENIED;
4. Sandra Hancock – DENIED;

5. Robert Wagoner – GRANTED;

6. Krista Wilson – DENIED;

7. Sarah Young – DENIED;

8. Andrew Bash – GRANTED; and

9. Sarah Butler – DENIED.

The parties may consult the transcript for further details or clarification.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Date: September 8, 2023