| | |
|---|---|
| SCOTT AND RHONDA BURNETT, RYAN HENDRICKSON, JEROD BRIET, SCOTT TRUPIANO, JEREMY KEEL, HOLLEE ELLIS, and FRANCES HARVEY, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICAN, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>      Defendants. | Case No. 19-CV-00332-SRB |

## PLAINTIFFS' UNOPPOSED MOTION FOR DISMISSAL OF STATE LAW CLAIMS PLED IN THE THIRD AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 23(e), the Plaintiffs move the Court to grant Plaintiffs leave to dismiss their claims arising under state law. This includes Plaintiffs' claims under the Missouri Merchandising Practices Act and the Missouri Antitrust Law. In support of their motion, Plaintiffs respectfully state as follows.

Plaintiffs' Third Amended Complaint sets forth three counts: (1) Violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 (Count I); Violation of the Missouri Merchandising Practices Act, R.S. Mo. § 407.025 (Count II); and Violation of the Missouri Antitrust Law, R.S. Mo. § 416.031 (Count III). (Doc. 759). Proceedings in the case have demonstrated that Plaintiffs' state law claims pled in Counts II and III are largely duplicative of claims pled under the Sherman Act in Count I

and that rights and interests of the class are best protected and advocated for by dismissing Counts II and III pled by Plaintiffs in their Third Amended Complaint. Each of the three counts arises under the same set of facts, transactions, and occurrences at issue in connection with the Sherman Act claims pled in Count I and involve overlapping damages. To streamline trial, Plaintiffs wish to submit the case to the jury solely under Count I of its Third Amended Complaint. Therefore, Plaintiffs propose to dismiss Count III of their Third Amended Complaint with prejudice. As to Count II, Plaintiffs seek dismissal with prejudice of all claims, except the MMPA claims of class members who engaged in transactions as sellers of real estate between April 29, 2014 and April 28, 2015.

The proposed dismissal without prejudice of the reserved claims under the MMPA is appropriate because Plaintiffs' various claims are subject to different limitation periods. The claims under the Sherman Act and the Missouri Antitrust Law have a four-year statute of limitations. The Missouri Merchandising Practices Act has a five-year statute. This case was filed on April 29, 2019. Based on the different limitation periods, the Court certified three subclasses under Rule 23(c)(5), one for each claim. (Doc. 741 at 40). The "Subject MLS Class" (covering the Sherman Act) runs "from April 29, 2015 though the present."[1] The "Missouri Antitrust Law-Subject MLS Class" (covering the Missouri Antitrust Law) runs through the same time period. And the "MMPA Class" (covering the Missouri Merchandising Practices Act) runs "from April 29, 2014 through the present." Tolling for these reserved claims under the MMPA is appropriate because these distinct claims are not covered by claims that would remain under Count I.

---

[1] The Court entered its certification order on April 22, 2022. The parties worked together to arrive on a cut-off date for defendants to produce their data, which was used to identify the class members for notice purposes. The parties, by agreement, decided to include transactions through June 30, 2022. Defendants provided data through this date and class notice was provided to these individuals.

The class members whose MMPA claims are dismissed without prejudice will benefit from tolling. In general, the filing of a class action tolls the statute of limitations starting when the class action is filed. *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350-52 (1983); *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974). This case was filed on April 29, 2019. Plaintiffs' Counsel proposes that the Court enter an order confirming that if this motion is granted, the statute of limitations for the MMPA claims dismissed without prejudice will be tolled from April 29, 2019, until 60 days after the date of the Court's final order dismissing those claims without prejudice.

With regard to notice, Rule 23(e)(1)(B) provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal . . . ." Plaintiffs' Counsel propose to give notice and an opportunity to be heard to all class members, including those whose MMPA claims would be dismissed without prejudice. Plaintiffs' Counsels' proposed notice is attached as Exhibit A.

Plaintiffs are prepared to provide the proposed notice upon preliminary approval by the Court. Plaintiffs' Counsel suggest October 13, 2023, as the date for a final hearing to approve the dismissal of Plaintiffs' state law claims.

For these reasons, the Plaintiffs request that the Court: (1) grant preliminary approval to dismissing Plaintiffs' claims arising under state law with prejudice, except that dismissal of the MMPA claims for class members having transactions from April 29, 2014 through April 28, 2015 is without prejudice; (2) order that notice be provided to the class in the form set forth in Exhibit A; and (3) schedule a date for a final hearing to approve the dismissal of Plaintiffs' state law claims under the terms described herein.

3

The National Association of REALTORS®, HomeServices of America, Inc., HSF Affiliates, LLC, BHH Affiliates, LLC, and Keller Williams Realty, Inc. ("Defendants") do not oppose this Motion or the proposed tolling. Defendants take no position on the Notice and will leave that matter to Plaintiffs' counsel and the Court.

Dated: September 18, 2023

Respectfully submitted by:

KETCHMARK & McCREIGHT, P.C.

/s/ Michael S. Ketchmark
| | |
|---|---|
| Michael S. Ketchmark | MO # 41018 |
| Scott A. McCreight | MO # 44002 |
| Ben H. Fadler | MO # 56588 |

11161 Overbrook Road, Suite 210
Leawood, KS 66211
Tele: (913) 266-4500
Fax: (913) 317-5030
mike@ketchmclaw.com
smccreight@ketchmclaw.com
bfadler@ketchmclaw.com

BOULWARE LAW LLC
| | |
|---|---|
| Brandon J.B. Boulware | MO # 54150 |
| Jeremy M. Suhr | MO # 60075 |
| Erin D. Lawrence | MO # 63021 |

1600 Genessee, Suite 416
Kansas City, MO 64102
Tele: (816) 492-2826
Fax: (816) 492-2826
brandon@boulware-law.com
jeremy@boulware-law.com
erin@boulware-law.com

WILLIAMS DIRKS DAMERON LLC
| | |
|---|---|
| Matthew L. Dameron | MO # 52093 |
| Eric L. Dirks | MO # 54921 |
| Courtney M. Stout | MO # 70375 |

1100 Main Street, Suite 2600
Kansas City, MO 64105
Tele: (816) 945-7110
Fax: (816) 945-7118

matt@williamsdirks.com
dirks@williamsdirks.com
cstout@wlliamsdirks.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 18th day of September 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record for this case.

/s/ Michael S. Ketchmark
*Attorney for Plaintiffs*