IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SCOTT AND RHONDA BURNETT, RYAN HENDRICKSON, JEROD BRIET, SCOTT TRUPIANO, JEREMY KEEL, HOLLEE ELLIS, and FRANCES HARVEY, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs<br><br>  v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP. (n/k/a ANYWHERE REAL ESTATE, INC.), HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.<br><br>   Defendants. | Case No. 19-cv-00332-SRB |

**PLAINTIFFS' TRIAL BRIEF ON JOINT AND
SEVERAL LIABILITY AND SUBMISSION OF DAMAGES RELATING TO
TRANSACTIONS INVOLVING SETTLED DEFENDANTS**

Under the Court's Fifth Amended Scheduling Order, trial briefs are due on October 6, 2023. Recently, however, questions have arisen between the parties regarding joint and several liability, and how the settlements reached with Anywhere Real Estate, Inc. (f/k/a Realogy Holdings Corp.) and RE/MAX, Inc. will impact the trial. Current motions before the Court involving these issues include: (1) Defendants' Motion in Limine 21 (Doc. 1145); (2) Plaintiffs' Motion in Limine No. 25 (Doc. 1115, with Defendants' Opposition at Doc. 1147); Plaintiffs' Revised Proposed Verdict Form (Doc. 1148); and Plaintiffs' Objections to Defendants' Verdict Form (Doc. 1149). Plaintiffs therefore submit this partial trial brief now on the issues of joint and several liability and

the effect of the Anywhere and RE/MAX settlements on Plaintiffs' submissions against the remaining Defendants. Plaintiffs will file their trial brief on all remaining issues on October 6.

As discussed herein, black-letter law holds that participants in an antitrust conspiracy are jointly and severally liable for all damages caused by that conspiracy. Here, Plaintiffs intend to present evidence at trial regarding the complete conspiracy as alleged in their Complaint and in their expert reports, including any settling Defendants. Plaintiffs also intend to seek damages based on transactions involving both: (1) agents or brokers affiliated with the remaining Defendants; and (2) agents or brokers affiliated with any settling Defendant.

The remaining Defendants argue that damages associated with transactions in which a home seller used a broker or agent affiliated with a settling Defendant are no longer part of this case. That is wrong, for the following reasons.

Under the Sherman Act, co-conspirators are jointly and severally liable, and each co-conspirator is liable for all damages flowing from the conspiracy. *See, e.g., Texas Indus., Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 646, 101 S. Ct. 2061, 2069–70, 68 L. Ed. 2d 500 (1981) ("joint and several liability simply ensures that the plaintiffs will be able to recover the full amount of damages from some, if not all, participants"); *Paper Sys. Inc. v. Nippon Paper Indus. Co.,* 281 F.3d 629, 632 (7th Cir. 2002) ("each member of a conspiracy is liable for all damages caused by the conspiracy's entire output"); ABA Model Sherman Act Instruction 6.B.17 ("each conspirator is fully liable for all of the damages caused by the conspiracy and not solely for damages caused by an individual conspirator"). Likewise, "[a] co-conspirator is liable for all acts committed in furtherance of a conspiracy, regardless of when it entered the conspiracy." *In re K-Dur Antitrust Litig.,* 338 F. Supp. 2d 517, 538 (D.N.J. 2004).

Because of this joint and several liability, antitrust litigation may always continue even if a co-conspirator is absent. *In re Cotton Yarn Antitrust Litig.*, 505 F.3d 274, 284 (4th Cir. 2007) ("co-conspirators are not necessary parties; a plaintiff can prove the existence of a conspiracy in an action against just one of the members of the conspiracy."); *see also UnitedHealth Grp. Inc. v. Columbia Cas. Co.*, 836 F. Supp. 2d 912, 921 (D. Minn. 2011) ("One who joins a conspiracy can be held liable for all of the harm caused by the conspiracy, including harm caused by the conspiracy in the past."); *In re Sulfuric Acid Antitrust Litig.*, 743 F. Supp. 2d 827, 862 (N.D. Ill. 2010) ("As Plaintiffs observed, '[i]t is well recognized that a co-conspirator who joins a conspiracy may, in the antitrust context, be charged with the preceding acts of its co-conspirators.'") (quoting *Havoco of America, Ltd. v. Shell Oil Co.,* 626 F.2d 549, 554 (7th Cir. 1980)).

