# Instruction No. __
## (Explanatory: General; Nature of Case; Duty of Jury; Cautionary)

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You may give them to the Courtroom Deputy for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete.

This is a civil class action lawsuit. The Plaintiffs representing the class are Rhonda Burnett, Jerod Briet, Jeremy Keel, Hollee Ellis, and Francis Harvey. Defendants are the National Association of Realtors, HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, and Keller Williams Realty, Inc. Plaintiffs claim that the Defendants, along with Anywhere Real Estate, Inc. (formerly known as Realogy Holdings Corporation), and RE/MAX LLC, violated the federal Sherman Antitrust Act by entering into a combination or conspiracy to follow and enforce a rule adopted by the National Association of Realtors, which had the purpose or effect of raising, inflating, or stabilizing broker commission rates paid by home sellers. As a result, Plaintiffs claim Defendants are liable for damages caused to Plaintiffs and the Class. Defendants deny that they violated any law, as well as the existence and amount of any damages. It will be your duty to decide from the evidence what party is entitled to your verdicts.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

Revised Plaintiffs' Proposed Instruction No. 1

**Source:** Eighth Circuit Model Civil Instruction 1.03

# Instruction No. __
### (Scope of Alleged Combination or Conspiracy)

The Class Plaintiffs allege the existence of a combination or conspiracy to follow and enforce a "Mandatory Offer of Compensation Rule" adopted by the National Association of Realtors, that applied to the Multiple Listing Services in Kansas City, St. Louis, Springfield, and Columbia, Missouri, during the period from April 29, 2015, through June 30, 2022. The Class Plaintiffs claim that the members of this combination or conspiracy were Defendants National Association of Realtors, HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, and Keller Williams Realty, Inc., along with Anywhere Real Estate, Inc. (formerly known as Realogy Holdings Corporation), and RE/MAX LLC. The Class Plaintiffs further claim that the purpose or effect of this rule was to raise, inflate, or stabilize broker commission rates paid by home sellers. As a result, the Class Plaintiffs claim they and the class members suffered injury in the form of damages, in that they paid higher real estate commissions when selling their homes than they would have paid if the Mandatory Offer of Compensation Rule had not existed.

Defendants deny that they agreed to adopt or follow the Mandatory Offer of Compensation Rule, or that they compelled their subsidiaries, affiliates, or franchisees to adopt or follow such a rule. Defendants also dispute the fact and amount of any damages.

Plaintiffs' New Proposed Instruction No. 37

**Sources:** *In re Urethane Antitrust Litig.*, Case No. 2:04-md-01616-JWL (D. Kan.), Instruction No. 12 (Doc. 2797)

**Instruction No. \_\_**
**(Absence of Other Potentially Responsible Parties)**

The fact that Anywhere Real Estate, Inc., RE/MAX LLC, or any other real estate companies, brokers, or agents are not here as defendants has nothing to do with the merits of the claims against the named Defendants, and must not play any part in your consideration of this case. You should not hold the absence of these real estate companies, brokers, or agents from this trial against either the Class Plaintiffs or Defendants.

Revised Plaintiffs' Proposed Instruction No. 14

**Sources:** *In re Urethane Antitrust Litig.*, Case No. 2:04-md-01616-JWL (D. Kan.), Instruction No. 18 (Doc. 2797)

**Instruction No. \_\_**
**(Damages – Joint and Several Liability)**

Each participant in a conspiracy that violates the antitrust laws is jointly and severally liable for all of the damages resulting from the conspiracy. This means that each conspirator is fully liable for all of the damages caused by the conspiracy and not solely for damages caused by an individual conspirator. One who knowingly joins an ongoing conspiracy is liable for the previous acts of the other conspirators in furtherance of the conspiracy.

If you find that the Class Plaintiffs have proven the existence of the alleged conspiracy, that a Defendant participated in the conspiracy, and that the Class Plaintiffs are entitled to recover damages based on the other instructions in this case, then that Defendant would be liable for all damages caused by the conspiracy, including any overcharges on the payment of real estate commissions.

Thus, in that event, such Defendant would be liable for overcharges on all payments of real estate commissions by the Class Plaintiffs in connection with transactions with any member of the conspiracy, and not merely on transactions with that Defendant. If, however, you find that any of the other alleged conspirators were not a member of the conspiracy (including Anywhere Real Estate, Inc. or RE/MAX LLC), then Defendants would not be liable for damages based on the Class Plaintiffs' transactions with those alleged conspirators.

Revised Plaintiffs' Proposed Instruction No. 18

**Sources:** ABA Model Jury Instructions in Civil Antitrust Cases
Chapter 6.B, Instruction 17

*In re Urethane Antitrust Litig.*, Case No. 2:04-md-01616-JWL (D. Kan.), Instruction No. 21 (Doc. 2797)

# VERDICT FORM

1. Do you find that a combination or conspiracy existed to follow and enforce the Mandatory Offer of Compensation Rule in the subject MLSs during the conspiracy period alleged in this case – April 29, 2015 through June 30, 2022?

**YES** _____    **NO** _____

*If your answer to Question 1 is "Yes", proceed to Question 2. If your answer to Question 1 is "No", stop here and your deliberations are complete; do not answer any remaining questions on this Verdict Form, and proceed to the signature page.*


2. Do you find that the combination or conspiracy set forth in Question 1 had the purpose or effect of raising, inflating, or stabilizing broker commission rates paid by home sellers?

**YES** _____    **NO** _____

*If your answer to Question 2 is "Yes", proceed to Question 3. If your answer to Question 2 is "No", stop here and your deliberations are complete; do not answer any remaining questions on this Verdict Form, and proceed to the signature page.*

3. Which of the following corporations or entities do you find knowingly and voluntarily joined the combination or conspiracy set forth in Question 1 with the purpose of furthering its goals?

| | | |
|---|---|---|
| National Association of Realtors | **YES** _____ | **NO** _____ |
| HomeServices of America, Inc. | **YES** _____ | **NO** _____ |
| BHH Affiliates, LLC | **YES** _____ | **NO** _____ |
| HSF Affiliates, LLC | **YES** _____ | **NO** _____ |
| Keller Williams Realty, Inc. | **YES** _____ | **NO** _____ |

4. Do you find that the combination or conspiracy set forth in Question 1 caused the Class Plaintiffs to pay more for real estate brokerage services when selling their homes than they would have paid absent that combination or conspiracy?

**YES** _____  **NO** _____

*If your answer to Question 4 is "Yes", proceed to Question 5. If your answer to Question 4 is "No", stop here and your deliberations are complete; do not answer any remaining questions on this Verdict Form, and proceed to the signature page.*

5. State the amount of damages proved by the Class Plaintiffs.

$ _____

*Your deliberations are complete. Please have the foreperson sign and date this verdict form and notify the Court that you have reached a verdict.*

_____ _____
Date                                                              Foreperson

Plaintiffs' Proposed Verdict Form (revised)

**Sources:** *In re Urethane Antitrust Litig.*, Case No. 2:04-md-01616-JWL (D. Kan.), Verdict Form (Doc. 2799)