UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RHONDA BURNETT, JEROD BREIT, HOLLEE ELLIS, FRANCES, HARVEY, and JEREMY KEEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | Civil Action No. 19-CV-00332-SRB |

**DECLARATION OF STEVE W. BERMAN
IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
SETTLEMENTS WITH ANYWHERE REAL ESTATE AND RE/MAX LLC,
CERTIFICATION OF SETTLEMENT CLASS,
AND APPOINTMENT OF SETTLEMENT CLASS COUNSEL**

I, Steve W. Berman, state under oath, as follows:

1. I am the Managing Partner of Hagens Berman Sobol Shapiro LLP ("Hagens Berman"). The Court in *Moehrl v National Association of Realtors*, Case No. 1:19-cv-01610-ARW (Northern District of Illinois) ("Moehrl") appointed my firm, together with Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein"), and Susman Godfrey LLP ("Susman Godfrey"), as Co-Lead Class Counsel in the *Moehrl* litigation.

2. I submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Settlements with Anywhere Real Estate and RE/MAX, Certification of Settlement Class, and Appointment of Settlement Class Counsel. Based on personal knowledge or discussions with counsel in my firm and co-counsel regarding the matters stated herein, if called upon, I could and would testify competently thereto.

3. I have served as lead or co-lead counsel in antitrust, securities, consumer, products liability, and employment class actions, and other complex litigation matters throughout the country. For example, I have represented thousands of plaintiffs in large antitrust cases and have achieved favorable results for them. I was the lead trial lawyer in *In re National Collegiate Athletic Association Athletic Grant-In-Aid Cap Antitrust Litigation*, MDL No. 2541 (N.D. Cal.) where the class obtained injunctive relief following a bench trial. As co-lead counsel in *In re Visa Check/Mastercard Antitrust Litigation*, No. 96-cv-05238 (E.D.N.Y.), I obtained the then largest antitrust settlement in history for consumers while challenging alleged anti-competitive agreements among U.S. banks, Visa, and Mastercard, regarding ATM fees. I also represented consumers in *In re Optical Disk Drive Products Antitrust Litigation*, No. 10-md-2143-RS (N.D. Cal.), *In re Electronic Books Antitrust Litigation*, No. 11-md-02293 (DLC) (S.D.N.Y.), and *In re Lithium Ion Batteries Antitrust Litigation*, No. 13-md-02430 (N.D. Cal.), obtaining court-approved settlements for class members in all three cases. I was approved as co-lead counsel to represent a certified class of thousands of consumers in *In re Broiler Chicken Antitrust Litigation*, No. 1:16-cv-08637 (N.D. Ill. May 27, 2022), ECF No.5644. I have negotiated numerous settlements in class and non-class cases during my decades of practice.

4. Proposed Settlement Class Counsel are highly experienced in the areas of antitrust and class action litigation. They have tried antitrust class actions to verdict and prosecuted and settled numerous others. Hagens Berman, Cohen Milstein, and Susman Godfrey—Co-Lead Class Counsel in *Moehrl*—each have extensive antitrust class action experience and have successfully prosecuted some of the most complex private antitrust cases in the last two decades. Each has a history of winning landmark verdicts and negotiating favorable settlements for their clients. Their collective and individual litigation experience—discussed in the memorandum of law and exhibits filed in Support of Plaintiff's Motion to Appoint Interim Co-Lead Class Counsel in the *Moehrl* action—amply demonstrates that these three firms have extensive knowledge of the relevant law, as well as the resources for effective representation of Settlement Class Plaintiffs, and the proven ability to reach superior results for parties injured by anticompetitive practices. (*Moehrl* Docs. 50-1 – 50-14)

5. On behalf of Plaintiffs, other Co-Lead Counsel and I personally conducted intensive settlement negotiations with counsel for Anywhere Real Estate, Inc. (f/k/a Realogy Holdings Corp.) ("Anywhere") and RE/MAX, LLC ("RE/MAX") (collectively "Settling Defendants") over the course of nearly a year.

6. Plaintiffs and Anywhere executed a Settlement Agreement on October 5, 2023. Attached as Exhibit A is a true and accurate copy of the Settlement Agreement between Plaintiffs and Anywhere.

7. Plaintiffs and RE/MAX likewise executed a Settlement Agreement on October 5, 2023. Attached as Exhibit B is a true and accurate copy of the Settlement Agreement between Plaintiffs and RE/MAX.

