IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RHONDA BURNETT, JEROD BREIT, HOLLEE ELLIS, FRANCES HARVEY, and JEREMY KEEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | Case No. 19-CV-00332-SRB |

## **DECLARATION OF MATTHEW L. DAMERON**

I, Matthew L. Dameron, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I respectfully submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Settlements.

2. I am a partner at Williams Dirks Dameron LLC. Along with Ketchmark & McCreight P.C. and Boulware Law, my firm was one of three firms appointed as Class Counsel by this Court.

3. The proposed Settlements are the product of protracted, lengthy litigation between the Settlement Class and the Settling Defendants (Anywhere and RE/MAX). During the nearly five years of litigation, the parties have engaged in dozens of depositions and numerous hearings related to discovery and other matters.

1

4. Moreover, in *Burnett*, the parties have navigated several substantive and significant litigation thresholds, including motions to dismiss, class certification (including an unsuccessful interlocutory appeal under Rule 23(f)), and summary judgment.

5. *Burnett* also implicated the complex issue of arbitration, and the parties in *Burnett* twice engaged in lengthy appellate proceedings related to arbitration—proceedings that required full appellate briefing and oral argument before the U.S. Court of Appeals for the Eighth Circuit.

6. *Burnett* is also on the eve of trial, and the Settling Defendants engaged in lengthy pretrial litigation in *Burnett*, including competing jury instructions, multiple motions in limine, and other trial-related matters.

7. Based on this lengthy and involved litigation background, Class Counsel in *Burnett* can evaluate the value of the proposed Settlements and their multiple benefits to the Settlement Class, particularly where those benefits are weighed against the risks associated with further litigation and the financial wherewithal of the Settling Defendants.

8. Regarding the latter point—the Settling Defendants' financial ability to pay any judgment—Class Counsel, along with the counsel in *Moehrl*, carefully scrutinized the financial conditions of Anywhere and RE/MAX, including their available funds to pay any settlement, their current and prospective financial conditions, and their ability to withstand a judgment if Plaintiffs prevail at trial.

9. Based on this review and the Settling Defendants' financial condition, Class Counsel in *Burnett* have concluded that the proposed Settlements represent fair and reasonable Settlements under the circumstances.

10. This is particularly true when the Court considers the non-monetary terms of the proposed Settlements and the meaningful relief those terms offer to consumers on a going-forward basis.

11. Class Counsel in *Burnett* reached these conclusions based on the knowledge we acquired about the real estate industry through the litigation, as well as our knowledge of the issues affecting the potential outcome of the litigation and trial.

12. Moreover, we came to our conclusions based on lengthy and various dispute resolution efforts over the course of the case, including multiple mediations with a nationally recognized mediator; mediations with a retired federal judge; and a mediation with a federal magistrate judge from this District. The parties also engaged in ongoing informal discussions with the mediators, as well as direct conversations.

13. We have provided the proposed Settlement Agreements to the Settlement Class Representatives in *Burnett* and discussed the terms with them; the Settlement Class Representatives approve of the proposed Settlements.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: October 5, 2023

_____
MATTHEW L. DAMERON