UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SCOTT AND RHONDA BURNETT, RYAN HENDRICKSON, JEROD BREIT, SCOTT TRUPIANO, JEREJMY KEEL, HOLLEE ELLIS, and FRANCES HARVEY, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC., <br><br> Defendants. | Case No.: 4:19-cv-00332-SRB <br><br> Judge Stephen R. Bough |

**THE HOMESERVICES DEFENDANTS' PRE-TRIAL MEMORANDUM**

**I.    The Evidence Will Show that None of the HomeServices Defendants Entered into a Conspiracy with Anyone**

To prevail on their Sherman Act claim against any one of the three (3) HomeServices-related Defendants in this case, Plaintiffs must first prove by a preponderance of the evidence that the particular entity – HomeServices of America, Inc.; BHH Affiliates, LLC; and HSF Affiliates, LLC – knowingly entered into an agreement with at least one of the other unrelated Defendants to "follow and enforce" NAR's "Offer of Compensation Model Rule." Simply stated, there is no such evidence.

To the contrary, the *absence* of any evidence to support a Sherman Act claim against the HomeServices Defendants is overwhelming. Specifically, there is no evidence that:

1

- Any officer, director, employee or representative of any HomeServices Defendant ever discussed NAR's Offer of Compensation Model Rule internally;

- Any officer, director, employee or representative of any HomeServices Defendant ever discussed NAR's Offer of Compensation Model Rule with any third party, let alone with anyone affiliated with NAR, Keller Williams, Realogy, or RE/MAX;

- Anyone from NAR invited anyone affiliated with the HomeServices Defendants to take any action relating to the Offer of Compensation Model Rule; and

- Any officer, director, employee or representative of any HomeServices Defendant had ever even thought about NAR's Offer of Compensation Model Rule before Plaintiffs filed this lawsuit.

- Any HomeServices Defendant required their franchisees or subsidiaries to join NAR, to join an MLS, or to follow or enforce the Offer of Compensation Model Rule.

Without any evidence connecting the HomeServices Defendants to the Offer of Compensation Rule, Plaintiffs will instead present evidence on unrelated topics that distill into five (5) categories. None of this evidence ties the HomeServices Defendants to the alleged conspiracy, and none will be sufficient to justify a verdict in Plaintiffs' favor.

**General Involvement with NAR:** There is no evidence that anyone affiliated with any HomeServices Defendant had any involvement of any kind with the Offer of Compensation Rule. Thus, Plaintiffs will instead offer only general evidence that some persons affiliated with some of the HomeServices Defendants were generally involved with NAR at different times on

different issues. But there is nothing illegal or suspicious about a person being active in a trade association, and Plaintiffs' Sherman Act claim cannot rest on such general evidence.

**Sporadic Contact with Competitors:** There is no evidence of anyone affiliated with any HomeServices Defendant communicating with any third party about the Offer of Compensation Rule. Thus, Plaintiffs will instead offer evidence that certain individuals affiliated with some HomeServices Defendants periodically participated in industry meetings and social gatherings where individuals associated with some of the other Defendants were also present. But there is nothing illegal or suspicious about representatives from competing companies periodically meeting with one another and even cooperating on mutually-beneficial products. Such evidence does not support a Sherman Act claim.

**Internal Training Materials:** Plaintiffs will present evidence regarding certain training materials offered by one HomeServices Defendant, BHH Affiliates. Some training materials refer to a six percent (6%) commission – a common example that is all over Google. But Plaintiffs take such references out of context and characterize them as more than they were. As the HomeServices Defendant witnesses will explain, these materials were available primarily to BHH's franchisees, focused on teaching agents to be confident in their value propositions, and encouraged agents to negotiate commissions from a position of strength. The HomeServices Defendants never dictated any particular commission to be charged by anyone. Moreover, there is no evidence that any HomeServices Defendant coordinated or communicated with any other Defendant about commission levels or entered into some agreement to set commissions at a particular level. Finally, Plaintiffs have not alleged a conspiracy in this case to set commissions at six percent (6%) or any other level. Their focus on this evidence is nothing but a distraction

and is inconsistent with Plaintiffs' damages analysis, which has nothing to do with any alleged fixed-level commission amount.

**BHH's Connection to NAR's Code of Ethics:** One of the HomeServices Defendants – BHH Affiliates, LLC – requires its franchisees generally to follow NAR's Code of Ethics. This is a long-standing requirement that helps to ensure that BHH's franchisees are upstanding, responsible businesspersons who hold themselves to a higher ethical standard than that imposed by state law. The Code of Ethics, however, does not contain the core Offer of Compensation Model Rule challenged by Plaintiffs in this case. And there is no evidence that BHH imposed this requirement as part of some conspiracy with NAR or anyone else; nor is there any evidence that BHH imposed this requirement to impact commission behavior. Moreover, neither HomeServices of America, Inc. nor HSF Affiliates, LLC have ever imposed any requirement to follow NAR's Code of Ethics on anyone.

**Support for NAR's Separate "Clear Cooperation Policy":** In November 2019 – *more than 23 years after Plaintiffs allege the conspiracy started and 6 months after this case was filed* – NAR enacted an entirely different model MLS rule that, if enacted by an MLS, required participants who publicly market a home for sale to post that home on the multiple listing service within one (1) business day. HomeServices of America, Inc. publicly supported this policy. But NAR's Clear Cooperation Policy has nothing to do with the Offer of Compensation Model Rule; it was enacted well after the class period in this case began; and HomeServices of America, Inc's decision to support the policy was made unilaterally.

II.  **The HomeServices Defendants Are Separate Entities, and Plaintiffs Should Not Be Permitted to Conflate Them.**

Throughout this case, Plaintiffs have lumped the three HomeServices Defendants together as though they are a single entity. They are not. The claims against each entity are

distinct; Plaintiffs do not have an evidentiary basis for ignoring their corporate separateness; and the evidence relating to each HomeServices-related entity must be considered on its own merits.

The HomeServices Defendants anticipate that Plaintiffs may continue their strategy of attributing conduct of individuals acting on behalf of one entity to the others, and the HomeServices Defendants may ask for the Court's assistance to ensure that Plaintiffs' questioning of witnesses is clear with respect to the HomeServices-related entities at issue.

### III. Joinder in NAR's Pre-Trial Memorandum.

The HomeServices Defendants also join in the Pre-Trial Memorandum filed by NAR.

Dated: October 6, 2023

/s/Robert D. MacGill
Robert D. MacGill, *pro hac vice*
Scott E. Murray, *pro hac vice*
Matthew T. Ciulla, *pro hac vice*
Patrick J. Sanders, *pro hac vice*
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
(317) 721-1253
Robert.MacGill@MacGillLaw.com
Scott.Murray@MacGillLaw.com
Matthew.Ciulla@MacGillLaw.com
Patrick.Sanders@MacGillLaw.com

Jay N. Varon, *pro hac vice*
Jennifer M. Keas, *pro hac vice*
FOLEY & LARDNER LLP
3000 K Street NW
Washington, DC 20007
(202) 672-5300
jvaron@foley.com
jkeas@foley.com

Brian C. Fries
bfries@lathropgage.com
LATHROP GAGE LLP - KCMO
2345 Grand Avenue, Suite 2200
Kansas City, MO 64108-2618
(816) 292-2000

***Counsel for Defendants HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2023, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

*/s/ Robert D. MacGill*
Robert D. MacGill
