UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RHONDA BURNETT, JEROD BREIT, JEREMY KEEL, HOLLEE ELLIS, and FRANCES HARVEY, on behalf of themselves and all others similarly situated, <br><br>Plaintiffs, <br><br>v. <br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX, LLC, and KELLER WILLIAMS REALTY, INC., <br><br>Defendants. | Case No: 4:19-cv-00332-SRB <br><br>Judge Stephen R. Bough |

**DEFENDANT KELLER WILLIAMS REALTY, INC.'S TRIAL BRIEF**

Defendant Keller Williams Realty, Inc. ("Keller Williams") adopts and incorporates by reference the Pre-Trial Memorandum filed by the National Association of Realtors ("NAR"). This Trial Brief sets forth additional points specific to Keller Williams.

I. **PLAINTIFFS' EVIDENCE DOES NOT ESTABLISH KELLER WILLIAMS' PARTICIPATION IN A CONSPIRACY**

Keller Williams did not participate in any conspiracy. Keller Williams did not enter into any agreement with the National Association of Realtors, the HomeServices Defendants, or any other person to follow or enforce the rules that Plaintiffs claim result in higher commissions. Indeed, the evidence at trial will show that Keller Williams has followed its own path in the real estate industry and that Keller Williams has had little to no role whatsoever in the National

Association of Realtors and no role whatsoever in any activities relating to the Cooperative Compensation Rule at issue in this case.

Without evidence connecting Keller Williams to the conduct they allege in this case, Plaintiffs instead seek to focus on what they claim are efforts by Keller Williams – undertaken entirely in public and not in conjunction with NAR or the HomeServices Defendants or anyone else – to convince agents to charge commission rates of six percent. Plaintiffs' claim that Keller Williams conspired with the other Defendants is based on the following assertions: (1) Keller Williams requires agents affiliated with Keller Williams' franchisee brokerages to join their local board of Realtors and MLS; (2) Keller Williams has published educational materials that include example commission amounts; and (3) at its annual Family Reunion convention, Keller Williams reports national average commission rates earned annually by independent contractor agents affiliated with Keller Williams' franchisee brokerages. Not only does this evidence have nothing to do with the NAR rules at issue, it also reflects entirely unilateral conduct consistent with Keller Williams' independent business interests. (And even aside from how this conduct bears no relation to the rules at issue, it also cannot plausibly have had any actual effect on real estate commissions in the marketplace.)

Keller Williams will ask this Court at the close of Plaintiffs' case to enter judgement as a matter of law based on the lack of any evidence supporting involvement by Keller Williams in a conspiracy to follow or enforce the Cooperative Compensation Rule (as well as on any other appropriate grounds).

## II. IMPORTANT EVIDENTIARY ISSUES

### A. Plaintiffs Cannot Meet Their Burden of Showing that Certain Presentations Were Used at Family Reunion

Plaintiffs seek to offer into evidence and publish to the jury twelve presentations[1] they will claim were shared with attendees at Keller Williams' annual Family Reunion convention for agents. Plaintiffs plan to offer this evidence not to show the views of the creators of the presentations but to support their claim that Keller Williams sought to fix commission rates through public presentations of an economic model that incorporated an assumed three percent commission rate for both listing and buyer agents (even though, as discussed above, this alleged conduct had nothing whatsoever to do with the rule at issue in this case). To lay the evidentiary foundation for the admissibility of these presentations, Plaintiffs must show that these documents actually are what Plaintiffs claim they are – and that they were in fact presented during Family Reunion, as they want the jury to believe. *See* Fed. R. Evid. 901 ("[T]he proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."); *see also Bruther v. Gen. Elec. Co.*, 818 F. Supp. 1238, 1240 (S.D. Ind. 1993) ("[A]bsent a showing that the evidence is what the proponent alleges, it has no relevance.").

There is no evidence uncovered during discovery that these presentations were used as Plaintiffs claim they were. And no live trial witness will be able to supply the missing evidentiary foundation. In fact, the only Keller Williams witness who testified about these documents stated expressly that she did not know whether the presentations she received from independent contractor agents seeking to present at the Family Reunion convention were ever actually presented. Maples Depo. 73:8-11; 74:22-24; 76:6-9; 77:9-11; 78:17–21 (testifying that she could not confirm that these documents were actually presented); *see also id.* 83:11-12 ("Just because

---

[1] P-445, P-479, P-1370, P-1631, P-1632, P-1633, P-1634, P-1635, P-1636, P-1637, P-1640, and P-1650.

