UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SCOTT AND RHONDA BURNETT, ) <br> RYAN HENDRICKSON, JEROD BREIT, ) <br> SCOTT TRUPIANO, JEREMY KEEL, ) <br> HOLLEE ELLIS, and FRANCES HARVEY, ) <br> on behalf of themselves and all others ) <br> similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE NATIONAL ASSOCIATION OF ) <br> REALTORS, REALOGY HOLDINGS ) <br> CORP., HOMESERVICES OF AMERICA, ) <br> INC., BHH AFFILIATES, LLC, HSF ) <br> AFFILIATES, LLC, RE/MAX, LLC, and ) <br> KELLER WILLIAMS REALTY, INC., ) <br> ) <br> Defendants. ) | No: 4:19-cv-00332-SRB <br><br> Judge Stephen R. Bough |

**THE HOMESERVICES DEFENDANTS' MOTION TO ENFORCE COURT ORDER AT DOC. 1236**

In Doc. 1236, the Court ordered as follows:

> Before the Court is the HomeService Defendants' Objection and Motion in Limine. (Doc. #1223.) Upon review, the motion is GRANTED IN PART AND DENIED IN PART. The motion is denied in part and plaintiffs may present evidence regarding whether the HomeServices Defendants are truly independent centers of decisionmaking under American Needle, Inc. v. Natl Football League, 560 U.S. 183, 196-97 (2010). The court is mindful that [a] conspiracy requires a plurality of actors, and... no such plurality exists between a corporation and its wholly owned subsidiary corporation. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 274 (8th Cir. 1988), so the motion is granted in part in that plaintiff shall be prohibited from

> introducing evidence regarding an intra-corporate
> conspiracy, or that the HomeServices Defendants are liable
> only because their sister subsidiaries hav[e] common officers
> and directors. (Doc. #1223, p. 1.) Signed on 10/13/23 by
> District Judge Stephen R. Bough. This is a TEXT ONLY
> ENTRY. No document is attached. (Diefenbach, Tracy)
> (Entered: 10/13/2023)

Doc. 1236 (the "Order"). The next day, the HomeServices Defendants emailed Plaintiffs, attempting to secure their compliance with the Order. Exhibit A. Twenty-two minutes later, Plaintiffs responded, refusing to remove any of the violative deposition designations from the videos to be played at the trial this week. Exhibit B.

Therefore, the HomeServices Defendants respectfully bring this motion to enforce the Court's Order. The HomeServices Defendants request that the Court order the following segments of Plaintiffs' deposition videos be stricken:

| Exhibit | Deponent | Segment to be Stricken |
|---|---|---|
| Exhibit C | Strandmo | Page 98:22-99:19 |
| | | Page 105:11-23 |
| | | Page 106:15-16 |
| Exhibit D | Warner | Page 14:21-15:3 |
| | | Page 15:11-19 |
| | | Page 16:3-5 |
| | | Page 16:9-15 |

2

|  |  | Page 32:1-5 |
|  |  | Page 32:18-20 |
|  |  | Page 48:18-19 |
|  |  | Page 71:15-73:3 |
|  |  | Page 73:21-74:5 |
| Exhibit E | Blefari | Page 43:8-14 |
| Exhibit F | Goffstein | Page 13:23-14:3 |
|  |  | Page 14:25-15:15 |

Additionally, the HomeServices Defendants respectfully move the Court to strike Exhibits 2068 and 2069, which are attached as Exhibits G and H.

This evidence plainly violates the Order because it serves no other purpose than to falsely suggest the existence of an intra-corporate conspiracy or that the HomeServices Defendants may be liable solely by virtue of common officers or directors. *See, e.g.*, Warner Dep. Tr. (Ex. D) at 72:10-12 ("Well, isn't it weird? How can you be CEO of two companies that compete with each other?"); Ex. 2608 (Ex. G) (showing that Mr. Blefari is an officer of various HomeServices Defendants). For much of the evidence, there is no question that it falls within the Order's scope because it was cited in the part of the HomeServices Defendants' motion the Court granted. *Compare* Doc. 1223, at 2-3 (citing Mr. Goffstein's and Ms. Warner's deposition testimony

regarding Mr. Frazier's leadership of multiple HomeServices of America subsidiaries), *with* Exhibit B (refusing to withdraw same testimony). Plaintiffs should not be free to disregard the Court's orders with impunity.

Plaintiffs have now doubled down, inserting the violative Warner testimony into their opening statement. Ex I at 6 (listing violative Warner testimony at deposition page 71 as a deposition clip to be played in opening statement). Thus, the HomeServices Defendants are forced to bring this motion immediately.

The HomeServices Defendants continue to reserve the right to make live objections to further acts that violate the Order during trial proceedings.

Dated: October 16, 2023  /s/ *Robert D. MacGill*
Robert D. MacGill, *pro hac vice*
Matthew T. Ciulla, *pro hac vice*
Scott E. Murray, *pro hac vice*
Patrick J. Sanders, *pro hac vice*
Robert.MacGill@MacGillLaw.com
Matthew.Ciulla@MacGillLaw.com
MacGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
(317) 721-1253

Jay N. Varon, *pro hac vice*
Jennifer M. Keas, *pro hac vice*
jvaron@foley.com
jkeas@foley.com
FOLEY & LARDNER LLP
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 672-5300

Brian C. Fries
bfries@lathropgage.com
LATHROP GAGE LLP - KCMO
2345 Grand Avenue, Suite 2200
Kansas City, MO 64108-2618
(816) 292-2000

*Counsel for Defendants
HomeServices of America, Inc., BHH
Affiliates, LLC, and HSF Affiliates,
LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon all counsel of record by virtue of the CMECF System on the foregoing date.

/s/Robert D. MacGill