| | |
|---|---|
| SCOTT AND RHONDA BURNETT, RYAN HENDRICKSON, JEROD BREIT, SCOTT TRUPIANO, JEREJMY KEEL, HOLLEE ELLIS, and FRANCES HARVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | Case No.: 4:19-cv-00332-SRB<br><br>Judge Stephen R. Bough |

**THE HOMESERVICES DEFENDANTS' MOTION TO ADMIT IN EVIDENCE PLAINTIFFS' ADMISSIONS, OR, IN THE ALTERNATIVE, FOR CURATIVE INSTRUCTION**

At Plaintiffs' request, the Eighth Circuit held—*in this case*—"HomeServices [meaning HomeServices of America, Inc.; BHH Affiliates, LLC; and HSF Affiliates, LLC] is neither a party nor a third-party beneficiary of the Listing Agreements." *Burnett v. NAR*, 75 F.4th 975, 984 (8th Cir. 2023). This Court has found that the HomeServices Defendants do not have a "close relationship" with the Missouri subsidiaries, ReeceNichols and BHH KC, and the Eighth Circuit affirmed this Court on this point. *Burnett v. NAR*, 615 F. Supp. 3d 948, 959-961 (W.D. Mo.

1

2022) ("the Court finds that HomeServices[1] does not have a sufficiently close relationship with ReeceNichols or BHH KC"), *aff'd*, 75 F.4th at 984 n.6 (8th Cir. 2023).

Plaintiffs went so far as to argue to the Eighth Circuit that, as to the listing agreements of HomeServices' brokerage subsidiaries: "These are agreements between low level brokers and the class members. They don't mention HomeServices, **HomeServices doesn't have anything to do with it**." Ex. 7500,[2] Eighth Circuit O.A., *Burnett v. NAR*, 22-2664,[3] at 20:51-20:59. But now that trial has begun, Plaintiffs have repeatedly repudiated their judicial admissions and the law of this case, instead preferring to confuse the jury by arguing that HomeServices and its brokerage subsidiaries are one and the same. *See, e.g.*:



- 10/17 Rough Trial Tr. at 17:5-20 ("▇▇▇.");
- *id.* at 18:1-3 ("▇▇▇.");
- *id.* at 39:23-25 ("▇▇▇.");
- *id.* at 55:1-16 ("▇▇▇.");

---

[1] Meaning "HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC.," *see* 615 F. Supp. 9d at 952 n.1.

[2] The referenced exhibits are attached hereto.

[3] http://media-oa.ca8.uscourts.gov/OAaudio/2023/4/222664.MP3, archived at https://perma.cc/T6MX-7ZFY

- *id.* at 72:20-22 ("[█████████████████████████████ █████████.");
- *id.* at 74:3-8 ("█████████████████████████████ █████████████████████████████████████.");
- 10/18 Rough Trial Tr. at 93:20-25 ("█████████████████████████ █████████████████████████████████████ ███████████████████████.");
- *id.* at 95:10-13 ("█████████████████████████ █████████████████████████████████████ ███████████████████████████.");
- *id.* at 125 ("I████████████████████████████ █████████████████████████████████████ ██████");
- *id.* at 157:2-7 █████████████████████████████████
- *id.* at 158:1-4 ("█████████████████████████████████);
- *id.* at 158:10-14 ("█████████████████████████████ █████████████████████████████████████ ██████");
- *id.* at 159:4-10 ("█████████████████████████████ █████████████████████████████████████ █████████████████████████████████████ ██████").

3

These statements to the jury stand in direct conflict with Plaintiffs' prior judicial admissions[4] to this Court and to the Eighth Circuit and violate the law of the case doctrine.[5] Plaintiffs are judicially estopped[6] from this conduct now, and the jury should be so informed. *See, e.g.*:

- **Briefing in This Court:**
    - Ex. 7503, Doc. 230 at ECF p. 11 (asserting that Plaintiffs' *conspiracy claims* are unrelated to the ReeceNichols and BHH KC listing agreements);
    - *id.* at ECF p. 12 (asserting that HomeServices is a "***complete stranger***" to the ReeceNichols and BHH KC listing agreements);
    - *id.* (asserting that HomeServices "does not have a direct corporate relationship with ReeceNichols," and that ReeceNichols is "two steps removed from HomeServices");
    - Ex. 7504, Doc. 806 at ECF p. 23 ("[T]here is no agreement of any kind…between class members and HomeServices.");

---

[4] *See Postscript Enters. v. Bridgeton*, 905 F.2d 223, 227-28 (8th Cir. 1990) (statements in brief and at oral argument can be judicial admissions).

[5] "The law-of-the-case doctrine requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy. [W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Roberts v. Harley Davidson Fin. Servs.*, 611 F. Supp. 3d 761, 765 (W.D. Mo. 2020) (quotation marks and citations omitted).

[6] *See Jones v. Bob Evans Farms, Inc.*, 811 F.3d 1030, 1032-33 (8th Cir. 2016) (three elements of judicial estoppel: First, a party's later position must be clearly inconsistent with its prior position. Second, a court should consider whether a party has persuaded a court to accept its prior position so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Finally, a court should consider whether the party asserting inconsistent positions would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." (quotation marks and citations omitted)).

- *id.* at ECF p. 25 ("[C]lass members and HomeServices…have no agreement of any kind.");

- **Eighth Circuit Briefing:**

    - Ex. 7502, Red Brief, Case No. 22-2664 (CA8 11/21/2022), Entry ID: 5219588, at ECF p. 14 (stating that HomeServices of America, Inc. is "*two steps removed*" from ReeceNichols and BHH KC);

    - *id.* at ECF p. 56 (asserting that HomeServices is a "complete stranger" to the listing agreements, and that **HomeServices "performs no function whatsoever relating to [the listing agreements'] operation.**");

- **Eighth Circuit Oral Argument:**

    - Ex. 7501, Eighth Circuit O.A., *Sitzer v. NAR*, 20-1779,[7] at 11:59-12:02 ("They don't have any agreement with us.").

