IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RHONDA BURNETT, JEROD BREIT, JEREMY KEEL, HOLLEE ELLIS, and FRANCES HARVEY, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs <br><br> v. <br><br> THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP. (n/k/a ANYWHERE REAL ESTATE, INC.), HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC. <br><br> Defendants. | Case No. 19-cv-00332-SRB |

**PLAINTIFFS' OPPOSITION TO HOMESERVICES'
MOTION TO ADMIT BRIEFING AND ARGUMENT AS EVIDENCE (DOC. 1257)**

HomeServices previously filed a motion to compel arbitration, which this Court denied, and the Eighth Circuit affirmed. That arbitration motion dealt solely with issues of contract and privity under Missouri state law. Now HomeServices seeks to comb through Plaintiffs' arbitration briefing and admit snippets of Plaintiffs' briefs into evidence against Plaintiffs on their federal Sherman Act claims. The Court should deny that extraordinary request. The earlier Missouri state law contract and privity issues have nothing to do legally or factually with HomeServices' liability under the Sherman Act – the comparison is one of apples to oranges. HomeServices cannot show any "judicial admissions" by Plaintiffs, let alone a relevant "law of the case," and its motion therefore lacks merit.

The issue before the Court and the Eighth Circuit during the arbitration briefing was whether HomeServices had enforceable arbitration contracts with the class members. As the Eighth Circuit emphasized:

> Crucial to this case, Missouri law provides that [o]nly *parties* to a contract and any *third-party beneficiaries* of a contract have standing to enforce that contract. To be bound as a third-party beneficiary, the terms of the contract must clearly express intent to benefit that party or an identifiable class of which the party is a member.

*Burnett v. Nat'l Ass'n of Realtors*, 75 F.4th 975, 982-83 (8th Cir. 2023) (emphasis in original, internal quotation omitted). The Court just denied arbitration because HomeServices was not a named party to the listing agreements between its subsidiaries/franchisees and the class members, nor was it a third-party beneficiary to those agreements. *Id*. at 983.

None of this has any bearing on Plaintiffs' Sherman Act claims. Plaintiffs make no claim that the three HomeServices corporate defendants had any direct contractual dealings with any class member. Nor do they need to. As the Court has recognized, "wrongful conduct may occur at the parent level resulting in anticompetitive effects reverberating at the subsidiary level." *Nobody in Particular Presents, Inc. v. Clear Channel Commc'ns, Inc.*, 311 F. Supp. 2d 1048, 1070 (D. Colo. 2004). For this reason, "a parent may be directly liable for anticompetitive conduct at the subsidiary level when the parent sufficiently controls the subsidiary." *Id*. Specifically, "[w]hen the parent controls, directs, or encourages the subsidiary's anticompetitive conduct, the parent engages in sufficient independent conduct to be held directly liable as a single enterprise with the subsidiary under the Sherman Act." (Doc. 1019 at 17) (quoting *Nobody in Particular Presents*, 311 F. Supp. 2d at 1070); *accord In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18-cv-864, 2018 WL 6629250, at *7 (N.D. Ill. Oct. 22, 2018); *Intell. Ventures I LLC v. Capital One Fin. Corp.*, No. PWG-14-111, 2016 WL 160263, at *5 (D. Md. Jan. 14, 2016); *BanxCorp v. Apax Partners, L.P.*,

Civil Action No. 10-4769 (SDW)(MCA), 2011 WL 1253892, at *4 (D.N.J. March 28, 2011); *In re Penn. Title Ins. Antitrust Litig.*, 648 F. Supp. 2d 663, 689 (E.D. Pa. 2009). The HomeServices defendants therefore are liable because they are the entities that control, direct, or encourage their franchisees, subsidiaries, and agents to abide by the challenged rules when dealing with the public. That has nothing to do with whether they were named parties (or third-party beneficiaries) to the listing agreements between their subsidiaries/franchisees and the class members.

