Agent  Brokerage  Inman Connect  Inman Access  More  Search  Account

NEW Sitzer | Burnett: Live Updates  NEW Take the Inman Intel Index  Connect Virtual November  ICNY 24  NEW Inman Intel: Insights & Research  Join Select



## MLS & ASSOCIATIONS

# In 'sudden' reversal, NAR says listing brokers can offer 0%

An attorney for the Sitzer/Burnett homeseller plaintiffs calls the change a 'stunning admission of guilt' on the eve of a class-action trial set to start Oct. 16



# In 'sudden' reversal, NAR says listing brokers can offer 0%

inman.com/2023/10/06/in-sudden-reversal-nar-says-listing-brokers-can-offer-0

Andrea V. Brambila



*No one can predict the future of real estate, but you can prepare. Find out what to prepare for and pick up the tools you'll need at Virtual Inman Connect on Nov. 1-2, 2023. And don't miss Inman Connect New York on Jan. 23-25, 2024, where AI, capital and more will be center stage. Bet big on the future and join us at Connect.*

As a bombshell class-action trial fast approaches, the National Association of Realtors says it's now allowing listing brokers to offer buyer brokers nothing in compensation when listing a home in a Realtor-affiliated multiple listing service — a change an attorney for the plaintiffs called a "stunning admission of guilt."

The new interpretation of the controversial commission rule being challenged in the case comes as the 1.5-million member trade group is mired in turmoil due to a sexual harassment scandal, mutiny among its staff, multiple listing services distancing themselves from the association, the U.S. Department of Justice sniffing around its rules, and prominent brokerage Redfin breaking with NAR precisely due to its commission rule and sexual harassment allegations.

Case 4:19-cv-00332-SRB   Document 1265-3   Filed 10/25/23   Page 2 of 8

On top of that, the association is gearing up for a three-week trial starting Oct. 16 to defend its commission rule in a case where two of the four major franchisor defendants, Anywhere (formerly, Realogy) and RE/MAX, have struck settlement deals with the plaintiffs for tens of millions of dollars and agreed to change their business practices.

The case, known as Sitzer/Burnett, names the National Association of Realtors, Keller Williams, Anywhere, RE/MAX, HomeServices and HomeServices subsidiaries BHH Affiliates and HSF Affiliates as defendants, and was originally filed in 2019. It won class-action status in April 2022, allowing hundreds of thousands of Missouri homesellers to ask to be reimbursed for more than $1 billion in commissions they paid to buyer agents over the course of eight years. Another, larger case known as Moehrl, which names the same defendants, was also filed in 2019 and got class certification in March 2023. The Moehrl trial is expected in the first half of 2024.

The suits allege that NAR's Participation Rule, which requires listing brokers to offer buyer brokers a commission in order to list a property in a Realtor-affiliated MLS, violates the Sherman Antitrust Act by inflating seller costs. The model rule applies to all 500 or so MLSs owned by Realtor associations nationally.

How each side portrays the rule and the impact that will have on the jury this month will likely be key to the trial's outcome and, by extension, whether the way agents nationwide get paid will change and whether NAR and the remaining franchisor defendants will be on the hook for billions in damages.

## 'The difference between one penny and $0 is negligible'

For years, NAR has maintained that in order to comply with the Participation Rule, listing brokers must offer something in compensation to buyer brokers — often saying it could be as little as a penny or a dollar. Now, the trade group is offering a new interpretation, saying listing brokers can offer nothing and still comply with the rule.



Mantill Williams

"NAR's MLS policy requires participants to communicate an offer of compensation to other MLS participants and that offer can be any amount, including $0," NAR spokesperson Mantill Williams told Inman in a statement.

"And to be clear, NAR is not requiring nor encouraging MLSs to change their data fields to permit $0. We are simply advising that doing so would continue to comply with NAR's MLS policy."

NAR emphasized the rule's effect on transparency between brokers and said that brokers should know how much they're being paid before they begin work.

Case 4:19-cv-00332-SRB    Document 1265-3    Filed 10/25/23    Page 3 of 8

"NAR's policies are designed to ensure information is efficiently distributed to facilitate the transaction of real estate to the benefit of buyers and sellers," Williams said.

"So long as cooperating brokers are aware of the offers made by listing brokers, that purpose is achieved. NAR has long said listing brokers and their clients are the ones who determine the amount and makeup of the offer to cooperating brokers.

"Practically speaking, the difference between one penny and $0 is negligible, and regardless, those offers are always negotiable."

"Without these policies, brokerages would not know important information about listings and they would have to rely on piecemeal information collected in inefficient ways that could negatively affect their ability to serve their clients and ultimately the U.S. economy," Williams added.

## 'A stunning admission of guilt'

NAR would not say whether its new interpretation of the rule was part of a change in legal strategy or why NAR had not presented that interpretation in its legal filings in the Sitzer/Burnett and Moehrl cases.

