## INSTRUCTION NO. 1

Members of the Jury Panel, we are about to begin the process of selecting which of you will be the jury that tries this case. In that process you will be asked questions by me or by the attorneys or by both that touch on your qualifications to sit as jurors in this case. You will be placed under oath or asked to affirm that you will truthfully and completely answer these questions put to you.

During this jury selection process and during the trial, it is important that all the information you receive about the case comes from the courtroom. So, from now on until you are discharged from the case you may not discuss this case with anyone and that includes the other potential jurors, except during deliberations if you are selected as a juror. However, you may tell your family, close friends, and other people about your participation in this trial, but only so they will know when you are required to be in court. If you do that, please warn them not to ask you about this case or try to tell you anything they know or think they know about it, or discuss this case in your presence.

Also, just as importantly, you must not communicate any information at all about the case to anyone by any means, directly or indirectly, in face-to-face conversation or by any digital media.

If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by the opinions of people other than the other jurors. That would not be fair to the parties and it would result in a verdict that is not based entirely on the evidence in court and the law the court gives you.

It is very important that you abide by these rules. Failure to follow these instructions, and indeed any instructions the court gives you during the trial could result in the case having to be

retried.  And failure to follow these and the court's other instructions could result in you being held in contempt of court and punished accordingly.

Those of you who are selected to try this case will receive similar instructions as we go through the trial.

# INSTRUCTION NO. 2

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you earlier.

You must decide this case only from the evidence received by the court here in the courtroom and the instructions on the law that I give you.

Do not read any newspaper or other written account, watch any televised account or streamed video account, or listen to any streamed internet or radio program on the subject of this trial.

Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, its general subject matter, or the law.

You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly, based solely on the evidence received in court and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I might not repeat these things to you before every recess, but keep them in mind until you are discharged.

## INSTRUCTION NO. 3

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You may give them to the Courtroom Deputy for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete.

This is a civil class action lawsuit. The Plaintiffs representing the class are Rhonda Burnett, Jerod Briet, Jeremy Keel, Hollee Ellis, and Frances Harvey. Defendants are the National Association of Realtors, HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, and Keller Williams Realty, Inc. Plaintiffs claim that the Defendants violated the federal Sherman Antitrust Act by entering into a conspiracy to follow and enforce a rule adopted by the National Association of Realtors, which had the purpose or effect of raising, inflating, or stabilizing broker commission rates paid by home sellers. As a result, Plaintiffs claim Defendants are liable for damages caused to Plaintiffs and the Class.

The Defendants deny these allegations. First, the Defendants deny that they conspired to impose and enforce the Cooperative Compensation Rule. Second, the Defendants deny that the Cooperative Compensation Rule unreasonably restrained competition. Third, the Defendants contend that the home sellers were not injured by the rule and that many actually

benefited from it.

It will be your duty to decide from the evidence whether the Plaintiffs are entitled to a verdict against any of the Defendants.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

# INSTRUCTION NO. 4

When I use the word "evidence," I mean the testimony of witnesses, documents and other things I receive as exhibits, facts that I tell you the parties have agreed are true, and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits are not evidence.

3. Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections.

If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it unless I specifically tell you otherwise.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

## INSTRUCTION NO. 5

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

## INSTRUCTION NO. 6

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you must pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what the witnesses say. If you take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Courtroom Deputy will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them in your seat.

When you leave at night, your notes will be locked up and returned to you when you return. When the trial is over your notes will be destroyed. They will not be read by anyone other than you.

**INSTRUCTION NO. 7**

During the trial you will hear evidence regarding RE/MAX, LLC, and Anywhere Real Estate, Inc. because Plaintiffs alleged that RE/MAX, LLC, and Anywhere Real Estate, Inc. participated in an alleged conspiracy with Defendants. While both RE/MAX, LLC and Anywhere Real Estate, Inc. previously took part in all aspects of this case, both corporations settled with the Class of Plaintiffs before trial. You should not hold the facts of the settlements against any of the parties. The Court provides this information so you understand why these alleged co-conspirators are not present at trial. It should play no other role in your deliberation process.

# INSTRUCTION NO. 8

Jurors, to make sure this trial is fair to all parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the Courtroom Deputy.

