UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RHONDA BURNETT, JEROD BREIT, JEREMY KEEL, HOLLEE ELLIS, and FRANCES HARVEY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | Case No. 4:19-CV-00332-SRB<br><br>Honorable Judge Bough |

## SUGGESTIONS IN SUPPORT OF DEFENDANTS' MOTION TO COMPLETE THE RECORD

Defendants the National Association of REALTORS®, HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, and Keller Williams Realty, Inc. (collectively, "Defendants") offer these suggestions in support of the motion to complete the trial record. In order to ensure a complete record for appeal, Defendants request that the Court direct all parties to submit for the record all deposition clips and demonstratives presented to a witness or the jury at trial. Specifically, Defendants seek an order directing all parties to file to the docket the items listed in **Appendix A,** appended hereto.[1]

Parties are entitled to a record that "truly discloses what occurred in the district court." Fed. R. App. P. 10(e)(1); *see also id.* 10(e)(2) (district courts may supplement the record when "anything material to either party is omitted from . . . the record"). "Rule 10(e) provides a mechanism for ensuring that the record reflects accurately what transpired in the district court." *Hatco Corp. v. W.R. Grace & Co.*, 859 F. Supp. 769, 772 (D.N.J. 1994) (granting motion to supplement the record). The district court is invested with broad discretion under both Rule 10(e) and its inherent authority to supplement the record to ensure it is complete and accurate. *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases holding that "district courts have the inherent authority to manage their dockets"); *Dupre v. Fru-Con Eng'ring Inc.*, 112 F.3d 329, 334 n.3 (8th Cir. 1997) (counsel seeking to modify record to more accurately reflect proceedings in district court should file motion under Federal Rule of Appellate Procedure 10(e)).

Included in the district court's authority is the power to require parties to file on the docket any materials presented to a fact-finder, including demonstratives and impeachment clips, to

---

[1] In an attempt to avoid burdening the Court with additional motions, on December 29, 2023, Defendants requested that Plaintiffs "agree [that] all parties will file any visual presentations (slides, videos, etc) they showed to the jury by COB on 1/4" that were "part of the record and have not been filed." *See* **Ex. A** (Email correspondence between E. Glass and M. Ketchmark). Plaintiffs refused and further declined to provide any basis for their opposition.

1
Case 4:19-cv-00332-SRB   Document 1368   Filed 01/26/24   Page 2 of 11

ensure a complete record for appellate review. *See Sadler v. Advanced Bionics, LLC*, No. 3:11-CV-00450, ECF 309 (W.D. Ky. June 25, 2013) (granting motion "to require the parties to file for the record any and all demonstratives" including "Plaintiffs' PowerPoint slides, including animation, which Plaintiffs presented during the trial, opening statement, and closing argument" as "necessary for the record for appellate review"); *Wrice v. Byrne*, 488 F. Supp. 3d 646, 679 (N.D. Ill. 2020) (granting motion to compel and ordering defendant plaintiff "to file closing demonstrative exhibit" because "it would likely serve the appellate court best to have a fuller record of the trial"); *United States v. Cadden*, 2017 U.S. Dist. LEXIS 74298, at *2–3 (D. Mass. May 16, 2017) (ordering inclusion of party's "PowerPoint presentation in the record of the trial for purposes of appeal"); *Glossip v. Workman*, 2010 WL 2196110, at *4 (W.D. Okla. May 26, 2010) (same); *see also* 20 Moore's Federal Practice - Civil § 310.10 ("[E]vidence that was actually presented to the fact finder, even though it was not technically placed into evidence or suffers from some other technical flaw, may have contributed to the district court's decision and should be considered part of the record.").

The materials requested here are necessary for appellate review. Among the audio and visual materials included in Appendix A is the Ambush Video clip played by Plaintiffs' counsel. This Ambush Video is the subject of both Defendants' motion for a mistrial based on attorney misconduct, ECF 1265 at 6-10, and motion for new trial for attorney misconduct, ECF 1362 at 27-28. Also included are materials played during Plaintiffs' opening and closing presentations, which are the subject of Defendant Keller Williams' motion for new trial (incorporated by reference by NAR and the HomeServices Defendants).[2] *See* ECF 1352 at 6-7 & n.5. While this Court was able

---

[2] Defendants note that during certain deposition clips, Plaintiffs improperly published to the jury exhibits that were being discussed in the deposition video but that were never admitted by the Court at trial. Nevertheless, Defendants do not intend to challenge this inappropriate conduct post-trial or on appeal. As such, to limit the complexity of this motion, Defendants do not believe it is

Case 4:19-cv-00332-SRB    Document 1368    Filed 01/26/24    Page 3 of 11

to view these materials in person during trial, the appellate court will not have had such access. In the event this Court does not grant Defendants' post-trial motions, Defendants are entitled to make their case with a complete record to demonstrate both the existence of attorney misconduct and the Defendants' asserted evidentiary errors as well as their impact and prejudice.

