Exhibit 4

# RESIDENTIAL REAL ESTATE BROKER COMMISSIONS ANTITRUST SETTLEMENT

## NOTICE OF PROPOSED SETTLEMENT

**If you sold a home and paid a commission to a real estate agent, then you *may* be a part of class action settlement.**

**Please read this Notice carefully because it may affect your legal rights.**

*A federal court has ordered this Notice. It is not from a lawyer, and you are not being sued.*

- The Settlement resolves claims against Keller Williams Realty, Inc. ("Keller Williams") in a lawsuit that alleges the existence of an anticompetitive agreement that resulted in home sellers paying inflated commissions to real estate brokers or agents in violation of antitrust law.

- To be eligible to receive the benefits of the Settlement, you must have: (1) sold a home during the Eligible Date Range (see below); (2) listed the home that was sold on a multiple listing service ("MLS") anywhere in the United States; and (3) paid a commission to any real estate brokerage in connection with the sale of the home. The Eligible Date Range depends on what MLS you listed your home for sale on.

| What Eligible Date Ranges apply to me? ||
|---|---|
| **Where was my home listed?** | **Applicable Date Range** |
| Heartland MLS (encompassing the Kansas City metropolitan area, counties in eastern Kansas, counties in southwest Missouri, and counties in northwest Missouri); <br> MARIS MLS (encompassing the St. Louis metropolitan area, counties in eastern Missouri, and counties in western Illinois); <br> Columbia Board of Realtors MLS (encompassing Columbia, Missouri and its surrounding areas); *or* <br> Southern Missouri Regional MLS (encompassing Springfield and Joplin, Missouri and their surrounding areas). | April 29, 2014 through February 1, 2024 |

*Questions? Call 888-995-0207 or visit www.RealEstateCommissionLitigation.com to learn more.*

| What Eligible Date Ranges apply to me? | |
|---|---|
| **Where was my home listed?** | **Applicable Date Range** |
| Bright MLS (Delaware, Baltimore, Maryland area, District of Columbia, parts of New Jersey, Philadelphia, Pennsylvania area, Richmond, Virginia areas, parts of West Virginia);<br><br>Carolina/Canopy MLS (Charlotte, North Carolina area, including portions of South Carolina);<br><br>Triangle MLS (Research Triangle Area, North Carolina);<br><br>Stellar MLS (Tampa, Orlando, and Sarasota, Florida areas);<br><br>Miami MLS (Miami, Florida area);<br><br>Florida Gulf Coast (Fort Myers, Florida area);<br><br>Metro MLS (parts of Wisconsin, including the Milwaukee areas);<br><br>Yes MLS/MLS Now (Cleveland, Ohio, Eastern Ohio, and parts of West Virginia);<br><br>Columbus Realtors MLS (Columbus, Ohio areas);<br><br>Northstar MLS (Minnesota, Wisconsin);<br><br>Wasatch Front/Utah Real Estate (Salt Lake City, Utah area);<br><br>REcolorado/Metrolist (Denver, Colorado area);<br><br>Pikes Peak MLS (Colorado Springs, Colorado area);<br><br>GLVAR MLS (Las Vegas, Nevada area);<br><br>SABOR (San Antonio, Texas area);<br><br>ACTRIS/ABOR (Austin, Texas area);<br><br>HAR MLS (Houston, Texas area);<br><br>NTREIS (Dallas, Texas area);<br><br>ARMLS (Phoenix, Arizona area); and<br><br>Realcomp II (Detroit, Michigan area) | March 6, 2015 through February 1, 2024 |
| MLS PIN (Massachusetts) | December 17, 2016 through February 1, 2024 |
| Any MLS in the United States other than the MLSs listed above | October 31, 2019 through February 1, 2024 |

*Questions? Call 888-995-0207 or visit www.RealEstateCommissionLitigation.com to learn more.*

2

Case 4:19-cv-00332-SRB   Document 1371-4   Filed 02/01/24   Page 3 of 12

Your Legal rights are affected whether or not you act. *Please read this Notice carefully*

