# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

RHONDA BURNETT, JEROD BREIT,     )
JEREMY KEEL, HOLLEE ELLIS, and     )
FRANCES HARVEY, on behalf of     )
themselves and all others similarly situated,     )
    )
       Plaintiffs,     )
    )
      v.     )     Case No. 4:19-CV-00332-SRB
    )
THE NATIONAL ASSOCIATION OF     )
REALTORS, REALOGY HOLDINGS CORP.,     )
HOMESERVICES OF AMERICA, INC., BHH     )
AFFILIATES, LLC, HSF AFFILIATES, LLC,     )
RE/MAX LLC, and KELLER WILLIAMS     )
REALTY, INC.,     )
    )
       Defendants.     )

## ORDER

Before the Court is Plaintiffs'[1] Unopposed Motion for Preliminary Approval of the Proposed Settlement with Keller Williams Realty, Inc. ("Keller Williams") and Plaintiffs ("Settling Parties"). (Doc. #1371.) Upon review, the motion is GRANTED.

The Court hereby ORDERS the following:

1.     The Court finds that preliminary approval is appropriate and hereby grants preliminary approval of the Settlements subject to final determination following notice and hearing.

2.     The Court finds that the proposed Settlements with Keller Williams, as set forth in the Settlement Agreement, is fair, reasonable and adequate, the class representatives have

---

[1] Rhonda Burnett, Jerod Breit, Hollee Ellis, Frances Harvey, Jeremy Keel, Christopher Moehrl, Michael Cole, Steve Darnell, Jack Ramey, Daniel Umpa, and Jane Ruh, (collectively "Plaintiffs"). Capitalized terms shall have the same meaning as in the Settlement Agreement between the Settling Parties, dated January 31, 2024.

adequately represented the class, the Settlement Agreement was negotiated at arm's-length by experienced counsel acting in good faith, including mediation with a nationally recognized and highly experienced mediator, and the Settlement Agreements were reached as a result of those negotiations; there has been adequate opportunity for discovery for experienced counsel to evaluate the claims and risks at this stage of the litigation; and the Court will likely be able to approve the Settlements pursuant to Rule 23(e)(2).

3.      For purposes of the settlement of the claims against Keller Williams, the Court provisionally certifies the following class (the "Settlement Class"):

> a.    All persons who sold a home that was listed on a multiple listing service anywhere in the United States where a commission was paid to any brokerage in connection with the sale of the home in the following date ranges:
>
> > i.    Moehrl MLSs: March 6, 2015 to date of notice;
> > ii.    Burnett MLSs: April 29, 2014 to date of notice;
> > iii.    MLS PIN: December 17, 2016 to date of notice;
> > iv.    All other MLSs: October 31, 2019 to the date of notice.

4.      The Court finds that provisional certification of the Settlement Class is warranted in light of the proposed Settlement under the prerequisites of Federal Rule of Civil Procedure 23(a) because: (1) the members of the Settlement Class are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the Settlement Class; (3) Plaintiffs' claims are typical of the claims of the Settlement Class Members; and (4) Plaintiffs and Co-Lead Counsel will fairly and adequately represent the interests of the Settlement Class Members.

5.      The Court finds that provisional certification of the Settlement Class is warranted in light of the proposed Settlements under Federal Rule of Civil Procedure 23(b)(3) because common issues, including whether Keller Williams entered into any conspiracy, predominate over

any questions affecting only individual members of the Settlement Class, and settlement of this action on a class basis is superior to other means of resolving the Action as to Keller Williams.

6.  The Court hereby appoints Plaintiffs Rhonda Burnett, Jerod Breit, Hollee Ellis, Frances Harvey, Jeremy Keel, Christopher Moehrl, Michael Cole, Steve Darnell, Jack Ramey, Daniel Umpa, and Jane Ruh as the Settlement Class Representatives. The Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class because: (1) the interests of the Settlement Class Representatives are consistent with those of Settlement Class Members; (2) there appear to be no conflicts between or among the Settlement Class Representatives and the other Settlement Class Members; (3) the Settlement Class Representatives have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this litigation; and (4) the Settlement Class Representatives and Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases, including those concerning violation of the antitrust laws.

