# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| RHONDA BURNETT, JEROD BREIT, HOLLEE ELLIS, FRANCES HARVEY, and JEREMY KEEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | Case No. 19-CV-00332-SRB |

**DECLARATION OF STEVE W. BERMAN IN SUPPORT OF CLASS COUNSEL'S
MOTION FOR ATTORNEY'S FEES, COSTS, EXPENSES AND SERVICE AWARDS**

I, Steve W. Berman, state under oath, as follows:

1.      I am the managing partner at Hagens Berman Sobol Shapiro LLP. I am admitted to this Court *pro hac vice* and am one of the attorneys for the Plaintiffs in the *Moehrl* action. I submit this declaration in support of Plaintiffs' motion for attorney's fees, costs, expenses, and service awards. I have full knowledge of the matters stated herein and would testify to these facts if called upon.

2.      The following is a brief description of my professional background and the background of my firm. I am the founding partner of Hagens Berman Sobol Shapiro LLP. Hagens Berman has been a leader in antitrust class litigation. I have personally taken multiple antitrust cases to trial. For example, in September 2019, I led the trial team in a ten-day trial before former

N.D. Cal. Chief Judge Claudia Wilken, which we brought on behalf of student athletes. The case challenged the National Collegiate Athletic Association (NCAA)'s rules relating to caps on compensation available to college student athletes. At trial, the factfinder imposed an injunction against the NCAA – as a result, student athletes have been able to receive more aid from their schools. The Supreme Court unanimously affirmed the district court's decision. *See Nat'l Collegiate Athletic Ass'n v. Alston*, 141 S. Ct. 2141 (2021). Hagens Berman has been appointed as lead counsel for numerous other antitrust class actions. Hagens Berman has led some of the most complicated antitrust cases of the last decade, resulting in settlement of hundreds of millions of dollars for consumers and businesses nationwide. Hagens Berman's antitrust team has been recognized by Law360 as a Competition Group of the Year for each of the last three years.

3.      Hagens Berman, along with Cohen Milstein Sellers Toll LLP and Susman Godfrey LLP, has been appointed as Lead Class Counsel on behalf of the class in the *Moehrl v. National Association of Realtors* action.

4.      This case began when a small team of lawyers at Cohen Milstein, Susman Godfrey, my firm, and other counsel in *Moehrl* began investigating anticompetitive practices in the real estate industry centering around certain rules implemented and enforced by the National Association of Realtors in 2018. Unlike many other civil antitrust cases, our investigation was not a "copycat" of a publicly filed government case. Rather, we conducted the investigation ourselves in order to develop the central theory of the case.

5.      Prior to our case, there had been no complaint challenging the NAR Rules at issue. This novel theory represented a significant risk, especially considering that we correctly anticipated from the start that litigation of the case would cost millions of dollars in out-of-pocket expenses before we received any chance of reimbursement. Based on my experience, this was one

of the most complicated and risky antitrust cases that my firm has pursued. Nevertheless, we developed and brought this case because we believed in the core theory – Defendants' conspiracy has stifled competition and resulted in home sellers across America paying too much in real estate broker commissions. The conduct here has resulted in some of the most widespread harm to American consumers of any antitrust case that my firm has litigated.

6.      We filed a complaint setting forth the core theory of the case in 2019. Each counsel acting on behalf of the *Moehrl* Plaintiffs has now litigated this case for more than five years on contingency and has not yet received any award or compensation. For an antitrust case of this size and complexity, counsel for the *Moehrl* Plaintiffs has worked hard to litigate the case with a dedicated team. The same lawyers who conducted the extensive pre-filing investigation have drafted much of the briefing, negotiated the discovery, conducted the depositions, briefed class certification, and are currently briefing summary judgment. and will conduct the depositions. Our focused team knows the case well and understands the complexity and nuances of the litigation.

7.      Counsel for the *Moehrl* Plaintiffs have successfully progressed the litigation through multiple stages – including motions to dismiss and class certification that were hotly contested by each of the now settling Defendants. Plaintiffs are currently briefing summary judgment against the remaining Defendants. Accompanying the briefing process at class certification and summary judgment, Plaintiffs' counsel has worked closely with six different experts, including two economists, to develop the analyses necessary to support class certification and prevail on the merits.

8.      Throughout the discovery process, we worked to coordinate efficiently and effectively with counsel for the *Burnett* Plaintiffs. We jointly negotiated the scope of document productions with each of the Defendants and took numerous depositions jointly in a coordinated

fashion across the two cases. Counsel also worked to share expenses when possible between the two cases, including hosting documents in a coordinated fashion.

