IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RHONDA BURNETT, JEROD BREIT, JEREMY KEEL, HOLLEE ELLIS, and FRANCES HARVEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP. (n/k/a ANYWHERE REAL ESTATE, INC.), HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.<br><br>Defendants. | Case No. 19-cv-00332-SRB |

## PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT

Pursuant to Fed. R. Civ. P. 58 and Local Rule 58.2, Plaintiffs move the Court for entry of judgment on the jury's verdict.

On October 31, 2023, the jury returned its verdict in favor of Plaintiffs and against Defendants National Association of Realtors ("NAR"), HomeServices of America, HSF Affiliates LLC, BHH Affiliates LLC (collectively, the "HomeServices Defendants"), and Keller Williams Realty, Inc. ("Keller Williams") (Doc. 1294). The damages awarded was $1,785,310,872. The parties are now in the process of completing briefing on various post-trial motions.

In addition, Plaintiffs have now reached additional settlements, specifically with NAR and Keller Williams. When added to the earlier settlements with Anywhere and RE/MAX, the total settlements reach the sum of $626,500,000. In addition, the settling Defendants have agreed to

sweeping injunctive relief that will completely reform the MLS system by no longer allowing offers of compensation to buyer's agents to be listed on MLSs.

Given the settlements reached, Plaintiffs' only remaining claims are against the HomeServices Defendants. Plaintiffs request entry of judgment on the jury's verdict against the HomeServices Defendants as follows:

1. The damages awarded by the jury should be trebled pursuant to 15 U.S.C. § 15(a);

2. After trebling, credit should be given in the amount of $626,500,000 to reflect the settlements with NAR, Keller Williams, Anywhere and RE/MAX;

3. Post-judgment interest should be awarded pursuant to 28 U.S.C. § 1961(a);

4. The judgment should state that the HomeServices Defendants are jointly and severally liable for the entire amount of the judgment;

5. The judgment should state the class definition pursuant to Rule 23(c)(3);

6. The judgment should confirm Class Plaintiffs' right to an award of the costs of suit, including a reasonable attorneys' fee, but defer consideration of such issues until after all post-trial proceedings and merits appeals are resolved; and

7. The judgment should state there is no reason to delay judgment against the HomeServices Defendants while the settlements with NAR, Keller Williams, Anywhere, and RE/MAX are administered.

A proposed form of judgment is submitted herewith as Exhibit 1.

**I.    The Court should treble damages pursuant to 15 U.S.C. § 15(a).**

15 U.S.C. § 15(a) states: "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws … *shall recover threefold the damages* by him sustained, and the cost of suit, including a reasonable attorney's fee." (Emphasis added). *See also*

*In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 698 (S.D.N.Y. 2019) ("if liability is proved, the trebling of damages and award of attorneys' fees is automatic.").

Because trebling is mandatory and automatic, the judgment in the amount of $1,785,310,872. should be trebled to the amount of $5,355,932,616.

II.   **The Court should grant a "set off" for prior settlements after trebling.**

The trebled amount of $5,355,932,616 should then be reduced by the total monetary settlements with NAR, Keller Williams, Anywhere, and RE/MAX payable to the Class in the amount of $626,500,000. *See, e.g.*, *William Inglis & Sons Baking Co. v. Continental Baking Co., Inc.*, 981 F.2d 1023, 1024 (9th Cir. 1992) (holding that in antitrust actions, "settlement payments should be deducted from the damages after they have been trebled"); *Sciambra v. Graham News Co.*, 841 F.2d 651, 657 (5th Cir. 1988) ("[T]he court should treble the amount of the damage award against [the antitrust defendant] *before* deducting the amount of the [alleged co-conspirator's] settlement.") (emphasis in original).

Granting an offset for the proposed settlements results in a net award for purposes of this judgment of $4,729,432,616.

III.   **The Court should award post-judgment interest pursuant to 28 U.S.C. § 1961(a).**

28 U.S.C. § 1961(a) states that: "interest shall be allowed on any money judgment in a civil case recovered in a district court." The amount of interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id*.  The clerk first entered judgment on November 1,

3

2023.[1] (Doc. 1296). The weekly average 1-year constant maturity Treasury rate for the calendar week preceding the initial Judgment was 5.40%. *See* https://fred.stlouisfed.org/series/DGS1; https://www.federalreserve.gov/releases/h15/. The judgment therefore should confirm that interest runs from November 1, 2023, at the rate of 5.4% per year, compounded annually.

