# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RHONDA BURNETT, JEROD BREIT, JEREMY KEEL, HOLLEE ELLIS, and FRANCES HARVEY, on behalf of themselves and all others similarly situated,<br>　　　　　　　　Plaintiffs,<br>　　v.<br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP. (n/k/a ANYWHERE REAL ESTATE, INC.), HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br>　　　　　　　　Defendants. | Case No. 19-CV-00332-SRB |

**CLASS PLAINTIFFS' MOTION TO SUSPEND DEADLINES FOR THE FILING OF CLASS PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

Pursuant to Rules 54(d)(2)(B) and 23 of the Federal Rules of Civil Procedure, Plaintiffs request that the Court suspend the deadlines for any motion for attorneys' fees and costs and/or bill of costs. Plaintiffs request that the Court defer consideration of such issues until after any and all merits appeals are resolved (or if no appeal is taken, after the expiration of time allowed for appeal of the final judgment).[1]

Rule 54(d)(2)(B) states that absent a court order holding otherwise, any motion for attorneys' fees and related non-taxable expenses must be filed within 14 days after the entry of judgment. Thus, deferring the deadline for Class Plaintiffs' filing for an award of attorneys' fees and costs until after resolution of any and all post-trial motions, amended judgments, and merits appeals is specifically contemplated by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P.

---

[1] Settlements have now been reached with NAR, Keller Williams, Anywhere, and RE/MAX. Plaintiffs will move for separate awards of attorneys' fees in connection with seeking approval of each of these settlements.

54(d)(2)(B) (a motion for attorneys' fees must be made within 14 days of the entry of judgment "[u]nless a statute or court order provides otherwise"); Fed. R. Civ. P. 58 advisory committee's note (1993 amendments) ("Ordinarily the pendency or post-judgment filing of a claim for attorney's fees will not affect the time for appeal from the underlying judgment."); *see also Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-03 (1988). "Particularly if the claim for fees involves substantial issues or is likely to be affected by the appellate decision, *the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved*." Fed. R. Civ. P. 58 advisory committee's note (emphasis added).[2]

Moreover, any fee award in this case is also governed by Rule 23(h), which provides for the award of reasonable attorneys' fees and costs. Rule 23(h)(1) states: "[a] claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), *at a time the court sets*." Fed. R. Civ. P. 23(h)(1) (emphasis added); *Manual for Complex Litigation, Fourth*, § 21.721 ("Rule 23(h)(1) calls for the court to fix a time for submission of motions for attorney fees [and nontaxable costs] in class actions. . . . Rule 23(h) does not contemplate application of the fourteen-day rule specified in Rule 54(d)(2)(B) unless the court chooses to set that time.").

Courts routinely defer the award of attorneys' fees and expenses until after resolution of the merits appeal. *See In re Urethane Antitrust Litigation,* 04-md-1616-JWL, at Doc. 2899 (D. Kan. June 7, 2013) (staying fees and costs decisions until after appeal pursuant to Rule 54)*; In re Universal Service Fund Tel. Billing Practices Litig.*, No. 02-MD-1468-JWL, at Doc. 1113, (D. Kan. April 1, 2009) (deferring a motion for attorneys' fees pending resolution of the parties'

---

[2] *See also Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Emps.*, 571 U.S. 177, 188 (2014) (confirming a post-trial fee request does not defeat the finality of the appeal on the merits of the case).

appeals). Here too, the interests of judicial economy and efficiency would best be served by deferring the parties' litigation of any issues relating to the bill of costs and award of attorneys' fees and costs until after resolution of any appeal.[3]

For the reasons set forth above, Class Plaintiffs respectfully request that the Court enter an Order suspending the deadlines for filing their motion(s) for attorneys' fees and costs, and deferring consideration of such issues until after any and all post-trial motions, amended judgments, and merits appeals are resolved (or, if no appeal is filed, after the expiration of time allowed for appeal of the final judgment), at a time to be determined by future Court Order.

Dated: March 18, 2024

Respectfully submitted by:

**KETCHMARK AND MCCREIGHT P.C.**
/s/ Scott McCreight
Michael Ketchmark MO # 41018
Scott McCreight MO # 44002
11161 Overbrook Rd. Suite 210
Leawood, KS 66211
Tel:  (913) 266-4500
mike@ketchmclaw.com
smccreight@ketchmclaw.com

**WILLIAMS DIRKS DAMERON LLC**
Eric L. Dirks MO #54921
Matthew L. Dameron MO #52093
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Tel:  (816) 945-7110
Fax:  (816) 945-7118
matt@williamsdirks.com
dirks@williamsdirks.com

**BOULWARE LAW LLC**
Brandon J.B. Boulware MO # 54150
Jeremy M. Suhr MO # 60075
Erin D. Lawrence MO # 63021
1600 Genessee, Suite 416

---

[3] Included in these motions for fees and costs will also be amounts allocated for claims administration and class representative service awards.

Kansas City, MO 64102  
Tel: (816) 492-2826  
brandon@boulware-law.com  
jeremy@boulware-law.com  
erin@boulware-law.com  

Counsel for Plaintiffs and the Classes

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March 2024, the foregoing was filed on the Court's electronic system, which sends notification of the same to all counsel of record.

*/s/ Scott A. McCreight*  
Attorney for Plaintiffs and the Classes