IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RHONDA BURNETT, JEROD BREIT, JEREMY KEEL, HOLLEE ELLIS, and FRANCES HARVEY, on behalf of themselves and all others similarly situated, )<br>)<br>)<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE NATIONAL ASSOCIATION OF )<br>REALTORS, REALOGY HOLDINGS CORP., )<br>HOMESERVICES OF AMERICA, INC., BHH )<br>AFFILIATES, LLC, HSF AFFILIATES, LLC, )<br>RE/MAX LLC, and KELLER WILLIAMS )<br>REALTY, INC., )<br>)<br>Defendants. ) | Case No. 4:19-cv-00332-SRB |

## ORDER

Before the Court is Defendants' Motion to Decertify the Class. (Doc. #1355.) For the reasons discussed below, the motion is DENIED.

## I.     BACKGROUND

The facts of this case are discussed in prior Orders and in the parties' briefs, and will not be repeated herein. This Order assumes familiarity with the facts and law applicable to the claims and defenses asserted in this case. Only those facts and issues necessary to resolve the pending motion are discussed below, and they are simplified to the extent possible.

Class Plaintiffs alleged Defendants violated the Sherman Antitrust Act by entering into a conspiracy to follow and enforce a rule adopted by the National Association of Realtors, which had the purpose or effect of raising, inflating, or stabilizing buyer broker commission rates paid by home sellers from April 29, 2015, through June 30, 2022. The Court certified the class of plaintiffs on April 22, 2022, in an order where it found the class satisfied all the requirements of

Federal Rule of Civil Procedure 23.  Defendants sought review of the class certification order, which the Eighth Circuit denied.  After a two-week trial, a jury found Defendants liable, awarding $1,785,310,872.00 on October 31, 2023.

The defendants relevant to this motion are HomeServices of America, Inc. ("HomeServices"), BHH Affiliates, LLC, and HSF Affiliates, LLC (collectively, the "HomeServices Defendants"), which are broker franchisors operating various real estate brokerage subsidiaries, franchisees, and/or affiliates in the regional real estate markets at issue.  The HomeServices Defendants argue that decertification is warranted because "[t]rial revealed that individual issues pervade both the threshold question of antitrust injury and the ultimate question of damages."  (Doc. #1355, p. 1.)  Plaintiffs oppose the motion.  Their arguments are addressed below.

## II.  LEGAL STANDARD

Rule 23 requires that a class action satisfy all four prerequisites of Rule 23(a) and at least one of the provisions of Rule 23(b).  *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).  Pursuant to Rule 23(a), the party seeking certification must demonstrate that the proposed class satisfies the requirements of numerosity, commonality, typicality, and adequate representation.  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) (internal quotations and citations omitted).  Rule 23(b)(3) requires that the Court find that "questions of law or fact common to class members predominate over any questions affecting only individual members," and that a class action is the "superior" method of adjudication of the controversy.  "Once a class is certified, the Court has an ongoing duty to ensure that the class continues to be certifiable."  *Nobles v. State Farm Mut. Auto. Ins. Co.*, No. 2:10-CV-04175-NKL, 2013 WL 12153518, at *2 (W.D. Mo July 8, 2013) (citing *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1145 (8th Cir. 1999)).

## III. DISCUSSION

The HomeServices Defendants argue that the class of plaintiffs fail to satisfy Federal Rule of Civil Procedure 23(b)(3), which requires "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Specifically, the HomeServices Defendants argue that trial revealed that "highly individualized facts . . . influence whether any class member would have authorized cooperative compensation." (Doc. #1356, p. 5.) They state further that individualized proof is also needed to determine the "extent to which any class member was injured[,]" and Plaintiffs' economic expert, Dr. Craig Schulman failed to provide this proof of classwide injury. (Doc. #1356, p. 6.) Further, they argue that "trial evidence showed that a meaningful number of class members were not injured[,]" and Plaintiffs did not provide a "common approach to any damages calculation." (Doc. #1356, pp. 17–18.)

Plaintiffs contend that trial illustrated that common questions of law and fact predominate over individual questions, satisfying Rule 23(b)(3). They argue that "hypothetical individualized negotiations . . . do not affect Plaintiffs' common evidence[,]" and "Dr. Schulman's analysis confirmed the uniformity of the real estate commission practices at issue here." (Doc. #1395, pp. 19, 25.) They also contend that "Dr. Schulman's benchmark analysis is common to all class members and requires no individualized proof" because using his methodology he concluded that "in the absence of Defendants' interference with competitive price setting mechanisms, sellers would not pay for buyer's agents at all." (Doc. #1395, pp. 11–12.) Further, they argue that "Defendants offered no probative evidence of how consumers would act" in a world without the cooperative compensation rule. (Doc. #1395, p. 16.) They also contend that "Dr. Schulman applied well-established law that the damages calculations are performed on an aggregate basis."

3

(Doc. #1395, p. 15.) Generally, they state that "Defendants previously made every one of the arguments they now present[, which] . . . the Court rejected . . . [when it] certified the class." (Doc. #1395, p. 8.) Further, Plaintiffs state that the jury analyzed the evidence in this case and found common proof sufficient to find the HomeServices Defendants liable.

The Court's reasoning in the class certification order where it found that common questions of fact and law predominate remains the same. In its previous order, the Court found "Dr. Schulman demonstrates through these benchmark countries that, in the but-for world, (1) sellers would not pay for buyer's agents, (2) buyer brokers would be used infrequently, (3) buyers who use brokers would pay for them, and (4) sellers would pay mu[ch] lower overall commission rates." (Doc. #741, p. 24.) The Court finds that Dr. Schulman's testimony at trial sufficiently demonstrated these same points through common evidence, satisfying the predominance requirement. Through careful analysis, Dr. Schulman explained that commission rates were uniformly high because of the cooperative compensation rule, without which a seller would not pay the commission of the buyer's broker. This was also echoed through Plaintiffs' trial testimony, which illustrated that every class member paid a commission to a buyer broker, and the cooperative compensation rule applied over the entire class period. Thus, the Court agrees with Plaintiffs that any hypothetical situation now posed by Defendants where some home sellers would pay the same commission for the buyer's broker without the cooperative compensation rule is not sufficient to illustrate that common questions or law and fact do not predominate.

Additionally, when certifying the class Defendants also argued that uninjured Plaintiffs and damages calculations defeated the predominance requirement. This Court held "Dr. Schulman opines that the competitive rate for sellers to pay buyer broker commissions is zero

4

because no class member would have paid a buyer broker but for the Challenged Rules and, therefore, every class member paid more than that amount by virtue of their inclusion in the class." (Doc. #741, pp. 29–30.) The Court finds that trial testimony adequately demonstrated this point, so arguments regarding uninjured class members are not sufficient to defeat predominance now. The Court further finds that Dr. Schulman's damages model sufficiently relied on common proof, satisfying predominance. The Court agrees with Plaintiffs that "Dr Schulman was able to calculate the specific amount of damages for each class home sale transaction[, so his] . . . analysis did not rely on averages or inferences, but rather . . . was a result of careful review of each and every class transaction." (Doc. #1395, p. 16.) Therefore, the Court still finds that common questions of law and fact predominate, satisfying Rule 23(b)(3).

## IV. CONCLUSION

Thus, for these reasons and those additional reasons stated by Plaintiffs, Defendants' Motion to Decertify the Class (Doc. #1355) is DENIED. It is further ORDERED that the request for oral argument is DENIED AS MOOT, as it is unnecessary.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: March 26, 2024