IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RHONDA BURNETT, JEROD BREIT, JEREMY KEEL, HOLLEE ELLIS, and FRANCES HARVEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | Case No. 4:19-cv-00332-SRB |

**ORDER**

Before the Court is Plaintiffs' Motion for Entry of Judgment. (Doc. #1399.) For the reasons discussed below, the motion is DENIED WITHOUT PREJUDICE.

**I.    BACKGROUND**

The facts of this case are discussed in prior Orders and in the parties' briefs, and will not be repeated herein. This Order assumes familiarity with the facts and law applicable to the claims and defenses asserted in this case. Only those facts and issues necessary to resolve the pending motion are discussed below, and they are simplified to the extent possible.

Class Plaintiffs alleged Defendants violated the Sherman Antitrust Act by entering into a conspiracy to follow and enforce a rule adopted by the National Association of Realtors ("NAR"), which had the purpose or effect of raising, inflating, or stabilizing buyer broker commission rates paid by home sellers from April 29, 2015, through June 30, 2022. After a two-week trial involving NAR; Keller Williams Realty, Inc. ("Keller Williams"); and HomeServices

of America, Inc.; BHH Affiliates, LLC; and HSF Affiliates, LLC (collectively, the "HomeServices Defendants"), a jury found Defendants liable, awarding $1,785,310,872.00 on October 31, 2023. After trial, NAR and Keller Williams filed notices of pending settlements. Plaintiffs now argue that the judgment against the HomeServices Defendants should be certified for appeal pursuant to Federal Rule of Civil Procedure 54(b). The HomeServices Defendants oppose the motion. Their arguments are addressed below.

## II. LEGAL STANDARD

"Rule 54(b) permits the district court to direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1118 (8th Cir. 2011) (quoting *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 806–07 (8th Cir. 1993)). "A district court must first determine that it is dealing with a final judgment . . . in the sense that it is an ultimate disposition of an individual claim." *Id.* (quoting *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). "Then: 'In determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals.'" *Id.* (quoting *Interstate Power Co.*, 992 F.2d at 807). "Certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Hayden v. McDonald*, 719 F.2d 266, 268 (8th Cir. 1983) (citation and quotation marks omitted). In determining whether a danger or hardship exits, the Court should consider:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the

2

> judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Downing v. Riceland Foods, Inc.*, 810 F.3d 580, 586 (8th Cir. 2016) (quoting *Hayden*, 719 F.2d at 269).

## III. DISCUSSION

Plaintiffs state that "[g]iven the settlements reached, Plaintiffs' only remaining claims are against the HomeServices Defendants." (Doc. #1399, p. 2.) Specifically, Plaintiffs argue there is no just reason to delay final judgment as to the HomeServices Defendants because "[t]he [s]ettlements . . . will not be finalized for at least two months and the [s]ettlement with NAR will take several more months." (Doc. #1399, p. 6.) Further, they argue that "[t]he issues relating to settlement approval are different from the issues relating to the appeal of the jury's verdict and judgment." (Doc. #1399, p. 7.) The HomeServices Defendants contend that "until those settlements are approved . . . the amount of any judgment entered against [the] HomeServices [Defendants] must be offset by an amount equal to the sum collected from the other defendants." (Doc. #1423, p. 5.) Further, the HomeServices Defendants argue that "Plaintiffs point to no hardship or prejudice that they will suffer if judgment is not entered until all claims against all parties in this case are fully resolved." (Doc. #1423, p. 5.)

The Court finds that certification under Rule 54(b) is not currently warranted. First, there is no final judgment pertaining to the HomeServices Defendants. Plaintiffs acknowledge that "[t]he only potential overlap between the settlements and the judgment would be if the HomeServices Defendants claim that the amount of offset is not known until the Court grants final approval of the settlements." (Doc. #1399, p. 8.) The HomeServices Defendants similarly argue "Plaintiffs' penciled-in numbers for the amount by which the jury's award should be offset by settlements are provisional[.]" (Doc. #1423, p. 8.) Second, Plaintiffs fail to argue that some

3

danger or hardship would exist if an appeal were delayed that an immediate appeal would alleviate. *See Hayden*, 719 F.2d at 268. As the HomeServices Defendants point out, "Plaintiffs do not indicate that they themselves contemplate appealing any of the Court's rulings." (Doc. #1423, p. 9.) Further, Plaintiffs do not assert a danger or hardship other than the settlement monies will not be available to Plaintiffs for a few months more. Given that this Court should seek to prevent piecemeal appeals and any appeal related to the settlements would relate to the judgment against the HomeServices Defendants, the Court finds that Plaintiffs have failed to show that certification of the judgment against the HomeServices Defendants is warranted at this time. *See Outdoor Cent., Inc.*, 643 F.3d at, 1119 ("This court disfavors Rule 54(b) appeals where [as here] the adjudicated and pending claims are closely related and stem from essentially the same factual allegations." (quotation marks and citation omitted)).

## IV. CONCLUSION

Thus, Plaintiffs' Motion for Entry of Judgment (Doc. #1399) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

                                                /s/ Stephen R. Bough
                                                STEPHEN R. BOUGH
                                                UNITED STATES DISTRICT JUDGE

Dated: April 15, 2024