# Exhibit 2

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RHONDA BURNETT, JEROD BREIT, HOLLEE ELLIS, FRANCES HARVEY, and JEREMY KEEL, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>               Defendants. | Case No. 19-CV-00332-SRB |

**DECLARATION OF ERIC L. DIRKS IN SUPPORT OF
PRELIMINARY APPROVAL OF SETTLEMENT WITH THE NATIONAL
<u>ASSOCIATION OF REALTORS</u>**

I, Eric L. Dirks, hereby declare as follows:

1. I am a partner at the law firm of Williams Dirks Dameron LLC in Kansas City, Missouri, and counsel for the Plaintiff and the Class in the *Burnett* action. I submit this declaration in support of Plaintiffs Motion for Preliminary Approval of the Settlement with NAR. I make this statement of my own personal knowledge, and if called to testify, would testify competently thereto.

2. The following is a brief description of my professional background. I am a founding partner of the law firm of Williams Dirks Dameron LLC, in Kansas City, Missouri where I focus my practice on complex litigation, including nationwide class actions. Before my involvement in this case, I acted as counsel on over four dozen class and collective actions, I have

settled numerous class actions, tried a class action to verdict and through appeal in federal court (prior to the *Burnett* trial), and successfully argued the issue of class certification before the Missouri Supreme Court. As the Court is aware, my firm and our co-counsel in this case successfully navigated this case from its infancy to a $1.785 Billion jury verdict.

3. I am AV rated with Martindale Hubbell, am routinely selected as a Super Lawyers Top 50 in Kansas City and have been selected to Kansas City's Best of the Bar on multiple occasions. I have publicly spoken on numerous occasions on the topic of complex litigation, including class actions.

4. I spent the majority of my time over the past three years working on the *Burnett* matter and am intimately familiar with all aspects of the case.

5. Based on my experience prosecuting this case and our research, the Settlement with NAR represents the largest known consumer class settlement involving the real estate brokerage industry.

6. The Settlement is more than a large financial recovery for the class. The practice changes set out in the Settlement are a substantial victory for class members and, in my opinion, will ultimately result in cost savings for future home sellers. Numerous experts and commentators agree the changes will save consumers billions of dollars per year going forward.

7. Based on my experience in handling class action litigation for the past two decades, I can say without a doubt that the Settlements constitute a fair and reasonable– indeed excellent– result for the class.

8. Our firm and co-counsel filed *Burnett* in 2019 and have collectively dedicated more resources to the prosecution of this litigation than any other case in our firms' history. To my knowledge, prior to *Moehrl* and *Burnett*, there had never been a significant public or private

prosecution or settlement of the current Mandatory Offer of Compensation Rule. Throughout the litigation NAR took the position that its conduct was lawful and that the cases lacked merit.

9. *Burnett* and *Moehrl* represent the only certified litigation classes of plaintiffs involving the Mandatory Offer of Compensation Rule. Our firm and co-counsel, along with class counsel in *Moehrl* (collectively "Class Counsel" or "co-counsel"), litigated the only cases involving the Mandatory Offer of Compensation Rule until other plaintiffs began filing similar cases once they had the opportunity to observe our successes in the litigation.

10. After we reached Settlements with Anywhere, RE/MAX and Keller Williams, we continued litigating against NAR and other defendants. In *Burnett*, we litigated all the way through trial and in *Moehrl*, trial was imminent.

11. Based on my two decades of experience prosecuting class actions and serving as class counsel in numerous class actions, I can say that this Litigation was the most unique and hotly-contested I have experienced. Moreover, the result came after years of work in not one, but two, litigious class actions: *Burnett* and *Moehrl*.

12. In each case, Defendants mounted a comprehensive and independent defense, requiring us to give an equally forceful prosecution. Defendants were represented by no less than twenty well-respected defense firms during the course of the *Burnett* litigation including: Cooley, Quinn Emanuel Urquhart Sullivan, Arent Fox Schiff, Jones Day, Holland & Knight, Faegre Baker Daniels, Morgan Lewis & Bockius, Foley & Lardner, MacGill PC, Gibson Dunn & Crutcher, Barnes & Thornburg, MoloLamken, Polsinelli, Stinson, Brown & James, Lathrop GPM, Horn Aylward & Bandy, and Armstrong Teasdale.

13. The issues were complex. We defeated two motions to dismiss, three motions to compel arbitration, 5 motions for summary judgment, three appeals, and took and defended over

3

80 depositions in *Burnett*. The cases involved at least 20 different experts on liability and damages involving numerous reports and depositions. Damages experts reviewed huge data sets including millions of rows of data. Expert testimony covered a broad array of subject matters.

14. We reviewed more than 5 million pages of documents, and we isolated and reviewed unique documents, which culminated in the parties marking hundreds of deposition and trial exhibits. Both sides issued numerous third-party subpoenas to multiple MLSs and real estate brokerages.

15. Even after prevailing at trial in *Burnett*, Defendants continued to fight nearly every aspect of the case. Nonetheless, we were successful in our efforts on behalf of the Settlement Classes with respect to Anywhere, RE/MAX, Keller Williams, and now NAR.

16. Liability was also far from the only risk we faced. It was critical to prevail on that point but hardly sufficient to obtain a significant recovery. Defendants levied every conceivable challenge at class certification, expert testimony, and damages.

17. It was not until after the *Burnett* trial, and NAR exhausting its options at every turn (i.e. motions to dismiss, motions for summary judgment, Daubert motions, appeals from class certification order), that NAR was prepared to settle. Ultimately, Plaintiffs' decision to settle was based on the substantial monetary and practice change relief weighed against the risks on appeal and NAR's inability to satisfy the *Burnett* judgment.

18. The Settlement was reached only after numerous attempts at mediation and negotiations. The cases were first mediated April of 2020 with Hon. Garrett Brown (Ret.). The parties attended a mediation with Judge Brown as well as several less formal phone calls and meetings. These attempts were unsuccessful. The parties then mediated with Greg Lindstrom in January of 2023, a well-known national antitrust expert and mediator. The attempts were again

unsuccessful. Numerous phone calls and emails between Plaintiffs and Mr. Lindstrom and separately between Defendants and Mr. Lindstrom were also unsuccessful. The parties then attended another mediation with Judge Willie Epps in July of 2023. While some progress was made, no settlement was reached. After trial, Plaintiffs and NAR attended multiple day long in-person negotiation sessions in an attempt to resolve the Actions. These attempts spanned four months and were hotly contested. The settlement was ultimately reached and executed on March 15, 2024.

19. In order to determine that the Settlement is in the best interest of the Class, and in addition to the discovery process and evaluation of data and witnesses, Plaintiffs used a forensic accountant to evaluate the internal financial documents of NAR. NAR provided detailed internal financial documentation and their General Counsel and CEO participated in meetings where Plaintiffs counsel asked questions about NAR's finances. It was only after this process of evaluating NAR's ability to pay that the parties reached settlement. In my opinion, the Settlement is fair, reasonable and adequate.

20. I also believe the Settlement is in the best interests of the Settlement Class given the risks and delay of further litigation and the prospective relief obtained. Moreover, due to the nature of joint and several liability, the Settlement Class Members' recovery is not limited to the amount NAR pays – they will be eligible to participate in any future settlements or recoveries (as well as the previous $208.5 million in settlements obtained from Anywhere, RE/MAX and Keller Williams). Indeed, as Class Counsel, we continue to strenuously litigate on behalf of this Settlement Class.

21. The *Burnett* and *Gibson* class representatives have approved this Settlement.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 16 day of April 2024.

_____
Eric L. Dirks