UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RHONDA BURNETT, JEROD BREIT, JEREMY KEEL, HOLLEE ELLIS, and FRANCES HARVEY, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX, LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>　　　　　Defendants. | Case No: 4:19-cv-00332-SRB<br><br>Judge Stephen R. Bough |

## DEFENDANT KELLER WILLIAMS REALTY, INC.'S SUGGESTIONS IN OPPOSITION TO OBJECTORS' MOTION FOR DISCOVERY

Defendant Keller Williams Realty, Inc. writes in opposition to the Motion for Discovery by objectors Benny D. Cheatham, Robert Douglass, Douglas Fender, and Dena Fender (hereafter Cheatham Objectors). Dkt. No. 1452. Keller Williams opposes the motion because the Cheatham Objectors are not entitled to discovery and because their request is untimely.

## I. BACKGROUND

On February 1, 2024, Keller Williams reached a class settlement, subject to the Court's approval, agreeing to pay $70 million and make certain changes to its business practices. This Court has preliminarily approved the settlement. Dkt. No. 1372. The Keller Williams settlement—and settlements reached by co-defendants Anywhere Real Estate, Inc. and RE/MAX, LLC—are now pending final approval, with the approval hearing scheduled for May 9, 2024.

After preliminary approval, tens of millions of class members received notice of the

settlements, which were also widely reported in the media.[1]

Objections to the settlement were due on April 13, 2024. Only a small fraction of the class objected and only seven class members—likely less than one thousandth of one percent of the settlement class—objected on the basis of inadequate monetary consideration. *See* Dkt. No. 1441 (the four Cheatham Objectors), Dkt. No. 1448 (two objectors), and Dkt. No. 1453 (one objector). None of these seven objectors argued that the settlement negotiations had not been conducted at arm's length.

Four of these seven class members are the Cheatham Objectors, who are plaintiffs in a related action in the United States District Court for the District of South Carolina. Their objection, filed on April 12, 2024, appended a "Declaration/Affidavit of Charles Alford, Ph.D." with commentary on the financial performance of Anywhere and RE/MAX. Dkt. No. 1441-3. With respect to Keller Williams, Mr. Alford stated: "Keller Williams is a privately owned entity. I do not have financial statements and cannot opine regarding its operating performance or financial condition." Dkt. No. 1441-3 at ¶ 16. Neither the Cheatham Objectors nor Mr. Alford requested any financial information from Keller Williams prior to filing their objection or prior to the April 13, 2024 deadline for objections.

On April 16, 2024—three days after that deadline—the Cheatham Objectors moved this court for "discovery pursuant to Federal Rules of Civil Procedure 45 seeking permission to subpoena financial documents of Keller Williams Realty, Inc. for the purpose of evaluating the objectors' positions regarding any continuing objection" and to otherwise assist the Court. Dkt. No. 1452 at 1. The objectors seek a "series of financial records needed to properly evaluate the

---

[1] *See, e.g.*, Laura Kusisto, *Keller Williams Agrees to Pay $70 Million to Settle Antitrust Claims*, Wall Street Journal (Feb. 1, 2024), https://www.wsj.com/real-estate/keller-williams-agrees-to-pay-70-million-to-settle-antitrust-claims-53269251; Alex Veiga, *Keller Williams agrees to pay $70 million to settle real estate agent commission lawsuits nationwide*, The Associated Press (Feb. 1, 2024), https://apnews.com/article/keller-williams-real-estate-agent-commissions-lawsuits-657a285857a77a6618d65499c69985b5.

financial condition of Keller Williams Realty, Inc." *Id.* at 2. All of the information objectors seek is nonpublic, highly confidential financial information of Keller Williams, a private company.

