IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RHONDA BURNETT, JEROD BREIT, JEREMY KEEL, HOLLEE ELLIS, and FRANCES HARVEY, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | CASE NO. 19-CV-00332-SRB |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP. (n/k/a ANYWHERE REAL ESTATE, INC.), HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC., | ) ) ) ) ) ) ) ) ) | REPLY SUGGESTIONS OF SPRING WAY CENTER LLC IN SUPPORT OF OBJECTIONS TO PROPOPOSED SETTLEMENT OF REALOGY HOLDINGS CORP. (N/K/A ANYWHERE REAL ESTATE, INC). |
| Defendants. | | |

Objector Spring Way Center LLC ("Spring Way") hereby submits Reply Suggestions regarding the fairness and adequacy of the proposed settlement to be paid by Realogy Holdings Corp. ("Realogy") on the limited issue of whether the declaration of Karl Barth, Esquire is admissible, and, if so, whether it should be given significant weight.

As a threshold matter, Plaintiffs rely on the Mr. Barth's declaration to rebut the opinions of the South Carolina Objectors' expert, Charles Alford, Ph.D. (upon whom Spring Way also relies). While Mr. Barth notes he has experience as a Certified Public Accountant, he is an attorney who has practiced at Hagens Berman Sobol Shapiro LLP for over twenty years. *See*

1

https://www.hbsslaw.com/attorneys/karl-barth. Plaintiffs offer Mr. Barth's declaration in an effort to establish they have undertaken a sufficient analysis of Realogy's financial condition.

While the Eighth Circuit has not reached the issue of whether an expert who is compensated by a contingency fee is admissible, the majority of federal courts have found in the negative. *See Taylor v. Cottrell, Inc*., 795 F.3d 813, 816-817 (8th Cir. 2015) (collecting cases). Even the minority of courts that have found otherwise have acknowledged that contingency fees for experts can seriously undermine an expert's credibility. *Id.* It is also unethical for an attorney to pay an expert consideration contingent on the outcome of the litigation. *Id.* (citing Restatement (Third) of the Law Governing Lawyers § 117). Because Hagens Berman, as Co-Lead Counsel in the *Moehrl* litigation. (Dkt. 1498-2, at ¶ 2), stands to earn a substantial contingency fee if the settlement is approved, Mr. Barth's declaration is inadmissible to the extent it purports to provide expert opinions, and the Court should consider Dr. Alford's experts opinions unrebutted.

In any event, Attorney Barth stops short of arguing that Dr. Alford's metrics are invalid—rather he argues that Dr. Alford does not consider other "overriding legal realities" that drove the settlement amount. In effect, this is an admission that the metrics cited by Dr. Alford do in fact justify the ability to pay a much larger settlement. Further, Attorney Barth fails to state the amounts Plaintiffs calculated for each Defendant's liquidation value or going concern value. In the end, it appears that Plaintiffs considered only Defendants' present cash position. As Dr. Alford states, however, this amount is misleading as Realogy uses the vast majority of its cash on investing and financing activities each year. (Alford Dec., at p. 4).

Finally, it must be emphasized that Plaintiffs' counsel could have engaged an outside forensic accountant if they believed it appropriate to do so—they clearly have made a substantial

2

4875-5584-8892 v2
Case 4:19-cv-00332-SRB    Document 1485    Filed 05/08/24    Page 2 of 3

investment in experts in this litigation. Their failure to engage an outside expert is therefore a tacit admission that an impartial expert would not be able to rebut Dr. Alford's opinions.

Spring Way respectfully submits the Court should give due consideration to Dr. Alford's opinions, which are effectively unrebutted, in determining whether the Realogy settlement is fair, reasonable, and adequate.

Dated: May 8, 2024

By: *Andrew J. Horowitz, Esq.*
Bert S. Braud, Esquire
MO ID No.: 34325
bbraud@pophamlaw.com
THE POPHAM LAW FIRM
712 Broadway, Suite 100
Kansas City, MO 64105
(816) 221-2288

Bruce C. Fox, Esquire
*Pro Hac Vice*
Bruce.Fox@Obermayer.com
Andrew J. Horowitz, Esquire
*Pro Hac Vice*
Andrew.Horowitz@Obermayer.com
OBERMAYER REBMANN MAXWELL & HIPPEL, LLP
525 William Penn Place, Ste. 1710
Pittsburgh, PA 15219
(412) 566-1500

*Counsel for Spring Way Center, LLC*