# Exhibit 5

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RHONDA BURNETT, JEROD BREIT, HOLLEE ELLIS, FRANCES HARVEY and JEREMY KEEL, on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 19-cv-00332-SRB |
| NATIONAL ASSOCIATION OF REALTORS, et al., | ) ) ) ) | |
| Defendants. | ) | |
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:23-cv-00788-SRB [Consolidated with 4:23-cv-00945-SRB] |
| NATIONAL ASSOCIATION OF REALTORS, et al., | ) ) ) ) | |
| Defendants. | ) | |

**DECLARATION OF STEVE W. BERMAN IN SUPPORT OF CLASS COUNSEL'S MOTION FOR ATTORNEY'S FEES, COSTS, EXPENSES AND SERVICE AWARDS**

I, Steve W. Berman, state under oath, as follows:

1. I am the managing partner at Hagens Berman Sobol Shapiro LLP. I am admitted to this Court *pro hac vice* and am one of the attorneys for Plaintiffs. I am also an attorney for Plaintiffs in the *Moehrl* action. I submit this declaration in support of Plaintiffs' motion for attorney's fees,

costs, expenses, and service awards. I have full knowledge of the matters stated herein and would testify to these facts if called upon.

2. In my February 29, 2024 declaration, *see* ECF No. 1392-4, I described generally the work that the *Moehrl* Plaintiff firms have done, the specific work that my firm has done in the litigation, the background of the attorneys working on this matter at my firm, and the process by which my firm tracks attorney time. I also described the process by which the *Moehrl* Plaintiffs developed the case theory and litigated the case. That work has been essential to the results of the *Moehrl* action, as well as the *Burnett*, *Gibson*, and *Umpa* matters.

3. In my August 20, 2024 declaration, my firm reported $14,166,140.00 in total lodestar in all actions at current rates and updated through July 31, 2024. Since then, my firm has continued to work on those matters. My firm has engaged in work related to settlement administration for the *Burnett* and *Moehrl* matters, as well as ongoing litigation of the *Gibson* and *Umpa* matters. In total, through August 31, 2024, my firm has a total lodestar of $14,399,157.50. A detailed breakdown of the hours expended by each employee at my firm and their current hourly rate is attached hereto as **Exhibit A.**

4. In my February 29, 2024 declaration, I described the general process by which my firm maintained a common fund to pay certain large expenses in the *Moehrl* litigation. In my February 29th declaration, I reported that $5,893,050.71 had been paid to date from the *Moehrl* litigation fund. In my August 20, 2024 declaration, I described the general process by which my firm established a common fund to pay certain large expenses in the *Gibson* and *Umpa* litigation funds. In my August 20, 2024 declaration, I reported that $65,000 had been paid to date from the *Gibson* litigation fund. Since my prior February 29th declaration, an additional $234,836.00 in expenses have been incurred against the litigation fund in *Moehrl*. These expenses relate to

necessary expenses including expert fees and document storage. Since my prior August 14, 2024 declaration, an additional $33,915.00 have been incurred against the litigation fund in *Gibson*. These expenses relate to the continuing litigation of the case, including expert fees. In total, between the two litigation funds, an additional $268,751.00 in expenses have been incurred against the litigation funds that counsel for Plaintiffs have not yet requested reimbursement for. Cumulatively, through August 31, 2024, there has been a total of $6,226,801.71 of expenses incurred against the litigation funds.

5. In my August 20, 2024 declaration, my firm reported a total of $67,006.21 in unreimbursed litigation expenses through July 31, 2024. These are reasonable litigation costs that were incurred, separate from my firm's contributions to the litigation fund. Since my prior declaration, my firm has incurred an additional $1,778.53 in additional unreimbursed litigation expenses. These are reasonable litigation costs that were incurred in this case for the benefit of the settlement class members. A detailed breakdown of all litigation expenses paid by Hagens Berman to date is attached hereto as **Exhibit B**. In total, through August 31, 2024, Hagens Berman has incurred $68,784.74 of unreimbursed expenses that it paid directly.

6. In the *Moehrl* litigation, a litigation class was certified. Consistent with their obligations under Rule 23, Plaintiffs did an extensive notice campaign to class members in the litigation class. Specifically, our notice Administrator, JND, commenced the *Moehrl* noticing program in February 2024 via Postcard Notice, Email Notice, and a nationwide media campaign. JND sent 13,742,284 Email Notices to Class Members. JND also mailed 5,139,481 Postcard Notices by USPS First Class Mail, postage pre-paid, to Class Members. Subsequently, JND sent 1,381,671 Postcard Notices to Class Members whose initial Notices were ultimately determined to be undeliverable. Ultimately, JND estimates that the direct notice component of the

*Moehrl* campaign reached over 95% of potential Class Members. JND also conducted a nationwide media notice for the *Moehrl* campaign as part of the Settlement noticing program. In addition to geo-targeting specific internet ads to the *Moehrl* class locations, JND issued a Press Release specific to the *Moehrl* litigation. In total, the cost of the litigation notice campaign specifically was $2,996,807.75. Of these costs, the vast majority - $2,873,847 - represented the cost of the direct notice alone, including printing of the notice postcards, postage for the postcards, and the cost of sending email notices. Plaintiffs have not received any reimbursement from any settlement fund for this litigation expense to date.

