UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RHONDA BURNETT, JEROD BREIT, HOLLEE ELLIS, FRANCES HARVEY, AND JEREMY KEEL, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX, LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>　　　　Defendants. | Case No. 19-CV-00332-SRB<br><br>Hon. Stephen R. Bough |

**OBJECTOR TANYA MONESTIER'S MOTION FOR RECONSIDERATION OF ORDER COMPELLING ATTENDANCE AT FAIRNESS HEARING**

## MOTION FOR RECONSIDERATION

COMES NOW Objector, Tanya Monestier, proceeding without legal representation, and for her Motion for Reconsideration of the Court's order compelling in-person attendance at the *Burnett* fairness hearing, states as follows:

1. I move for this Court to reconsider its order to compel objectors in the *Burnett* case to attend the fairness hearing on November 26, 2024 in person, or face the possibility that their objections will be stricken from the record.

2. As I elucidate in the accompanying suggestions,[1] this Court lacks the authority to compel in-person attendance at a fairness hearing after assuring class members that their voices would be heard if they played by certain rules outlined in the class notice.

3. A motion for reconsideration should be granted when there is a "clear error of law" or to "prevent manifest injustice."[2] Denying objectors an opportunity to be heard is a violation of objectors' due process rights under the Fifth Amendment.

4. I request that this Court make a ruling on the record on this motion for reconsideration, with detailed factual findings to permit de novo review.[3]

5. I have followed the local rules promulgated by the District Court of Missouri.[4] I am not sure whether absent class member objectors are subject to these rules, given the unique litigation posture. Nonetheless, I have done my best to comply with the rules as I understand them which require: a motion; a separate document with "suggestions" in support of the motion; a table of contents and a statement of authorities (because the motion exceeds ten pages). Excluding the "Facts," "Signature," "Table of Contents", "Table of Authorities" and "Appendices," the substantive motion is thirteen pages.

6. If I have inadvertently run afoul of some rule or procedure, I kindly ask for the Court's latitude. While I am an attorney and admitted to the New York bar, I am not a practicing attorney. I am not familiar with federal practice in Missouri. And I am submitting my objection and this motion in my personal capacity as a home seller and class member.

SUBMITTED BY:

/s/

Tanya Monestier
Dated: 11/12/2024

---

[1] https://www.mow.uscourts.gov/sites/mow/files/DC-Local_Rules.pdf.
[2] § 9:94. Motion for reconsideration, generally, 3 MOTIONS IN FEDERAL COURT § 9:94 (3d ed.) ("A motion for reconsideration requires the movant to show (1) an intervening change in the controlling law; (2) new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or prevent manifest injustice.").
[3] *Id.* ("When the District Court's denial of a motion for reconsideration is based on legal issues, the Court of Appeals reviews that determination de novo, but the District Court's factual findings are reviewed for clear error. Huber v. Simon's Agency, Inc., 84 F.4th 132, 116 Fed. R. Serv. 3d 1833 (3d Cir. 2023).").
[4] https://www.mow.uscourts.gov/sites/mow/files/DC-Local_Rules.pdf.