

November 15, 2024

**VIA CM/ECF FILING**

The Honorable Stephen R. Bough
Charles Evans Whittaker U.S. Courthouse
400 E. 9th Street
Kansas City, MO 64106

        **In re:**   *Burnett, et al. v. National Association of Realtors, et al.;*
                Civil Action No. 4:19-cv-00332-SRB

Dear Judge Bough:

In connection with the above-captioned matter, and on behalf of our client Robert Friedman, we write regarding Your Honor's text order dated November 4, 2024, requiring "all objectors and their attorneys to appear in person at the November 26, 2024, hearing at 1:30 PM to argue their objections" in order to "ensure due process is satisfied." ECF No. 1566. Objector Robert Friedman, a resident of New York, is unable to appear at the Fairness Hearing in person due to his obligations in connection with his employment as a public school teacher. *See* Declaration of Robert Friedman, filed concurrently herewith. Counsel for Mr. Friedman, who are located in California and Massachusetts, respectfully request permission to appear telephonically or by videoconference at the Fairness Hearing in lieu of traveling to Kansas City, Missouri during the week of Thanksgiving.

Objectors to class action settlements "must receive notice plus an opportunity to be heard and participate in the litigation, whether *in person or through counsel*." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (emphasis added). To that end, courts have permitted objectors to appear at final fairness hearings personally "or through counsel." *In re Literary Works in Elec. Databases Copyright Litig*., 654 F.3d 242, 266 (2d Cir. 2011) (emphasis added); *see also Spark v. MBNA Corp*., 48 F. App'x 385, 391 (3d Cir. 2002) ("a court, consistent with due process, may require an objector to be present, in person or by counsel, to present his objections and respond to inquiries.") (emphasis added). Indeed, the Eighth Circuit has expressly found due process satisfied where objectors appear solely through their counsel. *See White v. Nat'l Football League*, 41 F.3d 402, 408 (8th Cir. 1994) (Due process was satisfied where "each of the objectors either had minimum contacts with the forum or *submitted himself to the jurisdiction of the district court by appearing through counsel to contest the merits of the settlement*, offering testimony, cross-


examining witnesses, and filing numerous memoranda of law regarding the settlement.") (emphasis added).[1]

Consistent with this precedent, in the Preliminary Approval Order entered by this Court in connection with the proposed class action settlement with the National Association of Realtors, the related "opt-in" settlements with Brown Harris Stevens and the Agency, and the releases provided to non-contributing brokerage firms, the Court previously ordered written objections to include a "statement of whether the Settlement Class Member intends to appear at the Fairness Hearing *either personally or through counsel*." ECF No. 1460 ¶ 12. Moreover, Section 16 of the Court-approved Long Form Notice tells potential objectors that "***[t]he Court will consider your view***" in opposition to the settlement if the objector "file[s] or send[s] a written objection to the Court" and serves the objection on Class Counsel and Defendants' counsel by the October 28, 2024 objection deadline. *See* Long Form Notice for National Association of Realtors, *available at* https://www.realestatecommissionlitigation.com/nar-documents (emphasis added). Objector Friedman satisfied these requirements by filing and serving his Objection to the Proposed National Class Action Settlement With the National Association of Realtors, the Related "Opt-In" Settlements With Brown Harris Stevens and the Agency, and the Releases Provided to Non-Contributing Brokerages on October 28, 2024. *See* ECF No. 1560.

Accordingly, Mr. Friedman intends to appear through counsel at the Fairness Hearing on November 26, 2024 and, by doing so, is not waiving any arguments set forth in the objection that he submitted pursuant to the Preliminary Approval Order and Long Form Notice. Furthermore, because (1) counsel for Mr. Friedman are located in California and Massachusetts, (2) the Fairness Hearing is scheduled during the week of Thanksgiving, (3) and the Court previously overruled Mr. Friedman's objection to settlements with Compass, Douglas Elliman, and Engel & Völkers on

---

[1] While the November 4 Text Order cites *Ferron v. Kraft Heinz Foods Co.*, No 20-CV-62136-RAR, 2021 WL 2940240, at *14 (S.D. Fla. July 13, 2021) and *In re Crocs, Inc. Sec. Litig*, 306 F.R.D. 672, 682 (D. Colo. 2014), Freidman respectfully submits that neither case supports compelling the in-person appearance of objectors and their counsel. In *Ferron*, the court "reach[ed] the merits" of the sole objection, even though the objector failed to provide sufficient information establishing that he was, in fact a member of the proposed settlement class and "to provide a detailed statement of his objection(s), including the grounds for his objection(s)," in accordance with the preliminary approval order. 2021 WL 2940240, at *14. Similarly, while *Crocs* "deemed waived" an objection where the objector failed to provide representations regarding "proof of all purchases, acquisitions or sales" of stock during the class period and state whether the objector intended to appear at the fairness hearing, pursuant to the preliminary approval order, the court nonetheless considered the merits of the objection. *See* 306 F.R.D. at 682-85. Here, in contrast, Mr. Friedman's objection recites and describes his compliance with the procedural requirements set forth in the Preliminary Approval Order entered in this case and provides detailed legal and factual support for his objection. *See* ECF No. 1560. Mr. Friedman also respectfully states that to the extent that the November 4 Text Order is grounded in the reasons stated on the record by the Court at the October 31, 2024 Final Fairness Hearing in the parallel *Gibson* action—i.e., that a certain objector in an earlier settlement has been engaged in a campaign of accusations and harassment against the Court (*see* Oct. 31, 2024 Hr'g Tr. at 3:15-4:18)—none of those circumstances apply to Mr. Friedman.


similar grounds, *see* Order, *Gibson v. National Association of Realtors, et al.*, Civil Action No. 4:23-cv-00788-SRB, ECF No. 530, we respectfully request that counsel for Mr. Friedman be permitted to attend the Fairness Hearing telephonically or by videoconference.

Respectfully Submitted,

**BIENERT KATZMAN
LITTRELL WILLIAMS LLP**

*/s/ Daniel Goldman*
Daniel Goldman (*pro hac vice*)

903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone: (973) 476-5485
dgoldman@bklwlaw.com

Steven J. Buttacavoli (*pro hac vice)*
**BERMAN TABACCO**
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
sbuttacavoli@bermantabacco.com

Todd A. Seaver (*pro hac vice)*
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
tseaver@bermantabacco.com