UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RHONDA BURNETT, JEROD BREIT, JEREMY KEEL, HOLLEE ELLIS, and FRANCES HARVEY, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX, LLC, and KELLER WILLIAMS REALTY, INC., <br><br> Defendants. | Case No: 4:19-cv-00332-SRB <br><br> Judge Stephen R. Bough |

## NATIONAL ASSOCIATION OF REALTORS'® RESPONSE TO THE STATEMENT OF INTEREST OF THE UNTIED STATES (ECF 1603)

The Antitrust Division's belated, non-binding Statement of Interest says nothing that prevents final approval of the NAR Settlement as written.[1] The Antitrust Division says "the United States takes no position on whether the proposed settlement satisfies Rule 23(e), apart from one concern" about "a provision requiring buyers and their brokers enter a 'written agreement before the buyer tours any home.'" ECF 1603 at 1. But the Antitrust Division's concern is unfounded

---

[1] The NAR Settlement has been public since **March 15** and it received significant press coverage immediately. The relevant government authorities, including the U.S. Department of Justice, received Class Action Fairness Act notice, 28 U.S.C. § 1715, on **March 25**. The Court set the final approval hearing (for November 26) on **April 24**. The class was provided notice on **August 17**, with the Court-ordered deadline to object set at **October 28**. Yet, the Antitrust Division filed a Statement of Interest almost a month after that objection deadline, at 6:57pm on the Sunday two days before the final approval hearing. The Antitrust Division fails to even attempt to explain its lack of diligence or compliance with this Court's orders. That the Antitrust Division first made its filings on the eve of the final approval hearing, when it had months to do so, shows that it has nothing meaningful to say about the NAR Settlement.

and based on a misreading of Paragraph 58(vi). Indeed, the Antitrust Division inexplicably provides only a truncated quotation of Paragraph 58(vi) that obscures its beginning and end. *See* ECF 1603 at 1. Yet the first clause of Paragraph 58(vi) expressly makes it contingent on all laws and regulations: "unless inconsistent with state or federal law or regulation before or during the operation of this Paragraph 58(vi) of this Settlement Agreement. . . ." ECF 1458-1 ¶ 58(vi). Thus, there is no need for the parties to "eliminate the provision," as the Antitrust Division requests—as written, it already is expressly subject to state and federal law and regulation.

Moreover, the plain language of Paragraph 58(vi) —including subparts a, b, and c—simply protects consumers from incurring compensation obligations that are not clearly expressed in writing, and in advance. The full text of Paragraph 58(vi) reads:

> unless inconsistent with state or federal law or regulation before or during the operation of this Paragraph 58(vi) of this Settlement Agreement, require that all REALTOR® MLS Participants working with a buyer enter into a written agreement before the buyer tours any home with the following:
>
> a. to the extent that such a REALTOR® or Participant will receive compensation from any source, the agreement must specify and conspicuously disclose the amount or rate of compensation it will receive or how this amount will be determined;
>
> b. the amount of compensation reflected must be objectively ascertainable and may not be open-ended (e.g., "buyer broker compensation shall be whatever amount the seller is offering to the buyer"); and
>
> c. such a REALTOR® or Participant may not receive compensation for brokerage services from any source that exceeds the amount or rate agreed to in the agreement with the buyer;

ECF 1458-1 ¶ 58(vi). Nothing in Paragraph 58(vi) or the NAR Settlement "raises independent concerns under the antitrust laws," as the Antitrust Division claims. *See* ECF 1603 at 4. In fact, the Antitrust Division only concludes, in a single sentence, that Paragraph 58(vi) "bears a close resemblance to prior restrictions among competitors that courts have found to violate the antitrust

2

Case 4:19-cv-00332-SRB    Document 1611    Filed 11/25/24    Page 2 of 6

laws in other proceedings and could limit — rather than enhance—competition for buyers among buyer brokers." *Id*. But Paragraph 58(vi) bears no such resemblance to those condemned practices: buyers are free to hire a broker (or not) whenever they want; buyers who want to engage a broker are free to hire whatever type of broker they want. Paragraph 58(vi) just requires that if a buyer wants to work with a broker, the buyer and broker must put their negotiated and agreed upon compensation in writing before the broker brings the buyer to a home. There is nothing anticompetitive about that.

The two cases cited by the Antitrust Division confirm that its single, conclusory sentence is wrong. As described by the Antitrust Division, *FTC v. Ind. Fed. of Dentists*, 476 U.S. 447, 459 (1986), "condemn[ed] an agreement among competitors 'to withhold from their customers a particular service that they desire.'" ECF 1603 at 4. Nothing in the NAR Settlement generally or Paragraph 58(vi) specifically is an agreement to withhold anything. And, as again described by the Antitrust Division, *RealComp II, Ltd. v. FTC*, 635 F.3d 815 (6th Cir. 2011), "condemn[ed] an agreement that prohibited information useful to consumers from being distributed through MLS feeds to public websites." Nothing in the NAR Settlement generally or in Paragraph 58(vi) specifically is an agreement to prohibit consumers from receiving useful information through the MLS, public websites, or otherwise. Therefore, the Antitrust Division has failed to raise any reasons Paragraph 58(vi) could violate any laws.

Finally, the Antitrust Division states that "the proposed settlement does not limit the United States' ability to enforce the antitrust laws." ECF 1603 at 1. The preclusive effect of the NAR Settlement on some hypothetical future matters is not an issue for the Court to decide at a final approval hearing. *See Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 396 (1996) (Ginsburg, J., concurring in part and dissenting in part) ("A court conducting an action cannot predetermine

3

the res judicata effect of the judgment; that effect can be tested only in a subsequent action."). The Antitrust Division can continue to enforce the antitrust laws, and a court can make a decision on any hypothetical future disputes at that later time.

NAR respectfully requests that the Court enter final approval of the NAR Settlement.

Dated: November 25, 2024

Respectfully submitted,

/s/ Ethan Glass
Ethan Glass (*pro hac vice*)
Samantha Strauss (*pro hac vice*)
Georgina Inglis (*pro hac vice)*
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
(202) 776-2244
eglass@cooley.com
sastrauss@cooley.com
ginglis@cooley.com

Beatriz Mejia (*pro hac vice*)
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
(415) 693-2000
mejiab@cooley.com

Sarah Topol (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
(212) 479-6000
stopol@cooley.com

Charles W. Hatfield (MO Bar # 40363)
Alexander C. Barrett (MO Bar # 68695)
STINSON LLP
230 W. McCarty Street
Jefferson City, MO 65101
(573) 636-6263
chuck.hatfield@stinson.com
alexander.barrett@stinson.com

William A. Burck (*pro hac vice*)
Michael D. Bonanno (*pro hac vice*)
Christopher G. Michel (*pro hac vice*)
Michael J. Sebring (*pro hac vice*)
Rachel G. Frank (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
(202) 538-8000
williamburck@quinnemanuel.com
mikebonanno@quinnemanuel.com
christophermichel@quinnemanuel.com
michaelsebring@quinnemanuel.com
rachelfrank@quinnemanuel.com

John Bash (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
300 West 6th Street, Suite 2010
Austin, TX 78701
(737) 221-7006
johnbash@quinnemanuel.com

***Attorneys for Defendant the NATIONAL ASSOCIATION OF REALTORS®***

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2024, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

/s/ Ethan Glass
Ethan Glass (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Suite 700
Washington, DC  20004-2400
Phone (202) 776-2244
Fax (202) 842-7899
eglass@cooley.com

***Attorney for Defendant the NATIONAL ASSOCIATION OF REALTORS®***