UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RHONDA BURNETT, JEROD BREIT, HOLLEE ELLIS, FRANCES HARVEY, AND JEREMY KEEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX, LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants.<br><br>TANYA MONESTIER,<br><br>Objector-Intervenor. | Case No. 19-CV-00332-SRB<br><br>Hon. Stephen R. Bough |

## OBJECTOR TANYA MONESTIER'S
## SUGGESTIONS OF LAW IN SUPPORT OF MOTION TO INTERVENE

Tanya Monestier
101 Charleston Ave
Kenmore, NY 14217
Tel: (401) 644-2383
Email: tanyam@buffalo.edu

*In pro per*

**INTRODUCTION**

On November 27, 2024, this Court issued orders (a) denying Monestier's motion to reconsider and (b) purporting to strike Monestier's objection. Dkt. 1623; 1622. Objector Monestier intends to appeal the final judgment and all other opinions and orders that merge therein.

Monestier believes that Supreme Court and Eighth Circuit law grant her appellate standing, even though this Court struck her objection. *Devlin v. Scardelletti*, 536 U.S. 1 (2002); *In re T-Mobile Cust. Data Sec. Breach Litig.*, 111 F.4th 849 (8th Cir. 2024). "*Devlin*, after all, is about party status and one who could cease to be a party is still a party until opting out." *Nat'l Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund*, 582 F.3d 30, 39-40 (1st Cir. 2009); *see also Bachman v. A.G. Edwards, Inc.*, 344 S.W.3d 260, 265 n.3 (Mo. Ct. App. 2011) (citing circuits that apply *Devlin* to opt-out classes, as Missouri law does). However, Monestier also recognizes that the law in this area is unsettled, and some courts require intervention for appellate standing when the objection's validity is in doubt. *E.g.*, *Farber v. Crestwood Midstream Partners L.P.*, 863 F.3d 410 (5th Cir. 2017); *Huyer v. Van De Voorde*, 847 F.3d 983, 986 n.3 (8th Cir. 2017) (noting but not resolving the ambiguity). For these belt-and-suspenders reasons, Monestier moves for intervention for the limited purpose of preserving her appellate rights.[1] Monestier does not seek discovery, any advantages to party status in the district court, or any delay of district court proceedings. She simply wishes to have formal party status for purposes of appeal to avoid collateral litigation on appeal and reduce appellate delay. Monestier's proposed pleading is attached as Exhibit 1.

As Judge Easterbrook emphasized in *Crawford v. Equifax Payment Services*, "it is vital that district courts **freely** allow the intervention of unnamed class members who object to proposed settlements and want an option to appeal an adverse decision." 201 F.3d 877, 881 (7th Cir. 2000) (emphasis added);

---

[1] The preliminary approval order requires objectors to list all counsel who have assisted with their objection. Monestier complied with that order and listed "none," as she drafted her objection by herself. However, to avoid any ambiguity, Monestier discloses that, since November 27, 2024 she is in negotiations with the Center for Class Action Fairness at the non-profit Hamilton Lincoln Law Institute to represent her on appeal; and that HLLI attorneys Theodore H. Frank, M. Frank Bednarz, and Adam E. Schulman assisted her on these motion papers.

*see also In re T-Mobile Customer Data Sec. Breach Litig.*, 111 F.4th 849, 858 (8th Cir. 2024) ("A district judge ought not try to insulate his decisions from appellate review by preventing a person from acquiring a status essential to that review" (*quoting Robert F. Booth Trust v. Crowley*, 687 F.3d 314, 318 (7th Cir. 2012))).

Monestier is entitled to intervene as a matter of right under Fed. R. Civ. Proc. 24(a) because this motion, filed within two business days of the order creating the need for the motion, and several weeks before the Fed. R. App. Proc. 4 deadline, is timely, and because Monestier's interests are not adequately represented. Monestier will be challenging the court's approval of the settlement and award of attorneys' fees. Plaintiffs will not advance this position because it contradicts their submissions to the district court and their own self-interests. Defendants will also not advance this position in light of their commitment to the settlement. Because Monestier's position regarding rejection of the settlement and fee request is "entirely incompatible with the stance taken by" plaintiffs, she is entitled to intervention as of right. *See Robert F. Booth Trust*, 687 F.3d at 318; *Smith v. SEECO, Inc.*, 865 F.3d 1021, 1025 (8th Cir. 2017).

In the alternative, the court should grant permissive intervention under Rule 24(b) because the motion is timely and will not cause any prejudice as it is sought solely to preserve Monestier's appellate rights. Fed. R. Civ. Proc. 24(b).

## ARGUMENT

### I. MONESTIER IS ENTITLED TO INTERVENE AS OF RIGHT

Monestier is entitled to intervene in this action as a matter of right under Fed. R. Civ. Proc. 24(a). Rule 24(a)(2) mandates intervention as a matter of right for anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Under Rule 24(a)(2), a "third party is entitled to intervention of right if (1) its motion is timely, (2) it has an interest in the subject matter of the

litigation, (3) disposition of the case may impair that interest, and (4) existing parties do not adequately protect that interest. *Entergy Arkansas LLC v. Thomas*, 76 F.4th 1069, 1071 (8th Cir. 2023). Each of these elements is present here.

