IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RHONDA BURNETT, JEROD BREIT, HOLLEE ELLIS, FRANCES HARVEY, and JEREMY KEEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants | Case No. 19-CV-00332-SRB |

## **FINAL JUDGMENT**

This Final Judgment incorporates by reference the definitions in the HomeServices Defendants' Settlement Agreement (Doc. #1518-1) and the terms herein shall have the same meanings ascribed in the Settlement Agreement.

In accordance with this Court's order granting final settlement approval (Doc. #1622)[1] Judgment is entered on behalf of the following class to whom notice was directed, except those who have timely and validly excluded themselves from the matter, listed in Exhibit A hereto:

As defined in the Settlement Agreement (Doc. #1518-1): All persons who sold a home that was listed on a multiple listing service anywhere in the United States where a commission was paid to any brokerage in connection with the sale of the home in the following date ranges:

- Moehrl MLSs: March 6, 2015 to August 17, 2024;

- Burnett MLSs: April 29, 2014 to August 17, 2024;

- MLS PIN: December 17, 2016 to August 17, 2024;

---

[1] The Court previously resolved the claims against all other defendants in its judgment entered pursuant to Rule 54(b). (*See* Docs. #1487, #1490.)

- All other MLSs: October 31, 2019 to August 17, 2024.

The Settling Parties shall bear their own costs, except as otherwise provided in the Settlement Agreement and the orders of this Court.

The case is dismissed with prejudice. Pursuant to Paragraph 27(c) of the HomeServices Defendants' Settlement Agreement, the Settling Parties are further ordered upon the Settlement's Effective Date to seek dismissal with prejudice of all claims against the HomeServices Defendants in any of the Actions as defined in the HomeServices' Defendants' Settlement Agreement (Docs. #1458-1 and #1518-1). "HomeServices Defendants" does not include Berkshire Hathaway Energy Company, Berkshire Hathaway Inc., or any other corporate parent of HomeServices of America, Inc.

All members of the Settlement Class, unless they excluded themselves from the Settlement Class, are hereby enjoined from filing, commencing, prosecuting, intervening in, or pursuing as a plaintiff or class member any Released Claims against any of the Released Parties.

Released Claims include claims that arise from or relate to conduct that was alleged or could have been alleged in the Actions based on any or all of the same factual predicates for the claims alleged in the Actions, including, but not limited to, commissions negotiated, offered, obtained, or paid to brokerages in connection with the sale of any residential home. For the avoidance of doubt, this injunction extends to claims arising from or relating to transactions where Settlement Class Members either sold or purchased a home on any multiple listing service nationwide, regardless of affiliation or association with NAR or not, and thus includes, e.g., NWMLS, WPMLS, and REBNY/RLS. This release and injunction do not extend to any individual claims that a plaintiff or class member may have against his or her own broker or agent based on breach of contract, breach of fiduciary duty, malpractice, negligence or other tort claim, other than

a claim that a class member paid an excessive commission or home price due to the claims at issue in the Actions.

The Court expressly retains continuing and exclusive jurisdiction over the parties to the Settlement Agreement and members of the Settlement Class, the Settlement funds, and all matters relating to the administration and consummation of the Settlement and to interpret, implement, administer, effectuate and enforce the Settlement (including with respect to the membership and scope of the Settlement Class, Released Claims, and Released Parties), the injunctive relief provided by the Settlement, the distribution of the proceeds of the Settlement, and to implement and complete the claims administration process, in accordance with the Settlement, for the benefit of the Settlement Class.

Pursuant to Rules 58 and 54(b) of the Federal Rules of Civil Procedure and consistent with this Court's order granting final settlement approval (Doc. #1622), the Court enters final judgment and hereby dismisses with prejudice the above-captioned Action, including with respect to the HomeServices Defendants as to the Settlement Class described in this Order.

In the event this Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Final Judgment shall be rendered null and void and shall be vacated only as to the settling parties whose Settlement did not become effective.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: January 15, 2025