IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RHONDA BURNETT, JEROD BREIT, HOLLEE ELLIS, FRANCES HARVEY, and JEREMY KEEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants | Case No. 19-CV-00332-SRB |

## FINAL JUDGMENT

This Final Judgment incorporates by reference the definitions in the National Association of Realtors Settlement Agreement (Doc. #1458-1) and any settlement agreements with opting in entities and the terms herein shall have the same meanings ascribed in the Settlement Agreement and the agreements with opting in entities.

In accordance with this Court's order granting final settlement approval (Doc. #1622)[1] Judgment is entered on behalf of the following class to whom notice was directed, except those who have timely and validly excluded themselves from the matter, listed in Exhibit A hereto:

As to the National Association of Realtors ("NAR") and each Released Party, including opting-in MLS and brokerage (as identified by Plaintiffs in Exhibits B and C hereto): All persons who sold a home that was listed on a multiple listing service anywhere in the United States where a commission was paid to any brokerage in connection with the sale of the home in the following date ranges:

---

[1] The Court previously resolved the claims against all other defendants in its judgment entered pursuant to Rule 54(b). (*See* Docs. #1487, #1490.)

- Homes listed on Moehrl MLSs: March 6, 2015 to August 17, 2024;

- Homes listed on Burnett MLSs: April 29, 2014 to August 17, 2024;

- Homes listed on MLS PIN: December 17, 2016 to August 17, 2024;

- Homes in Arkansas, Kentucky, and Missouri, but not on the Moehrl MLSs, the Burnett MLSs, or MLS PIN: October 31, 2018 to August 17, 2024;

- Homes in Alabama, Georgia, Indiana, Maine, Michigan, Minnesota, New Jersey, Pennsylvania, Tennessee, Vermont, Wisconsin, and Wyoming, but not on the Moehrl MLSs, the Burnett MLSs, or MLS PIN: October 31, 2017 to August 17, 2024;

- For all other homes: October 31, 2019 to August 17, 2024.

The Settling Parties shall bear their own costs, except as otherwise provided in the Settlement Agreement, settlement agreements with opting in entities, and the orders of this Court.

Pursuant to Paragraphs 32(d) and 53 of the NAR Settlement Agreement, the Court directs that the Actions, other than the above-captioned Action (which is addressed below), be dismissed with prejudice as to the claims against the National Association of Realtors upon the Settlement's Effective Date. The Court also directs that the plaintiffs in the Actions other than the above-captioned Action support the continued stay of those cases in accordance with Paragraph 54 of the Settlement Agreement.

All members of the Settlement Class, unless they excluded themselves from the Settlement Class, are hereby enjoined from filing, commencing, prosecuting, intervening in, or pursuing as a plaintiff or class member any Released Claims against any of the Released Parties.

Released Claims include any and all manner of claims, regardless of the cause of action, arising from or relating to to conduct that was alleged or could have been alleged in the Actions based on any or all of the same factual predicates for the claims alleged in the Actions, including, but not limited to, commissions negotiated, offered, obtained, rebated, or paid to brokerages in

connection with the sale of any residential home. For the avoidance of doubt, this injunction extends to claims arising from or relating to transactions where Settlement Class Members either sold or purchased a home on any multiple listing service nationwide, regardless of affiliation or association with NAR or not, and thus includes, e.g., NWMLS, WPMLS, and REBNY/RLS. This release and injunction do not extend to any individual claims that a plaintiff or class member may have against his or her own broker or agent based on breach of contract, breach of fiduciary duty, malpractice, negligence or other tort claim, other than a claim that a class member paid an excessive commission or home price due to the claims at issue in the Actions.

The Court expressly retains continuing and exclusive jurisdiction over the parties and the Released Parties to the Settlement Agreement (including those entities opting into the Settlement Agreement as identified by Plaintiffs in Exhibits B and C hereto) and members of the Settlement Class, the Settlement funds, and all matters relating to the administration and consummation of the Settlement and to interpret, implement, administer, effectuate and enforce the Settlement (including with respect to the membership and scope of the Settlement Class, Released Claims, and Released Parties), the injunctive relief provided by the Settlement, the distribution of the proceeds of the Settlement, and to implement and complete the claims administration process, in accordance with the Settlement, for the benefit of the Settlement Class.

Pursuant to Rules 58 and 54(b) of the Federal Rules of Civil Procedure and consistent with this Court's order granting final settlement approval (Doc. #1622) and there being no just reason for delay, the Court enters final judgment and hereby dismisses with prejudice the above-captioned Action, including with respect to NAR, and the Opt-in Parties (as identified in Exhibit B, joined as parties to this case by ECF 1540), as to the Settlement Class described in this Order.

In the event this Settlement does not become effective in accordance with the terms of the Settlement Agreements, then this Final Judgment shall be rendered null and void and shall be vacated only as to the settling parties whose Settlement did not become effective.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: January 15, 2025