IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT AND RHONDA BURNETT, RYAN HENDRICKSON, JEROD BREIT, SCOTT TRUPIANO, AND JEREMY KEEL, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) | |
| | ) | Case No. 4:19-cv-00332-SRB |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX LLC, and KELLER WILLIAMS REALTY, INC., | ) ) ) ) ) ) | |
| Defendants | | |

**MOVANT'S REPLY TO PLAINTIFF COUNSEL'S
SUGGESTION IN OPPOSITION TO
MOTION FOR CLARIFICATION AND DECLARATORY RELIEF**

i

# TABLE OF CONTENTS

I. INTRODUCTION...............................................................................................2

II. ARGUMENTS...................................................................................................3

    A. Discretion and Competence by the Court:.................................................3

    B. Procedural Framing and Alternative Remedies:........................................4

    C. Standing:.....................................................................................................5

    D. Substance of the Rule and Shifting Characterization:................................6

    E. Compliance Mechanisms and Enforcement Ambiguity:............................7

    F. Unopposed Relief and Timing Contradictions:..........................................7

    G. Clarification, Not Objection:....................................................................10

III. CONCLUSION...............................................................................................10

Movant respectfully notes that the procedural Notice of Non-Opposition (Doc. 1688) remains accurate with respect to all Defendants. Particularly, as of this filing, Defendant National Association of REALTORS® (NAR) has submitted no opposition, clarification, or response to the motion—despite being the party responsible for implementing, supervising, and enforcing the rule in question. Their continued silence, particularly in light of the Court's directive, only amplifies the importance of judicial clarification.

As of the Court's April 14, 2025, response deadline, no opposition had appeared on the docket, and Movant accordingly submitted a procedural notice (Doc. 1688). Nevertheless, now that Plaintiff counsel's opposition has been docketed, Movant Jorge Zea respectfully submits this reply to Plaintiff Counsel's Suggestion in Opposition to Motion for Clarification and Declaratory Relief..

## I. INTRODUCTION

Plaintiff counsel's opposition fails to address the central issue raised in the motion: *why the steering prohibition rule—previously described as a groundbreaking, negotiated achievement essential to the case—was ultimately omitted from the Settlement Agreement.* Instead of engaging with that core question, Plaintiff counsel relies on procedural arguments to deflect from the inconsistency and avoid offering any explanation.

Movant filed this motion in good faith to seek clarification regarding the unexplained omission of a rule that Plaintiff counsel themselves described to the Court as a groundbreaking provision: "*a rule expressly and directly prohibiting steering.*" Despite

being presented as a central reform, that rule does not appear in the final Settlement Agreement filed with the Court.

This motion does not seek to reopen the settlement, alter its scope, or modify its terms—it simply requests clarification of a significant inconsistency already present in the record. The motion is limited in scope and addresses only issues that arise from representations made in docketed filings and the existing record in this case.

While NAR—the party responsible for implementing, supervising, and enforcing the rule—has not opposed the motion, Plaintiff counsel, who vigorously advocated for the class throughout nearly five years of litigation, now objects to a clarification that would serve the class, protect market competition, and reinforce the integrity of settlement enforcement.

## II. ARGUMENTS

Plaintiff Counsel's suggestions in opposition fail for the following reasons:

### A. Discretion and Competence by the Court:

Plaintiff counsel cites cases emphasizing that the Court has discretion to decline to hear a declaratory judgment action. Movant, however, did not file a separate declaratory judgment action—as Plaintiff counsel themselves acknowledge. That said, the discretion to decline necessarily includes the counterpart: discretion to hear such a motion. Plaintiff counsel's own authorities affirm that the Court has both the discretion and the competence to make declarations of rights when appropriate.

The motion was filed pursuant to the Court's continuing jurisdiction, as expressly retained in its Final Order, and seeks clarification regarding the omission of a rule that

3

Plaintiff counsel specifically and textually highlighted and described in both their Motion for Preliminary Approval (Doc. 1458, pg 14) and Motion for Final Approval (Doc. 1595).

