IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION, Case No. 4:19-CV-00332-SRB

| | |
|---|---|
| RHONDA BURNETT, JEROD BREIT, JEREMY KEEL, HOLLEE ELLIS, AND FRANCES HARVERY, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, Plaintiffs, | ) ) ) ) ) ) |
| v. | ) ) |
| THE NATIONAL ASSOCIATION OF REALTORS, et al. | ) ) ) |

## OBJECTOR HAO ZHE WANG'S MOTION TO UNSEAL

Objector Hao Zhe Wang respectfully asks the Court to unseal filings in this docket currently sealed by the order of the Court.

This objector has sold properties between 2018 and 2024 and has opted out of some settlements (see, for example, ECF No. 1487, ¶62) and also objected to some (see, for example, ECF No. 1547), including by traveling to Kansas city and appearing in front of this Court at a final fairness hearing (ECF No. 1640).

All these actions that he took were predicated upon his expectation of rudimentary procedural justice: that lead plaintiffs and defendants already gave absent class members all the information needed to assess the fairness and reasonableness of the settlement agreements that were to bind absent class members and thus all the information necessary for this Objector to make the opt-in/opt-out choices he eventually made.

Defendants have now represented in the appellate court that some of the sealed records never disclosed or referenced in the settlement notices are actually pertinent to the question of the fairness of the settlements. Having reviewed these records, this Objector is further convinced

that scores more of sealed records are more pertinent still. The Objector respectfully asks the Court to unseal these records.

Further, court records, especially records in a class action suit, should be presumptively public. Given the parties' conduct in hiding the ball from absent class members, the Objector further asks the Court to unseal all sealed records that parties petitioned the Court to seal.

## I. Sealed Records Are Highly Relevant to Issue of Direct-Purchaser

At the center of this Objector's concern about and his objection to the settlements Plaintiff class has extracted from some of the defendants is that Plaintiff counsel co-opted Defendants' decadeslong lies that commissions paid to buyer-brokers were a seller expense and that home-sellers rather than home buyers paid for the commissions. Plaintiffs built their antitrust claims around Defendants' lies because the home-seller plaintiffs wanted a path of least resistance and to build their cases around the least amount of controverted facts in order to go through trials or reach settlements more quickly. Dkt. No. 1547.

Some Defendants now represent in the 8th Circuit that they furnished proof in this Court that sellers, not buyers, were direct-purchasers of the buyer-broker services – except that their proof happens to be sealed by this Court.

This secrecy will not do.

Public policy generally favors court records to be open and public. Unlike information merely exchanged between the parties, "[t]he public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). The greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access. *Id.* at 1179. This

public policy preference is particularly pronounced in class action. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). For class actions turn members of the public into parties in the case, and the standards for denying public access to the record "should be applied . . . with particular strictness." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).

Courts also consider the relevance and importance of the sealed records to the class action. The greater the relevance, the greater the need to disclose the information. *Id.* at 193-94. In *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, therefore, the 8th Circuit raised due process concerns about objectors not having access to critical documents needed to assess the fairness of a settlement. *Wireless Tel.*, 396 F.3d 922, 931 (8th Cir. 2005). The Circuit Court called for a detailed analysis of the records to determine whether the sealed information may amount to "the critical information" needed for objectors "to challenge the fairness of the settlement." *Id.*

In this case, more than half a dozen Defendants learned a year and half ago that this Objector disagreed with their "fact" that home-sellers were direct-purchasers of buyer-broker services. They then heard him in person in S.D.N.Y. a year ago starting his oral argument at a motion hearing with a lengthy discussion about the direct-purchaser issue. S.D.N.Y. Civ. No. 24--02371, *Wang vs. National Association of Realtors, et al.*, ECF No. 76. Plaintiff and Defendant counsel all read this Objector's attack on their collusive stipulation to the "fact" in the first thirty-two pages of his objection submitted to this Court. They then heard him in person during the Final Fairness Hearing in Kansas City starting his objection with a lengthy discussion about the same. ECF No. 1640. Therefore, no party may honestly say that records about the direct-purchaser issue are *not* "critical" to this Objector's challenge to this settlement.

