# Exhibit A

**COHEN**MILSTEIN

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW, Suite 800
Washington, DC 20005
cohenmilstein.com

Robert A. Braun
**O:** 202.408.4600
rbraun@cohenmilstein.com

April 23, 2025

**Via Email**

Brian D. Schneider
ArentFox Schiff LLP
1717 K Street NW
Washington, DC 20006
(202) 715-8590
brian.schneider@afslaw.com

Re: Compliance with the National Association of Realtors Settlement Agreement

Dear Mr. Schneider:

My firm, Cohen Milstein Sellers & Toll PLLC, is Co-Lead Counsel for the Plaintiff settlement class, which reached the National Association of Realtors Settlement in *Burnett v. National Association of Realtors* (hereinafter, "NAR Settlement"). We write pursuant to the terms of the NAR Settlement to request Bright MLS's proof of compliance with the Settlement's practice changes, which took effect on August 17, 2024.

Bright MLS has opted into the NAR Settlement by executing Appendix B. As such, Bright MLS has agreed to comply with the practice changes reflected in Paragraph 58 of the NAR Settlement and Paragraph 5 of Appendix B and has agreed to provide proof of such compliance if requested by Co-Lead Counsel. *See, e.g.*, NAR Settlement Appendix B ¶ 7 ("Stipulating MLS agrees to provide proof of compliance with the practice changes if requested by Co-Lead Counsel"), *Burnett v. Nat'l Assn. of Realtors*, No. 4:19-cv-00332 (Apr. 19, 2024) (ECF No. 1458-1).

To confirm Bright MLS's compliance, Co-Lead Counsel request that Bright MLS provide the following documents and information via email by May 16, 2025:

1. Bright MLS's Rules and Regulations, including redlines reflecting any revisions made following the NAR Settlement;

2. All guidance and educational materials (whether in writing, video, or otherwise) provided to Bright MLS Participants and Subscribers on complying with the NAR Settlement's practice changes;

3. Proof of the removal of compensation fields and a description of how Bright MLS ensures that cooperative compensation offers are not communicated through any remaining fields (e.g., agent remarks);

4. All form listing agreements, related forms and addenda, and any other form agreements with sellers created or otherwise made available by Bright MLS to its users;

5. All form purchase agreements, related forms and addenda, and other agreements facilitating property sales created or otherwise made available by Bright MLS to its users;

6. All form buyer representation agreements (and any other form agreements between brokers and buyers regardless of agency relationship) created or otherwise made available by Bright MLS to its users;

7. All other forms created or otherwise made available by Bright MLS to its users pertaining to buyer broker compensation;

8. Proof of Bright MLS's enforcement of: (i) the buyer-side broker compensation disclosure requirements reflected in Appendix B ¶ 5.vi; (ii) the seller-side broker disclosure requirements reflected in Appendix B ¶ 5.viii; and (iii) the consumer disclosure requirements reflected in Appendix B ¶ 5.ix;

9. Proof of Bright MLS's compliance with the prohibition on creating, facilitating, or supporting non-MLS mechanisms (including by providing listing information to an internet aggregators' website for such purpose) for listing brokers or sellers to make offers of compensation to buyer brokers or other buyer representatives (either directly or through buyers);

10. All documents relating to Bright MLS's positions on the use of "Touring Agreements", "Showing Agreements" or similar agreements between buyers and brokers; and

11. All other documents concerning or reflecting how Bright MLS has been enforcing compliance with the NAR Settlement.

COHENMILSTEIN

Page 3

       I am available to discuss this request and the timing and format for producing proof of compliance with the practice changes.

                              Sincerely,

                              Robert A. Braun