**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| RHONDA BURNETT, JEROD BREIT, JEREMY KEEL, HOLLEE ELLIS, and FRANCES HARVEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, REALOGY HOLDINGS CORP., HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, RE/MAX, LLC, and KELLER WILLIAMS REALTY, INC.,<br><br>Defendants. | Case No.: 4:19-cv-00332-SRB<br><br>Judge Stephen R. Bough |

**DEFENDANTS' JOINT SUGGESTIONS IN OPPOSITION TO HAO ZHE WANG'S MOTION TO UNSEAL [ECF NO. 1698]**

Defendants National Association of REALTORS® ("NAR") and HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC (collectively "HomeServices") submit this response to the July 7, 2025 motion to unseal filed by Objector Hao Zhe Wang, ECF No. 1698 ("Wang Mot.") seeking to unseal "all sealed records in this case." The Eighth Circuit recently denied Wang's motion seeking effectively the same relief. *See* Judge Order, *Burnett v. Wang*

("*Wang*"), No. 24-3589 (8th Cir. June 18, 2025). This Court should take the same approach.

**BACKGROUND**

In its answering brief filed in Wang's objector appeal, NAR detailed the process of selling a home and the payment of commissions relating to the same. As part of that factual discussion, NAR cited (but did not quote or append) five documents from this Court's docket: ECF Nos. 932-20, 932-21, 963-49, 963-73, and 964-118. *See* NAR Br. 3-4, 29-30, *Wang* (8th Cir. Apr. 24, 2025). All five contained information designated by various parties as either "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" under this Court's protective order, *see* ECF No. 92, and were thus filed under seal, *see* ECF Nos. 906, 910, 953, 955.[1]

The protective order restricts the disclosure of "Confidential" or "Highly Confidential – Outside Eyes Only" information to various categories of third parties. The order provides that when "Confidential" or "Highly Confidential – Outside Eyes Only" information is contained in a sealed filing, such filing "may be disclosed" to an absent member of a certified class "for purposes of evaluating any settlement affecting" him, so long as the absent class member has completed Attachment A to

[1] HomeServices incorporated NAR's citations by reference in its *Wang* answering brief. *See* HomeServices Br. 4-5, *Wang* (8th Cir. Apr. 25, 2025).

the protective order (acknowledging and agreeing to be bound by the order). ECF No. 92, at 15, 23-24.

On May 14, 2025, Wang asked NAR to share the five sealed documents cited in its brief and to provide an answer by May 19. Appellees' Response to Appellant's Motion to Compel at 3, *Wang* (8th Cir. May 30, 2025) ("Appellee's Response"). Six days later, Wang filed a motion in the Eighth Circuit asking the Court to "order Defendant-Appellees NAR, Home Services of America, and Brown Harris Stevens" to provide him the five documents filed under seal. Motion To Compel at 13, *Wang* (8th Cir. May 20, 2025).

On May 28, 2025, NAR and Wang reached an agreement by which Wang would be provided access to the five sealed documents if Wang, *inter alia*, signed and returned a copy of Attachment A. Appellees' Response at 4-5. After Wang did so, NAR shared the five sealed documents with Wang on May 28, 2025. *Id.*

Wang then sought "*all* records sealed by the lower court," claiming that, having reviewed the five sealed documents NAR provided him, accessing the other sealed documents was necessary to "fully understand" the five sealed documents and respond to Defendants-Appellees' arguments on appeal. Wang's Reply In Support Of Motion To Compel at 4, 6, *Wang* (8th Cir. June 1, 2025) (emphasis added).

The Eighth Circuit denied Wang's motion on June 18, 2025. *See* Judge Order, *Wang*, (8th Cir. June 18, 2025).

## ARGUMENT

Having lost at the Eighth Circuit, Wang seeks effectively the same relief from this Court. Wang's motion does not acknowledge the Eighth Circuit order denying him relief, much less explain why this Court should reach an outcome different from that of the Eighth Circuit.

*First*, Wang's request is untimely. Although Wang nods in the direction of "the public interest," his motion makes clear that he seeks access to sealed filings so that he may attack the NAR settlement (and possibly the HomeServices settlement too). Wang. Mot. 2; *see*, e.g., *id.* at 1 (demanding documents "needed to assess . . . the opt-in/opt-out choices he eventually made"); *id.* at 5 (speculating the sealed information "voids the choices [of class members] regarding opt-outs and opt-ins/objections"). But the opt-out date has long expired. Wang already submitted objections to the settlement, this Court rejected them, and his appeal of this Court's approval order is fully briefed—the Eighth Circuit having concluded that Wang's similar motion to unseal before that Court was meritless.

Wang gets no further with his suggestion that the existence of sealed documents on this Court's docket raises fair-notice concerns about the settlement process. *See id.* at 5-6. To start, the argument is doubly forfeited: first, for not having been timely brought in an objection; second, for not having been made on appeal. Moreover, Wang "ha[s] pointed to no authority suggesting that [this] settlement fails

to comport with due process when the record includes documents filed under seal pursuant to a protective order." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 930-31 (8th Cir. 2005) (rejecting objectors' argument that "they were not afforded an opportunity to make a meaningful response to the settlement without being able to view the [sealed] documents").

