# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

SCOTT AND RHONDA BURNETT, RYAN
HENDRICKSON, JEROD BREIT, SCOTT
TRUPIANO, JEREMY KEEL, HOLLEE ELLIS,
FRANCES HARVEY, AND SHELLY DREYER,
on behalf of themselves and all others
similarly situated,

        Plaintiffs,

        v.

THE NATIONAL ASSOCIATION OF
REALTORS, et al.,

        Defendants.

Case No. 19-CV-00332-SRB

## ORDER UNSEALING DOCUMENTS FROM JND

"Transparency in a class action is crucial to not only the Class, but to the public's trust in the judicial system and to preserving the spirit of Rule 23." *Cabrera v. Google LLC*, No. 5:11-CV-01263-EJD, 2025 WL 2494429, at \*4 (N.D. Cal. Aug. 29, 2025). "Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). "[T]he equitable powers of the court may be invoked to deal with problems that commonly arise during administration of a settlement . . . [and] are retained by the court until the settlement fund is actually disbursed." *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001) (quotations omitted). "These inherent and equitable powers include oversight and supervision of a class action settlement administrator in the performance of its duties, which include acting diligently and in good faith."

1

*In re East Palestine Train Derailment*, No. 23-cv-00242-BYP (N.D. Ohio June 11, 2025), ECF No. 979.

JND Legal Administration ("JND") serves as the settlement administrator and Morgan Stanley serves as the escrow agent in this class action. On April 16, 2026, the Court issued an order requiring the parties, JND, and Morgan Stanley to show cause why "all contracts, terms proposals, escrow agreements, invoices, and bank statements should not be publicly filed on ECF and added to the Court's website." (Doc. #1729.) Plaintiffs responded that they

> do not oppose the public filing of these administrative materials so long as personal information is redacted. For example, the Morgan Stanley documents show Account Numbers and Taxpayer ID numbers. That information should not be placed in the public record.

(Doc. #1730, p. 1.) Plaintiffs conferred with Morgan Stanley and its position is the same as Plaintiffs. Defendants did not file any oppositions to the public filing of the materials. JND's position is that its pricing information should not be made public.

The Court concludes that all contracts, terms proposals, escrow agreements, invoices, and bank statements shall be publicly filed, with redactions to the personal information referenced by Plaintiffs permitted, such as Account Numbers and Taxpayer ID numbers. JND is performing millions of dollars' worth of work[1] on behalf of an entire class of people, and those people deserve the opportunity to review that work. *See Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) (Posner, J.) ("[T]he public cannot monitor judicial performance adequately if the records of judicial proceedings are secret").

---

[1] *See* (Doc. #1720, p. 3) ("Between January 2024 and October 2025, JND sent 55 invoices totaling $34,959,791.85 to Class Counsel"); (Doc. #1723, p. 2) (Between October 2025 and November 2025, JND submitted invoices to plaintiffs' counsel "for $76,469.64 and $437,553.33"); (Doc. #1726, p. 2) (Between November 2025 and January 2026, JND submitted invoices to plaintiffs' counsel "for $78,850.78, $144,163.72, $164,590.58, and $8,189.43"); (Doc. #1727, p. 2) (Between January 2026 and April 2026, JND submitted invoices to plaintiffs' counsel "for $86,014.57, $115,837.11, $64,415.18, $11,544.00, and $4,061.95").

2

Further, there is a presumption that judicial records are open to the public. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This presumption extends to private settlements. *Hart v. ITC Serv. Grp., Inc.*, No. 15-599-DGK, 2017 WL 2728439, at *1 (W.D. Mo. June 23, 2017). "But the right of access is not absolute; a party may overcome the presumption of openness by showing a *compelling* need to seal documents." *Id.* at *1 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). Ultimately, in determining whether to seal documents, the Court must balance "the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013).

Here, JND argues that the information contains "proprietary and competitively sensitive information as well as trade secrets" but provides no support for this conclusion, let alone a compelling need to seal the information. (Doc. #1730-2, p. 3.) The Court recognizes that JND operates in a competitive industry and has business interests arising from that competition. Those interests, however, do not outweigh the class members' interest in reviewing work for which JND will receive millions of dollars in compensation. The Court declines to place the business interests of JND above the interests of the individuals whom JND was retained to serve.[2]

Considering the foregoing, and that the parties to the case do not oppose the public filing of the information apart from some redactions, it is hereby ORDERED that all contracts, terms proposals, escrow agreements, invoices, and bank statements shall be publicly filed on ECF on or before July 31, 2026. The parties may redact the personal information referenced by

---

[2] The Court notes that other settlement administrators' billing rates are public. *See R. et al v. Clay-Platte Family Medicine, P.C. et al*, No. 24-cv-704-SRB (W.D. Mo. May 7, 2026), ECF No. 85; *see also Zakarian et al v. The Rawlings Company et al*, No. 24-cv-229-SRB (W.D. Mo. May 15, 2026), ECF No. 159.

Plaintiffs, such as Account Numbers and Taxpayer ID numbers.  The Court will also add the

information to the Court's website.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: June 25, 2026

4