**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| RHONDA BURNETT, JEROD BREIT, HOLLEE ELLIS, FRANCES HARVEY, and JEREMY KEEL, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Case No. 19-cv-00332-SRB |
| v. | |
| THE NATIONAL ASSOCIATION OF REALTORS, *et al.*, | |
| Defendants. | |

| | |
|---|---|
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Case No. 23-cv-00788-SRB |
| v. | [Consolidated with 23-cv-00945-SRB] |
| THE NATIONAL ASSOCIATION OF REALTORS, *et al.*, | |
| Defendants. | |

## ORDER APPOINTING SPECIAL MASTERS

The Court has given the parties notice of its intent to appoint Special Masters in this case and an opportunity to be heard. Fed. R. Civ. P. 53(b)(1); (*Gibson*, Doc. #920); (*Burnett*, Doc. #1731). Pursuant to Federal Rule of Civil Procedure 53 and the Court's inherent authority, and for the reasons set forth below, the Court appoints Chris T. Hellums and Randall L. Sansom as Special Masters.

Mr. Hellums is hereby appointed as Special Master to oversee the audit process and procedures described below and to coordinate with class counsel to submit a proposed contract to the Court for review and approval for the implementation of the notice and claims administration. Mr. Hellums has significant knowledge, experience, and extensive expertise in this area, having performed similar tasks in leadership roles in other MDLs and class actions including *In re Abilify (Aripiprazole) Products Liability Litigation*, MDL No. 2734; *In re Blue Cross Blue Shield Antitrust Litigation*, MDL No. 2406; *In re 3M Combat Arms Earplug Products Liability Litigation*, MDL No. 2885; and *In re Depo-Provera Products Liability Litigation (Depot Medroxyprogesterone Acetate)*, MDL No. 3140. The Court further appoints Mr. Sansom, a Certified Public Accountant, as Special Master to audit the time, billing, and expense submissions of JND Legal Administration ("JND") from the inception of this matter to date. Mr. Sansom has served in similar roles in *In re Abilify (Aripiprazole) Products Liability Litigation*, MDL No. 2734; *In re 3M Combat Arms Earplug Products Liability Litigation*, MDL No. 2885; and *In re Depo-Provera Products Liability Litigation (Depot Medroxyprogesterone Acetate)*, MDL No. 3140.

Mr. Hellums and Mr. Sansom (together, the "Special Masters") are directed to proceed with all reasonable diligence. Fed. R. Civ. P. 53(b)(2).

## I.  Background and Findings

Settlement administrators, often referred to as notice and claims administrators, are appointed by the court to facilitate the fair administration of settlement to the class, and class members are entitled to understand the cost of the services charged to the class for notice, claims review, and settlement distribution. Consistent with the increasing emphasis among courts and practitioners on complete disclosure and transparency in settlement administration, the Court finds

that in order to protect the interest of the class, an independent audit of JND's prior administration work is warranted together with a court-supervised process for engaging and contracting for prospective settlement administration work.

Having reviewed the existing legal authority on the permissible scope of a special master's duties under Rule 53 and Article III, the Court concludes that appointment of the Special Masters to conduct this audit and coordinate with lead Class Counsel to negotiate a contract for settlement administration is in the best interest of the class and this Court's review and approval is required.

## II.      Special Masters' Duties and Scope of Authority

The Court has reviewed the existing legal authority on the scope of duties for special masters and concludes that in this proceeding, Special Master Hellums shall have the authority to, and is directed to:

1.      Establish and oversee the procedures, methodology, and scope of the audit described in this Order and any related review together with Special Master Sansom;

2.      Coordinate with Class Counsel to negotiate the terms of, and submit to the Court for review and approval, a proposed contract for settlement administration services going forward;

3.      Coordinate with Class Counsel to negotiate a proposed contract that includes itemized projections and costs caps that cannot be exceeded without prior approval of Class Counsel and the Court;

4.      Retain the services of any other vendor, consultant, or professional, after consultation with the Court, to assist in performing any duties requested under this Order; and,

3

5.      Provide informal updates to the Court regarding the status of their findings and communications.

The Court has reviewed the existing legal authority on the scope of duties for special masters and concludes that in this proceeding, Special Master Sansom shall have the authority to, and is directed to audit the time, billing, and expense submissions of JND, from the inception of this matter to date, and to assist and work cooperatively with Special Master Hellums regarding his aforementioned duties and tasks.

