| | |
|---|---|
| RHONDA BURNETT, JEROD BREIT, HOLLEE ELLIS, FRANCES HARVEY, and JEREMY KEEL, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, *et al.*,<br><br>          Defendants. | Civil Action No. 4:19-CV-00332-SRB<br><br>Hon. Stephen R. Bough |
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, *et al.*,<br><br>          Defendants. | Civil Action No. 4:23-cv-00788-SRB<br><br>[Consolidated with 4:23-cv-00945-SRB]<br><br>Hon. Stephen R. Bough |

## ORDER

Before the Court is Plaintiffs' Motion to Adopt a Procedure to Address Enforcement of the Opt-In MLS Settlement Agreements. For good cause shown, the motion is **GRANTED**.

1.     Plaintiffs shall promptly provide notice of this Order to all Multiple Listing Services that have opted into the National Association of Realtors Settlement Agreement ("Opting-In MLSs"). That notice shall state in substantial part:

> Plaintiffs have sought the production from third parties, including MLS platform providers, of your listing information in connection with *Gibson v. National Association of Realtors*, 4:23-cv-00788 (W.D. Mo.). Your MLS appears to have opted into the Court-approved settlement with the National Association of Realtors.

The opt-in settlement agreement includes certain cooperation requirements, including a stipulation "that Plaintiffs have the consent to obtain from third parties relevant class member and listing data to support . . . the litigation of the Actions" including *Gibson*. NAR Opt-In Settlement Agreement ¶ 8.iv (opting in MLS "stipulate[s]"). As reflected in the attached, Plaintiffs in the *Gibson* litigation have requested that the Court enter an order enforcing that provision in your settlement.

To the extent you oppose the enforcement of this settlement provision, you must file an objection to the Court within seven (7) days of receipt of this notice. If you object, the Court will then resolve any disputes over settlement enforcement.

2.      Opting-In MLSs shall have seven (7) days from the date notice of this Order is provided to them to file any objection to Plaintiffs' request to enforce ¶ 8.iv of the settlement agreement, which provides that Plaintiffs have "consent to obtain from third parties relevant class member and listing data to support . . . the litigation of the Actions" including *Gibson*.

3.      To the extent an Opting-In MLS does not file a timely objection, that MLS shall be deemed, pursuant to NAR Opt-In Settlement Agreement ¶ 8.iv., to have authorized in writing the production by third parties of its data to the parties to this litigation, and the production of that MLS's data shall be deemed to have been authorized by an order of this Court.

4.      To the extent an Opting-In MLS files a timely objection, this Court shall resolve any dispute over the enforcement of the settlement agreement as to that MLS.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Date: August 6, 2026

-2-