The joint and several liability of all remaining defendants continues to apply when one or more of the co-conspirators settles. *In re Auto. Refinishing Paint Antitrust Litig.,* No. MDL 1426, 2004 WL 6248154, at *5 (E.D. Pa. Sept. 27, 2004) ("due to the possibility of the joint and several liability of the Defendants on the antitrust conspiracy claim, Plaintiffs' settlement with BASF and DuPont should not have a negative impact on Plaintiffs' ability to recover damages should the nonsettling Defendants be found liable.") (citing *In re Linerboard Antitrust Litig.,* 203 F.R.D. 197, 208 (E.D.Pa.2001)), *aff'd,* 305 F.3d 145 (3d Cir.2002), *cert. denied,* 538 U.S. 977 (2003). "Thus, when one defendant offers to settle with the class, the plaintiffs may retain the right to seek recovery against nonsettling defendants for all their claims, including claims raised against the settling defendant." *Id*. *See also In re Disposable Contact Lens Antitrust Litig.,* No. 3:15-MD-2626-HES-JRK, 2021 WL 3417613, at *4 (M.D. Fla. May 31, 2021) ("this is a partial settlement of the Action in a multi-defendant antitrust case,

3

Case 4:19-cv-00332-SRB    Document 1150    Filed 09/21/23    Page 3 of 6

meaning that if Plaintiffs' claims are proven at trial, non-settling defendants will remain liable for all class damages under principles of joint and several liability").

Applying this case law, Plaintiffs' claims against the remaining Defendants here are unaffected by their settlements with Anywhere and RE/MAX. The procedural history of the *In re Urethane Antitrust Litigation* illustrates this point. *See, e.g.*, *In re Urethane Antitrust Litig.*, No. 04-1616-JWL, 2013 WL 2097346, at *5 (D. Kan. May 15, 2013), *amended*, No. 04-1616-JWL, 2013 WL 3879264 (D. Kan. July 26, 2013), *and aff'd*, 768 F.3d 1245 (10th Cir. 2014), *and aff'd*, 768 F.3d 1245 (10th Cir. 2014). As noted by the Tenth Circuit in recounting the case's procedural history, the initial Complaint in *Urethane* alleged that "a group of polyurethane manufacturers — Bayer AG, Bayer Corporation, Bayer Material Science, BASF Corporation, Huntsman International LLC, Lyondell Chemical Company, and Dow Chemical Company — conspired to fix prices and allocate customers and markets." 768 F.3d at 1250. The Court noted, however, that before trial "the plaintiffs settled with all defendants except for Dow." *Id.* The *Urethane* case then proceeded to trial with the plaintiffs submitting evidence regarding each of the polyurethane manufacturers alleged to be conspirators and damages associated with their market activity, regardless of their settlements with Plaintiffs. *See id*. at 1266–1267 (Opinion section IX.B.2 addressing and rejecting Dow's arguments that insufficient evidence showed the "[i]nvolvement of Lyondell" in the conspiracy). And finally, the *Urethane* jury instructions and verdict form specifically allowed the jury to assess damages based on transactions involving the settled defendants. *In re Urethane Antitrust Litig.*, Case No. 2:04-md-01616-JWL (D. Kan.), Instructions (Doc. 2797), and Verdict Form (Doc. 2799).

Plaintiffs submit that the Court should follow the same procedure as Judge Lungstrum did in *Urethane*. Anywhere and RE/MAX have settled, but those settlements do not affect the

evidence to be submitted at trial, nor do they affect the nature and extent of the damages that can be awarded by the jury. Plaintiffs' instructions and verdict form specifically require the jury to make findings regarding whether Anywhere and RE/MAX were part of the combination or conspiracy to follow and enforce the Mandatory Offer of Compensation Rule. Once the jury answers "yes" for either company, the remaining Defendants are responsible for all damages flowing from that company's transactions with home sellers.[1]

Dated: September 21, 2023

Respectfully submitted by:

**KETCHMARK & McCREIGHT, P.C.**

*/s/ Scott A. McCreight*
Michael S. Ketchmark #41018
Scott A. McCreight #44002
11161 Overbrook Road, Suite 210
Leawood, KS 66211
(913) 266-4500
mike@ketchmclaw.com
smccreight@ketchmclaw.com

Eric L. Dirks #54921
Matthew L. Dameron #52093
**WILLIAMS DIRKS DAMERON LLC**
1100 Main Street, Suite 2600
Kansas City, MO 64105
(816) 945-7110
dirks@williamsdirks.com
matt@williamsdirks.com
cstout@williamsdirks.com

---

[1] Following entry of judgment, the remaining Defendants may file a motion to seek credit for the amount of the settlement payments. But that credit applies only *after* trebling. *Burlington Indus. v. Milliken & Co.*, 690 F.2d 380, 391-92 (4th Cir. 1982) ("the heretofore unbroken rule has been that any settlement payments are deducted from the damages award after trebling.") (collecting cases).

Brandon J.B. Boulware #54150<br>
Jeremy M. Suhr #60075<br>
Erin D. Lawrence #63021<br>
**BOULWARE LAW LLC**<br>
1600 Genessee, Suite 416<br>
Kansas City, MO 64102<br>
(816) 492-2826<br>
brandon@boulware-law.com<br>
jeremy@boulware-law.com<br>
erin@boulware-law.com<br>
<br>
Counsel for Plaintiffs and the Classes

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of September, 2023, the foregoing was sent via electronic mail to all counsel of record.

*/s/ Scott A. McCreight*
Attorney for Plaintiffs and the Classes