8. In my opinion, and in that of highly experienced Co-Lead Counsel, the proposed Settlement Agreements are fair, reasonable, and adequate. They provide substantial monetary and non-monetary benefits to the Settlement Class, and they avoid the risks, costs, and delay of continuing protracted litigation against Settling Defendants. Details of the agreed monetary relief, changes to the Settling Defendants' business practices, and cooperation in Plaintiffs

ongoing litigation against the non-settling defendants are set forth in the Settlement Agreements attached as Exhibits A and B.

9. Plaintiffs' Co-Lead Counsel and counsel for Anywhere engaged in extensive arm's-length settlement negotiations that lasted nearly a year, from December 2022 through August 2023, including several telephonic and in-person mediations with a nationally recognized and highly experienced mediator, two mediations with a retired federal court judge, and a mediation with a federal magistrate judge, leading to the Settlement Agreement with Anywhere. Plaintiffs' Co-Lead Counsel and counsel for Anywhere also participated in dozens of one-on-one calls as part of the settlement negotiations. Plaintiffs' Co-Lead Counsel and counsel for RE/MAX further held several mediations over a multi-month process, including a mediation with a nationally recognized and highly experienced mediator, as well as numerous direct communications. The mediation sessions with RE/MAX were attended by senior RE/MAX executives including its general counsel and chief financial officer.

10. There was no collusion among counsel for the parties at any time during these settlement negotiations. To the contrary, the negotiations were contentious, hard fought, and fully informed. Plaintiffs sought to obtain the largest possible monetary recovery, as well as the most impactful changes to the Settling Defendants' business practices, to avert anticompetitive conduct going forward. Plaintiffs further sought the most helpful cooperation possible from Settling Defendants.

11. When the Settlement Agreements were executed, Co-Lead Counsel were fully aware of the strengths and weaknesses of each side's positions. The parties in both actions completed over four years of extensive fact and expert discovery, including propounding and responding to multiple sets of interrogatories and requests for production, followed by the production of well over 5 million pages of documents from the parties and dozens of non-parties across both actions. Plaintiffs briefed numerous discovery motions and disputed items in order to obtain important evidence to support their claims. The parties conducted over 100 depositions in the *Moehrl* action and over 80 depositions in the *Burnett* action. *Moehrl* Plaintiffs engaged six

- 3 -
Case 4:19-cv-00332-SRB   Document 1192-1   Filed 10/05/23   Page 4 of 6

experts and *Burnett* Plaintiffs engaged five experts to support their claims and to rebut claims from the nine experts retained by Defendants in each case. Most experts in the case were deposed after the submission of 24 expert reports in *Moehrl* and 19 expert reports in *Burnett*. The *Burnett* Plaintiffs also briefed summary judgment and began preparing for trial, including against the Settling Defendants. Based on their extensive investigative and analytical efforts, Co-Lead Counsel were well informed of the value and consequences of the Settlement Agreements.

12. Plaintiffs and Class Counsel reached the Settlement Agreements after considering the risk and cost of litigation. Plaintiffs and Class Counsel believe the claims asserted are meritorious and that the evidence developed to date supports the claims, but also recognize the risk and delay of further proceedings in a complex case like this, and believe that the Settlements confer substantial benefits upon the Settlement Class Members.

13. Moreover, Plaintiffs and counsel conducted a thorough financial analysis of the limited ability to pay of both Anywhere and RE/MAX, and whether Anywhere and RE/MAX could withstand a greater monetary judgment, which directly affected the monetary amounts that it was feasible to recover from both Settling Defendants through settlement. In my opinion, the Settlements are fair and reasonable in light of the financial condition of Anywhere and RE/MAX.

14. The Settlement Class Representatives in *Moehrl* have been provided the Settlement Agreements for review and approved the terms of the Settlements.

15. Plaintiffs seek to defer formal notice of the Settlement Agreements to the Settlement Class. In light of the proposed nationwide Settlement Class consisting of over 30 million home sellers, Plaintiffs are working to gather additional Class Member contact information from defendants and other sources. As part of the Settlement Agreements, the Settling Defendants have agreed to use reasonable efforts at their expense to provide Class Member data in support of the provision of class notice. If necessary, Plaintiffs may also seek permission to serve subpoenas for the limited purpose of collecting Class Member contact

information in order to facilitate notice. After pursuing additional Class Member contact information, Plaintiffs intend to file a motion to direct notice with the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed October 5, 2023, at Seattle, Washington.

<i>/s/ Steve W. Berman</i><br>STEVE W. BERMAN