3

we develop content for it, doesn't mean it's actually shown."). Plaintiffs can establish only that someone prepared these presentations and sent them to Keller Williams, but not that any were actually presented to anyone at Family Reunion. Based on the state of the evidentiary record concerning these presentations, it would be misleading for Plaintiffs to suggest to the jury that these documents actually were presented to an audience of agents. Drafts of presentations or presentations not actually used during the Family Reunion event have no relevance to Plaintiffs' claim.

Plaintiffs had every opportunity in discovery to establish these foundational facts but failed to do so. Keller Williams has objected to the admissibility of these documents and will assert these objections if and when Plaintiffs seek to offer them into evidence at trial.

    **B.**    **The Court Should Exclude Embedded Hearsay in Michelle Figgs' Notes**

During the pretrial conference, the Court determined that the notes of a former Keller Williams industry analyst, Michelle Figgs, (the "Figgs Notes") (P-654) were a business record, thereby addressing the first level of hearsay. Pretrial Conf. Tr. 86:8–9. But the highlighted "Gary believes" statement below is hearsay within hearsay that is inadmissible:

> Anything that did over $50M a year shouldn't have to pay anything? Then you would gather so much real estate power.
> Gary believes strongly in collusion theory for why commissions are stable. "co-opetition".
> Top agents spending $3 to $5k a month, so this will be huge cost savings.
> Give them fish and teach them how to fish
> We have the other 125,000 as source of income, while re/max only has high producing agents.
> Expandable lead gen - redfin's model - how do we fight this battle
> And subscription/membership.

Plaintiffs cannot meet their burden of establishing the applicability of a hearsay exception for the "Gary believes" statement. *See Am. Eagle Ins. Co. v. Thompson*, 85 F.3d 327, 333 (8th Cir. 1996). Ms. Figgs, the note-taker, could not remember the identity of the person who made the statement, leaving Plaintiffs with no basis to support its admissibility. *See* Figgs Dep. 32:22–

33:4 ("My note would indicate that likely someone made that statement who I was listening to at that time.").

The Eighth Circuit's opinion in *Gulbranson* addressed nearly identical circumstances and reversed the district court's judgment based on the admission of minutes without accounting for embedded hearsay statements by an unidentified declarant. 921 F.2d 139, 141-42 (8th Cir. 1990). The Eighth Circuit reasoned:

> *[T]he* **minutes fail to identify the speaker or speakers** *of the particular statements at issue*. Thus, [the plaintiff] **failed to establish a proper foundation for admitting the minutes as an admission of a party**, and the district court erred in admitting the minutes as such.

*Id. See also Cedeck v. Hamiltonian Fed. Sav. & Loan Ass'n,* 551 F.2d 1136, 1138 (8th Cir. 1977) ("That part of Murphy's statement which contains a reiteration of what someone told him is not admissible as an admission by party-opponent *since the author of the statement is unknown*." (emphasis added)).

For the same reasons, the Court should exclude the "Gary believes" statement if Plaintiffs seek to offer the Figgs Notes at trial.

Dated: October 6, 2023

David R. Buchanan
dbuchanan@bjpc.com
BROWN & JAMES, PC-KCMO
2345 Grand Boulevard
Suite 2100
Kansas City, MO 64108
(816) 472-0800

Timothy Ray, *pro hac vice*
timothy.ray@hklaw.com
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600

Respectfully submitted,

*/s/ David C. Kully*
David C. Kully, *pro hac vice*
david.kully@hklaw.com
Anna P. Hayes, *pro hac vice*
anna.hayes@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20530
(202) 469-5415

Jennifer Lada, *pro hac vice*
jennifer.lada@hklaw.com
HOLLAND & KNIGHT LLP
31 West 52nd Street, 12th Floor
New York, NY 10019
(212) 513-3513

Dina W. McKenney, *pro hac vice*
dina.mckenney@hklaw.com
HOLLAND & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 969-1757

**Counsel for Keller Williams Realty, Inc.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 6, 2023, an electronic copy of the foregoing was filed with the Clerk of the Court by using the CM/ECF system, and service upon all counsel of record will be accomplished by the CM/ECF system.

/s/ *David C. Kully*