    - *id.* at 14:44-14:46 ("They have no agreement with us.");

    - *id.* at 22:36-22:44 ("As to the absent class members…they don't have any agreement with these people.");

    - Ex. 7500, Eighth Circuit O.A., *Burnett v. NAR*, 22-2664,[8] at 20:38-20:50 ("The fundamental problem HomeServices has on the merits is…there is no agreement between HomeServices and any class member.");

---

[7] http://media-oa.ca8.uscourts.gov/OAaudio/2021/2/201779.MP3, archived at https://perma.cc/7QQA-3T72

[8] http://media-oa.ca8.uscourts.gov/OAaudio/2023/4/222664.MP3, archived at https://perma.cc/T6MX-7ZFY

- *id.* at 20:51-20:59 ("These are agreements between low level brokers and the class members. They don't mention HomeServices, ***HomeServices doesn't have anything to do with it***.").

**Primary Request for Relief:** The HomeServices Defendants respectfully move this Court to admit the attached exhibits 7500, 7501, 7502, 7503, and 7504 into evidence to remedy this conduct.

They are not hearsay. Fed. R. Evid. 801(d)(2)(D)[9] ("A statement that meets the following conditions is not hearsay…The statement is offered against an opposing party and…was made by the party's agent or employee on a matter within the scope of that relationship and while it existed."); *see also Kawasaki Kisen Kaisha, LTD. v. Plano Molding Co.*, 2013 U.S. Dist. LEXIS 101118, *7-9 (N.D. Ill. July 19, 2013) (admitting under FRE 801(d)(2)(D) various "pretrial pleadings" and admissions contained therein); *Call Ctr. Techs., Inc. v. Grand Adventures Tour & Travel Publ. Corp.*, 2013 U.S. Dist. LEXIS 205304, *4 (D. Conn. Dec. 3, 2013) (admitting summary judgment briefing statements "into evidence as judicial admissions"); *Heil Co. v. Snyder Indus.*, 763 F. Supp. 422, 427-28 (D. Neb. 1991) ("The proffered statements are excerpts from the section of the defendant's trial brief….I shall overrule the objections to this exhibit and admit it pursuant to Fed. R. Evid. 801(d)(2)(C) and (D).").

And "[e]lectronically marked copies[10] of official court records are self-authenticating and judicially noticeable. [FRE] 201(b)(2), 901(b)(7), 902(2)(B)." *McLaren Auto. v. Shaoo*, 2021 U.S. Dist. LEXIS 197213, *8 (C.D. Cal. June 1, 2021).

---

[9] *See also* FRE 801(d)(2)(C) (same where statement "was made by a person whom the party authorized to make a statement on the subject").

[10] The audio records are "electronically marked" with the Eighth Circuit's case number in the file name, and, of course, the briefs are filestamped with CM/ECF case numbers.

6

The HomeServices Defendants should be permitted to admit into evidence Plaintiffs' contradictory statements to this Court and to the Eighth Circuit. The Court should admit the exhibits into evidence.

**Alternative Request for Relief:** In the alternative, the HomeServices Defendants respectfully request that the Court read the following curative jury instruction:

"It has been established that neither HomeServices of America, Inc.; nor BHH Affiliates, LLC; nor HSF Affiliates, LLC is a party or a third-party beneficiary of the Listing Agreements admitted into evidence in this case.[11] There is no agreement of any kind between class members and HomeServices of America, Inc.; or BHH Affiliates, LLC; or HSF Affiliates, LLC.[12] It has been established that neither HomeServices of America, Inc.; nor BHH Affiliates, LLC; nor HSF Affiliates, LLC have a close relationship with ReeceNichols or BHH KC.[13]"

| | |
|---|---|
| Dated: October 22, 2023 | */s/Robert D. MacGill*<br>Robert D. MacGill, *pro hac vice*<br>Scott E. Murray, *pro hac vice*<br>Matthew T. Ciulla, *pro hac vice*<br>Patrick J. Sanders, *pro hac vice*<br>MACGILL PC<br>156 E. Market St.<br>Suite 1200<br>Indianapolis, IN 46204<br>(317) 721-1253<br>Robert.MacGill@MacGillLaw.com<br>Scott.Murray@MacGillLaw.com<br>Matthew.Ciulla@MacGillLaw.com<br>Patrick.Sanders@MacGillLaw.com |

---

[11] *Burnett v. NAR*, 75 F.4th 975, 984 (8th Cir. 2023)

[12] Doc. 806 at ECF p. 23.

[13] *Burnett v. NAR*, 615 F. Supp. 3d 948, 959-961 (W.D. Mo. 2022), *aff'd*, 75 F.4th at 984 n.6 (8th Cir. 2023).

Jay N. Varon, *pro hac vice*
Jennifer M. Keas, *pro hac vice*
FOLEY & LARDNER LLP
3000 K Street NW
Washington, DC 20007
(202) 672-5300
jvaron@foley.com
jkeas@foley.com

Brian C. Fries
bfries@lathropgage.com
LATHROP GAGE LLP - KCMO
2345 Grand Avenue, Suite 2200
Kansas City, MO 64108-2618
(816) 292-2000

***Counsel for Defendants HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2023, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

           */s/ Robert D. MacGill*
           Robert D. MacGill

9

Case 4:19-cv-00332-SRB   Document 1257   Filed 10/22/23   Page 9 of 9