HomeServices also cites the Court's prior refusal to apply the "close relationship" test on arbitrability. (Doc 1257 at 2). But HomeServices' selective quote leaves out the key limitation on the Court's Order: "the Court finds that HomeServices does not have a sufficiently close relationship with ReeceNichols or BHH KC *to enforce the Arbitration Agreements*." (Doc. 843 at 14) (emphasis supplied). Again, the Court was just applying a specific contract doctrine under Missouri state law. Nothing in the Court's Order suggests a general finding that the HomeServices defendants were not "close" to their subsidiaries and franchisees for all purposes.

The Eighth Circuit has cautioned that "judicial estoppel is limited to those instances in which a party takes a position that is clearly inconsistent with its earlier position." *Hossaini v. W. Missouri Med. Ctr.*, 140 F.3d 1140, 1143 (8th Cir. 1998). Courts therefore "routinely reject invitations to apply judicial estoppel upon determining that two positions are not clearly inconsistent." *Kirk v. Schaeffler Grp. USA, Inc.*, 887 F.3d 376, 385 (8th Cir. 2018). As discussed, there is nothing inconsistent between Plaintiffs' position on arbitration and their Sherman Act claims.

HomeServices' motion suffers from yet another defect – it fails to distinguish factual statements from legal arguments. Judicial admissions "are statements of fact rather than legal arguments made to a court." *New York State Org. for Women v. Terry*, 159 F.3d 86, 97 n.7 (2d

3

Cir. 1998). The doctrine "has never been applied to counsel's statement of his conception of the legal theory of the case," *McCaskill v. SCI Mgmt. Corp.*, 298 F.3d 677, 681 (7th Cir. 2002) (internal quotation omitted), and cannot be invoked when a party "has not changed the facts from one forum to the next; it is simply applying a different body of law." *Folio v. City of Clarksburg, W.Va.*, 134 F.3d 1211, 1217–18 (4th Cir. 1998). Again, the only fact referenced by HomeServices is that the class members signed contracts with subsidiaries and franchisees of the HomeServices corporate defendants, and this no one disputes. But HomeServices cannot use statements about that fact made while arguing about arbitration as evidence regarding a totally different issue arising under a different body of law.

Finally, Plaintiffs note that HomeServices never objected *once* to any of the thirteen trial statements with which it now takes issue. (Doc. 1257 at 2-3). That failure to object is yet another reason to deny HomeServices' motion.

HomeServices has no right to admit into evidence isolated portions of Plaintiffs' briefing and argument on unrelated issues. Nor is it entitled to any jury instruction on the Court's prior determinations relating to arbitration. Plaintiffs therefore request that the Court deny HomeServices' motion in its entirety.

Dated: October 22, 2023    Respectfully submitted by:

**KETCHMARK & McCREIGHT, P.C.**

*/s/ Scott A. McCreight*
Michael S. Ketchmark #41018
Scott A. McCreight #44002
11161 Overbrook Road, Suite 210
Leawood, KS 66211
(913) 266-4500
mike@ketchmclaw.com
smccreight@ketchmclaw.com

4

Eric L. Dirks #54921
Matthew L. Dameron #52093
**WILLIAMS DIRKS DAMERON LLC**
1100 Main Street, Suite 2600
Kansas City, MO 64105
(816) 945-7110
dirks@williamsdirks.com
matt@williamsdirks.com
cstout@williamsdirks.com

Brandon J.B. Boulware #54150
Jeremy M. Suhr #60075
Erin D. Lawrence #63021
**BOULWARE LAW LLC**
1600 Genessee, Suite 416
Kansas City, MO 64102
(816) 492-2826
brandon@boulware-law.com
jeremy@boulware-law.com
erin@boulware-law.com

Counsel for Plaintiffs and the Classes

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of October, 2023, the foregoing was sent via electronic mail to all counsel of record.

*/s/ Scott A. McCreight*
Attorney for Plaintiffs and the Classes