In an emailed statement, Michael Ketchmark, lead trial counsel for the plaintiffs in the Sitzer/Burnett case, told Inman that, for years, NAR had fought the plaintiffs "tooth and nail arguing that a seller cannot list a home in the MLS by putting $0 in for the buyer's agents."

"It's interesting that they are finally claiming to see the light as the day of accountability looms with the trial," Ketchmark said.

Moreover, the plaintiffs have evidence that the new interpretation is a "sudden change" for NAR, according to Ketchmark.

"NAR's former general counsel Cliff Niersbach testified under oath that a seller's agent cannot list a property on an MLS with an offer of zero," Ketchmark said.



Michael Ketchmark

Niersbach is NAR's former associate general counsel and vice president of board policy and programs. Before retiring in 2016, he had been at NAR for more than 41 years and served as the staff liaison to NAR's Multiple Listing Issues and Policies Committee, which is the committee in charge of creating the trade group's MLS policies.

"NAR has aggressively enforced this rule across the country," Ketchmark said.



"All this evidence will come out at trial. If there is now a sudden change in this long-standing policy it's a stunning admission of guilt.

Cliff Niersbach

"The real problem NAR has is that listing a property for a penny, a dollar or zero will only further the problem pointed out by the Department of Justice that the MLS is a vehicle for the large corporate brokers to steer buyers away from low commission houses. NAR and the large corporate brokers need to get out of the sellers' pockets."

NAR did not contradict Ketchmark's assertions regarding Niersbach's testimony or its own enforcement of the rule. The trade group also would not say whether it believed allowing zero-percent commissions would impact whether buyer agents steer their clients away from listings because of the commission offered by the listing broker.

Rather, the association downplayed the interpretation change and said the plaintiffs lacked evidence for the price-fixing they're alleging.

"Plaintiffs' focus on zero versus $1 is designed to take the focus away from the lack of any evidence that commissions are purportedly fixed at amounts well above $1," Williams said.

"We are confident the jury will not be confused. And contrary to Plaintiffs' claims, the DOJ actually closed its investigation into the model rules at issues in this trial, and a court affirmed that."

NAR and the DOJ are currently battling in an appeals court with the DOJ asking the court to allow the Participation Rule to be evaluated on its merits and NAR seeking to stop that probe, arguing that the DOJ agreed to close an investigation into the rule.

## DOJ: 0% commissions not enough

Regardless of whether that investigation proceeds, the DOJ has made it clear that just making the offering of compensation optional by allowing zero-percent commissions does not go far enough.

On Thursday, Sept. 28, the federal agency filed a statement of interest in an antitrust case similar to Sitzer/Burnett and Moehrl called Nosalek. NAR is not named as a defendant in that case, but a broker-owned MLS in New England, MLS Property Information Network (MLS PIN), is. Nosalek challenges a commission rule enacted by MLS PIN that is similar to NAR's Participation Rule. As part of a proposed settlement in that case, MLS PIN agreed to remove a requirement that homesellers must offer compensation to buyer brokers, among other changes.

The DOJ told the judge in that case that it had "significant concerns" with the planned rule changes under the deal struck between the plaintiffs and MLS PIN.

"Evidence from other multiple listing services suggests that merely tweaking a buyer-broker commission rule to allow zero-percent commissions does little to 'unfetter a market from anti-competitive conduct…'" attorneys for the antitrust enforcer wrote.

Rather than open up competition, the DOJ's attorneys wrote, "Rules such as those presented may merely perpetuate an antitrust violation through slightly modified means: MLS PIN's proposed rule changes still establish an elaborate protocol (under penalty of sanction) regulating buyer-broker commissions, including requiring the listing broker to initially set the 'total amount of compensation offered' (including the number zero) in the listing.

"Thus, MLS PIN would continue to organize and facilitate brokers' blanket, unilateral offers of compensation to buyer brokers."

The DOJ noted that broker-owned Northwest MLS had implemented similar changes making the offering of compensation to buyer brokers optional, but that virtually all sellers continue to offer it and almost all at a commission rate above 2 percent.

In response to the DOJ's filing, NAR told Inman that how brokers are compensated in the U.S. benefits consumers.

"Listing brokers making offers of compensation to buyer brokers ensures equity, efficiency, transparency and market-driven pricing options for home buyers and sellers," Williams said.

If the appeals court allows the DOJ's investigation into the Participation Rule to proceed, that probe will be run independently of the outcome of the Sitzer/Burnett and Moehrl cases. The Anywhere and RE/MAX settlement terms in those cases have yet to be filed with the court, but when they do it remains to be seen whether the DOJ will seek to intervene as it has in Nosalek.