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, please understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court. But you must warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. Remember: You must not communicate with anyone in any manner about anything or anyone, including the court, related to this case.

You must not tell anyone anything about the jury's deliberations in this case until after I

accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again.

During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case.

*Sixth*, do not do any research or investigate the case facts or the law-- on the Internet, in libraries, newspapers, dictionaries or otherwise. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony.

*Seventh*, do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over. I assure you, that by the time you have heard all the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested

through cross-examination.  All of the parties are entitled to a fair trial before an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process.  If you decide a case based on information not admitted in court, you will deny the parties a fair trial.  You will deny them justice.  Remember, you have taken an oath to follow the rules, and you must do so.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

# INSTRUCTION NO. 9

The trial will proceed in the following manner:

First, the plaintiffs' lawyers may make an opening statement. Next, the defendants' lawyers may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiffs will then present evidence. The defendants' lawyers will have a chance to cross-examine the plaintiffs' witnesses. After the plaintiffs have finished presenting their case, the defendants may present evidence, and the plaintiffs' lawyers will have a chance to cross-examine their witnesses.

After you have seen and heard all of the evidence from all sides, I will instruct you further on the law. The lawyers will then make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. After the court's instructions and after the lawyers' arguments you will go to the jury room to deliberate and decide on your verdict.

## INSTRUCTION NO. 10

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read or listen to any statements about this trial in any method of communication, including any newspaper or other written account, any televised account, any radio program, any digital streaming or other production, on the Internet or elsewhere. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

## INSTRUCTION NO. 11

Testimony was presented to you in the form of depositions. A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. The deposition testimony to be offered was electronically video recorded and that recording was played for you. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person. Video deposition testimony should not be afforded any more or less weight than live trial testimony.

## INSTRUCTION NO. 12

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of the trial.

You will have copies of all of the instructions in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

## INSTRUCTION NO. 13

I have not intended to suggest what I think your verdicts should be by any of my rulings or comments during the trial.

## INSTRUCTION NO. 14

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You are instructed that you are the sole judges of the credibility of the witnesses and of the weight and value to be given to their testimony. In determining such credibility and weight you will take into consideration the character of the witness, his or her demeanor on the stand, his or her interest, if any, in the result of the trial, his or her relation to or feeling toward the parties to the trial, the probability or improbability of his or her statements as well as all the other facts and circumstances given in evidence.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood. That may depend on whether it has to do with an important fact or only a small detail.

# INSTRUCTION NO. 15

You must decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

It is Plaintiffs' burden to prove each element of every claim against each Defendant. If, after considering all the evidence, you conclude that Plaintiffs failed to prove that a Defendant's conduct was more likely than not the result of a conspiracy, then you must find in favor of that Defendant and against Plaintiffs on the question of whether that Defendant participated in a conspiracy.

If, after considering all the evidence, you conclude that Plaintiffs have shown that it was more likely that any similar conduct was the result of an agreement or understanding than it was the result of their independent decisions, you must find for Plaintiffs on the question of whether those Defendants participated in a conspiracy.

## INSTRUCTION NO. 16

You have heard testimony from expert witnesses who testified to opinions and the reasons for the opinions. This opinion testimony is allowed because of the education or experience of this witness.

You should judge this opinion testimony just as you would any other testimony. You may accept it or reject it and give it the weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all other evidence in this case.

## INSTRUCTION NO. 17

As I mentioned to you at the outset, this case is proceeding as a class action. A class action procedure allows the filing of one lawsuit by a representative or a small number of representatives on behalf of a whole group of plaintiffs who have similar claims. The procedure is intended to avoid having multiple plaintiffs filing identical lawsuits in different courts and trying the same case multiple times before different judges. Thus, it avoids duplication of effort and expense. Your verdict will be binding on all class members.

For purposes of the Class Plaintiffs' antitrust claim, the class is defined to include the following:

> All persons who, from April 29, 2015 through June 30, 2022, used a listing broker affiliated with Home Services of America, Inc., Keller Williams Realty, Inc., HSF Affiliates, LLC, BHH Affiliates, LLC, Anywhere Real Estate, Inc. (formerly known as Realogy Holdings Corporation), or RE/MAX LLC in the sale of a home listed on the Heartland MLS, Columbia Board of Realtors, Mid America Regional Information System, or the Southern Missouri Regional MLS, and who paid a commission to the buyer's broker in connection with the sale of the home.