Critically, Defendants seek to complete the record only with those materials that were presented to a witness or the jury at trial. Defendants do not seek to add anything to the record that has not already been considered by the jury and by this Court. While not likely necessary for any appeal, Defendants have also included in Appendix A all visual and audio materials offered by Defendants at trial in an effort to ensure a fair and complete record.

In conclusion, Defendants respectfully request that the Court order all parties to file copies of visual materials and transcripts of all audio materials presented to a witness or the jury during trial, as indicated on Appendix A, to the docket within 14 days of the Court's order granting this Motion.

---

necessary to request that these non-admitted exhibits be added to the record.

Dated: January 26, 2024                                         Respectfully submitted,

                                                                /s/ Ethan Glass

Ethan Glass (*pro hac vice*)                                    William A. Burck (*pro hac vice*)
Samantha Strauss (*pro hac vice*)                               Michael D. Bonanno (*pro hac vice*)
Georgina Inglis (*pro hac vice)*                                Christopher G. Michel (*pro hac vice*)
COOLEY LLP                                                      Rachel G. Frank (*pro hac vice*)
1299 Pennsylvania Avenue, NW                                    Michael J. Sebring (*pro hac vice*)
Suite 700                                                       QUINN EMANUEL URQUHART & SULLIVAN,
Washington, DC 20004-2400                                       LLP
(202) 776-2244                                                  1300 I Street NW, Suite 900
eglass@cooley.com                                               Washington, DC 20005
sastrauss@cooley.com                                            (202) 538-8000
ginglis@cooley.com                                              williamburck@quinnemanuel.com
                                                                mikebonanno@quinnemanuel.com
Beatriz Mejia (*pro hac vice*)                                  christophermichel@quinnemanuel.com
COOLEY LLP                                                      rachelfrank@quinnemanuel.com
3 Embarcadero Center, 20th Floor                                michaelsebring@quinnemanuel.com
San Francisco, CA 94111
(415) 693-2000                                                  John Bash (*pro hac vice*)
mejiab@cooley.com                                               QUINN EMANUEL URQUHART
                                                                & SULLIVAN, LLP
Sarah Topol (*pro hac vice*)                                    300 West 6th Street, Suite 2010
COOLEY LLP                                                      Austin, TX 78701
55 Hudson Yards                                                 (737) 221-7006
New York, NY 10001                                              johnbash@quinnemanuel.com
(212) 479-6000
stopol@cooley.com

Charles W. Hatfield (MO Bar # 40363)
Alexander C. Barrett (MO Bar # 68695)
STINSON LLP
230 W. McCarty Street
Jefferson City, MO 65101
(573) 636-6263
chuck.hatfield@stinson.com
alexander.barrett@stinson.com

***Attorneys for Defendant the NATIONAL ASSOCIATION OF REALTORS®***

| | /s/ *Christopher D. Dusseault* |
|---|---|
| Robert D. MacGill, *pro hac vice* | Theodore Joseph Boutrous, Jr., *pro hac vice* |
| Scott E. Murray, *pro hac vice* | Christopher D. Dusseault, *pro hac vice* |
| Matthew T. Ciulla, *pro hac vice* | GIBSON, DUNN & CRUTCHER |
| Patrick J. Sanders, *pro hac vice* | 333 South Grand Avenue Los Angeles, CA |
| MACGILL PC | 90071 (213) 229-7804 |
| 156 E. Market St. Suite 1200 | tboutrous@gibsondunn.com |
| Indianapolis, IN 46204 | cdusseault@gibsondunn.com |
| (317) 721-1253 | |
| robert.macgill@macgilllaw.com | Gregg J. Costa, *pro hac vice* |
| matthew.ciulla@macgilllaw.com | GIBSON, DUNN & CRUTCHER LLP |
| scott.murray@macgilllaw.com | 811 Main Street |
| patrick.sanders@macgilllaw.com | Suite 3000 |
| | Houston, TX 77002 (346) 718-6649 |
| Jay N. Varon, *pro hac vice* | gcosta@gibsondunn.com |
| Jennifer M. Keas, *pro hac vice* | |
| jvaron@foley.com | Julian Wolfe Kleinbrodt, *pro hac vice* |
| jkeas@foley.com | GIBSON, DUNN & CRUTCHER LLP |
| FOLEY & LARDNER LLP | One Embarcadero Center |
| 3000 K Street NW, Suite 600 | Suite 2600 |
| Washington, DC 20007 | San Francisco, CA 94111 |
| (202) 672-5300 | (415) 393-8382 |
| | jkleinbrodt@gibsondunn.com |
| Brian C. Fries | |
| bfries@lathropgage.com | Cynthia Richman, *pro hac vice* |
| LATHROP GAGE LLP - KCMO | Harry R.S. Phillips, *pro hac vice* |
| 2345 Grand Avenue, Suite 2200 | GIBSON, DUNN & CRUTCHER LLP |
| Kansas City, MO 64108-2618 | 1050 Connecticut Avenue NW |
| (816) 292-2000 | Washington, D.C. 20036 |
| | (202) 955-8234 |
| | crichman@gibsondunn.com |
| | hphillips@gibsondunn.com |