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY MAY 9, 2025** | The only way to get a payment. |
| **ASK TO BE EXCLUDED BY APRIL 13, 2024** | If you do not want to be included in the case and the Settlement, you must exclude yourself. This is called "opting out." This is the only option that allows you to sue Keller Williams for these same issues again. |
| **OBJECT BY APRIL 13, 2024** | You may write to the Court about why you don't like the proposed Settlement. You cannot object if you opt-out. |
| **GO TO A HEARING ON MAY 9, 2024** | You may ask to speak in Court about the fairness of the proposed Settlement. |
| **DO NOTHING** | If you do nothing and the Court approves the proposed Settlement, you will get no payment. You will not be able to sue Keller Williams for these same issues again**.** |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement. Payments will be made if the Court approves the Settlement and after appeals are resolved. Please be patient.

- Proposed settlements have been reached with Anywhere, RE/MAX, and Keller Williams. Additional settlements may be reached with other Defendants. See www.RealEstateCommissionLitigation.com for more information about these settlements and any additional settlements.

## BASIC INFORMATION

### 1. Why did I get this notice?

This Notice has been posted for the benefit of potential members of the Settlement Class. If you are uncertain about whether you are a member of the Settlement Class, you may contact the Settlement Administrator at 888-995-0207.

This Notice has been posted because members of the Settlement Class have a right to know about proposed settlement of a class action lawsuit in which they are class members, and about all of their options, before the Court decides whether to approve the Settlement. If the Court approves
*Questions? Call 888-995-0207 or visit www.RealEstateCommissionLitigation.com to learn more.*

3

Case 4:19-cv-00332-SRB   Document 1371-4   Filed 02/01/24   Page 4 of 12

the Settlement, and after objections or appeals relating to the Settlement are resolved, the benefits provided by the Settlement will be available to members of the Class.

This Notice explains the lawsuits, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. A full copy of the Settlement Agreement may be viewed at the settlement website: www.RealEstateCommissionLitigation.com. This Notice contains only a summary of the Settlement.

The Court in charge of the Settlement is the United States District Court for the Western District of Missouri. The case before this Court is known as *Burnett et al. v. National Association of Realtors, et al.*, Case No. 19-CV-00332-SRB. The people who filed this lawsuit are called the Plaintiffs. The people being sued are called the Defendants. Defendants include The National Association of Realtors ("NAR") and the following large real estate brokerage firms: Anywhere, RE/MAX, Keller Williams, and Berkshire Hathaway HomeServices. Of these Defendants, this Settlement concerns only Keller Williams. Anywhere and RE/MAX have also entered into Settlements and the notice of those Settlements is also available on the settlement website: www.RealEstateCommissionLitigation.com.

The Settlement also resolves claims against Keller Williams raised in other lawsuits, including: *Moehrl et al. v. National Association of Realtors et al.,* Case No. 1:19-cv-01610-ARW (Northern District of Illinois); and *Nosalek v. MLS Property Information Network, Inc., et al.*, Case No. 1:20-cv-12244-PBS (District of Massachusetts).

| **2.** | **What is this lawsuit about?** |
|---|---|

The lawsuits claim that Defendants created and implemented rules that require home sellers to pay commissions to the broker or agent representing the buyer and that caused home sellers to pay total commissions at inflated rates. They also allege that Defendants enforced these rules through anticompetitive and unlawful practices.

The lawsuits claim that these rules are anticompetitive and unfair, and that they violate antitrust laws. You can read Plaintiffs' complaints at www.RealEstateCommissionLitigation.com.

Specifically, the lawsuits allege violations of the Sherman Act (a federal antitrust statute found at 15 U.S.C. § 1 *et seq.*).

The Sherman Act claims apply to home sales that occurred anywhere in the United States during the Eligible Date Range.

| **3.** | **Has the Court decided who is right?** |
|---|---|

Although the Court has authorized notice to be given of the proposed Settlement, this Notice does not express the opinion of the Court on the merits of the claims or defenses asserted by either side of the lawsuit.