7.  In making these preliminary findings, the Court has considered, *inter alia*, (1) the interests of the Settlement Class Members in individually controlling the prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum. The Court has also specifically considered that the settlement class is broader than the class alleged in the complaints. In the settlement context, courts in this district and elsewhere regularly certify broader classes. *See, e.g.*, *In re Gen. Am. Life Ins. Co. Sales Pracs. Litig.*, 357 F.3d 800, 805 (8th Cir. 2004) ("There is no impropriety in including in a settlement a description of claims that is

3

somewhat broader than those that have been specifically pleaded. In fact, most settling defendants insist on this."); *Smith v. Atkins*, 2:18-cv-04004-MDH (W.D. Mo.). Here, the Court finds that certifying a nationwide class is warranted, including because plaintiffs have conducted extensive discovery into the alleged nationwide conspiracy and have thoroughly litigated the claims, providing a robust factual record on which to assess the claims and base negotiations, plaintiffs could have made nationwide allegations in this matter, a nationwide settlement was a necessary condition of obtaining any settlement for the benefit of the class, a nationwide settlement will conserve judicial and private resources, and class members will be fully apprised of the settlement class definition through the notice process.

8. The requirements of Rule 23(g) of the Federal Rules of Civil Procedure are met, and the Court hereby appoints the law firms of Ketchmark and McCreight P.C., Boulware Law LLC, Williams Dirks Dameron LLC, Hagens Berman Sobol Shapiro LLP, Cohen, Milstein, Sellers & Toll, PLLC, and Susman Godfrey LLP as Co-Lead Counsel for the Settlement Class.

9. JND Legal Administration ("JND") is hereby APPOINTED as the Settlement Administrator to implement the terms of the proposed Settlement Agreement. The Settlement Administrator is authorized to implement the parties' Class Notice Plan as outlined in the Declaration of Jennifer M. Keough and as outlined in the Court's Order approving the form of the notices. (Doc. #1366). The Court also authorizes the Settlement Administrator to carry out other such responsibilities as are provided for in the Settlement Agreement or as may be agreed to by counsel for the Parties. The Settlement Administrator is directed to include this settlement in the existing settlement website and to issue notice as outlined in Paragraph 14 of the Declaration of Jennifer M. Keough. The Court finds the notice plan to constitute the best notice practicable and satisfies the requirements of due process.

10.     The Court approves the establishment of the Escrow Accounts under the Settlement Agreements as qualified settlement funds ("QSF") as defined in Section 1.468B-1(a) of the U.S. Treasury Regulations and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSFs.  Co-Lead Counsel are, in accordance with the Settlement Agreements, authorized to submit a request as part of the Settling Parties' notice plan to be submitted to the Court to withdraw up to the amounts allowed by the Settlement Agreements out of the Escrow Accounts upon the Court's approval of the notice plan to pay the costs of notice.

11.     Any Settlement Class Member who complies with the requirements of this paragraph may object to any aspect of the proposed Settlement Agreement either on his or her own or through an attorney hired at his or her expense.  Any Settlement Class Member who objects to the proposed Settlement Agreement must file with the Court, and serve on Class Counsel and Counsel for Keller Williams at the addresses set forth in the Settlement Agreement, a written statement of objection postmarked no later than sixty (60) calendar days after the Notice is mailed to the Settlement Class and posted to the Settlement Administrator's website.