9.      In total, over 100 fact depositions have been taken of Defendant employees, their alleged co-conspirators, and third parties by attorneys for the *Moehrl* Plaintiffs. During the discovery process, there have been many weeks where multiple depositions were scheduled on the same day, and back-to-back each week. The lean team of attorneys working on this case often had to prepare for and attend several depositions each week, every week, for months at a time. Preparing for these depositions took significant time and effort. Staff attorneys, associates, and partners at each respective firm spent hundreds of hours combing through documents, selecting exhibits and preparing to ask questions at these depositions, many of which will be used as trial testimony in this action. Apart from coordination with the *Burnett* Plaintiffs, no other counsel besides *Moehrl* Plaintiffs participated in the preparation or taking of these depositions.

10.     The *Moehrl* matter covers 20 distinct MLSs spread throughout the country. As part of their work on behalf of the class, the *Moehrl* counsel pursued specific document discovery related to those MLSs, negotiated the scope of document productions with third parties that covered those MLSs, and developed expert models for establishing impact and damages in each of those MLSs.

11.     Counsel worked closely with the six named class representatives, including reviewing class representatives' documents and responding to Defendants' discovery requests. To respond to Defendants' interrogatories and requests for production, thousands of personal emails for each class representative were searched. Counsel reviewed every single plaintiff document turned over to Defendants. Counsel also helped the class representatives prepare for, and defended them at, their depositions. All of the class representatives' depositions were attended by multiple

defense counsel, and at some depositions, partners—some of whom have more than 15 years of litigation experience—led the questioning.

12. In addition to these tasks, attorneys for the *Moehrl* Plaintiffs have conducted the following work listed below. Each firm for the *Moehrl* Plaintiffs has provided more specific descriptions of the work performed by their firms in their accompanying declarations.

- Drafting and revising the complaint and the amended complaint;

- Drafting and revising the classes' proposed search terms for Defendants' documents

- Drafting and revising the classes' proposed discovery requests for documents and interrogatories

- Drafting and negotiating the production of third-party data that covered each of the MLSs in the *Moehrl* action;

- Negotiating the production of the Defendants' structured data

- Reviewing and analyzing, millions of pages of Defendants' documents

- Preparing deposition chronologies using Defendants' best documents and preparing chronologies of documents likely to be used by experts and at class certification

- Updating class representatives and seeking their documents in response to Defendants' discovery

- Preparing letters to Defendants to memorialize Plaintiffs' positions regarding discovery issues after meet-and-confer sessions

- Drafting settlement demands, organizing mediation, and preparing documents for settlement

- Drafting the settlement agreement, preliminary approval motions, and managing the notice process

13. Apart from limited preliminary settlement discussions, the *Moehrl* counsel have consistently worked jointly with *Burnett* counsel to engage in mediation and settlement discussions with the Defendants. The financial condition of the Settling Defendants, and their ability to pay,

was an essential part of the settlement discussions. As part of those settlement discussions, counsel from Hagens Berman with expertise in forensic accounting meticulously reviewed the financial statements to confirm the financial condition of the Settling Defendants and that the financial terms of the Settlements were fair, reasonable and adequate when considered against the financial condition of the Settling Defendants. Those settlement discussions are summarized in more detail in the Declaration of Eric Dirks.

14.     Based on my experience, I believe these Settlements are in the best interests of the Settlement Class given the risks and delays of further litigation. In particular, our rigorous analysis of the financial condition of Anywhere, RE/MAX, and Keller Williams confirmed that the amount obtained was the most that each Defendant could reasonably pay. In addition, each of the Settling Defendants agreed to meaningful injunctive relief that helps address the underlying anticompetitive conduct. Furthermore, significant hurdles in particular remain specifically for the *Moehrl* Plaintiffs, including summary judgment and trial. Counsel for *Moehrl* Plaintiffs are continuing to pursue meaningful relief against the non-settling defendants on behalf of the *Moehrl* litigation class.

15.     The named Plaintiffs in *Moehrl* have fulfilled their duties as Class Representatives by actively participating in the litigation. All Class Representatives also remained informed of updates in the case; and importantly, reviewed and gave their approval of the settlements.  Each Class Representative bore significant burdens as a result of their participation in the case. They were required to spend significant time responding to discovery requests, including the collection and production of documents that included financial collecting and producing documents – including personal financial records related to the sale of their homes. Class Representatives also spent extensive time preparing for and submitting to lengthy depositions.