The HomeServices Defendants have indicated they will argue that interest cannot begin running under Section 1961(a) until the Court issues a judgment that is final and appealable. As the Eighth Circuit recently recognized, however, "Section 1961(a) does not say 'final judgment,' it says 'money judgment.'" *ResCap Liquidating Trust v. Primary Residential Mort., Inc.*, 59 F.4th 905, 923 (8th Cir. 2023). For this reason, interest should begin running from the date a money judgment was entered (November 1, 2023), regardless of when the Court's judgment becomes final. *See Skalka v. Fernald Env't Restoration Mgmt. Corp.*, 178 F.3d 414, 429 (6th Cir. 1999) ("We believe that the better rule is for plaintiffs to be entitled to post-judgment interest from the date of entry of the initial, partial judgment on the ADEA and contract claims, even though that judgment was not yet appealable. This holding is consistent with the text of § 1961 and the common meaning of the word 'judgment.'"); *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 55 (2d Cir. 1998) ("judgment was ascertained in a meaningful way on October 23, 1996. Greenway is thus entitled to post-judgment interest from that date."); *In re Lower Lake Erie Iron Ore Antitrust Litig.*, 998 F.2d 1144, 1177-78 (3d Cir. 1993) ("The statute does not, by its terms, mandate that the judgment from which interest is calculated must be a final judgment. Our view is consistent

---

[1] To give the HomeServices Defendants more time to file their post-trial motions, the parties jointly moved to vacate the Clerk's judgment, which the Court granted. (Doc. 1310, 1311). As part of that motion, the HomeServices Defendants "agreed that they will not argue that [such vacatur] is a reason for precluding post-judgment interest from beginning to accrue on November 1, 2023." (Doc. 1310 at 2). The Court's Order confirmed that the vacatur "does not preclude post-judgment interest from beginning to accrue on November 1, 2023." (Doc. 1311 at 2). The HomeServices Defendants are free, however, to make arguments regarding interest based on other reasons.

with the statute's philosophy of providing compensation from a point at which the loss-causing defendant's liability is entered on record.").

IV.     **The judgment should state that the HomeServices Defendants are jointly and severally liable.**

The jury found that all Defendants "knowingly and voluntarily joined the conspiracy." *See* Doc. #1294, Verdict Form, at Question 3. Defendants who are found to conspire are jointly and severally liable for all damages flowing from the conspiracy. *See, e.g., Texas Indus., Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 646 (1981) ("joint and several liability simply ensures that the plaintiffs will be able to recover the full amount of damages from some, if not all, participants"); *Paper Sys. Inc. v. Nippon Paper Indus. Co.,* 281 F.3d 629, 632 (7th Cir. 2002) ("each member of a conspiracy is liable for all damages caused by the conspiracy's entire output"); ABA Model Sherman Act Instruction 6.B.17 ("each conspirator is fully liable for all of the damages caused by the conspiracy and not solely for damages caused by an individual conspirator"). "A co-conspirator is liable for all acts committed in furtherance of a conspiracy, regardless of when it entered the conspiracy." *In re K-Dur Antitrust Litig.,* 338 F. Supp. 2d 517, 538 (D.N.J. 2004).

As a result, Plaintiffs request the judgment state that the HomeServices Defendants are jointly and severally liable in the amount of $4,729,432,616 plus interest, fees, and costs.

V.      **The judgment should identify the class definition.**

Rule 23(c)(3)(B) states that "the judgment in a class action must . . . include and specify or describe those to whom the Rule 23(c)(2) notice was directed, who have not requested exclusion, and whom the court finds to be class members." Plaintiffs, therefore, request that the amended judgment state that the class is comprised of: "All persons who, from April 29, 2015 through June 30, 2022, used a listing broker affiliated with Home Services of America, Inc., Keller Williams

5

Realty, Inc., HSF Affiliates, LLC, BHH Affiliates, LLC, Anywhere Real Estate, Inc. (formerly known as Realogy Holdings Corporation), or RE/MAX LLC in the sale of a home listed on the Heartland MLS, Columbia Board of Realtors, Mid America Regional Information System, or the Southern Missouri Regional MLS, and who paid a commission to the buyer's broker in connection with the sale of the home." Plaintiffs further request the amended judgment state that "notice was directed to the class and that all those within the class except for those who requested exclusion are found to be class members."

### VI. The judgment should confirm Plaintiffs' right to an award of the costs of suit, including a reasonable attorneys' fee.

Plaintiffs are entitled to an award of fees and costs pursuant to Rule 23 and 15 U.S.C. § 15. *See* Rule 23(h) ("In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement"); 15 U.S.C. § 15(a) ("Plaintiffs, as the prevailing party, "shall recover…the cost of suit, including a reasonable attorney's fee.").