**II. OBJECTORS ARE NOT ENTITLED TO THE DISCOVERY THEY SEEK**

The Motion for Discovery should be denied because the Cheatham Objectors are not entitled to the discovery they seek. Courts are unanimous that objectors are generally not entitled to discovery. *See e.g., Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. V. Gen. Motors Corp.*, 497 F.3d 615, 637 (6th Cir. 2007) (affirming denial of discovery request because "objecting class members 'are not automatically entitled to discovery'"); *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 325 (3d Cir. 1998) (affirming denial of settlement-related and fee-related discovery); *In Re Flint Water Cases*, 63 F.4th 486, 499-501, 507-09 (6th Cir. 2023) (affirming denial of two separate discovery requests and holding that objectors have "no substantive right" to discovery); *Herrera v. Charlotte Sch. Of L., LLC*, 818 F. App'x 165, 178 (4th Cir. 2020) (affirming denial of objector's discovery request).

The Cheatham Objectors have made no showing "that this is one of the 'rare circumstances' where discovery pertaining to settlement negotiations is appropriate." *Jian Zhou v. Faraday Future Intelligent Elec. Inc. et al.*, 2024 WL 1458406, at *2 (C.D. Cal. Mar. 6, 2024). While courts have permitted limited discovery where there is an indication of impropriety, "if there is no evidence of collusion in the negotiation process, objectors have no right to seek discovery concerning the negotiations of a class action settlement." *White v. Nat'l Football League*, 822 F. Supp. 1389, 1429 (D. Minn. 1993).[2] The Cheatham Objectors have not argued—much less shown—that settlement negotiations here were tainted. Accordingly, they have not articulated any reason why the arm's length negotiation between the parties would not have produced the greatest

---

[2] *See also Lobatz v. U.S. W. Cellular of California, Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000) ("We agree with the Seventh Circuit that 'discovery [of settlement negotiations] is proper only where the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive.'" (alteration in original) (quoting *Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co.*, 834 F.2d 677, 684 (7th Cir.1987))).

relief reasonably available to the class from Keller Williams.

Moreover, the Cheatham Objectors admit that neither they nor their affiant Mr. Alford have a basis to object to the settlement due to Keller Williams' ability to pay. Dkt. No. 1441 at 13; Dkt. No. 1452 at 2. Under those circumstances, further discovery into Keller Williams' confidential financial documents is a fishing expedition that will not inform the settlement approval process. There is also no indication that giving the Cheatham Objectors additional financial information will assist this Court's settlement approval analysis. Indeed, despite having access to financial information of Anywhere and RE/MAX defendants, Mr. Alford offered summary commentary on those defendants' financials, but no insight about their ability to fund a greater settlement. Dkt. No. 1441-3.

Class members' reaction to the settlement further weakens the Cheatham Objectors' case for discovery. The support for the settlement has been nothing short of overwhelming: After more than twenty million potential class members received direct notice, only 11 filed objections—less than one thousandth of one percent. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 933 (8th Cir. 2005) (finding an opposition rate was miniscule when the objection rate was 0.00068%).

Finally, the authority on which objectors rely only counsels denial of their request. Objectors cite two cases in their motion for discovery: The first <u>denied</u> the objector's discovery request, including for information from the defendant, reasoning that "the requested discovery provides little, if any, helpful information on the issue." *Pollard v. Remington Arms Co., LLC*, 2016 WL 9526451, at *3 (W.D. Mo. Feb. 24, 2016) (cited at Dkt. No. 1452 at 1). The second granted partial discovery, but <u>only</u> as to class counsel's "settlement negotiation logistics" and <u>only</u> because the objectors argued that those negations were tarred by a conflict of interest. *In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 24, 28 (D.D.C. 2001) (cited at Dkt. No.

1452 at 2). The Cheatham Objectors do not claim (let alone demonstrate) any such wrongdoing here and do not limit their request to settlement logistics. Critically, the *Lorazepam* court denied discovery of documents relating to the damages analysis conducted by class counsel "in light of the extensive history of litigation and discovery conducted prior to the parties' settlement." *Id* at 27-28. Here, objectors had access to even more information, including a public record of a 12-day jury trial. This Court should thus deny the Cheatham Objectors' motion.