7. The below table lists the total unreimbursed expenses for the litigation funds, expenses paid directly by Hagens Berman, and expenses associated with the litigation notice in *Moehrl*.

| Expense Type | Total Amount |
| --- | --- |
| Litigation Funds | $6,226,801.71 |
| Hagens Berman Litigation Expenses | $68,784.74 |
| Moehrl Litigation Class Notice | $2,996,807.75 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of September, 2024, at Seattle, Washington.

/s/
STEVE W. BERMAN

# Hagens Berman Sobol Shapiro LLP
## LODESTAR TOTALS - INCEPTION THROUGH AUGUST 31, 2024

| ATTORNEY | STATUS | CURRENT HOURLY RATE | TOTAL HOURS | LODESTAR AT CURRENT RATES |
|---|---|---|---|---|
| Steve Berman | Partner | $1,350.00 | 397.90 | $537,165.00 |
| Craig Spiegel | Partner | $975.00 | 560.70 | $546,682.50 |
| Rio Pierce | Partner | $950.00 | 2665.70 | $2,532,415.00 |
| Jeannie Evans | Partner | $950.00 | 3664.70 | $3,481,465.00 |
| Leonard Aragon | Partner | $850.00 | 2.50 | $2,125.00 |
| Dan Kurowski | Partner | $800.00 | 4.70 | $3,760.00 |
| Chris O'Hara | Partner | $800.00 | 532.60 | $426,080.00 |
| Ted Wojcik | Partner | $750.00 | 318.20 | $238,650.00 |
| Mark Vazquez | Partner | $700.00 | 2.00 | $1,400.00 |
| Karl Barth | Of Counsel | $775.00 | 520.00 | $403,000.00 |
| Nick Styant-Browne | Of Counsel | $650.00 | 75.50 | $49,075.00 |
| Shelby Smith | Of Counsel | $650.00 | 188.20 | $122,330.00 |
| Whitney Siehl | Associate | $550.00 | 380.30 | $209,165.00 |
| Jeff Lang | Staff Attorney | $575.00 | 4871.40 | $2,801,055.00 |

| Name | Role | Rate | Hours | Total |
|---|---|---|---|---|
| Allan Lundsgaarde | Staff Attorney | $500.00 | 259.20 | $129,600.00 |
| Sophia Chao | Staff Attorney | $500.00 | 24.90 | $12,450.00 |
| Matthew Rovner | Staff Attorney | $500.00 | 255.00 | $127,500.00 |
| Jay Mitchell | Staff Attorney | $500.00 | 1602.00 | $801,000.00 |
| John Roeser | Contract Attorney | $375.00 | 1629.00 | $610,875.00 |
| Samuel Collin | Contract Attorney | $375.00 | 648.00 | $243,000.00 |
| Shelby Clark | Contract Attorney | $375.00 | 1259.50 | $472,312.50 |
| Tiffani Fox | Contract Attorney | $350.00 | 200.00 | $70,000.00 |
| Maureen Flanigan | Contract Attorney | $350.00 | 233.90 | $81,865.00 |
| Carrie Flexer | Paralegal | $425.00 | 5.30 | $2,252.50 |
| Megan Meyers | Paralegal | $400.00 | 813.50 | $325,400.00 |
| Brian Miller | Paralegal | $400.00 | 208.10 | $83,240.00 |
| Chavay Williams | Paralegal | $400.00 | 20.20 | $8,080.00 |
| Rob Haegele | Paralegal | $400.00 | 0.40 | $160.00 |
| Bill Stevens | Paralegal | $400.00 | 17.70 | $7,080.00 |
| Nicolle Huerta | Paralegal | $400.00 | 14.00 | $5,600.00 |
| Lisa Napoleon | Paralegal | $400.00 | 1.20 | $480.00 |
| Jeaneth Decena | Paralegal | $350.00 | 56.00 | $19,600.00 |
| Shelby Taylor | Paralegal | $350.00 | 27.70 | $9,695.00 |

| Name | Role | Rate | Hours | Total |
|---|---|---|---|---|
| Radha Kerzan | Paralegal | $350.00 | 68.10 | $23,835.00 |
| Don Young | Paralegal | $225.00 | 9.90 | $2,227.50 |
| Chan Lovell | Paralegal Assistant | $300.00 | 8.80 | $2,640.00 |
| Noreen Andersen | Law Clerk | $175.00 | 7.20 | $1,260.00 |
| Hannah Song | Law Clerk | $150.00 | 29.50 | $4,425.00 |
| Nancy Duenez | Law Clerk | $125.00 | 1.70 | $212.50 |
| | | **GRAND TOTAL** | **21585.20** | **$14,399,157.50** |

**Hagens Berman Sobol Shapiro LLP**
**NON-LIT FUND EXPENSE TOTALS - INCEPTION THROUGH AUGUST 31, 2024**

| CATEGORY | AMOUNT |
|---|---:|
| Court Fees/Filing Fees | $1,550.00 |
| Online Services/Legal Research (LexisNexis/Westlaw/PACER) | $16,009.09 |
| Messenger/Process Service | $2,995.20 |
| Mediation Fees | $17,500.00 |
| Outside Copy Service | $1,524.00 |
| In-House Copying/Printing ($0.25/per page) | $16,037.75 |
| Overnight Shipping | $3,651.40 |
| Airfare | $5,889.43 |
| Hotels | $2,343.53 |
| Meals | $300.48 |
| Ground Transportation/Parking | $983.86 |
| | **$68,784.74** |