First, the motion is timely. "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner. Federal courts should allow intervention 'where no one would be hurt and greater justice could be attained.'" *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)). Monestier is moving to intervene to preserve her appellate rights because courts have split as to whether intervention is required when a district court strikes an objection. In *Flying J., Inc. v. Van Hollen*, the Seventh Circuit reversed a district court's denial of a motion to intervene where the motion was, as here, intended to preserve appellate rights, even though the motion to intervene did not come until after the district court had issued its final judgment. 578 F.3d 569, 572 (7th Cir. 2009) ("Nor do we think the association's motion to intervene, even though not filed until the district judge had entered his final judgment, was untimely — assuming that all the association wants is to take an appeal.").

So too here, where Monestier has moved to intervene two business days after the court issued its order. None of the parties will be prejudiced by Monestier's intervention. Indeed, the parties cannot claim prejudice by having to proceed with the appeal. In *Crawford*, the Seventh Circuit reversed the denial of a motion to intervene where the objectors intended to appeal because "[t]he possibility that we would see merit to their appeal cannot be called 'prejudice'; appellate correction of a district court's errors is a benefit to the class." 201 F.3d at 881. Because Monestier is seeking intervention to preserve her appellate rights, the parties will not be prejudiced by intervention and the motion to intervene is timely.

Monestier satisfies both the second and third requirements for intervention as of right. A party's interest is sufficient to justify intervention if it is "direct, significant [and] legally protectable." *Sec. Ins. Co. v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995). This is true here, where Monestier is a class member and disposition of the appeal affects her rights as a class member under the settlement. *See In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005) (holding that "the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation"); *Smith v. SEECO, Inc.*, 865 F.3d 1021, 1025 (8th Cir. 2017) (vacating and remanding denial of intervention as a right to objector).

And finally, Monestier satisfies the fourth requirement for intervention as of right: her interests are not adequately protected by the existing parties. This requirement is met by a "minimal" showing "that representation of his interest 'may be' inadequate." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *see also Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs.*, 60 F.3d 1304, 1308 (8th Cir. 1995). In determining whether Monestier satisfies this prong, it is important to note the distinction between Rule 23(a)(4) adequacy and Rule 24(a) adequacy determinations. They are "two separate and distinct" inquiries. *Cf. Woolen v. Surtran Taxicabs*, 684 F.2d 324, 331 (5th Cir. 1982) (comparing Rule 24 "adequacy" inquiry to Rule 23(a)(4) "adequacy" inquiry). If it were the case that Rule 23(a)(4) adequacy required a finding of Rule 24 adequate representation, then objectors could never intervene to preserve appellate rights, contradicting *Crawford v. Equifax Payment Services* and common sense. The reason that plaintiffs are inadequate representatives under Rule 24(a) is because no plaintiff would be willing to make Monestier's appellate arguments. Monestier's hypothetical ability to opt out does not excuse the inadequate representation of her interests. Were it otherwise, "it would mean a class member could never intervene in a (b)(3) class action (since she can always opt out), yet both Rule 23 and the history of Rule 24 explicitly envision intervention as a means of securing adequacy of representation."

*SEECO*, 865 F.3d at 1024-25 (quoting 3 William B. Rubenstein, Newberg on Class Actions § 9:34 (5th ed. 2013 & Supp. 2017)).

Clearly, Monestier's legal position (that the settlement approval and fee award should be reversed) would not be advocated by plaintiffs. Monestier's and plaintiffs' "incompatible" legal positions entitle Monestier to intervention as of right under Fed. R. Civ. Proc. 24(a). *See Robert F. Booth Trust*, 687 F.3d at 318 (finding proposed intervenor's position, opposing derivative settlement, incompatible with plaintiffs that had proposed the settlement).

## II. IN THE ALTERNATIVE, MONESTIER SHOULD BE PERMITTED TO INTERVENE UNDER RULE 24(B)

Rule 24(b) provides for permissive intervention as long as a timely application is made and the "applicant's claim . . . and the main action have a question of law or fact in common." Fed. R. Civ. Proc. 24(b). As part of this determination, the courts consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* Both prongs are satisfied.

First, the motion is timely. As described above, Monestier's motion for intervention is timely because it is filed for the sole purpose of preserving Monestier's appellate rights. *See Flying J.*, 578 F.3d at 572. Second, the questions of law and fact Monestier raised in her objection (and will raise on appeal) regarding the fairness of the settlement and class counsel's fee request are coterminous with those considered by the court at the fairness hearing. Finally, no delay or prejudice to the existing parties will occur if the motion to intervene is granted. Monestier will appeal regardless of whether the motion to intervene is granted. As such, Monestier's participation will not prejudice the rights of existing parties. *Flying J., supra.*

## CONCLUSION

For these reasons, Monestier's motion to intervene should be granted for the limited purpose of preserving her appellate rights.


Dated: December 2, 2024.                    /s/ Tanya Monestier
                                            Tanya Monestier
                                            101 Charleston Ave
                                            Kenmore, NY 14217
                                            Tel: (401) 644-2383
                                            Email: tanyam@buffalo.edu

                                            *In pro per*

## CERTIFICATE OF SERVICE

The undersigned certifies she electronically filed the foregoing Suggestions of Law in Support of Motion to Intervene and Memo in Support via the ECF system for the Western District of Missouri, thus effecting service on all attorneys registered for electronic filing.

Dated: December 2, 2024 /s/ *Tanya Monestier*