Even if any portion of the requested relief is construed as declaratory in nature, the Court retains full authority to seek clarification from the parties—as it already has—and to issue relief that it deems appropriate. Where clarification is not provided by the parties, the Court remains empowered to rule based on the record. Clarification is therefore not only procedurally proper, but a necessary step to resolve a concrete and unresolved discrepancy now before the Court. This is not a theoretical or abstract concern—it is a discrepancy created in writing, filed with this Court, and embedded in the record. It exists both in the ink of the filings and in the expressed spirit and intent of the case and its negotiated settlement.

**B. Procedural Framing and Alternative Remedies:**

Plaintiff counsel contends that Movant should have filed a separate action under the Declaratory Judgment Act (28 U.S.C. § 2201) and provides an extended abstract explanation of that process. However, this motion does not seek relief outside the subject matter or scope of this case; it requests clarification squarely within the framework of the Court's retained jurisdiction over the Settlement Agreement.

To the extent any portion of the relief is viewed as procedurally improper in form, Movant conditionally withdraws request items 1 through 8 as needed and respectfully defers to the Court's discretion to consider or disregard any requested relief it deems outside the proper scope or improperly requested. Movant maintains, however, that

clarification is needed, appropriate and warranted within the Court's retained jurisdiction to resolve the discrepancy presented.

**C. Standing:**

Contrary to Plaintiff counsel's framing, Movant is not a distant or uninvolved third party trying to intervene in any random case. As a REALTOR®, and broker operating a real estate brokerage, Movant is a named released party (Doc 1458, pg 10) under the Settlement Agreement (see Docs. 1458 and 1458-1), which explicitly lists REALTOR® brokerages among those covered by the release. The protections of the agreement apply automatically unless a party opts out—but those protections are expressly conditioned upon compliance with the new rules and practice changes adopted through the settlement.

The agreement makes clear—across numerous provisions—that continued adherence to the revised policies is a prerequisite for maintaining the benefits of release. As such, Movant is not merely observing from the sidelines; Movant is directly and contractually bound by the very obligations that Plaintiff counsel negotiated and this Court approved. Denying Movant the ability to seek clarification of those terms—while holding Movant to compliance—creates an untenable imbalance and raises serious fairness concerns. Movant seeks nothing more than to understand the scope of those obligations, based solely on what is already in the record.

The Court retains jurisdiction to clarify the terms and representations of a settlement it approved. No intervention is necessary where the relief sought is limited to clarification within the existing record and authority of the Court.

5

Case 4:19-cv-00332-SRB    Document 1690    Filed 04/21/25    Page 6 of 14

### D. Substance of the Rule and Shifting Characterization:

Plaintiff counsel contends that clarification is unnecessary because several provisions in the Settlement Agreement "*have the purpose and effect of restricting steering.*" But this argument only underscores the need for clarification and supports the motion, not objects to it.

The rule previously described to this Court was not described nor presented as interpretive or as carrying an indirect restrictive effect. On the contrary, Plaintiff counsel explicitly and repeatedly stated that NAR "*must adopt, for the first time, rules expressly and directly prohibiting steering.*" Now, in opposition to this motion, they attempt to recast that representation by claiming that existing provisions merely have the general purpose and effect of limiting steering (Doc. 1687, p. 9). This shift in characterization—away from direct prohibition toward generalized intent—demonstrates exactly why clarification is necessary.

This revised characterization departs significantly from the language they used in their Motions for Preliminary and Final Approval, which emphasized a clear, express, unambiguous and direct prohibition.

A review of the rules listed in Plaintiff counsel's opposition (1687, pg. 9 to 11) further confirms that no such direct rule exists. None of the listed provisions *expressly and directly prohibit steering* as previously represented to this Court. Substituting indirect language or general regulatory intent for a clear, direct enforceable directive only highlights the rule's omission and underscores why clarification is necessary.