At this point, some Defendants have shared with this Objector a small number of sealed documents (e.g., ECF Nos. 964-118, 963-49), but they have limited the sharing to only documents *that they believe to be helpful to their "fact."* This is deeply problematic because this Objector's access to information should not be limited to what Defendants find to be favorable to their factual argument and unfavorable to Objector's. After all, it is the function of a class settlement objector to challenge the position of defendants (and plaintiffs who ally with the defendants): to say that objections can take place only within the informational environment tightly filtered and controlled by defendants defeats the very purpose of allowing objections.

In any event, the documents purported to establish Defendant's fact that homebuyers were not direct-purchasers of buyer-broker services actually do no such thing. They show plaintiff experts and defendant witnesses harboring significant doubt on who were the real purchasers of buyer-broker services. Further, the documents reference other records that parties sealed. To fully understand the exhibits in ECF Nos. 932, 963, and 964 and evaluate Defendants' reliance on these documents, for example, at a bare minimum the Objector must also gain access to ECF Nos. 552, 553, 554, 556, 635, 637, 638, 922, 963, 967, 986, and 1479, all of which concern the opinion testimony by Dr. Craig T. Schulman as well as "the entire Papasan deposition transcript."

Even after this Objector acknowledged and agreed to be bound by the Court's protective order (ECF No. 92), Defendants have resisted sharing more sealed records with him. This arouses his suspicion that still more sealed records may contain testimonies, expert reports and other information that may be more damaging to parties' collusive position on the direct-purchaser issue. The Objector respectfully asks the Court to unseal all sealed records, with only

narrow and absolutely necessary allowance for redaction of sensitive information unique to individual broker-defendants.

## II. Withholding Critical Information from Settlement Notice Is Contractually Oppressive and Renders Earlier Settlement Notices Inadequate

A class member's choice to opt into a settlement is contractual behavior. They balance the advantage of opting in – a chance to either receive settlement or, in Objector's case, to object and scuttle the settlement so that Defendants can still find the money to pay the direct-purchaser claims of the real victims of Defendants' behavior, homebuyers – with the benefit of opting out.

This is typically a rationalistic bargain and calculated bet for class members. In this case, however, Plaintiffs and Defendants presented a choice to class members but withheld information that would allow absent class members to make that calculated bet when they put records under seal that are relevant to class members' choice. This Objector, for one, had made his position on the direct-purchaser issue known to many Defendants before they settled with Plaintiffs in this case and before the settlement notice started to go out last year. But even this Objector did not learn about the substance of the Schulman report or the Papasan deposition.

Because class members like this Objector could not possibly "comprehend" information that they were never notified of and because such information could not possibly "comport with the reasonable expectations" of class members (*Brewer v. Missouri Title Loans*, 364 S.W.3d 486, 495 (Mo. 2012)), Missouri contracts law will find that class members cannot be bound to the opt-in/opt-out choice they made in the light of the withheld information. The secrecy around large batches of court records renders the earlier settlement notices inadequate and voids the choices that scores of millions of class members made regarding opt-outs and opt-ins/objections.

Certainly secret information that shaped the outcome of the litigation and settlement would likewise shape class members' assumption of legitimacy of the settlement and the strength of their individual claims if they opt out, so it was procedurally unconscionable and oppressive to deny class members that information last year. *Sprague v. Household Int'l*, 473 F. Supp. 2d 966, 972 (W.D. Mo. 2005). This Objector is a prospective class members for more settlements to come in this case, and for the Court to unseal the entire record is a necessary first step for this Objector and other absent class members to assess the fairness of the upcoming settlements and decide how they may challenge these settlements – and adequacy of pending settlement notices – at future fairness hearings in this courtroom.

## III. Conclusion

Therefore, the Court should unseal all sealed records in this case.

Regards,

Hao Zhe Wang