*Second* and in any event, Wang does not come close to justifying the relief he requests. Whether to unseal "judicial records" is a decision "best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case." *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013) (ellipsis omitted) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). In doing so, the court balances "the salutary interests served by maintaining confidentiality of the information sought to be sealed" against "the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access." *Id.*[2]

[2] Wang asserts there is a "strong" presumption in favor of public access, Wang Mot. 2 (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983)), but Wang is mistaken. The Eighth Circuit has repeatedly and "specifically rejected the strong presumption standard." *United States v. McDougal*, 103 F.3d 651, 657 (8th Cir. 1996) (emphasis omitted) (citing *United States v. Webbe*, 791 F.2d 103, 106 (8th Cir. 1986); *Webster Groves Sch. Dist. v. Pulitzer Pub'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)).

Here, the interests in maintaining confidentiality are strong in light of the fact that these filings contain highly confidential and proprietary business and commercial data as well as personally identifiable information. *See In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 9 F.4th 768, 792 (8th Cir. 2021) (affirming decision to "keep[] the contested records under seal … because they contained sensitive, commercially competitive material"); *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1377 (8th Cir. 1990) (affirming decision to seal based on privacy interests); *Flynt v. Lombardi*, 885 F.3d 508, 512 (8th Cir. 2018) (similar). Two of the documents cited in the NAR brief, for example, are contracts between a named plaintiff and his or her broker. *See* R. Docs. 932-20, 932-21. Another of those documents, an excerpt of a deposition of HomeServices' chief financial officer, contains non-public, commercially sensitive financial information. See R. Doc. 963-49, at 5-7.

On the other side of the ledger, the public's interest in access is "weak" because Wang does not explain how the filings played a role "in the exercise of Article III judicial power." *IDT Corp.*, 709 F.3d at 1224 (quotation marks omitted); *see also Bair Hugger*, 9 F.4th at 792 (affirming denial of motion to seal where movant failed to show how the sealed documents were material to the district court's decision). Indeed, Wang does not show how the requested filings even qualify as "judicial records" at all. *See Krueger v. Ameriprise Fin., Inc.*, 2014 WL 12597948,

at *9 (D. Minn. Oct. 14, 2014) ("[T]his Court finds … that not all documents filed by parties are 'judicial records'; instead, only those documents that are relevant to and integrally involved in the resolution of the merits of a case are judicial records to which the presumption of public access attaches." (citing cases)), *aff'd*, 2015 WL 224705 (D. Minn. Jan. 15, 2015); *see, e.g.*, *United States v. McDougal*, 103 F.3d 651, 656 (8th Cir. 1996) (affirming denial of motion to access sealed videotape, reasoning that the videotape was "not a judicial record to which the common law right of public access attaches").

Moreover, Wang's extraordinarily broad request for *all* sealed filings in this case is untethered to any argument or evidence that these filings are relevant to Wang's appeal. *Cf.* Wang Mot. 4-5 (rejecting any redaction beyond "sensitive information unique to individual broker-defendants"). Wang provides no basis for his speculation that these filings show that home buyers, not sellers, directly purchase brokerage commissions. And a merely "generalized" interest in the filings is insufficient to overcome concrete concerns about privacy and confidentiality that would result from granting Wang's request. *IDT*, 709 F.3d at 1224. Wang's "bare minimum" request, Wang Mot. 4, fails for the same reasons. It encompasses hundreds of filings totaling tens of thousands of pages, and Wang has no basis for speculating that "all" of them concern the testimony of two trial witnesses whose relevance to Wang's appeal is left unexplained.

*          *          *

It was never a secret that this Court's docket contained sealed, confidential materials. Wang chose not seek access to those materials while the objection period was still open, or even in a timely manner before he lodged his appeal. The Court should reject Wang's belated but unbounded request to unseal *all* sealed filings.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Wang's motion.

July 21, 2025

Respectfully submitted,


*/s/ Christopher D. Dusseault*

Christopher D. Dusseault (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000

*Counsel for Defendants HomeServices of America, Inc.; BHH Affiliates, LLC; HSF Affiliates, LLC*

*/s/ Christopher G. Michel*

Christopher G. Michel (*pro hac vice*)
William A. Burck (*pro hac vice*)
Michael D. Bonanno (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I Street NW
Suite 900
Washington, DC 20005
(202) 538-8000

John F. Bash (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN LLP
300 W. Sixth Street
Suite 2010
Austin, TX 78701
(737) 667-6100

*Counsel for Defendant National Association of REALTORS®*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2025, a copy of the foregoing document was electronically filed through the CM/ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

*/s/ Christopher G. Michel*
Christopher G. Michel

*Counsel for Defendant National Association of REALTORS®*