The Special Masters are ordered to take all appropriate measures to perform the assigned duties fairly and efficiently.  Fed. R. Civ. P. 53(c)(1)(B).

## III.     Limitations on Authority

The Special Masters' roles and functions are limited to those described in this Order unless modified by the Court.  The Special Masters may request information, documents and even compel testimony in evidentiary hearings.  The Court will enforce compliance if there is a refusal or untimely delay from any party in which the Special Masters seek information or documents.  The Court retains sole authority to issue final rulings and adjudication on any matter arising from this audit and process.

## IV.     Communications with the Court and the Parties

Pursuant to Fed. R. Civ. P. 53(b)(2)(B), the Special Masters may engage in *ex parte* communications with the Court, the parties, Class Counsel, JND or any non-party as the Special Masters deem necessary to execute the duties and responsibilities as set forth in this Order.

## V.     Special Masters' Record and the Standard of Review

Pursuant to Fed. R. Civ. P. 53(b)(2)(C), the Special Masters, if requested by the Court, shall submit a Report and Recommendation summarizing findings of fact and the recommended

course of action.

## VI. Compensation

Pursuant to Fed. R. Civ. P. 53(b)(2)(E) and 53(g), the Special Masters, and any professional retained to assist the Special Masters, shall be compensated at a rate of $950 per hour, and shall incur only such fees and expenses as may be reasonably necessary to fulfill their duties under this Order. The Special Masters shall maintain normal billing records with reasonably detailed descriptions of activities. The Special Masters' fees and expenses shall be a case expense and shall be submitted to the Court *in camera* monthly for review and approval of payment.

## VII. Cooperation and Access to Information

The parties or any other entity subject to this Order, including their respective agents and employees, are ordered to cooperate fully with the Special Masters and any person employed by the Special Masters, and to comply with prior rulings of this Court and any requests issued by the Special Masters pursuant to this Order. Under Fed. R. Civ. P. 53(c)(2), a Special Master may "impose on a party any noncontempt sanction provided by Fed. R. Civ. P. 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty." The Court will consider any request for sanctions by the Special Masters and retains sole authority to issue sanctions.

Within fourteen (14) days of this Order, JND shall produce to the Special Masters, without objection or redaction, the following:

1. A true copy of any initial Request for Proposal ("RFP") and any other proposal or agreement under which the JND is currently operating;

2. The total hours submitted and total dollars charged to the class from inception to the present, including individual time sheets and billing records;

5

3. The identity of each timekeeper by name, job title, and role, and the hourly rate charged by each, with all internal timesheets;

4. All third-party vendors or sub-contractors utilized by JND in this matter, with a complete description of services provided and true and complete copies of all invoices and billing records;

5. All costs and expenses associated with any notice, email, or media campaign, including invoices reflecting the actual cost of all items, along with a detailed identification of any markups, rebates, or credits that were applied or received; and

6. Any and all documents that identify all revenue sharing agreements, rebates, credits, or financial incentives received, whether directly identified to this case or based on the volume of work for all its clients, which resulted in any rebate, credit, or financial incentive to JND during the pendency of this case or that could be implicated going forward.

Thereafter, JND and any entity covered by this Order shall produce any additional documents or information requested by the Special Masters within fourteen (14) days of any such request.

## VIII. Immunity and Protection

In carrying out the duties established by this Order and any subsequent order, the actions of the Special Masters and their employees and agents constitute judicial actions of this Court and are protected to the maximum extent allowable by law by the doctrine of judicial immunity. The Special Masters and any individual or entity they employ shall not be subject to subpoena absent an Order of this Court.

6

## IX.    Other Provisions

The Court reserves the power to modify the terms of this Order and to expand or limit the

Special Masters' duties and responsibilities as the needs of the case require.  Fed. R. Civ. P.

53(b)(4).

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
Dated: July 27, 2026                                         UNITED STATES DISTRICT JUDGE