## What does NAR MLS policy actually say?

NAR's MLS policy handbook defines an MLS, in part, as "a means by which authorized participants make blanket unilateral offers of compensation to other participants."

NAR Policy Statement 7.23, also known as the Participation Rule, says, "In filing property with the multiple listing service, participants make blanket unilateral offers of compensation to the other MLS participants and shall therefore specify on each listing filed with the service the compensation being offered by the listing broker to the other MLS participants. This is necessary because cooperating participants have the right to know what their compensation will be prior to commencing their efforts to sell."

The handbook goes on to say that "Multiple listing services shall not publish listings that do not include an offer of compensation expressed as a percentage of the gross selling price or as a definite dollar amount, nor shall they include general invitations by listing brokers to

other participants to discuss terms and conditions of possible cooperative relationships."

## A brief timeline of how NAR has interpreted the rule

Until recently, NAR has consistently said in legal filings and public statements that the Participation Rule stipulates that listing brokers can offer buyer brokers "as little as" one cent or one dollar in order to list a property in a Realtor-affiliated MLS, not zero.

For instance, when NAR submitted its motion to dismiss the Sitzer/Burnett complaint on Aug. 5, 2019, the trade group's attorneys said, "The rule says nothing about the amount of commission that must be offered. It permits listing brokers to frame their offers either as a percentage of the sale price or as a specific amount. That amount can be as little as one cent."



Judge Stephen R. Bough

And when the judge in the case, Stephen R. Bough, denied that motion to dismiss on Oct. 16, 2019, he made it clear he believed NAR was arguing that "some" compensation was required.

"Relying on the plain language of the rule itself, NAR argues [the rule] only mandates listing brokers make some offer of compensation and that no minimum commission rate or amount is required," Bough wrote.

On Sept. 13, 2021, when asked about the DOJ probe, a NAR spokesperson told Inman, "The participation rule requires listing brokers to make offers of compensation, which can be as little as $1, to buyer brokers."

Moreover, at least one of NAR's fellow defendants in the suits understood that the Participation Rule mandated that some compensation be offered to buyer brokers. On January 6, 2022, Anywhere (which was still called Realogy then) became the only defendant so far to publicly call for NAR to make the rule optional rather than a requirement.

In response to Realogy's call, NAR did not say that the rule already allowed zero-percent commissions. Rather, the trade group said, "NAR continues to believe that the guidance regarding cooperative compensation that appears in its Handbook on Multiple Listing Policy serves the best interests of both consumers and brokers. It gives them freedom to choose how much commission to offer the buyer broker, including as little as one penny."

In June, Redfin resigned its seat on NAR's board of directors in part because "[i]n the many marketplaces governed by its policies, NAR still blocks sellers from listing homes that don't pay a commission to the buyer's agent," the brokerage wrote in an Oct. 2 message on its site.

In response, NAR did not contradict Redfin, but rather said, "NAR stands by its pro-consumer, pro-competitive guidance for affiliated [MLSs]."

Asked for comment regarding NAR now saying offering zero in compensation complies with the Participation Rule, a Redfin spokesperson told Inman on Wednesday, "That is not our understanding of how NAR has interpreted their policy in the past and appears inconsistent with prior reporting."

In July, the nation's second-largest MLS, Bright, which has more than 100,000 subscribers in six states in the mid-Atlantic region, announced on its website that starting Aug. 9 it would allow listing brokers and agents to enter any amount in a listing's cooperative compensation fields, including zero. Inman asked NAR for comment on July 20 and received no response.

The next day, NAR provided the first hint that it was changing its interpretation of the Participation Rule. The trade group did not say Bright's change complied with its policies, but said that "Bright's view is consistent with the purpose of NAR's policies, which are designed to ensure information is efficiently distributed to facilitate the transaction of real estate to the benefit of buyers and sellers. So long as cooperating brokers are aware of the offerings made by listing brokers, that purpose is achieved."



Brian Donnellan

In September, Bright CEO Brian Donnellan told a group of industry leaders that MLSs "need to figure out how to move away" from NAR and that "NAR is not going to be making rules for us, I think, moving into the future." Asked last week about Donnellan's comments and Bright's compliance with the Participation Rule, NAR for the first time told Inman that Bright was in compliance with the rule.

"Bright MLS complies with the Participation Rule because when entering an amount in the Listing Entry system the difference between one penny and $0 is negligible," Williams said.

Asked why NAR was now publicly saying that offering nothing in compensation to other MLS participants complies with NAR MLS policy, Williams said, "NAR has always interpreted the rule as contributing to the efficiency and transparency of the transaction."

It remains to be seen whether other MLSs will heed NAR's permission and follow in Bright's footsteps to make a similar rule change.

Email Andrea V. Brambila.

Case 4:19-cv-00332-SRB   Document 1265-3   Filed 10/25/23   Page 8 of 8

7/7