You should not construe the physical absence of any class member in any way as lack of concern or interest on his or her part as to the outcome of the litigation. It is the very purpose of the class action procedure to avoid having to bring each class member here, and, therefore, the absence of class members from this trial should not be construed against the class in any way. In viewing the evidence presented, you must consider whether that evidence is persuasive in proving a claim for the class as a whole.

## INSTRUCTION NO. 18

The Class Plaintiffs allege that each Defendant violated Section 1 of the federal Sherman Act by entering into a conspiracy to follow and enforce a "Cooperative Compensation Rule" that applied to the Multiple Listing Services in Kansas City, St. Louis, Springfield, and Columbia, Missouri, during the period from April 29, 2015, through June 30, 2022. The Class Plaintiffs claim that the members of this conspiracy were Defendants National Association of Realtors, HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, and Keller Williams Realty, Inc., along with Anywhere Real Estate, Inc., and RE/MAX LLC. The Class Plaintiffs further claim that the purpose or effect of this rule was to raise, inflate, or stabilize broker commission rates paid by home sellers.

The Class Plaintiffs further allege that, as a result of such actions, they and the class members suffered injury in the form of damages, in that they paid higher real estate commissions when selling their homes than they would have paid if the Cooperative Compensation Rule had not existed.

The Defendants deny these allegations. First, the Defendants deny that they conspired to follow and enforce the Cooperative Compensation Rule. Second, the Defendants deny that the rule unreasonably restrained competition or caused harm to the Plaintiffs. Third, the Defendants contend that the home sellers were not injured by the rule and that many actually benefited from it.

## INSTRUCTION NO. 19

The purpose of the Sherman Act is to preserve free and unfettered competition in the marketplace. The Sherman Act rests on the central premise that competition produces the best allocation of our economic resources, the lowest prices, the highest quality, and the greatest material progress.

# INSTRUCTION NO. 20

Under the law, a corporation is a person, but it acts only through its agents. The same is true of LLCs. These corporate "persons" act only through their agents. Now, you have heard the parties talk in this case about "real estate agents." That is not what I mean when I use the word "agents" here. A real estate agent is someone who acts on behalf of a person buying or selling real estate. A corporation's agents are the people who act on behalf of the corporation, including its directors, officers, and employees. A corporation is not capable under the law of conspiring with its own agents, unincorporated divisions, or wholly owned subsidiaries. Through its agents, however, a corporation is capable of conspiring with other persons or independent corporations.

A corporation is legally bound by the acts and statements of its agents or employees done or made within the scope of the agent's employment or apparent authority.

Acts done within the scope of employment are acts performed on behalf of a corporation and directly related to the performance of the duties the agent has general authority to perform. Apparent authority is the authority that persons outside the corporation could reasonably believe the agent would have, judging from his or her position with the company, the responsibilities previously entrusted to the person or office, and the circumstances surrounding his or her past conduct. An agent can have apparent authority even when, despite these appearances, the agent is actually acting in a dishonest, fraudulent, or anticompetitive manner.

To summarize, for a corporation to be legally responsible for the acts or statements of its agents, you must find that the agent was acting within the scope of his or her employment with apparent authority.

The fact that a corporation has instructed its agents not to violate the Sherman Act does

not excuse the corporation from responsibility for the unlawful acts of its agents done within the scope of their employment or apparent authority.

A corporation is entitled to the same fair trial as a private individual. The acts of a corporation are to be judged by the same standard as the acts of a private individual, and you may hold a corporation liable only if such liability is established by the preponderance of the evidence. All persons, including corporations, are equal before the law.

## INSTRUCTION NO. 21

Corporations or LLCs may own other companies, called subsidiaries, or they may license their brand names for use by wholly independent companies, called franchisees. It is important to understand that these entities are separate in the eyes of the law. A subsidiary is separate from the company that owns it (the "parent"). And a franchisee is separate from the company that allows the franchisee to use its brand name (the "franchisor").