*Attorneys for HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC*

/s/ Timothy Ray
Timothy Ray, *pro hac vice*
timothy.ray@hklaw.com
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600

David C. Kully, *pro hac vice*
david.kully@hklaw.com
Anna P. Hayes, *pro hac vice*
anna.hayes@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20530
(202) 469-5415

Dina W. McKenney, *pro hac vice*
dina.mckenney@hklaw.com
HOLLAND & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 969-1757

**Counsel for Keller Williams Realty, Inc.**

# CERTIFICATE OF SERVICE

I hereby certify that on this January 26, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record for this case.

*/s/ Ethan Glass*
Ethan Glass (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Suite 700
Washington, DC  20004-2400
Phone (202) 776-2244
Fax (202) 842-7899
eglass@cooley.com

***Attorney for Defendant the NATIONAL ASSOCIATION OF REALTORS®***

# Appendix A

**Plaintiffs' Audio and Visual Material**

- 10/17/2023 Trial Tr. 13:22-80:11: Plaintiffs' Opening PowerPoint Presentation

- 10/17/2023 Trial Tr. 33:25-34:6: Robert Goldberg deposition video clip played by Plaintiffs in opening concerning NAR antitrust compliance guide

- 10/17/2023 Trial Tr. 37:20-25: Family Reunion/Gary Keller video clip played by Plaintiffs in opening

- 10/17/2023 Trial Tr. 38:5-36:1: Gary Keller deposition clip played by Plaintiffs in opening ("He said, We're not talking about commissions because, if we were, we'd be talking about sellers and buyers.")

- 10/17/2023 Trial Tr. 39:15-22: Darrell King deposition clip played by Plaintiffs in opening concerning Family Reunion and compliance manual

- 10/17/2023 Trial Tr. 40:19-41:12: Three separate Gary Keller deposition clips played by Plaintiffs in opening, the first about "talk in concepts" email and the second and third about Gary's books

- 10/17/2023 Trial Tr. 42:16-43:9: Two separate Gino Blefari deposition clips played by Plaintiffs in opening concerning training material and "it only goes up" from 6%

- 10/17/2023 Trial Tr. 43:24-44:3: Two separate Nick Bailey deposition clips played by Plaintiffs in opening about companies benefitting on either side of the transaction

- 10/17/2023 Trial Tr. 44:4-18: Ryan Gorman deposition clip played by Plaintiffs during opening about Realogy's antitrust policy

- 10/17/2023 Trial Tr. 47:8-18: Gary Keller deposition clip played by Plaintiffs during opening concerning steering

- 10/17/2023 Trial Tr. 48:6-8: Michelle Figgs deposition clip played by Plaintiffs during opening concerning her notes

- 10/17/2023 Trial Tr. 48:17-49:2: Gary Keller deposition clip played by Plaintiffs during opening concerning training materials

- 10/17/2023 Trial Tr. 55:1-4: HomeServices training video clip played by Plaintiffs during opening

- 10/17/2023 Trial Tr. 56:5-19: Separate deposition clips played of Robert Goldberg, Gary Keller, and Gino Blefari played by Plaintiffs during opening all concerning their companies following the cooperative compensation rule

- 10/17/2023 Trial Tr. 69:24-70:6: Kevin Goffstein deposition clip played by Plaintiffs during opening concerning HomeServices franchise policy

- 10/17/2023 Trial Tr. 72:16-18: Rosalie Warner deposition clip played by Plaintiffs during opening concerning ReeceNichols policy

- 10/17/2023 Trial Tr. 73:1-4: Mike Frazier deposition clip played by Plaintiffs during opening concerning St. Louis franchise policy

- 10/24/2023 Trial Tr. 1135:5-1137:17: Exhibit PX-4562 introduced by Plaintiffs as impeachment during Bob Goldberg cross examination

- 10/24/2023 Trial Tr. 1137:25-1139:13: Exhibit PX-4565 introduced by Plaintiffs as impeachment during Bob Goldberg's cross examination