Keller Williams disputes Plaintiffs' allegations and denies all liability to Plaintiffs and the Class. You can read the Answer filed by Keller Williams here: www.RealEstateCommissionLitigation.com

| **4.** | **Why is this case a class action?** |
|---|---|

*Questions? Call 888-995-0207 or visit www.RealEstateCommissionLitigation.com to learn more.*

4

Case 4:19-cv-00332-SRB   Document 1371-4   Filed 02/01/24   Page 5 of 12

In a class action, one or more people called Class Representatives sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The consumers who sued Defendants — and all the Class Members like them — are called Plaintiffs. The companies they sued are called the Defendants. One court resolves the issues for everyone in the Class – except for those who choose to exclude themselves from the Class.

Here, the Court decided that this lawsuit can be a class action for settlement purposes because it preliminarily meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that: (1) there are numerous people who fit the class definition; (2) there are legal questions and facts that are common to each of them; (3) the Plaintiffs' claims are typical of the claims of the rest of the Class; (4) Plaintiffs, and the lawyers representing the Class, will fairly and adequately represent the Class Members' interests; (5) the common legal questions and facts are more important than questions that affect only individuals; and (6) this class action will be more efficient than having individual lawsuits.

| 5. | Why are there settlements? |

The Court did not decide this case in favor of the Plaintiffs or Defendants. Instead, Counsel for the Settlement Class investigated the facts and applicable law regarding Plaintiffs' claims and Defendants' defenses. The parties engaged in lengthy arms-length negotiations to reach the Settlement. Plaintiffs and Counsel for the Settlement Class believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interest of the Class.

Both sides agree that by settling, Keller Williams is not admitting any liability or that they did anything wrong. Both sides want to avoid the uncertainties and expense of further litigation.

## WHO IS IN THE SETTLEMENT?

| 6. | How do I know if I am a part of the Settlement? |

You are a part of the Settlement Class if you: (1) sold a home during the Eligible Date Range; (2) listed the home that was sold on a multiple listing service anywhere in the United States; and (3) paid a commission to a real estate brokerage in connection with the sale of the home.

If you are uncertain as to whether you are a member of the Settlement Class, you may contact the Settlement Administrator at 888-995-0207 to find out.

## THE SETTLEMENT BENEFITS

| 7. | What does the Settlement provide? |

If you are a member of the Settlement Class, you are eligible to receive a benefit under the Settlement.

Keller Williams has agreed to pay $70,000,000 into settlement funds. The funds will be distributed to qualifying Settlement Class members who submit an approved claim form, after any awarded attorneys' fees, expenses, settlement administration costs, and service awards have been deducted.

*Questions? Call 888-995-0207 or visit www.RealEstateCommissionLitigation.com to learn more.*

5

Case 4:19-cv-00332-SRB   Document 1371-4   Filed 02/01/24   Page 6 of 12

# HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 8. How can I get a benefit? |
|---|

To receive a benefit, a Settlement Class Member must submit a claim form with information pertaining to and/or evidence of your home sale and commissions paid to the Notice and Claims Administrator. The Notice and Claims Administrator will be responsible for reviewing all claim forms and evidence of purchase to determine whether a claim is an approved claim. The Notice and Claims Administrator will reject any claim that is not: (a) submitted timely and in accordance with the directions on the claim form, the provisions of this Settlement Agreement, and the Preliminary Approval Order; (b) fully and truthfully completed by a Settlement Class Member with all of the information requested in the Claim Form; and (c) signed by the Settlement Class Member. Claims that cannot be confirmed by the Settlement Administrator may be subject to challenge, nonpayment, or a reduced share of the available funds.

You can submit a claim form by clicking this link, or by printing off the claim form from this website and returning it to the Settlement Administrator via mail or email on or before May 9, 2025.