12.     The written objection must include: (a) the full name, address, telephone number and email address, if any, of the Settlement Class Member; (b) the address of the home sold, the date of the sale, the listing broker, and the Buyer's broker; (c) a specific statement of all grounds for the objection and, if applicable, any legal support for the objection; (d) a statement whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; (e) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; (f) a list of all class action settlements to which the

Settlement Class Member has objected in the past five (5) years, if any; (g) copies of any papers, briefs, or other documents upon which the objection is based; (h) a statement of whether the Settlement Class Member intends to appear at the Fairness Hearing either personally or through counsel; and (i) the signature of the Settlement Class Member.

13.     Any Class Member shall have the right to opt out of the Settlement Class.  In order to exercise this right, a Class Member must timely deliver a written request for exclusion to the Settlement Administrator's address, which will be listed in the Mailed Notice and on the Settlement Website.  The written request must be postmarked no later than the Opt-Out/Objection Deadline, which deadline shall be specified in the Mailed Notice and on the Settlement Website. No person shall be deemed opted-out of the Class through any purported "mass" or "class" opt-outs.  So-called "mass" or "class" opt-outs shall not be allowed.  To be effective, the Request for Exclusion must include the name of the class member, the address of the home sold, the approximate date of sale and signature of the class member.

14.     Any Class Member who properly requests to be excluded from the Class shall not: (a) be bound by any orders or judgments entered in the case relating to the Settlement Agreement; (b) be entitled to relief under, or be affected by, the Settlement Agreement; (c) gain any rights by virtue of the Settlement Agreement; or (d) be entitled to object to any aspect of the Settlement Agreement.  Any Class Member who obtains relief pursuant to the terms of this Settlement Agreement after the receipt of the Notice gives up the right to exclude him or herself from this Settlement.

15.     Plaintiffs shall file their motions for attorneys' fees, costs and service awards within 28 days after the commencement of notice and shall post such motion on the Settlement Administrator's website.

16.     A final approval hearing will be conducted on May 9, 2024 at 10AM.

17.     In the event that a Settlement is validly terminated as provided for in the Settlement Agreement, all proceedings had in connection with that Settlement and any orders regarding that Settlement shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of the Parties and Settlement Class Members.

18.     In the event that a Settlement does not become final and effective for any reason, nothing in that Settlement Agreement, this Order, or proceedings or orders regarding that Settlements shall be construed to prejudice any position that any of the parties may assert in any aspect of this litigation.

19.     The Actions are stayed as to Keller Williams except as provided for in the Settlement Agreements and to the extent necessary to obtain final approval of the Settlements.

20.     Members of the Settlement Class, unless they exclude themselves from the Settlement Class, are hereby temporarily enjoined from filing, commencing, prosecuting, intervening in, or pursuing as a plaintiff or class member any claims against Keller Williams or Released Parties that arise from or relate to conduct that was alleged or could have been alleged in the Actions based on any or all of the same factual predicates for the claims alleged in the Actions, including but not limited to commissions negotiated, offered, obtained, or paid to brokerages in connection with the sale of any residential home, pending completion of the notice and claims process (including the opportunity for members of the Settlement Class to opt out of the Settlements) and this Court's ruling on a motion for final approval of the Settlements. *See* 28 U.S.C. § 1651; *Bank of Am., N.A. v. UMB Fin. Servs., Inc.*, 618 F.3d 906, 914 (8th Cir. 2010) (noting that "the district court has the inherent ability to protect its own jurisdiction over the dispute

pending before it"); *Miles v. Medicredit, Inc.*, 2022 WL 3643669, at *4 (E.D. Mo. Aug. 23, 2022) (entering injunction "[p]ending determination of whether final approval of the Settlement Agreement"); *Hartley v. Sig Sauer, Inc.*, No. 4:18-CV-00267-SRB, 2020 WL 3473652, at *5 (W.D. Mo. June 25, 2020); *Cleveland v. Whirlpool Corp.*, 2021 WL 5937403, at *9 (D. Minn. Dec. 16, 2021) (entering injunction "[p]ending final approval").

**IT IS SO ORDERED.**


/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: February 1, 2024