16.     Class Counsel agreed to work with the named Plaintiffs on a wholly contingent basis pursuant to contingency fee agreements. Each of the contingency fee agreements provided that Class Counsel may seek a fee up to 1/3rd of the total settlement amount. Class Counsel has not received any amounts in connection with this case, either as fee income, litigation funding or expense reimbursement.

17.     Counsel for the *Moehrl* Plaintiffs has expended significant time and resources to achieve this benefit for the class. From the cases' inception through January 2024, counsel expended more than 51,046 hours pursuing these claims. These attorneys and staff have devoted their time to this case even when they could have worked on other cases. Each firm has submitted separate declarations attesting to the hours they have worked on behalf of the class.[1] A total summary of the hours and lodestar for each firm is attached hereto as **Exhibit A**. The total lodestar for all counsel for the *Moehrl* Plaintiffs through January 31, 2024 is $36,314,847.00.

18.     The total number of hours reasonably expended on this litigation by my firm, Hagens Berman, from inception through January 31, 2024 is 19,524.80. The total lodestar for my firm at current rates is $11,771,535.00. Expense items are billed separately and are not duplicated in my firm's lodestar. A detailed breakdown of the hours expended by each employee at my firm and their hourly rate is attached hereto as **Exhibit B.** The rates charged by my firm and that of

---

[1] *See* the Declaration of Marc M. Seltzer in Support of Class Counsel's Motion for an Award of Attorneys' Fees, Costs, Expenses, and Service Awards; the Declaration of Benjamin D. Elga in Support of Class Counsel's Motion for an Award of Attorneys' Fees, Costs, Expenses, and Service Awards; the Declaration of Daniel C. Hedlund in Support of Class Counsel's Motion for an Award of Attorneys' Fees, Costs, Expenses, and Service Awards; the Declaration of Russell E. Marsh in Support of Class Counsel's Motion for an Award of Attorneys' Fees, Costs, Expenses, and Service Awards; the Declaration of Robert Braun in Support of Class Counsel's Motion for an Award of Attorneys' Fees, Costs, Expenses, and Service Awards; the Declaration of George A. Farah in Support of Class Counsel's Motion for an Award of Attorneys' Fees, Costs, Expenses, and Service Awards.

other *Moehrl* counsel are consistent with rates charged in comparable cases, as discussed in detail in the accompanying Dirks declaration.

19.     Counsel has worked to maximize efficiency and minimize unnecessary or duplicative billing. All firms who have performed work on behalf of the *Moehrl* Plaintiffs have been instructed by Co-Lead Counsel to keep detailed time and expense records, including what time would be considered for reimbursement and how expense requests must be recorded.

20.     As Co-Lead Counsel, Hagens Berman, Cohen Milstein, and Susman Godfrey established a common fund that would be used to pay certain large expenses. Counsel contributed money to the common fund that was then used to fund various expenses. My law firm has maintained that fund and recorded and documented the legal expenses paid out of that fund. Through January 2024, a total of $5,893,050.71 has been paid from that fund, and these payments are included in the total above. A detailed breakdown of these expenses paid from the common fund is attached hereto as **Exhibit C**. These expenses were paid by Counsel for the *Moehrl* Plaintiffs with no guarantee that they would ultimately be recovered. The primary cost associated with the case was the retention of experts in the *Moehrl* litigation. This expense is necessary in an antitrust litigation and was essential to the successful litigation of the case. Furthermore, four of the six experts were specifically retained by *Moehrl* counsel as rebuttal witnesses after Defendants put forward eight different merits experts (several of whom were duplicative of each other). The retention of these experts was necessary to effectively respond to the arguments and reports presented by Defendants. Most of the remaining cost in the case was associated with hosting the voluminous number of documents produced in the case. These costs were shared with the *Burnett* Plaintiffs.

21.     In addition to expenses paid through the litigation fund, my firm, Hagens Berman, has advanced and incurred an additional $43,307.89 in unreimbursed litigation costs since the inception of this case through January 2024. These are reasonable litigation costs that were incurred in this case for the benefit of the settlement class members. A detailed breakdown of these additional expenses paid from the common fund is attached hereto as **Exhibit D**.