Accordingly, the Court's judgment should confirm Class Plaintiffs' right to an award of the costs of suit, including a statutory attorneys' fee, pursuant to Rule 23(h) and/or 15 U.S.C. § 15. By separate motion, Plaintiffs are moving the Court to defer decision on the amount of costs and attorneys' fees to be awarded to Class Plaintiffs until after all post-trial motions, amended judgments and merits appeals are resolved.

### VII. There is no just reason to delay final judgment as to the HomeServices Defendants.

The Settlements with Keller Williams, Anywhere, and RE/MAX will not be finalized for at least two months and the Settlement with NAR will take several more months. But there is no just reason to delay final judgment as to the HomeServices Defendants while the settlement process moves forward with respect to NAR, Keller Williams, Anywhere and RE/MAX. Rule

6

54(b) states "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Court should not permit the Defendants to delay entry of judgment and subsequent appeals due to any administrative process with respect to the pending settlements.

The issues relating to settlement approval are different from the issues relating to the appeal of the jury's verdict and judgment. *See, e.g., In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2021 WL 5369815, at *1 (D. Kan. Nov. 17, 2021) ("no reason exists for delaying review of the court's Order approving the Settlement because: (a) the Class Plaintiffs' claims against the Pfizer Defendants are separable from the claims still awaiting adjudication, and (b) the nature of the parties' Settlement of the Class Plaintiffs' claims against the Pfizer Defendants render it unlikely that an appellate court would have to decide the same issues more than once."). *"*Before certifying that 'there is no just reason for delay' under Rule 54(b), 'the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals.'" *Clos v. Corr. Corp. of Am.,* 597 F.3d 925, 928 (8th Cir. 2010). Here, the Class Plaintiffs have waited four years for trial and now the HomeServices Defendants wish to appeal the merits of the case. On the other hand, these same plaintiffs will be eligible to claim a portion of settlement funds after administration of the settlements. Because there are no overlapping issues in administering a settlement and the issues raised on the merits appeal, it is just and equitable to certify the appeal of the merits while allowing the settlement approval process to play out and will not cause any additional work for the Court of Appeals. Further, given the length of this case and the lack of overlap between the appeal and the settlement, the Class Plaintiffs would face hardship in delaying this appeal until the finality of the settlement – which will take months.

The only potential overlap between the settlements and the judgment would be if the HomeServices Defendants claim that the amount of offset is not known until the Court grants final approval of the settlements. But Plaintiffs will stipulate the amount of the judgment may be reduced by the amount of the settlements (as discussed above) even if the settlements are not finally approved. This removes any reason for delaying judgment as to the litigating defendants.

Here, other than a settlement approval process which resolves all claims against NAR, Keller Williams, Anywhere, and RE/MAX, all of the claims have been resolved either by a jury verdict or settlement. There are no remaining claims to be pursued. As such, Plaintiffs request the judgment be amended to include the following language: "the Court finds there is no just reason to delay judgment as to HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC."

## Conclusion

For these reasons, the Court should enter judgment on the jury's verdict in the amount of $4,729,432,616, against the HomeServices Defendants jointly and severally. The Court should also award post-judgment interest at a rate of 5.4% running from November 1, 2023, and certify its judgment as final.

Dated: March 18, 2024					Respectfully submitted by:

									KETCHMARK & McCREIGHT, P.C.

									*/s/ Scott A. McCreight*
									Michael S. Ketchmark #41018
									Scott A. McCreight #44002
									11161 Overbrook Road, Suite 210
									Leawood, KS  66211
									(913) 266-4500
									mike@ketchmclaw.com
									smccreight@ketchmclaw.com

Eric L. Dirks #54921
Matthew L. Dameron #52093
**WILLIAMS DIRKS DAMERON LLC**
1100 Main Street, Suite 2600
Kansas City, MO 64105
(816) 945-7110
dirks@williamsdirks.com
matt@williamsdirks.com

Brandon J.B. Boulware #54150
Jeremy M. Suhr #60075
Erin D. Lawrence #63021
**BOULWARE LAW LLC**
1600 Genessee, Suite 416
Kansas City, MO 64102
(816) 492-2826
brandon@boulware-law.com
jeremy@boulware-law.com
erin@boulware-law.com

Counsel for Plaintiffs and the Classes

## CERTIFICATE OF SERVICE

    I hereby certify that on this 18th day of March 2024, the foregoing was filed on the Court's electronic system, which sends notification of the same to all counsel of record.

    */s/ Scott A. McCreight*
    Attorney for Plaintiffs and the Classes

9

Case 4:19-cv-00332-SRB   Document 1399   Filed 03/18/24   Page 9 of 9