Likewise inapposite is the authority cited in the Cheatham Objection, *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 306-07 (6th Cir. 2016) (cited at Dkt. No. 1441 at 12), which pertains not to requests for discovery but to efforts by objectors to unseal court records in the underlying litigation. The *Shane Group* court acknowledged this distinction. *Id.*, at 308 ("[T]here is an obvious difference (so obvious that one wonders how a party could overlook it) between limiting the right of class members to take new discovery after settlement, and denying them the right to view materials already in the court record."). And courts interpreting *Shane Group* have not construed it as authorizing discovery by objectors. *See Church v. Van Buren Cnty.*, 2023 WL 9064863, at *3 (W.D. Mich. July 24, 2023) (reasoning that *Shane Group* "concerned whether the district court abused its discretion in sealing court records related to a settlement, not whether absent class members were entitled to discovery").

Therefore, the Cheatham Objectors are not entitled to the discovery they seek—and none of the authority on which they rely suggests otherwise.

## III. OBJECTORS' DISCOVERY REQUEST IS UNTIMELY

In any event, the Motion for Discovery should be denied as untimely. The Cheatham Objectors "waived their discovery request by failing to raise it at the time they filed their objection." *In re Wells Fargo Mortg.-Backed Certificates Litig.*, 2011 WL 13240287, at *2 (N.D. Cal. Nov. 14, 2011); *see also Moore v. PetSmart, Inc.*, 728 F. App'x 671, 673 (9th Cir. 2018)

(affirming decision to strike untimely objection); *Pennsylvania Pub. Sch. Employees' Ret. Sys. V. Bank of Am. Corp.*, 318 F.R.D. 19, 23 n.1 (S.D.N.Y. 2016) (deeming untimely objection waived).

Here, the notice clearly stated that class members may "object by April 13, 2024." As plaintiffs in a related action, the Cheatham Objectors were plainly aware of the deadline and timely filed their objection. Yet they did not timely seek any discovery in advance—or in aid—of that objection. While the Cheatham Objectors now purport to seek discovery to evaluate their "positions regarding any continuing objection," Dkt. No. 1452 at 1, any new or supplemental objection or "position" will be untimely and could only delay final approval proceedings. *See In re Checking Acct. Overdraft Litig.*, 830 F. Supp. 2d 1330, 1337 n. 6 (S.D. Fla. 2011) (denying objectors' motion for discovery that "were untimely and would have unduly and unnecessarily disrupted the schedule this Court set for the Settlement-related proceedings").

Because the requested discovery is untimely—and therefore will not aid the final approval proceedings—the Motion for Discovery should be denied.

## IV. CONCLUSION

The Cheatham Objectors' Motion for Discovery, Dkt. No. 1452, should be denied as unhelpful, unfounded, and untimely. The settling parties will shortly be making submissions in response to objections and in support of final approval—and should the Court require any further information to evaluate the settlement, Keller Williams stands ready to assist the Court.

Dated: April 30, 2024

David R. Buchanan
dbuchanan@bjpc.com
BROWN & JAMES, PC-KCMO
2345 Grand Boulevard
Suite 2100
Kansas City, MO 64108
(816) 472-0800

Timothy Ray, *pro hac vice*
timothy.ray@hklaw.com
Barack S. Echols, *pro hac vice*
barack.echols@hklaw.com
HOLLAND & KNIGHT LLP
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
(312) 263-3600

Dina W. McKenney, *pro hac vice*
dina.mckenney@hklaw.com
HOLLAND & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 969-1757

Respectfully submitted,

*/s/ Boris Bershteyn*
Boris Bershteyn, *pro hac vice*
boris.bershteyn@skadden.com
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000

David C. Kully, *pro hac vice*
david.kully@hklaw.com
Anna P. Hayes, *pro hac vice*
anna.hayes@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street NW, Suite 1100
Washington, DC 20530
(202) 469-5415

Jennifer Lada, *pro hac vice*
jennifer.lada@hklaw.com
HOLLAND & KNIGHT LLP
31 West 52nd Street, 12th Floor
New York, NY 10019
(212) 513-3513

***Counsel for Keller Williams Realty, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 30, 2024, an electronic copy of the foregoing was filed with the Clerk of the Court by using the CM/ECF system, and service upon all counsel of record will be accomplished by the CM/ECF system.

*/s/ Boris Bershteyn*
Boris Bershteyn