### E. Compliance Mechanisms and Enforcement Ambiguity:

Plaintiff counsel also asserts that the Settlement Agreement contains adequate compliance controls and enforcement mechanisms. While the effectiveness of those mechanisms is beyond the immediate scope of this motion, Movant is prepared to brief the Court on those issues if requested. For now, Movant seeks only narrow clarification regarding a single issue—steering—which remains neither expressly prohibited nor meaningfully enforced. The result is continued non-compliance and current, ongoing harm to consumers, competition, and the market—harm that was already proven in this case.

If Plaintiff counsel believes the intent to curb steering is sufficiently addressed through indirect provisions and that enforcement mechanisms are adequate, there should be no objection to issuing a clear rule and confirming that steering is, in fact, prohibited under the agreement and under antitrust law.

It is difficult to reconcile Plaintiff counsel's opposition to a clarification or rule they once described as a major reform and critical protection for the class and competition. For the benefit of the class alone, they should support such clarification—and advocate for the missing rule. Instead, they oppose even a review of the omission, a position that serves neither the class, competition nor the public interest.

### F. Unopposed Relief and Timing Contradictions:

Plaintiff counsel argues that because the Settlement Agreement does not explicitly state whether steering constitutes a violation—or a per se violation—of the Sherman Act, and because NAR denies these allegations and admitted no liability, the Court should not

7

Case 4:19-cv-00332-SRB    Document 1690    Filed 04/21/25    Page 8 of 14

consider Movant's clarification requests related to that issue. However, this position is fundamentally flawed for several reasons.

First, Plaintiff counsel appears to be speaking on behalf of Defendant NAR—asserting what Defendants would or would not argue, even though NAR had every opportunity to respond and chose not to do so. It is procedurally unusual for Plaintiff counsel to argue anticipated objections on behalf of the opposing party, particularly where that party remains silent despite a clear invitation from the Court to respond.

Second, and more importantly, the legality of steering under the Sherman Act is not erased or altered by its omission from the final settlement language. Plaintiff counsel's own complaint, as well as their motions for preliminary and final approval, repeatedly described steering as a mechanism used to sustain inflated commissions and as a core element of the alleged antitrust conspiracy. This Court determined that the alleged conduct was subject to per se analysis under Section 1 of the Sherman Act. A jury subsequently found in Plaintiffs' favor.

To now suggest that steering's illegality is uncertain or irrelevant—merely because the final Settlement Agreement does not contain an explicit declaration on that point—ignores the well-established record. The settlement's silence on the issue does not render steering legal, nor does it negate five years of litigation effort that repeatedly identified steering as a central antitrust harm. Plaintiff counsel cannot now argue against their own prior success in proving that point. The Court is not being asked to declare new

liability, but rather to recognize and clarify and affirm the legal status that has already been litigated, adjudicated, and found by a jury.

While Plaintiff counsel opposes relief requests 3 through 8, it does not oppose the first two: (1) clarification as to why the anti-steering rule was described to the Court but not enacted, and (2) whether steering is prohibited under the terms and intent of the Settlement Agreement. These two requests remain unchallenged and are well-supported by the record. Movant respectfully submits that this clarification is not only appropriate and timely, but falls squarely within the Court's retained jurisdiction. The questions presented are narrow, focused, and grounded in the representations made to the Court during settlement approval proceedings. They deserve a direct answer—not only for Movant's benefit, but to ensure clarity for the class, fair competition, and the broader market affected by the settlement.

Plaintiff counsel's argument regarding the timing of this motion—filed five months after final approval—is particularly unpersuasive when contrasted with their prior position. Just prior to final approval, Plaintiff counsel argued that enforcement objections were premature and emphasized that changes to an entrenched anticompetitive system would take time. Now, they contend that a request for clarification comes too late.

If five months is too late and prior objections were too early, Plaintiff counsel's position is internally inconsistent and appears designed to deflect scrutiny at all stages. The Court should not permit such contradictions to insulate unresolved issues from review.