### Parent-Subsidiary Relationships

The fact that a company owns a subsidiary does not mean that the company is liable for the subsidiary's actions. This is true even if the parent elects the subsidiary's directors or if the parent's own directors also serve as the subsidiary's directors at the same time. To hold a parent liable for its subsidiary's acts—or the acts of the subsidiary's agents or employees—you must find that the subsidiary or its agents and employees were acting as the parent's agent. A subsidiary and its employees and agents are agents of the parent only if the parent exercises actual, participatory, and total control over the conduct at issue.

### Franchisor-Franchisee Relationships

The fact that a franchisor licenses its brands to a franchisee does not mean that the franchisor is liable for the franchisee's actions. This is true even if the franchisor places conditions on the use of those brands. A franchisor has a legitimate interest in protecting the integrity of its brands, logos, and the like. To hold a franchisor liable for the acts of its franchisee—or the acts of the franchisee's agents or employees—you must find:

1. The franchisor has the right to control the conduct at issue;

2. The franchisee has a fiduciary duty to the franchisor; and

3. The franchisee has the right to alter the franchisor's legal rights with

third parties.

The absence of any one of these three elements defeats a claim that agency exists.

You must give individual consideration to each defendant and each subsidiary or franchisee. The fact that a defendant has an agency relationship with one of its subsidiaries or franchisees does not mean it has an agency relationship with its other subsidiaries or franchisees.

**INSTRUCTION NO. 22**

To establish that any Defendant violated Section 1 of the Sherman Act in this case, the Class Plaintiffs must prove the following elements:

*First*, that a conspiracy existed to follow and enforce the Cooperative Compensation Rule in the Subject MLSs;

*Second*, that the Defendant sought to be held liable knowingly—that is, voluntarily and intentionally—joined that conspiracy;

*Third*, that the conspiracy had the purpose or effect of raising, inflating, or stabilizing broker commission rates paid by home sellers; and

*Fourth*, that the conspiracy caused the Class Plaintiffs to suffer injury to their property.

# INSTRUCTION NO. 23

The Class Plaintiffs allege that the Defendants participated in a conspiracy to restrain trade by following and enforcing the Cooperative Compensation Rule in the Subject MLSs. A conspiracy is an agreement or understanding by two or more persons to accomplish some unlawful purpose or to accomplish a lawful purpose by unlawful means. For purposes of these instructions, "persons" may include corporations.

To show a conspiracy, the Class Plaintiffs must prove both of the following elements by a preponderance of the evidence:

*First*, that the alleged conspiracy existed; and

*Second*, that each Defendant sought to be held liable knowingly became a member of that conspiracy; knowingly means voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

The basis of a conspiracy is an agreement or understanding between two or more persons. An agreement or understanding between two or more persons exists when they share a commitment to a common scheme. To establish the existence of a conspiracy, the evidence need not show that its members entered into any formal or written agreement. The agreement itself may have been entirely unspoken. A person can become a member without full knowledge of all of the details of the conspiracy, the identity of all of its members, or the parts such members played in the charged conspiracy. The members of the conspiracy need not necessarily have met together, directly stated what their object or purpose was to one another, or stated the details or the means by which they would accomplish their purpose. To prove a conspiracy existed, the evidence must show that the alleged members of the conspiracy came to an agreement or understanding among themselves to accomplish a common purpose.

A conspiracy may be formed without all parties coming to an agreement at the same time, such as where competitors, without previous agreement, separately accept invitations to participate in a plan to restrain trade. Similarly, it is not essential that all persons acted exactly alike, nor is it necessary that they all possessed the same motive for entering the agreement. It is also not necessary that all of the means or methods claimed by the Class Plaintiffs were agreed upon to carry out the alleged conspiracy, nor that all of the means or methods that were agreed upon were actually used or put into operation, nor that all the persons alleged to be members of the conspiracy were actually members. It is the agreement or understanding to restrain trade in the way alleged by the Class Plaintiffs that constitutes a conspiracy. Therefore, you may find a conspiracy existed regardless of whether it succeeded or failed.

The Class Plaintiffs may prove the existence of the alleged conspiracy through direct evidence, circumstantial evidence, or both. Direct evidence is explicit and requires no inferences to establish the existence of the alleged conspiracy.