- 10/24/2023 Trial Tr. 1263:4-20: Rodney Gansho deposition clip played by Plaintiffs as impeachment during his cross examination concerning NAR affiliated MLSs (starting with 43:13)

- 10/24/2023 Trial Tr. 1282:1-1284:16: Exhibit PX-4609 (Inman Article) introduced by Plaintiffs as impeachment during Rodney Gansho's cross examination

- 10/24/2023 Trial Tr. 1349:8-23: Allan Dalton podcast clip played by Plaintiffs as impeachment during Ron Peltier's cross examination, referred to by Plaintiffs as PX-4604

- 10/25/2023 Trial Tr. 1630:1-17: Mike Frazier deposition clip played by Plaintiffs during his cross examination concerning whether buyers would compensate buyers' agents without the cooperative compensation rule

- 10/25/2023 Trial Tr. 1637:7-17: Three Mike Frazier deposition clips played by Plaintiffs during his cross examination concerning whether buyers will sign buyer agency agreements without the rule (two of three clips identified, 102:25 and 104:21)

- 10/25/2023 Trial Tr. 1688:10-1689:1: Krista Wilson deposition clip played by Plaintiffs during her cross examination concerning if every buyer agreement has a clause that the buyer will pay the fee if it is not covered by the MLS

- 10/27/2023 Trial Tr. 2046:3-14: Gary Keller deposition clip played by Plaintiffs during his cross examination as impeachment concerning if NAR makes rules and enforces them when they get together and meet

- 10/27/2023 Trial Tr. 2047:9-17: Gary Keller deposition clip played by Plaintiffs during his cross examination as impeachment concerning if KW requires its sales agents to join NAR

- 10/27/2023 Trial Tr. 2077:5-13: Gary Keller deposition clip played by Plaintiffs during his cross examination as impeachment concerning the "talk in concepts" email

- 10/27/2023 Trial Tr. 2081:24-2082:8: Gary Keller deposition clip played by Plaintiffs during his cross examination as impeachment concerning whether agents can discuss commissions

- 10/27/2023 Trial Tr. 2082:18-20: Gary Keller deposition clip played by Plaintiffs during his cross examination as impeachment concerning whether Keller can talk about commissions

- 10/30/2023 Trial. Tr. 2328:19-2390:10: Plaintiffs' Closing PowerPoint Presentation

- Any remaining physical posterboards or pages from easel writing pads used during trial, as referenced at 10/25/2023 Trial Tr. at 1410:14-20.

**Defendants' Audio and Visual Material**

- 10/17/2023 Trial Tr. 81:2-110:16: NAR's Opening PowerPoint Presentation

- 10/17/2023 Trial Tr. 115:3-148:19: HSA's Opening PowerPoint Presentation

- 10/17/2023 Trial Tr. 149:18-172:23: Keller William's Opening PowerPoint Presentation

- 10/17/2023 Trial Tr. 135:5-20: Gino Blefari deposition clip played by HSA during opening to give full context to Blefari's behavior as a sales agent

- 10/17/2023 Trial Tr. 135:21-136:1: Gino Blefari deposition clip played by HSA during opening to give full context to Blefari's statements during a lecture on elevating confidence

- 10/19/2023 Trial Tr. 573:14-574:10: Craig Schulman deposition clip played by NAR as impeachment during Schulman's cross on the topic of him not seeing defendants discussing commission amounts with one another (no page and line provided)

- 10/20/2023 Trial Tr. 635:23-636:18: Craig Schulman deposition clip played by NAR as impeachment during Schulman's cross on the topic of incentives to offer compensation without the Rule (33:11-25 from Schulman deposition)

- 10/20/2023 Trial Tr. 678:12-679:5: Craig Schulman deposition clip played by NAR as impeachment during Schulman's cross on the topic of all economic predications being speculative (116:22-117:5)

- 10/20/2023 Trial Tr. 778:6-14: Alford deposition clip played by NAR as impeachment during cross examination (351:25-352:11)

- 10/23/2023 Trial Tr. 874:20-22: Audio clip played by HSA of Mr. McCreight's argument to the 8th Circuit regarding HSA arbitration agreement issue

- 10/27/2023 Trial Tr. 1994:6-14: Portion of DX-3680, the 2016 Vision Speech, played by KW during Gary Keller's direct examination

- 10/30/2023 Trial Tr. 2390:19-2420:10: NAR's Closing PowerPoint Presentation

- 10/30/2023 Trial Tr. 2420:20-2462:6: HSA's Closing PowerPoint Presentation

- 10/30/2023 Trial Tr. 2464:14-2492:12: Keller William's Closing PowerPoint Presentation