*Burnett et al. v. The National Association of Realtors et al.*
c/o JND Legal Administration
PO Box 91479
Seattle, WA 98111

Email: info@RealEstateCommissionLitigation.com

| 9. When would I get my benefit? |
|---|

The Court will hold a final Fairness Hearing at 10AM on May 9, 2024 in the United States District Court for the Western District of Missouri, 400 E. 9th St., Courtroom 7B, Kansas City, Missouri 64106, to decide whether to finally approve the Settlements. If the Settlement isapproved, there may be appeals. Payments to members of the Settlement Class will be made only if the Settlement isapproved and after any claims period and appeals are resolved. This may take some time, so please be patient.

| 10. What am I giving up to get a benefit? |
|---|

Upon the Court's approval of the proposed Settlement, all members of the Settlement Class who do not exclude themselves (as well as their representatives) will release Keller Williams (and its affiliates, subsidiaries, franchisees, employees, and certain others who may be subject to claims with respect to Keller Williams as specified in the Settlement Agreement). All members of the Settlement Class who do not exclude themselves will release claims whether known or unknown that they ever had, now have, or hereafter may have and that have accrued as of the date of preliminary approval of the Settlement arising from or related to the Released Claims. –"Released Claims" means any and all manner of claims regardless of the cause of action arising from or relating to conduct that was alleged or could have been alleged in the Actions based on any or all of the same factual predicates for the claims alleged in the Actions, including but not limited to commissions negotiated, offered, obtained, or paid to brokerages in connection with the sale of any residential home. The release does not extend to any individual claims that a class member may have against his or her own broker or agent based on a breach of contract, breach of fiduciary

*Questions? Call 888-995-0207 or visit www.RealEstateCommissionLitigation.com to learn more.*

6

Case 4:19-cv-00332-SRB   Document 1371-4   Filed 02/01/24   Page 7 of 12

duty, malpractice, negligence or other tort claim, other than a claim that a class member paid an excessive commission or home price due to the claims at issue.

This release may affect your rights, and may carry obligations, in the future. To view terms of the release, review the Settlement Agreement, which are available at www.RealEstateCommissionLitigation.com.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from the Settlement, and you want to keep the right to sue or continue to sue Keller Williams, on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as opting out of the Settlement Class.

| **11.** | **How do I ask to be excluded?** |

To ask to be excluded, you must execute and send a Request for Exclusion to the Settlement Administrator postmarked on or before the end of April 13, 2024. A Request for Exclusion must be personally signed by each potential Settlement Class Member requesting exclusion. Additionally, a Request for Exclusion must include the potential Settlement Class Member's present name and address, a clear and unequivocal statement that the potential Settlement Class Member wishes to be excluded from the Settlement Class as to Keller Williams, Anywhere, RE/MAX, or all three, and the signature of the putative Settlement Class Member or, in the case of a potential Settlement Class Member who is deceased or incapacitated only, the signature of the legally authorized representative of the putative Settlement Class Member.

If the request is not postmarked on or before April 13, 2024, your exclusion will be invalid, and you will be bound by the terms of the Settlement approved by the Court, including without limitation, the judgment ultimately rendered in the case, and you will be barred from bringing any claims against Keller Williams which arise out of or relate in any way to the claims in the case as specified in the release referenced in paragraph 10 above.

You must mail your Exclusion Request to:

*Burnett et al. v. The National Association of Realtors et al.*
c/o JND Legal Administration – Exclusion Dpt.
PO Box 91486
Seattle, WA 98111

| **12.** | **If I don't exclude myself, can I sue Keller Williams for the same thing later?** |

No. Unless you exclude yourself, you give up any right to sue Keller Williams for the claims that the Settlement resolves. If you have a pending lawsuit against Keller Williams, speak to your lawyer in that case immediately. You may have to exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is April 13, 2024.

| **13.** | **If I exclude myself, can I get benefits from the Settlements?** |

No. If you exclude yourself as to the Keller Williams settlement, do not send in a claim form to ask for any money. If you exclude yourself only as to Keller Williams, you may still ask for money
*Questions? Call 888-995-0207 or visit www.RealEstateCommissionLitigation.com to learn more.*

Case 4:19-cv-00332-SRB   Document 1371-4   Filed 02/01/24   Page 8 of 12

7

from the Settlements with Anywhere and RE/MAX. If you exclude yourself as to Keller Williams, you may sue, continue to sue, or be a part of a different lawsuit against Keller Williams.

# THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

The Court decided that the law firms Ketchmark and McCreight P.C.; Williams Dirks Dameron LLC; Boulware Law LLC; Hagens Berman Sobal Shapiro LLP; Cohen Milstein Sellers & Toll PLLC; and Susman Godfrey LLP, are qualified to represent you and all other Settlement Class Members. These lawyers are called "Class Counsel." You will not be charged for these lawyers. They are experienced in handling similar cases against other entities. More information about the law firms, their practices, and their lawyers' experience is available at: www.kansascitylawoffice.com, www.williamsdirks.com, www.boulware-law.com, www.hbsslaw.com, www.cohenmilstein.com, and www.susmangodfrey.com.

Class Counsel represent the interests of the Settlement Class. You may hire your own attorney to advise you, but if you hire your own attorney, you will be responsible for paying that attorney's fees.

### 15. How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees, in an amount not to exceed one-third (33.3%) of the settlement fund, plus out-of-pocket expenses incurred during the case. The Court may award less. Class Counsel will also seek compensation for each current and/or former class representative in the actions captioned *Burnett et al. v. The National Association of Realtors et al.*, Case No. 19-CV-00332-SRB, pending in the Western District of Missouri; and *Moehrl et al. v. The National Association of Realtors*, Case No. 19-CV-01610-ARW, pending in the Northern District of Illinois.

The Class Representatives will make their request for attorneys' fees, costs, and service awards on or before February 29, 2024, and that request will be published on this website.

Keller Williams will pay the fees and expenses that the Court awards from the settlement fund. You are not responsible for any fees or expenses that the Court awards.

# OBJECTING TO THE PROPOSED SETTLEMENT

You can tell the Court that you don't agree with the Settlements or some part of them.

### 16. How do I tell the Court that I don't like the Settlement?

If you are a Class Member, you can object to this Settlement, and/or the Anywhere and RE/MAX Settlements if you do not like any part of them, including the forthcoming motion for attorneys' fees, costs and service awards. You can give reasons why you think the Court should not approve them. The Court will consider your view. To object, you must file or send a written objection to the Court, in accordance with any instructions ordered by the Court, by April 13, 2024 or you will be deemed to have waived all objections and shall be foreclosed from making any objection (whether in opposition to the motion for Preliminary Approval, motion for attorneys' fees, costs and service awards, motion for Final Approval, on appeal, or otherwise) to the Settlement. Be sure

*Questions? Call 888-995-0207 or visit www.RealEstateCommissionLitigation.com to learn more.*

8

Case 4:19-cv-00332-SRB   Document 1371-4   Filed 02/01/24   Page 9 of 12

to include the case name and number (*Burnett et al. v. The National Association of Realtors et al., Case No. 19-CV-00332-SRB*), your name, address, telephone number, your signature, and the reasons you object to the Settlements.

**You must file any objection with the Clerk of the Court at the address below by April 13, 2024:**

United States District Court for the Western District of Missouri
400 E. 9th St., Room 7462, Kansas City, Missouri 64106
*Burnett et al. v. The National Association of Realtors et al., Case No. 19-CV-00332-SRB*

**You must also send your objection by first class mail, postmarked on or before April 13, 2024,** to Class Counsel and Defendants' Counsel. These documents should be mailed to Class Counsel at:

Williams Dirks Dameron LLC
c/o Eric Dirks
1100 Main Street, Suite 2600
Kansas City MO 64105

and to Keller Williams Counsel at:

Skadden Arps Slate Meagher & Flom LLP
c/o Boris Bershteyn
One Manhattan West
New York, NY 10001

Any member of the Settlement Class who does not file and serve an objection in the time and manner described above will not be permitted to raise that objection later.