22.     Each firm has submitted separate declarations attesting to unreimbursed litigation expenses they have incurred on behalf of the class.[2] A total summary of each firm's unreimbursed litigation costs is attached hereto as **Exhibit E**. Collectively, the firms had a total of $249,172.46 in expenses. The total unreimbursed expenses, inclusive of both the litigation fund and individual costs expended by each firm, is $6,142,223.17.


        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

        Executed this 29th day of February, 2024, at Seattle, Washington.


                                    */s/ Steve W. Berman*
                                    STEVE W. BERMAN

---

[2] *See* the Declaration of Marc M. Seltzer in Support of Class Counsel's Motion for an Award of Attorneys' Fees, Costs, Expenses, and Service Awards; the Declaration of Benjamin D. Elga in Support of Class Counsel's Motion for an Award of Attorneys' Fees, Costs, Expenses, and Service Awards; the Declaration of Daniel C. Hedlund in Support of Class Counsel's Motion for an Award of Attorneys' Fees, Costs, Expenses, and Service Awards; the Declaration of Russell E. Marsh in Support of Class Counsel's Motion for an Award of Attorneys' Fees, Costs, Expenses, and Service Awards; the Declaration of Robert Braun in Support of Class Counsel's Motion for an Award of Attorneys' Fees, Costs, Expenses, and Service Awards; the Declaration of George A. Farah in Support of Class Counsel's Motion for an Award of Attorneys' Fees, Costs, Expenses, and Service Awards.

# EXHIBIT A

# Exhibit A

*Rhonda Burnett, et al. v. The National Association of Realtors, et al.*
Case No. 19-cv-00332-SRB

## Plaintiffs' Lodestar Summary Exhibit

| FIRM | TOTAL HOURS | TOTAL |
|---|---|---|
| Hagens Berman Sobol Shapiro LLP | 19,524.8 | $11,771,535.00 |
| Cohen Milstein Sellers & Toll PLLC | 14,844 | $11,464,475.00 |
| Susman Godfrey L.L.P. | 11,750.1 | $9,503,165.00 |
| Handley Farah & Anderson PLLC | 2318.2 | $1,596,737.60 |
| Teske Law PLLC | 1,224.75 | $1,016,590.00 |
| Justice Catalyst Law, Inc. | 662.6 | $478,079.40 |
| Wright Marsh & Levy | 599.6 | $389,740.00 |
| Gustafson Gluek PLLC | 121.5 | $94,525.00 |
| | | |
| **Total** | **51,046** | **$36,314,847.00** |

# EXHIBIT B

## Exhibit B

*Rhonda Burnett, et al. v. The National Association of Realtors, et al.*
Case No. 19-cv-00332-SRB

## Plaintiffs' Lodestar through January 31, 2024
Hagens Berman Sobol Shapiro LLP

| TIMEKEEPER | POSTITION | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| Steve Berman | Partner | 245.7 | 1350.00 | $331,695.00 |
| Craig Spiegel | Partner | 411.2 | 975.00 | $400,920.00 |
| Rio Pierce | Partner | 2292.2 | 950.00 | $2,177,590.00 |
| Leonard Aragon | Partner | 2.5 | 850.00 | $2,125.00 |
| Daniel Kurowski | Partner | 4.7 | 800.00 | $3,760.00 |
| Chris O'Hara | Partner | 204.5 | 800.00 | $163,600.00 |
| Mark Vazquez | Partner | 2 | 700.00 | $1,400.00 |
| Jeannie Evans | Partner | 3071.7 | 700.00 | $2,150,190.00 |
| Ted Wojcik | Partner | 318.2 | 750.00 | $238,650.00 |
| Karl Barth | Of Counsel | 214.8 | 775.00 | $166,470.00 |
| Shelby Smith | Of Counsel | 180.2 | 650.00 | $117,130.00 |
| Nick Styant-Browne | Of Counsel | 75.5 | 650.00 | $49,075.00 |
| Whitney Siehl | Associate | 380.3 | 550.00 | $209,165.00 |
| Jeff Lang | Staff Attorney | 4869 | 575.00 | $2,799,675.00 |
| Jay Mitchell | Staff Attorney | 1602 | 500.00 | $801,000.00 |
| Sophia Chao | Staff Attorney | 24.9 | 500.00 | $12,450.00 |
| Allan Lundsgaarde | Staff Attorney | 259.2 | 500.00 | $129,600.00 |
| Matthew Rovner | Contract Attorney | 255 | 400.00 | $102,000.00 |
| Shelby Clark | Contract Attorney | 1259.5 | 375.00 | $472,312.50 |
| Samuel Collin | Contract Attorney | 648 | 375.00 | $243,000.00 |
| John Roeser | Contract Attorney | 1629 | 375.00 | $610,875.00 |
| Maureen Flanigan | Contract Attorney | 233.9 | 350.00 | $81,865.00 |
| Tiffani Fox | Contract Attorney | 200 | 350.00 | $70,000.00 |
| Carrie Flexer | Paralegal | 5.3 | 425.00 | $2,252.50 |
| Bill Stevens | Paralegal | 17.2 | 400.00 | $6,880.00 |
| Lisa Napoleon | Paralegal | 1.2 | 400.00 | $480.00 |
| Brian Miller | Paralegal | 201.9 | 400.00 | $80,760.00 |
| Nicolle Huerta | Paralegal | 14 | 400.00 | $5,600.00 |
| Megan Meyers | Paralegal | 676.5 | 400.00 | $270,600.00 |