### G. Clarification, Not Objection:

Movant reiterates that this motion is not an objection to the Settlement Agreement, as Plaintiff counsel suggests in their conclusion. Movant clearly stated he is not a class member and does not seek to disturb or renegotiate the settlement.

Movant's standing is clear and undisputed. As a REALTOR® and broker, Movant is directly bound by the practice changes and subject to the compliance framework imposed by the Settlement Agreement.

While not a party to the class, Movant has standing to seek clarification of obligations that govern his professional conduct—particularly where the scope, meaning, and enforceability of those obligations remain unclear. This is not an effort to assert class rights, but to obtain judicial clarification of rules negotiated by the Parties and approved by this Court. It would defy logic and fairness to bind Movant to certain obligations while denying him the opportunity to understand their scope.

### III. CONCLUSION

Regardless of how Plaintiff counsel characterizes the motion or what procedural arguments they raise, the core question remains unanswered: *Why is the "groundbreaking" rule—described as a direct and express prohibition of steering—absent from the final Settlement Agreement after being presented to the Court as a major achievement?* Defendant NAR has chosen not to respond and Plaintiff counsel avoids the question entirely. Neither party has provided an explanation.

In light of both the rule's omission and the parties' refusal—or inability—to clarify it, judicial clarification is now more necessary than ever.

This matter warrants the Court's prompt attention. The harm resulting from continued steering—made possible by the omission of a direct, enforceable rule and a clarification of such—is not abstract or speculative. It is current, ongoing, and causing direct damage to, competition, consumers, and market integrity.

These harms are not remediable through monetary relief and will continue unless the Court provides the requested clarification. For these reasons, Movant respectfully requests that the Court issue clarification based on the uncontested record or, if the Court prefers, set a hearing to address the omission and the parties' failure to explain it. Movant is available to appear at the Court's convenience and present argument, with a preference for in person proceedings should the Court find a hearing or further briefing appropriate.

Respectfully submitted,

Jorge Zea
Movant, Pro Se
2234 N. Federal Hwy PMB 68073
Boca Raton, FL 33431
(305) 244-7242
legal@bluelighthouserealty.com

Date: April 18th, 2025

11

Case 4:19-cv-00332-SRB    Document 1690    Filed 04/21/25    Page 12 of 14

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2025, I mailed the original copy of this Motion to the Clerk of Court for the United States District Court for the Western District of Missouri for filing.

Upon docketing, service will be effectuated through the Court's CM/ECF electronic filing system, which will automatically serve all counsel of record.

Respectfully submitted,

Jorge Zea
Movant, Pro Se
2234 N. Federal Hwy PMB 68073
Boca Raton, FL 33431
(305) 244-7242
legal@bluelighthouserealty.com

Date: April 18th, 2025

Jorge Zea
2234 N Federal Hwy PMB 68073
Boca Raton, FL 33431
legal@bluelighthouserealty.com
(305) 244-7242

April 18th, 2025

Clerk of Court
U.S. District Court
Western District of Missouri
400 E. 9th Street
Kansas City, MO 64106

Re:     Case No. 19-CV-00332-SRB

    MOVANT'S REPLY TO PLAINTIFF COUNSEL'S SUGGESTION IN OPPOSITION TO MOTION FOR CLARIFICATION AND DECLARATORY RELIEF

Dear Clerk of Court,

Please find enclosed my original filing "MOVANT'S REPLY TO PLAINTIFF COUNSEL'S SUGGESTION IN OPPOSITION TO MOTION FOR CLARIFICATION AND DECLARATORY RELIEF", submitted in connection with Case No. 4:19-cv-00332-SRB.

As I do not have access to the Court's electronic filing system, I respectfully request that this document be filed and docketed on my behalf.

Additionally I respectfully request that my email address (legal@bluelighthouserealty.com) be added to the docket so I can receive automatic electronic service notifications promptly.

Respectfully submitted,

Jorge Zea
Movant, Pro Se