Direct evidence of an agreement may not be available, and therefore a conspiracy also may be shown through circumstantial evidence. You may infer the existence of a conspiracy from the circumstances, including what you find the alleged members actually did and the words they used. Mere similarity of conduct among various persons, however, or the fact that they may have associated with one another and may have met or assembled together, does not by itself establish the existence of a conspiracy. If they acted similarly but independently of one another, without any agreement among them, then there would not be a conspiracy.

In determining whether an agreement or understanding between two or more persons has been proved, you must view the evidence as a whole and not piecemeal.

## INSTRUCTION NO. 24

Plaintiffs contend that the Defendants engaged in similar conduct, namely that Keller Williams and HomeServices of America, Inc., and its subsidiaries BHH Affiliates, LLC and HSF Affiliates, LLC, along with Anywhere Real Estate, Inc., and RE/MAX LLC agreed to adopt or follow the Cooperative Compensation Rule and compelled their subsidiaries, affiliates, or franchisees to adopt or follow such a rule. Plaintiffs further contend that this conduct, when considered with other evidence, shows that a conspiracy existed among Defendants. The mere fact that Defendants have engaged in similar conduct does not by itself establish the existence of a conspiracy among Defendants. Their behavior may be no more than the result of the exercise of independent judgment in response to identical or similar market conditions. For example, everyone might open their umbrellas on a rainy day, but that similar behavior would not necessarily mean that they had agreed or conspired to open their umbrellas. A business may lawfully adopt the same prices, conditions of sale, or other practices, as its competitors as long as it does so independently and not as part of an agreement or understanding with one or more of its competitors. If Defendants acted similarly but independently of one another, without any agreement or understanding between two or more of them, then there would not be a conspiracy.

Thus, a defendant may make offers of compensation identical to those charged by its competitors without violating the Sherman Act. A defendant may even copy the offers of a competitor or follow and conform exactly to the compensation policies or changes of its competitors. Likewise, a defendant does not violate the Sherman Act by taking some action in the hope or belief that its competitors will follow, so long as it has not reached an agreement with its competitors. Parallel conduct, without more, does not violate the law.

You must decide whether Defendants' similar conduct was, more probably than not, the

result of an agreement or understanding among them. In doing so, you may consider Defendants' similar conduct along with other evidence. You may infer that a conspiracy existed only if you find that the evidence, when viewed as a whole, makes it more likely that Defendants had an agreement or understanding with one another than that they acted independently of one another. In making that determination, you should consider the similar conduct against the entire background in which it took place. The evidence, when viewed all together, must satisfy you that it is more likely that Defendants' similar actions were the product of an agreement or understanding with one another than their own independent decisions.

If after considering all of the evidence, you conclude that Class Plaintiffs have shown that it was more likely than not that Defendants' similar conduct was the result of an agreement or understanding among them than their independent decisions, you must find for Class Plaintiffs on the question of whether Defendants participated in a conspiracy. If, after considering all of the evidence, you conclude that Class Plaintiffs failed to prove that a Defendant's similar conduct was more likely than not the result of an agreement or understanding with one or more of the other Defendants, then you must find against Class Plaintiffs and in favor of that Defendant on the question of whether that Defendant participated in a conspiracy.

## INSTRUCTION NO. 25

Before you can find that any Defendant was a member of the conspiracy alleged by the Class Plaintiffs, the evidence must show that such Defendant knowingly joined in the unlawful plan at its inception, or some later time, with the intent to further the purpose of the conspiracy.

To act knowingly means to participate deliberately and not because of mistake, accident, or other innocent reason. A person may become a member of a conspiracy without full knowledge of all the details of the conspiracy, the identity of all its members, or the parts they played. Knowledge of the essential nature of the plan is enough. On the other hand, a person who has no knowledge of a conspiracy, but happens to act in a way that helps the conspiracy succeed, does not thereby become a conspirator.

A person who knowingly joins an existing conspiracy, or who participates only in part of a conspiracy with knowledge of the overall conspiracy, is just as responsible as if he or she had been one of those who formed or began the conspiracy and participated in every part of it.