| 17. | What's the difference between objecting and excluding? |

Objecting is simply telling the Court that you don't like something about the Settlement. You can object to a Settlement only if you stay in it. Excluding yourself is telling the Court that you do not want to be part of a Settlement. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## THE COURT'S FAIRNESS HEARING

| 18. | When and where will the Court decide whether to approve the Settlement? |

There will be a final Fairness Hearing to consider approval of the proposed Settlement, as well as the proposed Anywhere and RE/MAX Settlements, at 10AM on May 9, 2024 at the United States District Court for the Western District of Missouri, 400 E. 9th St., Courtroom 7B, Kansas City, Missouri 64106. The hearing may be postponed to a later date without further notice but any such postponements will be posted on the settlement website at www.RealEstateCommissionLitigation.com. The purpose of the hearing is to determine the fairness, reasonableness, and adequacy of the terms of the Settlements, whether the Settlement Class is adequately represented by the Plaintiffs and Class Counsel, and whether an order and final judgment should be entered approving the proposed Settlements. The Court will also consider

*Questions? Call 888-995-0207 or visit www.RealEstateCommissionLitigation.com to learn more.*

9

Case 4:19-cv-00332-SRB   Document 1371-4   Filed 02/01/24   Page 10 of 12

Class Counsel's application for an award of attorneys' fees and expenses, and any class representative service awards.

You will be represented by Class Counsel at the Fairness Hearing unless you choose to enter an appearance in person or through your own counsel. The appearance of your own attorney is not necessary to participate in the Fairness Hearing.

| 19. | Do I have to come to the hearing? |

No. Class Counsel will represent the Settlement Class at the Fairness Hearing, but you are welcome to come at your own expense. If you send any objection, you do not have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend if you wish.

| 20. | May I speak at the hearing? |

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Burnett et al. v. The National Association of Realtors et al.*, Case No. 19-CV-00332-SRB." Be sure to include your name, address, telephone number and your signature. Your Notice of Intention to Appear must be postmarked no later than April 13, 2024, and be sent to the Clerk of the Court, Class Counsel and Counsel for Keller Williams, at the addresses on pages 10-11, in Section 16. You cannot speak at the hearing if you excluded yourself.

# ARE THERE OTHER REAL ESTATE COMMISSIONS LAWSUITS OR OTHER DEFENDANTS?

| 21. | Are there other similar cases? |

There are other class actions involving similar claims that are related to the Settlement, including: *Burnett et al. v. The National Association of Realtors et al.*, Case No. 19-CV-00332-SRB, pending in the Western District of Missouri; *Moehrl et al. v. The National Association of Realtors et al.*, Case No. 19-CV-01610-ARW, pending in the Northern District of Illinois; and *Nosalek v. MLS Property Information Network, Inc. et al.*, Case No. 20-CV-12244-PBS, pending in the district of Massachusetts, among others. The Settlement will settle the claims against Keller Williams that were brought in those cases, but it will not settle the claims against other Defendants in those cases. If you are a member of a class in one of those cases, you may have additional rights to participate in or exclude yourself from ongoing litigation in that case.

# GETTING MORE INFORMATION

| 22. | Are there more details available? |

This Notice is only a summary. For a more detailed statement of the matters involved in the lawsuit or the Settlement, you may refer to the papers filed in this case during regular business hours at the office of the Clerk of Court, United States District Court for the Western District of Missouri, 400 E. 9th St, Kansas City, Missouri 64106: *Burnett et al. v. The National Association of Realtors et al.*, Case No. 19-CV-00332-SRB. The full Settlement Agreement and certain pleadings filed in the case

*Questions? Call 888-995-0207 or visit www.RealEstateCommissionLitigation.com to learn more.*

are also available at www.RealEstateCommissionLitigation.com, or can be requested from Class Counsel, identified above / or Settlement Administrator, at contact information from question 8.

*Questions? Call 888-995-0207 or visit www.RealEstateCommissionLitigation.com to learn more.*

Case 4:19-cv-00332-SRB   Document 1371-4   Filed 02/01/24   Page 12 of 12

11