| | | | | |
|---|---|---|---|---|
| Chavay Williams | Paralegal | 19.8 | 400.00 | $7,920.00 |
| Radha Kerzan | Paralegal | 64.1 | 350.00 | $22,435.00 |
| Shelby Taylor | Paralegal | 27.7 | 350.00 | $9,695.00 |
| Jeaneth Decena | Paralegal | 56 | 350.00 | $19,600.00 |
| Don Young | Paralegal | 9.9 | 225.00 | $2,227.50 |
| Noreen Andersen | Law Clerk | 7.2 | 175.00 | $1,260.00 |
| Hannah Song | Law Clerk | 29.5 | 150.00 | $4,425.00 |
| Nancy Duenez | Law Clerk | 1.7 | 125.00 | $212.50 |
| Chan Lovell | Paralegal Asst. | 8.8 | 300.00 | $2,640.00 |
| | **TOTAL HOURS** | **19,524.80** | **TOTAL** | **$11,771,535.00** |

# EXHIBIT C

**<u>Exhibit C</u>**

*Rhonda Burnett, et al. v. The National Association of Realtors, et al.*
Case No. 19-cv-00332-SRB

**Plaintiffs' Litigation Fund Expenses through October 5, 2023**

| ACTIVITY | TOTAL COST |
|---|---:|
| Copy & Print | $6,011.00 |
| Court Fees | $0.00 |
| Document Storage, Production & ESI | $612,344.29 |
| Depositions | $183,396.96 |
| Experts & Consultants | $4,962,423.21 |
| Mediation | $122,103.44 |
| Miscellaneous | $0.00 |
| Postage | $0.00 |
| Process Service | $6,771.81 |
| Records & Transcripts | $0.00 |
| Research | $0.00 |
| Travel & Meals | $0.00 |
| **TOTAL** | **$5,893,050.71** |

# EXHIBIT D

# Exhibit D

*Rhonda Burnett, et al. v. The National Association of Realtors, et al.*
Case No. 19-cv-00332-SRB

## Plaintiffs' Unreimbursed Expenses through January 31, 2024
Hagens Berman Sobol Shapiro LLP

| ACTIVITY | TOTAL COST |
|---|---|
| Copy & Print | $16,402.25 |
| Court Fees | $450.00 |
| Document Storage, Production & ESI | $0.00 |
| Depositions | $0.00 |
| Experts & Consultants | $0.00 |
| Mediation | $0.00 |
| Miscellaneous | $0.00 |
| Postage | $3,651.40 |
| Process Service | $2,978.50 |
| Records & Transcripts | $0.00 |
| Research | $11,792.53 |
| Travel & Meals | $8,033.21 |
| **TOTAL** | **$43,307.89** |

# EXHIBIT E

# Exhibit E

*Rhonda Burnett, et al. v. The National Association of Realtors, et al.*
Case No. 19-cv-00332-SRB

**Plaintiffs' Unreimbursed Expenses through January 31, 2024**
**All firms**

| FIRM | EXPENSES |
|---|---|
| Cohen Milstein Sellers & Toll PLLC | $101,755.13 |
| Hagens Berman Sobol Shapiro LLP | $43,307.89 |
| Susman Godfrey L.L.P. | $90,544.83 |
| Teske Law PLLC | $2,309.92 |
| Justice Catalyst Law, Inc. | $0 |
| Handley Farah & Anderson PLLC | $7,893.50 |
| Gustafson Gluek PLLC | $528.25 |
| Wright Marsh & Levy | 2,832.94 |
| | |
| **Total** | **$249,172.46** |