It is your duty to give separate, personal consideration to each individual defendant. In determining whether a Defendant was a member of the alleged conspiracy, you should consider only the evidence about that particular Defendant's statements and conduct, including any evidence of that Defendant's knowledge and participation in the events involved and any other evidence of that particular Defendant's participation in the conspiracy alleged.

You may not find that a Defendant was a member of a conspiracy based only on its association with or knowledge of wrongdoing, but it is a factor you may consider to determine whether a Defendant was a member of the alleged conspiracy.

If you find that a conspiracy existed, then the acts and statements of the conspirators are binding on all of those whom you find were members of the conspiracy.

Once you have found that a Defendant is a member of a conspiracy, it is presumed to remain a member and is responsible for all actions taken by all coconspirators during and in furtherance of the conspiracy until it is shown that the conspiracy has been completed or abandoned.

**INSTRUCTION NO. 26**

If you find that any Defendant engaged in a price-fixing conspiracy, it is not a defense that such Defendant acted with good motives, thought its conduct was legal, or that the conduct may have had some good results.

## INSTRUCTION NO. 27

Evidence that Defendants actually engaged in price competition with each other in some manner has been admitted to assist you in deciding whether they entered into the alleged conspiracy to follow and enforce the Cooperative Compensation Rule in the Subject MLSs. If you find that such a conspiracy existed, it is no defense that Defendants actually competed in some respects with each other or failed to eliminate all competition between them. Similarly, a price-fixing conspiracy is unlawful even if it did not extend to all services or products sold by Defendants or did not affect all of their customers or transactions.

## INSTRUCTION NO. 28

During the trial you heard evidence regarding RE/MAX, LLC, and Anywhere Real Estate, Inc. because plaintiffs alleged that RE/MAX, LLC, and Anywhere Real Estate, Inc. participated in an alleged conspiracy with Defendants. While both RE/MAX, LLC and Anywhere Real Estate, Inc. previously took part in all aspects of this case, both corporations settled with the Class of Plaintiffs before trial. You should not hold the facts of the settlements against any of the parties. You should not hold the absence of any real estate companies, brokers, or agents from this trial against either the Class Plaintiffs or Defendants. The Court provides this information so you understand why these alleged co-conspirators are not present at trial. It should play no other role in your deliberation process.

## INSTRUCTION NO. 29

Defendant National Association of Realtors is a trade association. The Class Plaintiffs claim that the other Defendants conspired with the National Association of Realtors to use its rules in an anticompetitive manner, specifically by following and enforcing the Cooperative Compensation Rule in the Subject MLSs.

Businesses that are actual or potential competitors, such as the Defendants here, may lawfully form into trade associations to advance common interests, and may communicate and meet with one another in furtherance of lawful trade association activities. For example, trade associations may lawfully keep members informed and hold meetings among their members for topics such as new or changed services, technology, standard practices, or legislation and regulations in the industry. Trade associations may also lawfully adopt and enforce rules for members of the industry.

Trade associations, however, may not be used by members to commit violations of the Sherman Act. For example, a trade association cannot be used as a vehicle by its members to reach an agreement or understanding between two or more persons to raise, stabilize or maintain prices in the market in which those members compete with each other.

An association is capable of committing violations of the antitrust laws. The actions of a group of competitors taken through an association to which they belong present the same issues as the actions of a group of competitors who have not created a formal organization such as a trade association. A trade association or similar industry group cannot lawfully act to facilitate the raising, stabilizing, or maintaining of prices in the market in which its members compete with one another, to reduce members' collective output of products or services, or to allocate territories among members that are in horizontal competition with one another. A trade association or similar

industry group cannot lawfully adopt rules that prohibit members from bidding competitively with one another because that severely affects price competition. These actions constitute an agreement with its members in violation of the Sherman Act even if the association has not conspired with a nonmember.

If a trade association exchanges with its members confidential, competitively sensitive information, such as current or future prices, or current or future output information, that is evidence which you may consider, along with all the other evidence, in deciding whether the association is in violation of the Sherman Act.

# INSTRUCTION NO. 30

If you find that one or more of the Defendants have violated Section 1 of the Sherman Act, then you must decide if the Class Plaintiffs are entitled to recover damages from those Defendants.

The Class Plaintiffs are entitled to recover damages for an injury to their property if they can establish three elements of injury and causation:

(1)     the Class Plaintiffs were in fact injured as a result of the Defendants' alleged violation of the Sherman Act;

(2)     the Defendants' alleged illegal conduct was a material cause of the Class Plaintiffs' injury; and

(3)     the Class Plaintiffs' injury is an injury of the type that the Sherman Act intended to prevent.

The first element is sometimes referred to as "injury in fact" or "fact of damage."   For the Class Plaintiffs to establish that they are entitled to recover damages, they must prove that they were injured as a result of the Defendants' alleged violation of the Sherman Act.   Proving the fact of damage does not require the Class Plaintiffs to prove the dollar value of their injury. It requires only that the Class Plaintiffs prove that they were in fact injured by the Defendants' alleged antitrust violation.   If you find that the Class Plaintiffs have established that they were in fact injured, you may then consider the amount of their damages.   It is important to understand, however, that injury and amount of damage are different concepts and that you cannot consider the amount of damage unless and until you have concluded that the Class Plaintiffs have established that they were in fact injured.

The Class Plaintiffs must also offer evidence that establishes by a preponderance of the

evidence that the Defendants' alleged illegal conduct was a material cause of Class Plaintiffs' injury. This means that the Class Plaintiffs must have proved that some damage occurred to them as a result of the Defendants' alleged antitrust violation, and not some other cause. The Class Plaintiffs are not required to prove that the Defendants' alleged antitrust violation was the sole cause of their injuries; nor need they eliminate all other possible causes of injury. It is enough if the Class Plaintiffs have proved that the alleged antitrust violation was a material cause of their injury.

Finally, Class Plaintiffs must establish that their injury is the type of injury that the Sherman Act intended to prevent. This is sometimes referred to as "antitrust injury." If Class Plaintiffs' injuries were caused by a reduction in competition, acts that would lead to a reduction in competition, or acts that would otherwise harm consumers, then Class Plaintiffs' injuries are antitrust injuries. On the other hand, if Class Plaintiffs' injuries were caused by heightened competition, the competitive process itself, or by acts that would benefit consumers, then Class Plaintiffs' injuries are not antitrust injuries and Class Plaintiff may not recover damages for those injuries under the Sherman Act.

In summary, if the Class Plaintiffs can establish that the entire class was in fact injured by the Defendants' conduct, that the Defendants' conduct was a material cause of the Class Plaintiffs' injury, and that the Defendants' injury was the type that the Sherman Act intended to prevent, then the Class Plaintiffs are entitled to recover damages for the injuries to their property.

**INSTRUCTION NO. 31**

Not every person who can establish the elements of injury and causation I have just described is entitled to recover damages. In cases such as this one, where the plaintiffs allege that an antitrust violation caused them to overpay for a product or service, the plaintiffs must show that they purchased that product or service from one of the alleged antitrust violators directly. Indirect purchasers—that is, persons who purchased the product or service from someone else—may not recover, even if they can show that they paid an inflated price as a result of the defendants' conduct.

In this case, the plaintiffs contend that the defendants conspired to require home sellers to pay inflated commissions to the brokers representing the buyers of their homes. The defendants respond that the plaintiffs' listing brokers—not the plaintiffs themselves— made those offers. If you find that the plaintiffs have not shown they paid these allegedly inflated commissions directly to the buyers' brokers, the plaintiffs are not entitled to damages and you must find for the defendants on these claims.

**INSTRUCTION NO. 32**

The Class Plaintiffs must establish that the injuries they claim to have suffered were injuries to their property.   The Class Plaintiffs have been injured in their property if you find that they have paid an inflated price for goods, services, any legal interest of value, or have lost money as a result of the Defendants' alleged antitrust violation.

# INSTRUCTION NO. 33

If you find that one or more of the Defendants violated the Sherman Act and that this violation caused injury to the Class Plaintiffs, then you must determine the amount of damages, if any, the Class Plaintiffs are entitled to recover. The fact that I am giving you instructions concerning the issue of the Class Plaintiffs' damages does not mean that I believe the Class Plaintiffs should, or should not, prevail in this case. If you reach a verdict for the Defendants on the issue of liability, you should not consider the issue of damages, and you may disregard the damages instructions that I am about to give.

The law provides that the Class Plaintiffs should be fairly compensated for all damages to their property that were a direct result or likely consequence of the conduct that you have found to be unlawful. The Class Plaintiffs, however, are entitled to recover only for those injuries that resulted directly from the unlawful acts proven. The proper way to calculate those damages is to determine the difference between the prices the class actually paid for residential property real estate agent services and the prices the class would have paid had there been no conspiracy.

Antitrust damages are only compensatory, meaning their purpose is to put an injured plaintiff as near as possible in the position in which it would have been had the alleged antitrust violation not occurred. The law does not permit you to award damages to punish a wrongdoer – what we sometimes refer to as punitive damages – or to deter particular conduct in the future. Furthermore, you are not permitted to award to the Class Plaintiffs an amount for attorneys' fees or the costs of maintaining this lawsuit.

## INSTRUCTION NO. 34

You are permitted to make just and reasonable estimates in calculating the Class Plaintiffs' damages. You are not required to calculate damages with mathematical certainty or precision. However, the amount of damages must have a reasonable basis in the evidence and must be based on reasonable, non-speculative assumptions and estimates. Damages may not be based on guesswork or speculation. The Class Plaintiffs must prove the reasonableness of each of the assumptions upon which the damages calculation is based.

The Class Plaintiffs are seeking to recover damages on behalf of a class that includes the home sellers in the Subject MLSs from April 29, 2015, through June 30, 2022. To award damages for the class, you do not need to determine the overcharge paid by each class member with absolute mathematical certainty or precision. It is sufficient for you to determine the average overcharge paid by class members or estimate the overcharge paid by class members, as long as the average or estimate is based on evidence and reasonable inferences.

If you find that the Class Plaintiffs have provided a reasonable basis for determining damages, then you may award damages based on a just and reasonable estimate supported by the evidence.

If you find that the Class Plaintiffs have failed to carry their burden of providing a reasonable basis for determining damages, then you may not award damages.

## INSTRUCTION NO. 35

Each participant in a conspiracy that violates the Sherman Act is jointly and severally liable for all of the damages resulting from the conspiracy. This means that each conspirator is fully liable for all of the damages caused by the conspiracy and not solely for damages caused by an individual conspirator. One who knowingly joins an ongoing conspiracy is liable for the previous acts of the other conspirators in furtherance of the conspiracy.

If you find that the Class Plaintiffs have proven the existence of the alleged conspiracy, that a Defendant participated in the conspiracy, and that the Class Plaintiffs are entitled to recover damages based on the other instructions in this case, then that Defendant would be liable for all damages caused by the conspiracy, including any overcharges on the payment of real estate commissions.

Thus, in that event, such Defendant would be liable for overcharges on all payments of real estate commissions by the Class Plaintiffs in connection with transactions with any member of the conspiracy, and not merely on transactions with that Defendant. If, however, you find that any of the other alleged conspirators were not a member of the conspiracy (including Anywhere Real Estate, Inc. or RE/MAX LLC), then Defendants would not be liable for damages based on the Class Plaintiffs' transactions with those alleged conspirators.

## INSTRUCTION NO. 36

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, your verdict must be the unanimous decision of all jurors.  Therefore, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement, if you can do this without going against what you believe to be true.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should.  But, do not come to a decision just because other jurors think it is right, or just to reach a unanimous verdict.  Remember you are not for or against any party.  You are judges – judges of the facts.  Your only job is to study the evidence and decide what is true.

*Third*, during your deliberations, including during any recess taken during deliberations, you must not, directly or indirectly, communicate with or provide any information to anyone by any means or by any medium, about anything relating to this case, until I accept your verdict and discharge you from further service in this case.

*Fourth*, as stated in my instructions at the beginning of the trial, you may not in any manner seek out or receive any information about the case from any source other than the evidence received by the court and the law of the case I have provided to you.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard

the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

*Fifth*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the Courtroom Deputy and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Sixth*, nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. [The form reads: (read form)]. You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the Courtroom Deputy that you are ready to return to the courtroom.